**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
<u>**JACKSONVILLE DIVISION**</u>

| | |
|---|---|
| In re: | Chapter 11 |
| PREMIER EXHIBITIONS, INC., et al.,[1] | Case No. 3:16-bk-2232-PMG |
| Debtors. | Jointly Administered |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION**
**TO ALTER/AMEND ORDERS APPROVING EMPLOYMENT/RETENTION OF**
**ROBERT CHARBONNEAU AND JASON S. MAZER AND THEIR RESPECTIVE**
<u>**LAW FIRMS AS SPECIAL COUNSEL TO RESPONSIBLE PERSON**</u>

On March 14, 2019, the Court entered orders (ECF Nos. 1338-39) ("<u>Employment</u> <u>Orders</u>") approving the unopposed applications to employ/retain Robert Charbonneau and Jason S. Mazer and their respective law firms, Agentis PLLC and Cimo Mazer Mark, PLLC, as special counsel to Mark C. Healy, as responsible person (contemplated liquidating trustee) ("<u>Responsible Person</u>") in the adversary proceeding commenced by the (disbanded) Official Committee of Equity Security Holders, *Mark C. Healy v. Mark A. Sellers, et al.*, No. 18-ap-64-PMG ("<u>Adversary Proceeding</u>").[2]   By this motion, the Official Committee of Unsecured Creditors ("<u>Committee</u>") requests entry of amended Employment Orders, in the form annexed hereto as <u>Exhibits 1-2</u>, striking certain changes made by Mr. Charbonneau, without notice to the Court or the parties, to Paragraph 6 of the Agentis Employment Order and Paragraph 5 of the Cimo Mazer Mark Employment Order prior to submission of the same to the Court, and

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's Federal tax identification number, are: Premier Exhibitions, Inc. (4922); Premier Exhibition Management LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). Their service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

[2] Citations by ECF No. to filed documents refers to those filed in *In re RMS Titanic, Inc.*, Case No. 3:16-bk-2230-PMG.

changing the caption to both orders, pursuant to Rule 59(e), made applicable by Rule 9023. In support of this motion, the Committee respectfully states as follows:

## BACKGROUND

1.      This is the second motion necessitated by Mr. Charbonneau's submitting proposed orders marked as he sees fit, as opposed to as reflected on the record or as annexed to the relevant motion. (*See generally* ECF No. 1294, Debtors' Motion to Vacate Document Retention Protocol Order.)

2.      On February 12, 2019, Mr. Charbonneau filed applications to employ himself and Agentis, and Mr. Mazer and Cimo Mazer Mark (ECF Nos. 1312, 1314), in both cases as co-special litigation counsel to the Responsible Person in the Adversary Proceeding, pursuant to Bankruptcy Code section 327(e). The applications annexed proposed forms of order granting the relief requested therein as Exhibit A thereto.

3.      No objection to the applications was filed or raised at the March 5, 2019 hearing to consider the same.

4.      The hearing proceeding memo (ECF No. 1333) provided for approval of the applications, and directed Mr. Charbonneau to upload proposed orders, pursuant to Local Rule 9072-1.

5.      Instead of uploading the proposed orders annexed to the applications, however, Mr. Charbonneau made material modifications to the same, without notice to the Court at the hearing, or to other parties. Material changes include: (a) adding the following to Paragraph 6 of the Agentis proposed order: "Agentis may also apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Responsible Person"; and

(b) adding the following to Paragraph 5 of the Cimo Mazer Mark proposed order: "CMM may, in its sole and absolute discretion, advance payment of litigation related costs pertaining to the Adversary Proceeding or D&O Claims, but the bankruptcy estate shall be responsible for the reimbursement and/or payment of all expert witness and consulting fees and costs, mediation fees and costs, and any and all other normal and customary out-of-pocket expenses incurred in connection with the professional services provided hereunder, including but not limited to travel, court reporter fees, printing, photocopy costs, administrative, and other costs, as permitted." Blacklines highlighting differences between the proposed orders annexed to the applications, and the Employment Orders ultimately entered, are annexed hereto as Exhibit 3-4.

