ORDERED.

**Dated:  May 14, 2019**

Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re

RMS Titanic, Inc., *et al.,*                                         Case No.  3:16-bk-2230-PMG
                                                                                 Chapter 11

                        Debtors

_____/

## ORDER VACATING ORDER GRANTING MOTION TO ESTABLISH PROCEDURES TO PERMIT MONTHLY PAYMENT OF INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS

This case is before the Court upon its own Motion.  On August 17, 2016, the Court entered

an Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee

Applications of Chapter 11 Professionals.  (Doc. 141).  For the reasons discussed herein, the Court

finds it appropriate to vacate the Order and will reserve ruling on all fee applications until the

conclusion of the Chapter 11 cases and the pending adversary proceeding.[1]

**Background**

On June 14, 2016, the Debtor, RMS Titanic, Inc. ("RMST"), and seven affiliates filed

petitions under Chapter 11 of the Bankruptcy Code.  As of the petition date, the Debtors had

---

[1] On March 11, 2019, the RMS Titanic, Inc. Chapter 11 Case was dismissed and In re Premier Exhibitions, Inc., 3:16-bk-2232-PMG was designated as the new "Lead Case."  (Doc. 1336). The following chapter 11 cases are being jointly administered: Premier Exhibitions, Inc.; Premier Exhibition Management, LLC; Arts and Exhibitions International, LLC; Premier Exhibitions International, LLC; Premier Exhibitions NYC, Inc.; Premier Merchandising, LLC; and Dinosaurs Unearthed Corp.  An adversary proceeding is pending in 3:18-ap-00064-PMG.

approximately $12 million in unsecured claims, and secured creditors were owed approximately $3 million, for total prepetition debt of $15 million.  (Doc. 8).  On May 18, 2017, the Debtors entered into a post-petition financing agreement for up to $5 million (the "DIP Loan") to fund the Debtors' business and administrative bankruptcy costs.

RMST's main assets were approximately 5,500 artifacts recovered from the Titanic salvage site.  The Titanic Artifact Collection is comprised of a French Collection and an American Collection.  A 2014 appraisal report valued the entire collection at approximately $218 million.  (Doc. 28, p. 11; Ex. C).  The method by which to sell the Titanic Artifact Collection was the primary focus of the case.[2]

On August 17, 2016, the Court entered an Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals ("the Fee Order").  (Doc. 141).  The Fee Order provides that "each Professional whose employment was approved by order of this Court authorized to seek compensation may serve a monthly statement, by email to the United States Trustee, counsel for the Debtors, counsel for any appointed committee, if any, counsel for secured creditors … and any other party that the Court may designate."  Id. at p. 2.  Further, the monthly statement is not required to be filed with the Court, and if a timely objection is not filed, "the Debtors are authorized to pay up to 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been timely made."  Id. at p. 3.  The Fee Order also provides that "each of the Professionals utilizing the procedures described [herein] shall file interim

---

[2] The Debtors' intention, at the beginning of the case, was to "sell a narrow subset of artifacts from the French Collection to pay the creditors in full, return all equity position to the Debtors' shareholders, and possibly fund some or all of the Titanic reserve account."  (Doc. 28, ¶ 25).  However, because the sale of the artifacts was subject to a number of complexities, this plan did not prove to be feasible.  On October 18, 2018, the Court approved the sale of RMST's assets, the main asset being the Titanic Artifact collection, for $19.5 million.  An Order Approving the Asset Purchase Agreement and Authorizing the sale was entered on October 19, 2018.  (Doc. 1232).  On February 13, 2019, the sale approved by the sale order occurred.  (Doc. 1319).

fee applications … in accordance with the 120-day guideline set forth in Section 331 of the Bankruptcy Code." Id. at p. 4.

As of February 2018, over $4 million in interim fee applications were approved by the Court. Although the Court has not approved any fee applications since that time, professional fees have continued to accrue. For example, the Debtors estimated the average monthly accrual for all professionals to be nearly $270,000 per month in fees from January 2018 to May 2018.[3] (Doc. 1114). Additionally, in an objection filed by the Official Committee of Unsecured Creditors to Landau Gottfried & Berger LLP's ("LGB") and Akerman LLP's Fifth Interim Fee Applications,[4] the Committee states that, according to the Debtors' records, the outstanding payables with respect to holdbacks from the ten professionals employed in the Debtors' cases total $2,619,233.15, as of December 11, 2018. (Doc. 1289, p. 17).

**Discussion**

At a hearing held on October 18, 2018, the Court authorized the sale of RMST and approved the Asset Purchase Agreement, for $19.5 million. Therefore, the sale price of the Titanic Artifact Collection was less than 10% of the $218 million valuation from the 2014 appraisal report.[5] The purchase price was the highest and best offer after extensive sales efforts conducted by the Debtors and their professionals.

---

[3] Although there was authorization to pay up to 80% of fees and 100% of expenses, the Debtors stated in July 2018, that because the $5 million DIP loan was fully exhausted, there were no longer funds to pay the full monthly or interim fee requests submitted by the estates' professionals. (Doc. 1114, p. 10).

[4] The fifth application filed by LGB seeks $547,492.10 in fees and $16,615.92 in expenses, and the fifth application filed by Akerman seeks $283,361.50 in fees and $16,958.05 in expenses. (Docs. 1275, 1276).

[5] At the sale hearing on October 18, 2018, the Debtors projected an 80% recovery for unsecured creditors. (Doc. 1344, Tr. at 59:17-23).

Although a fair price was obtained for the assets based upon what the market would bear, it does not appear that efforts were made to contain administrative expenses, even after the legal and financial professionals became aware that the assets would likely be sold for only a fraction of their appraised value.  The professional fees incurred in these Chapter 11 cases are enormous and appear to be disproportionate to what has been brought into the estate.  Therefore, at this time, the Court finds it appropriate to reserve ruling on all outstanding and future fee applications until the conclusion of the Chapter 11 cases and the pending adversary proceeding.  Accordingly, it is

**ORDERED:**

1.   The Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals, entered on August 17, 2016, is vacated.

2.   The Court will reserve ruling on all outstanding and future fee applications and disgorgements, if necessary, until the conclusion of the Chapter 11 cases and the pending adversary proceeding.

Clerk's Office to Serve