## ARGUMENT

6.      The above-described changes should be unwound.  In addition to having been made without notice, the above-described change to Paragraph 6 of the Agentis proposed order makes no sense, not just because Mr. Charbonneau represented that the Adversary Proceeding is being prosecuted on a pure contingency fee basis (ECF No. 1312, ¶¶22-24; ECF No. 1314, ¶17), but also because Paragraph 4 of the Agentis Employment Order provides: "[t]he total compensation for Co-Special Litigation Counsel shall be a forty percent (40%) contingency fee of any insurance proceeds or other funds recovered …" (emphasis added) and Paragraph 4 of the Cimo Mazer Marks Employment Order provides for said contingency fee to be split equally between it and Agentis. This language precludes hourly fees, putting aside the impropriety of contingency counsel applying for hourly fees should the Adversary Proceeding prove a bust.

7.      The above-described change to Paragraph 5 of the Cimo Mazer Mark proposed order is unnecessary and inappropriate, as Paragraph 5 of the proposed order already

contemplated the firm's seeking the reimbursement of actual, necessary expenses pursuant to Bankruptcy Code sections 330-31.

8.      In addition, the caption of both orders should also be corrected to conform to that required by the Order dismissing RMS Titanic, Inc.'s bankruptcy case.  (ECF No. 1336, ¶4.)

9.      Rule 59(e) authorizes a motion to alter or amend a judgment after its entry.

10.     "Rule 59(e) provides no specific grounds for relief."  *Goldring v. Lamdin*, No. 8:04-cv-2798, 2006 WL 5669878, at *1 (M.D. Fla. Nov. 20, 2006).

11.     "The decision to alter or amend judgment is committed to the sound discretion of the district judge."  *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).

12.     This motion is not one for reconsideration, under which the grounds for relief are restricted. *E.g.*, *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (the "three major grounds justifying reconsideration [are] (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice").  The Committee merely wishes to unwind certain changes to the proposed orders made by Mr. Charbonneau without notice.

13.     Pursuant to Local Rule 9072-1(d) the foregoing requested changes have been flagged in Footnote 2 to the proposed amended Employment Orders annexed hereto.

WHEREFORE, the Court should enter amended Employment Orders, in the form annexed hereto, and grant the Committee such other and further relief as the Court deems just and proper.

Jeffrey Chubak (admitted pro hac vice)
**STORCH AMINI PC**
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
(212) 490-4208 (Facsimile)
jchubak@storchamini.com

- and -

**THAMES MARKEY & HEEKIN, P.A.**

By: /s/ Robert A. Heekin
        Robert A. Heekin

Florida Bar No. 652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@tmhlaw.net

Attorneys for the Official Committee of
Unsecured Creditors

## **Certificate of Service**

I hereby certify that on March 22, 2019, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case.  In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures [Docket No. 140], copies of the foregoing were also furnished on March 22, 2019 by U.S. Mail, postage prepaid to the Master Service List attached hereto.

*/s/ Robert A. Heekin, Jr.*
_____
Attorney

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
14 East 38th Street
New York, NY 10017

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

Time Out New York
405 Park Avenue
New York, NY 10022

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Samuel Weiser
565 Willow Raod
Winnetka, IL 60093

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328

B.E. Capital Management Fund LP
Thomas Branziel
205 East 42nd Street , 14th Floor
New York, NY 10017

# EXHIBIT 1

**Proposed Amended Agentis Employment Order**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PREMIER EXHIBITIONS, INC., et al.,[1] | Case No. 3:16-bk-2232-PMG |
| Debtors. | Jointly Administered |

AMENDED[2] FINAL ORDER APPROVING RESPONSIBLE
PERSON'S APPLICATION TO (I) APPROVE EMPLOYMENT OF
ROBERT P. CHARBONNEAU, ESQ. AND THE LAW FIRM OF AGENTIS
PLLC AS SPECIAL LITIGATION COUNSEL, (II) MODIFY THE TERMS OF
SAID EMPLOYMENT, AND (III) APPROVE THE TERMS OF THE AGREEMENT
BETWEEN ROBERT P. CHARBONNEAU, ESQ. AND THE LAW FIRM OF AGENTIS
PLLC AND JASON S. MAZER, ESQ. AND THE LAW FIRM OF CIMO MAZER
MARK, PLLC AS CO-SPECIAL LITIGATION COUNSEL

THIS MATTER came before the Court for hearing on March 5, 2019 at 11:00 a.m. upon

the *Responsible Person's Application (I) to Approve Employment of Robert P. Charbonneau, Esq.,*

*and the Law Firm of Agentis, PLLC, as Special Litigation Counsel to the Responsible Person; (II)*

*to Modify the Terms of Said Employment; and (III) to Approve the Terms of the Agreement Between*

*Robert P. Charbonneau, Esq., and the Law Firm of Agentis, PLLC, and Jason S. Mazer, Esq., and*

*the Law Firm of Cimo Mazer Mark, PLLC, as Co-Special Litigation Counsel* [ECF #1312]

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's Federal tax identification number, are: Premier Exhibitions, Inc. (4922); Premier Exhibition Management LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). Their service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

[2] This amended order amends the initial order [ECF #1338] to change the caption [per ECF #1336] and delete the following sentence from Paragraph 6 of the initial order: "Agentis may also apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Responsible Person."

(the "Application").,[3] and the Court, having reviewed the Application and the attached affidavit in support thereof, and finding that Robert P. Charbonneau, Esq. and the law firm of Agentis PLLC represent no interest adverse to the Responsible Person or the estate in the matters upon which the attorneys are to be engaged, that the joint litigation of the D&O Claims by Agentis and Cimo Mazer Mark is in the best interests of the estate and the creditors, and that modifying the Contingency Fee is reasonable and practical under the circumstances, is authorized to grant the relief requested in the Application pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.  Based on the foregoing findings, good and sufficient cause exists to grant the relief set forth herein and requested in the Application, and the Court **ORDERS** as follows:

1.      The Application is **GRANTED** on a final basis.

2.      The Court approves the Responsible Person's retention of Robert P. Charbonneau, Esq., and the law firm of Agentis PLLC, as Co-Special Litigation Counsel. Agentis is authorized to render those same services approved in the Employment Order on behalf of the Responsible Person.

3.      Upon an order granting the Responsible Person's application to employ Jason S. Mazer, Esq. and the law firm of Cimo Mazer Mark, PLLC, the Court approves the joint pursuit of the D&O Claims by Agentis and Cimo Mazer Mark as Co-Special Litigation Counsel to prosecute, and, if appropriate, settle the D&O Claims, as permitted under the Standing Order.

4.      The total compensation for Co-Special Litigation Counsel shall be a forty percent (40%) contingency fee of any insurance proceeds or other funds recovered in the pursuit of the

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

D&O Claims, regardless of whether Co-Special Litigation Counsel is required to take the matter to trial. The increase of the contingency fee to forty percent (40%) from the thirty-five percent (35%) set forth in the Employment Order shall become effective immediately.

5.      This Court approves Agentis's and Cimo Mazer Mark's agreement to equally share any Contingency Fee recovered in the Adversary Proceeding, regardless of how such funds are obtained. For the avoidance of doubt, the 40% contingency fee shall be divided equally between Agentis, on the one hand (20% of the Contingency Fee), and Cimo Mazer Mark, on the other hand (20% of the Contingency Fee).

6.      If costs are incurred by either Agentis or Cimo Mazer Mark, those firms may seek reimbursement of those costs from the estate or any other source of payment there may be. If the costs remain unpaid, neither firm shall be required to further advance costs.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

**Submitted by:**
Robert P. Charbonneau
Agentis PLLC
*Co-Special Litigation Counsel for the Responsible Person*
55 Alhambra Plaza, Suite 800
Coral Gables, FL 33134
305.722.2002
rpc@agentislaw.com

**Copy to:** Attorney Charbonneau, who is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

## EXHIBIT 2

**Proposed Amended Cimo Mazer Mark Employment Order**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | |
|---|---|
| In re: | Chapter 11 |
| PREMIER EXHIBITIONS, INC., et al.,[1] | Case No. 3:16-bk-2232-PMG |
| Debtors. | Jointly Administered |

<u>AMENDED</u>[2] **FINAL ORDER APPROVING RESPONSIBLE PERSON'S
APPLICATION TO APPROVE EMPLOYMENT OF JASON S. MAZER, ESQ.
AND THE LAW FIRM OF CIMO MAZER MARK, PLLC, AS CO-SPECIAL
<u>LITIGATION COUNSEL TO THE RESPONSIBLE PERSON</u>**

THIS MATTER came before the Court for hearing on March 5, 2019 at 11:00 a.m. upon

the *Responsible Person's Application to Approve Employment of Jason S. Mazer, Esq., and the*

*Law Firm of Cimo Mazer Mark, PLLC, as Co-Special Litigation Counsel to the Responsible*

*Person* [ECF #1314] (the "<u>Application</u>"),[3] and the Court, having reviewed the Application, the

affidavit filed in support thereof [ECF #1316], and finding that Jason S. Mazer, Esq. and the law

firm of Cimo Mazer Mark, PLLC represent no interest adverse to the Responsible Person or the

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's Federal tax identification number, are: Premier Exhibitions, Inc. (4922); Premier Exhibition Management LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). Their service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

[2] This amended order amends the initial order [ECF #1339] to change the caption [per ECF #1336] and delete the following sentence from Paragraph 5 of the initial order: "CMM may, in its sole and absolute discretion, advance payment of litigation related costs pertaining to the Adversary Proceeding or D&O Claims, but the bankruptcy estate shall be responsible for the reimbursement and/or payment of all expert witness and consulting fees and costs, mediation fees and costs, and any and all other normal and customary out-of-pocket expenses incurred in connection with the professional services provided hereunder, including but not limited to travel, court reporter fees, printing, photocopy costs, administrative, and other costs, as permitted."

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the February 12, 2019 Application.

estate in the matters upon which the attorneys are to be engaged, and that their employment is in the best interests of the estate and the creditors, is authorized to grant the relief requested in the Application pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code and Bankruptcy Rule 2014. Based on the foregoing findings, good and sufficient cause exists to grant the relief set forth herein and requested in the Application, and the Court **ORDERS** as follows:

1.      The Application is **GRANTED** on a final basis.

2.      The Court approves the Responsible Person's retention of Jason S. Mazer, Esq., and the law firm of Cimo Mazer Mark, PLLC, as Co-Special Litigation Counsel for the Responsible Person.

3.      As Co-Special Litigation Counsel with Agentis, Cimo Mazer Mark is authorized to render the services authorized in the order approving the Agentis Application.

4.      As Co-Special Litigation Counsel, this Court approves equal allocation to Agentis and Cimo Mazer Mark of any Contingency Fee recovered in connection with the Adversary Proceeding or D&O Claims, regardless of how such funds are obtained. The 40% contingency fee shall be allocated equally between Agentis, on the one hand (20% of the Contingency Fee), and Cimo Mazer Mark, on the other hand (20% of the Contingency Fee).

5.      If costs are incurred and advanced by Cimo Mazer Mark, Cimo Mazer Mark may seek reimbursement of those costs from the estate, or any other source of payment there may be. If the costs remain unpaid, Cimo Mazer Mark shall not be required to further advance costs. Cimo Mazer Mark may also apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, for services rendered and costs incurred on behalf of the Responsible Person.

6.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

**Submitted by:**
Robert P. Charbonneau
Agentis PLLC
*Co-Special Litigation Counsel for the Responsible Person*
55 Alhambra Plaza, Suite 800
Coral Gables, FL 33134
305.722.2002
rpc@agentislaw.com

**Copy to:** Attorney Charbonneau, who is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.