ORDERED.

**Dated:  June 12, 2019**

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

Premier Exhibitions, Inc., *et al.*,[1]

                    Debtors.

CHAPTER 11

Case No. 3:16-bk-02232-JAF

(Jointly Administered)

**ORDER (I) PRELIMINARILY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN, (III) APPROVING THE FORMS OF NOTICES AND BALLOT IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH <u>RESPECT THERETO, AND (V) GRANTING RELATED RELIEF</u>**

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Preliminarily*

*Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice*

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is c/o Troutman Sanders LLP, 600 Peachtree St. NE, Suite 3000, Atlanta, GA 30308.

*Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (III) Approving the Form of Notices and Ballot in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* (Doc. No. 83) (the "**Motion**"),[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**"), seeking entry of an order (a) preliminarily approving the *Disclosure Statement to Accompany Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* (Doc. No. 82) (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "**Disclosure Statement**"), (b) scheduling a final hearing (the "**Combined Hearing**") and approving the form and distribution of notice thereof on approval of the Disclosure Statement combined with a hearing on confirmation of the *Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* (Doc. No. 81) (including all exhibits thereto, and as amended, supplemented, or otherwise modified from time to time, the "**Plan**"), (c) approving solicitation packages and procedures for the distribution thereof, (d) approving the form of ballot and distribution thereof, setting the record date, setting the voting deadline, and establishing procedures for vote tabulation, (e) establishing procedures for filing objections to the Disclosure Statement and confirmation of the Plan, and (f) authorizing the Debtors to make certain non-substantive changes to the Plan, Disclosure Statement, and related documents, all as more fully set forth in the Motion; and the Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that venue of this proceeding and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1408; and the Court having determined that the Debtors gave adequate and appropriate notice of the Motion under the particular

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

circumstances and that no other notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent provided herein.

**I.      Preliminary Approval of the Disclosure Statement**.

2.      The Disclosure Statement is hereby preliminarily approved pursuant to sections 105 and 1125 of the Bankruptcy Code as providing: (a) all Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code; and (b) all Holders of Claims and Interests and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article 10 of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

3.      All findings of fact and conclusions of law set forth herein: (a) are entered solely on an interim basis pending entry of a final order following the Combined Hearing; and (b) remain subject to final approval by the Court, including, without limitation, with respect to the adequacy of the Disclosure Statement and confirmation of the Plan.  Notwithstanding anything herein to the contrary, this Order shall not operate as a limitation or waiver of any party's rights in connection with approval of the Disclosure Statement, confirmation of the Plan, or any findings of fact or conclusions of law set forth herein, all of such rights are expressly preserved; provided, however, that any objections to the adequacy of the Disclosure Statement or

confirmation of the Plan shall be filed with the Court (and served on the appropriate parties) in accordance with § III. E, herein.

**II.     Approval of the Solicitation and Voting Procedures.**

4.      The Solicitation and Voting Procedures (specifically including, but not limited to, the voting and tabulation procedures), attached hereto as <u>Schedule 1</u>, provide for a fair and equitable voting process consistent with section 1126 of the Bankruptcy Code and are hereby approved in their entirety.

**III.    Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan.**

A.      <u>Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement</u>.

5.      The following dates are hereby established and approved (subject to modification as necessary) (all times Eastern Daylight Savings Time):

| Event | Date |
|---|---|
| Disclosure Statement Objection Deadline | August 29, 2019 at 4:00 PM (EDT) |
| Voting Record Date | 4:00 PM (EDT) on the date which is 10 business days following the entry of this Order |
| Solicitation Deadline | 4:00 PM (EDT) on the date which is 15 business days following the entry of this Order |
| Voting Deadline | September 5, 2019 at 4:00 PM (EDT) |
| Plan Objection Deadline | August 29, 2019 at 4:00 PM (EDT) |
| Deadline to File Confirmation Brief | September 11, 2019 |
| Deadline to File Voting Report | September 10, 2019 |
| Combined Hearing Date | September 12, 2019 at 10:00 AM |

B.     Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.

6.     The Solicitation Packages to be transmitted on or before the Solicitation Deadline to Holders of Class 2 Claims entitled to vote on the Plan as of the Voting Record Date, shall include the following:

(a)     a copy of the Solicitation and Voting Procedures attached hereto as Schedule 1;

(b)     the Order (without exhibits except as set forth herein);

(c)     the Combined Hearing Notice attached hereto as Schedule 6;

(d)     the Disclosure Statement;

(e)     the Plan (as Exhibit 1 to the Disclosure Statement);

(f)     a Class 2 Ballot attached hereto as Schedule 2.

7.     The Ballot (and the modifications thereto) adequately addresses the particular needs of these Chapter 11 Cases, is appropriate for the Holders of Claims entitled to vote to accept or reject the Plan, complies with the Bankruptcy Rules and Local Rule 3018-1, and is hereby approved.

8.     The Solicitation Packages provide the Holders of Class 2 Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules, and are hereby approved.

9.     The Debtors shall distribute the Solicitation Packages to all Holders of Class 2 Claims entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  Additionally, on or before the Solicitation Deadline, the Debtors shall provide (a) the complete Solicitation Package (including the Ballot for review purposes only) to

the U.S. Trustee and (b)(i) the Disclosure Statement (and exhibits thereto, including the Plan), (ii) this Order, and (iii) the Combined Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

10.     The Clerk's Office is authorized and directed to accept Ballots via: (i) electronic transmission solely through the eBallot online balloting portal; and (ii) hard-copy delivery, each as set forth in the Solicitation and Voting Procedures.

C.     <u>Approval of the Combined Hearing Notice</u>.

11.     The Combined Hearing Notice, in the form substantially attached hereto as <u>Schedule 6</u>, constitutes adequate and sufficient notice of (a) the date, time, and, and place of the Combined Hearing; (b) the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained; (c) the procedures for filing objections to the approval of the Disclosure Statement and confirmation of the Plan and the deadline to file such objections; (d) the Voting Deadline; and (e) rejection of the Executory Contracts and Unexpired Leases that will be rejected pursuant to the Plan, all in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and is hereby approved.

12.     The Debtors shall serve the Combined Hearing Notice on or before the Solicitation Deadline upon all known Holders of Claims and Interests and the 2002 List as of the Voting Record Date.

D.     <u>Approval of the Non-Voting Status Notice</u>.

13.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline,

the Debtors shall mail (a) the appropriate Non-Voting Status Notice to the applicable Non-Voting Class, and (b) the Combined Hearing Notice, each as follows:

| Name | Class | Status | Treatment |
|---|---|---|---|
| Administrative Expense Claims<br><br>Priority Tax Claims | N/A (Unclassified) | Unimpaired – Conclusively Presumed to Accept | Will receive (a) the Deemed Accepting Notice, substantially in the form attached hereto as Schedule 3, and (b) the Combined Hearing Notice. |
| Priority Claims | 1 | Unimpaired – Conclusively Presumed to Accept | Will receive (a) the Deemed Accepting Notice and (b) the Combined Hearing Notice. |
| PRXI Equity Interests | 3 | Impaired – Deemed to Reject | Will receive (a) the Deemed Rejecting Notice, substantially in the form attached hereto as Schedule 4, and (b) the Combined Hearing Notice. |
| Subsidiary Equity Interests | 4 | Impaired – Deemed to Reject | Will receive (a) the Deemed Rejecting Notice and (b) the Combined Hearing Notice. |
| Disputed Claims | N/A (Unclassified) | Not Entitled to Vote | Will receive (a) the Notice of Disputed Claim Status, substantially in the form attached hereto as Schedule 5, and (b) the Combined Hearing Notice. |

14.     The Deemed Accepting Notice satisfies the requirements of Bankruptcy Rule 3017(d) and is hereby approved.  The Deemed Rejecting Notice and Notice of Disputed Claim Status are adequate and appropriate under the circumstances and are hereby approved; and the requirements of Bankruptcy Rue 3017(d) or any other provision of the Bankruptcy Code,

Bankruptcy Rules, Local Rules, or otherwise, requiring transmission of the Disclosure Statement, Plan, or this Order are hereby waived with respect to the Non-Voting Classes.

       E.     <u>Approval of the Procedures for Filing Objections to the Plan and Disclosure Statement</u>.

       15.     Objections to the Plan or Disclosure Statement will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to the Disclosure Statement, confirmation of the Plan, or requests for modification of the Plan, if any, ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan or Disclosure Statement (or related materials) that would resolve such objection; and (d) be filed with the Court on or before the Plan Objection Deadline (contemporaneously with a proof of service) and served upon the notice parties identified in the Combined Hearing Notice.

**IV.**    **Miscellaneous**.

       16.     In accordance with Article 11 of the Plan, section 1127 of the Bankruptcy Code, and Bankruptcy Rule 3091, the Debtors shall have the right to make non-substantive changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Solicitation and Voting Procedures, Plan Supplement Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages (or other materials) before distribution.

       17.     The Debtors shall also have the right to withdraw the Plan at any time before the Confirmation Date.

18.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

19.     The Combined Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Combined Hearing or any adjournment thereof or by an appropriate filing with the Court.

20.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 2002 are satisfied by such notice.

22.     Notwithstanding any provisions of the Bankruptcy Code, Bankruptcy Rules, or Local Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23.     To the extent any of the deadlines set forth or other relief granted herein do not comply with the Bankruptcy Rules or the Local Rules, such rules are waived, and the terms of this Order shall govern.

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

25.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# SCHEDULE 1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| **Premier Exhibitions, Inc.**; | **Case No. 3:16-bk-02232-JAF** |
| Premier Exhibitions Management, LLC; | Case No. 3:16-bk-02233-JAF |
| Premier Exhibitions International, LLC; | Case No. 3:16-bk-02234-JAF |
| Premier Exhibitions NYC, Inc.; | Case No. 3:16-bk-02235-JAF |
| Premier Merchandising, LLC; | Case No. 3:16-bk-02236-JAF |
| Dinosaurs Unearthed Corp.; | Case No. 3:16-bk-02237-JAF |
| Arts and Exhibitions International, LLC; | Case No. 3:16-bk-02238-JAF |
| Debtors. | **(JOINTLY ADMINISTERED UNDER LEAD CASE 3:16-bk-02232**) |

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on June [•], 2019, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "**Bankruptcy Court**") entered an Order [D.E. •] (the "**Disclosure Statement Order**"), among other things, preliminarily approving the *Disclosure Statement to Accompany Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 82] (the "**Disclosure Statement**") as containing adequate information and permitting its use by the above-captioned debtors and debtors-in-possession (the "**Debtors**") in soliciting acceptances or rejections of the *Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 81] (the "**Plan**"). Capitalized terms used in this Notice which are not defined herein shall have the meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement Order further: (a) establishes the deadline for filing objections to the Disclosure Statement; (b) approves the dates, procedures, and forms applicable to the process of soliciting votes on and providing notice of the Plan; (c) approves certain vote tabulation procedures; (d) establishes the deadline for filing objections to the Plan; and (f) schedules the joint hearing (the "**Combined Hearing**") to consider <u>both</u> (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (altogether, the "**Solicitation and Voting Procedures**").[1]

---

[1] In the event of a conflict between the terms of these Solicitation and Voting Procedures and the Disclosure Statement Order, the terms of the Disclosure Statement Order shall govern.

**PLEASE TAKE FURTHER NOTICE OF THE FOLLOWING:**

A.      **The Voting Record Date.**  The Bankruptcy Court has established the record date for purposes of determining which Holders of Claims in Class 2 are entitled to vote on the Plan (the "**Voting Record Date**") as 4:00 PM (EDT) on the date which is 10 business days following the entry of the Disclosure Statement Order.

B.      **The Voting Deadline**.  The Bankruptcy Court has established <u>**September 5, 2019 at 4 PM (EDT)**</u> as the voting deadline (the "**Voting Deadline**") for the Plan.  To be counted as votes to accept or reject the Plan, all Ballots must be completed, properly executed, and either (1) delivered physically to the Clerk's Office, 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 or (2) submitted electronically via the Chapter 11 eBallot hyperlink (https://pacer.flmb.uscourts.gov/cmecf/ballots/submission.asp) so that they are *actually received*, in either case, by the Clerk's Office by no later than the Voting Deadline.  Delivery of a Ballot not in accordance with these instructions shall not be valid and shall not be counted as a vote to accept or reject the Plan.

C.      **Resolution of Disputed Claims for Voting Purposes; Resolution Event.**

1.      Any Holder of a Class 2 Claim that is (a) asserted as wholly unliquidated or wholly contingent; (b) asserted in an untimely Proof of Claim (unless allowed as timely prior to the Voting Record Date); (c) listed in the Schedules as unliquidated, contingent, or disputed (unless superseded by a timely-filed Proof of Claim that does not mark the Claim as unliquidated, contingent, or disputed); or (d) subject to an objection that is or has been Filed with the Bankruptcy Court on or prior to seven (7) days before the Voting Deadline (collectively, the "**Disputed Claimants**") shall not be permitted to vote on the Plan unless a Resolution Event (as hereinafter defined) occurs as set forth herein.

2.      If a Class 2 Claim is subject to an objection that is Filed with the Bankruptcy Court less than seven (7) days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

3.      A "**Resolution Event**" means the occurrence of one or more of the following events by no later than two (2) business days prior to the Voting Deadline:

        a.      an order of the Bankruptcy Court is entered allowing such Class 2 Claim pursuant to Section 502(b) of the Bankruptcy Code, after notice and a hearing;

        b.      an order of the Bankruptcy Court is entered temporarily allowing such Class 2 Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

        c.      a stipulation or other agreement is executed between the Holder of such Class 2 Claim and the Debtors resolving the objection and allowing such Class 2 Claim in an agreed upon amount; or

- 2 -

> d.    the pending objection is voluntarily withdrawn by the objecting party.

4.    Not later than one (1) business day following the occurrence of a Resolution Event, the Debtors shall distribute or cause to be distributed via email, hand delivery, or overnight courier service a Solicitation Package (as defined immediately below) to the relevant Holder to the extent such Holder has not already received a Solicitation Package (containing a Class 2 Ballot).

D.    **Treatment of Rejection Damages Claims for Voting Purposes.**

1.    Notwithstanding anything else to the contrary herein, all Holders (or potential Holders) of Claims that will or may arise due to the rejection of Executory Contracts and Unexpired Leases pursuant to § 9.1 of the Plan (such claim, a "**Rejection Claim**" and each such claimant, a "**Rejection Claimant**") shall be permitted to vote to accept or reject the Plan through the submission of a Class 2 Ballot on or before the Voting Deadline; *provided, however*, that each Rejection Claimant shall be permitted to vote each Rejection Claim in the amount of $1.00 ***only*** (unless otherwise determined pursuant to a Resolution Event); *provided further*, that each Rejection Claim shall be allowed in the amount of $1.00 ***solely for the purposes of voting on the Plan***, and such allowed amount shall not (y) be binding on the Debtors, the Liquidating Trustee, or any other party in interest for any purpose other than voting (specifically including, but not limited to, for allowance and distribution under the Plan) or (z) excuse the Rejection Claimant from timely filing a Proof of Claim by the Rejection Objection Deadline.

E.    **Form, Content, and Manner of Notices.**

1.    <u>The Solicitation Package for Class 2</u>.    The following materials shall constitute the solicitation package (the "**Solicitation Package**"):

> a.    A copy of these Solicitation and Voting Procedures;
>
> b.    the Disclosure Statement Order (without exhibits except those set forth herein);
>
> c.    The *Notice of (A) Hearing to Consider (I) Final Approval of Debtors' Disclosure Statement and (II) Confirmation of Debtors' Plan of Liquidation; and (B) Deadlines Associated Therewith* in substantially the form annexed as <u>Schedule 6</u> to the Disclosure Statement Order (the "**Combined Hearing Notice**");
>
> d.    A Class 2 Ballot with voting instructions with respect thereto;
>
> e.    The Disclosure Statement, as approved by the Bankruptcy Court with all exhibits thereto, including the Plan and the exhibits thereto; and
>
> f.    Such other materials as the Bankruptcy Court may direct.

2.      <u>Non-Voting Status Notices.</u>  The following Holders of Claims or Interests are not entitled to vote on the Plan and shall not, therefore, receive a Solicitation Package.

a.      Deemed Accepting.  Holders of Administrative Expense Claims and Priority Tax Claims are not classified in accordance with Section 1123(a)(1) of the Banrkuptcy Code.  Likewise, Holders of Class 1 Claims are Unimpaired under the Plan.  In either case, all such Holders are presumed to accept the Plan under Section 1126(f) of the Bankruptcy Code and are not, therefore, entitled to vote on the Plan.  Thus, all such Holders will receive *only*; (1) a copy of the Combined Hearing Notice; and (2) the *Notice of Non-Voting Status under Debtors' Plan of Liquidation*, in substantially the form annexed as <u>Schedule 3</u> to the Disclosure Statement Order (the "**Deemed Accepting Notice**").

b.      Deemed Rejecting.  Holders of Interests in Classes 3 and 4 are not entitled to vote because they are presumed to reject the Plan under Section 1126(g) of the Bankruptcy Code and will receive *only* (1) a copy of the Combined Hearing Notice; and (2) the *Notice of Deemed Rejecting Status under Debtors' Plan of Liquidation*, in substantially the form annexed as <u>Schedule 4</u> to the Disclosure Statement Order (the "**Deemed Rejecting Notice**").

c.      Disputed Claimants.  As set forth above, Disputed Claimants are not entitled to vote on the Plan.  Accordingly, the Disputed Claimants will receive *only*: (1) a copy of the Combined Hearing Notice and (2) a *Disputed Claim Notice* (the "**Disputed Claims Notice**") substantially in the form annexed as <u>Schedule 5</u> to the Disclosure Statement Order (along with any objection, as applicable pursuant to § C, above).

3.      <u>Distribution of the Plan Notices</u>.  As soon as practicable, but in no event later than fifteen (15) business days after the date of entry of the Disclosure Statement Order (the "**Solicitation Commencement Date**"), the Debtors shall commence the solicitation and noticing process by placing the Solicitation Packages, Deemed Accepting Notices, Deemed Rejecting Notices, and Disputed Claims Notices (each as applicable and as provided for herein) in the mail, first class postage prepaid, addressed to the appropriate recipients.

Additionally, the Debtors shall serve or cause to be served all of the materials in the Solicitation Package (excluding the Ballot) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

F.      **Voting and Tabulation Procedures**.

1.      <u>Holders of Class 2 Claims Entitled to Vote</u>.  Only the following Holders of Class 2 Claims shall be entitled to vote with regard to such Claims:

- 4 -

a. Holders of Class 2 Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection (as provided for herein);

b. Holders of Class 2 Claims that are listed in the Schedules; *provided however*, that all such Claims scheduled as contingent, unliquidated, or disputed shall not be entitled to vote (excluding such scheduled disputed, contingent, or unliquidated Claims that have been superseded by a timely Filed Proof of Claim which does not mark the applicable Claim as disputed, contingent, or unliquidated);

c. Holders of Class 2 Claims whose Claim arises (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, (ii) in an order entered by the Bankruptcy Court, or (iii) in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been Filed;

d. Holders of any Disputed Class 2 Claim that have been temporarily Allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e. The assignee of any Class 2 Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on or before the Voting Record Date.

2. <u>Establishing Claim Amounts for Voting Purposes</u>. The Class 2 Claim amounts established herein shall control for voting purposes only and shall not constitute the allowed amount of any Class 2 Claim for distribution under the Plan. Moreover, any amounts filled in on Ballots by the Debtors are not binding for purposes of allowance and distribution under the Plan. In tabulating votes, the following hierarchy shall be used to determine the amount of the Class 2 Claim associated with each claimant's vote:

a. The Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Bankruptcy Court, (ii) set forth in an order of the Bankruptcy Court, or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court.

b. The Claim amount temporarily allowed pursuant to Bankruptcy Rule 3018;

c. The Claim amount contained in a Proof of Claim that has been timely filed by the Claims Bar Date (or deemed timely filed by the

Bankruptcy Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided, however*, that any Ballot cast by a Holder of a Claim who Filed a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors) shall not be counted, and (ii) a partially liquidated and partially unliquidated Claim will be allowed for voting purposes only in the liquidated amount; *provided further, however*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document Filed with the Bankruptcy Court as referenced in subparagraph (a) above, the Claim amount in the document Filed with the Bankruptcy Court shall supersede the Claim set forth on the respective Proof of Claim for voting purposes;

d.      The Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely Filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; and

e.      In the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

3.      <u>Tabulating Votes</u>.    The following voting procedures and standard assumptions shall be used in tabulating Class 2 Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.      Except as otherwise provided in these Solicitation and Voting Procedures, unless the Class 2 Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Class 2 Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.      The Class 2 Ballots shall be tabulated as if the Debtors had been substantively consolidated (that is, the Class 2 Ballots shall ***not*** be tabulated on a Debtor-by-Debtor basis);

c.      Consistent with the requirements of Local Bankruptcy Rule 3018-1(d), the Debtors will File with the Bankruptcy Court by no later than two (2) calendar days prior to the Combined Hearing a voting report (the "**Voting Report**").    The Voting Report shall be in the form required by Local Bankruptcy Rule 3018-1(d) and, in addition to the reporting requirements of Local Bankruptcy Rule 3018-1(d), shall delineate every Class 2 Ballot that does not conform to the

- 6 -

voting instructions or that contains any form of irregularity including, but not limited to, those Class 2 Ballots that are late or (in whole or material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or damaged (collectively, the "**Irregular Ballots**").  The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot;

d.      The method of delivery of Class 2 Ballots to be sent to the Clerk's Office is at the election and risk of each Holder, and, except as otherwise provided, a Class 2 Ballot will be determined delivered only when the Clerk's Office actually receives the executed Class 2 Ballot;

e.      Delivery of a Class 2 Ballot to the Clerk's Office by any electronic means other than as expressly approved by these Solicitation and Voting Procedures (and as set forth on the Class 2 Ballot) will not be valid;

f.      No Class 2 Ballot should be sent to the Debtors, the Debtors' agents, or the Debtors' financial or legal advisors, and if so sent will not be counted;

g.      Holders of Class 2 Claims must vote ***all*** of their Class 2 Claims either to accept or reject the Plan and may not split any votes.  To the extent a Holder of a Class 2 Claim Holds multiple Class 2 Claims, such Claims shall be aggregated for the purpose of counting votes;

h.      A person signing a Class 2 Ballot in his or her capacity as trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Class 2 Claims must indicate such capacity when signing;

i.      Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to any Irregular Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

j.      Unless otherwise ordered by the Bankruptcy Court, any defects or irregularities in connection with the delivery of Class 2 Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

k.      In the event a designation of lack of good faith is requested by a party in interest under Section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or

38702081

reject the Plan cast with respect to that Class 2 Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

l.    Subject to any order of the Bankruptcy Court, the Debtors shall reject any and all Class 2 Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

m.    If a Class 2 Claim has been estimated or otherwise Allowed only for voting purposes by order of the Bankruptcy Court, such Class 2 Claim shall be temporarily allowed in the amount so estimated or allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution (under the Plan);

n.    The following Class 2 Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Class 2 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Class 2 Claim; (ii) any Class 2 Ballot cast by any Entity that does not hold a Class 2 Claim; (iii) any Class 2 Ballot cast for a Class 2 Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely Filed by the Voting Record Date; (iv) any unsigned Class 2 Ballot or where a company name is not shown on the signature line (in accordance with (h), above); (v) any Class 2 Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Class 2 Ballots filed after the Voting Deadline (absent leave of the Bankruptcy Court); (vii) any Class 2 Ballot that splits a Class 2 Claim to partially reject and partially accept the Plan; (ix) any duplicate Class 2 Ballots, with one electing acceptance and the other electing rejection unless the later Class 2 Ballot is designated as amending the prior one; (x) any Class 2 Ballot submitted by any Entity not entitled to vote pursuant to the Plan and these procedures described herein;

o.    For the avoidance of doubt, ***only Holders of Class 2 Claims are entitled to vote and cast a ballot***.  Any ballot cast by a Holder of any Claim or Interest other than a Class 2 Claim ***shall not be counted*** in determining the acceptance or rejection of the Plan;

p.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

q.      The Debtors are authorized to enter into stipulations with the Holder of any Class 2 Claim agreeing to the amount of such Class 2 Claim for voting purposes; and

r.      Where any portion of a single Class 2 Claim has been transferred to a transferee, all Holders of any portion of such single Class 2 Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in Section 1126(c) of the Bankruptcy Code (and for the other Solicitation and Voting Procedures set forth herein), and (ii) required to vote every portion of such Class 2 Claim collectively to accept or reject the Plan.  In the event that (i) a Class 2 Ballot, (ii) a group of Class 2 Ballots within Class 2 received from a single creditor, or (iii) a group of Class 2 Ballots received from the various Holders of multiple portions of a single Class 2 Claim partially reject and partially accept the Plan, such Class 2 Ballots shall not be counted.

G.      **Amendments to the Plan and Solicitation and Voting Procedures**.  The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Class 2 Ballots, Combined Hearing Notice, and related documents without further order of the Bankruptcy Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, Plan, and any of the Plan Notices before their distribution.

Dated: _____, 2019

TROUTMAN SANDERS LLP

Harris B. Winsberg (FL. Bar No. 0127190)
Matthew R. Brooks (GA Bar No. 378018)
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
harris.winsberg@troutmansanders.com
matthew.brooks@troutmansanders.com

*Counsel for the Debtors and Debtors in Possession*

NELSON MULLINS RILEY & SCARBOROUGH LLP

Lee D.  Wedekind, III (FL Bar No.  670588)
50 N.  Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3656 (direct)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

*Co-Counsel for the Debtors and Debtors in Possession*

**SCHEDULE 2**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

**Premier Exhibitions, Inc.;**                            Case No. 3:16-bk-02232-JAF

Premier Exhibitions Management, LLC;          Case No. 3:16-bk-02233-JAF

Premier Exhibitions International, LLC;            Case No. 3:16-bk-02234-JAF

Premier Exhibitions NYC, Inc.;                       Case No. 3:16-bk-02235-JAF

Premier Merchandising, LLC;                         Case No. 3:16-bk-02236-JAF

Dinosaurs Unearthed Corp.;                           Case No. 3:16-bk-02237-JAF

Arts and Exhibitions International, LLC;           Case No. 3:16-bk-02238-JAF

**(JOINTLY ADMINISTERED**
**UNDER LEAD CASE 3:16-bk-02232**)
                                    Debtors.

## CLASS 2 BALLOT FOR ACCEPTING OR REJECTING PLAN OF LIQUIDATION

The above-captioned debtors and debtors-in-possession (the "Debtors") filed their *Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* on May 15, 2019 [D.E. 81] (the "Plan") and *Disclosure Statement to Accompany Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* on May 15, 2019 [D.E. 82] (the "Disclosure Statement"). The Court has preliminarily approved the Disclosure Statement. The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from counsel for the Debtors, TROUTMAN SANDERS, LLP, by submitting a request addressed to the attention of Harris B. Winsberg and Matthew R. Brooks, 600 Peachtree St. NE, Suite 3000, Atlanta, Georgia 30308 (404-885-3000) or via email to prxiplanquestions@troutman.com.

Preliminary approval of the Disclosure Statement by the Court does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 2 under the Plan, which is the only Class entitled to vote.**

**Pursuant to Bankruptcy Local Rule 3018-1, your ballot MUST be filed either (i) electronically with the Clerk's Office via the Chapter 11 eBallot hyperlink or (ii) physically**

**with the Court, each as set forth below, so that it is received <u>on or before September 5, 2019 at 4:00PM (EDT)</u> (the "<u>Voting Deadline</u>").**

(i) <u>Electronic Filing</u>:  You may file your ballot electronically by completing the following steps:

(1)  Direct your browser to https://pacer.flmb.uscourts.gov/cmecf/ballots/submission.asp;

(2)  Enter the name of the person submitting the ballot as [First Name Last Name] (*e.g.*, "Joe Smith");

(3)  Enter the name of the creditor voting the ballot (if the creditor and submitter are the same, enter the same name in both fields);

(4)  Enter "**3:16-bk-02232**" as the case number;

(5)  Enter "**2**" as the class number;

(6)  Enter the amount of your claim;

(7)  Select the appropriate disposition for your ballot; and

(8)  Upload an <u>original, signed</u> copy of this ballot.

(ii) <u>Physical Filing</u>:  If you are unwilling or unable to file your ballot electronically, you may file a physical copy with the Court, located at:

300 North Hogan Street
Suite 3-150
Jacksonville, Florida 32202

**If your ballot is not filed (either electronically or physically) so that it is received by the Clerk's Office on or before the Voting Deadline, <u>your vote will not count as either an acceptance or rejection of the Plan</u>.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

38529116

## <u>ACCEPTANCE OR REJECTION OF THE PLAN</u>

The undersigned, the holder of a Class 2 Claim against the Debtors in the unpaid amount of

($_____)

> ❑  **Accepts the Plan**

> ❑  **Rejects the Plan**

> *(Check one box only.)*

Dated: _____, 2019

Print or type name: _____

Signature: _____  Title (if entity): _____

Address: _____

_____

_____

**\*\*\* YOU MUST FILE THIS COMPLETED BALLOT ON OR BEFORE <u>SEPTEMBER 5, 2019 AT 4:00PM (EDT)</u> IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH ABOVE \*\*\***

# SCHEDULE 3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

**Premier Exhibitions, Inc.;**

Premier Exhibitions Management, LLC;

Premier Exhibitions International, LLC;

Premier Exhibitions NYC, Inc.;

Premier Merchandising, LLC;

Dinosaurs Unearthed Corp.;

Arts and Exhibitions International, LLC;

Debtors.

**Case No. 3:16-bk-02232-JAF**

Case No. 3:16-bk-02233-JAF

Case No. 3:16-bk-02234-JAF

Case No. 3:16-bk-02235-JAF

Case No. 3:16-bk-02236-JAF

Case No. 3:16-bk-02237-JAF

Case No. 3:16-bk-02238-JAF

**(JOINTLY ADMINISTERED
UNDER LEAD CASE 3:16-bk-02232**)

---

**NOTICE OF NON-VOTING STATUS UNDER DEBTORS' PLAN OF LIQUIDATION**

**TO:    HOLDERS OF ADMINISTRATIVE EXPENSE CLAIMS
        HOLDERS OF PRIORITY CLAIMS (CLASS 1)
        HOLDERS OF PRIORITY TAX CLAIMS**

**PLEASE TAKE NOTICE THAT:**

1.      On June [•], 2019, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "**Bankruptcy Court**") entered an Order [D.E. •] (the "**Disclosure Statement Order**"), among other things, preliminarily approving the *Disclosure Statement to Accompany Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 82] (the "**Disclosure Statement**") as containing adequate information and permitting its use by the above-captioned debtors and debtors-in-possession (the "**Debtors**") in soliciting acceptances or rejections of the *Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 81] (the "**Plan**") from those Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.  Capitalized terms used in this Notice which are not defined herein have the meanings set forth in the Plan.

2.      The Disclosure Statement Order further: (a) establishes the deadline for filing objections to the Disclosure Statement; (b) approves the dates, procedures, and forms applicable to the process of soliciting votes on and providing notice of the Plan; (c) approves certain vote tabulation procedures; (d) establishes the deadline for filing objections to the Plan; and (f)

schedules the joint hearing to consider <u>both</u> (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (altogether, the "**Solicitation and Voting Procedures**").

3.      You are receiving this Notice because *you may be the Holder of an **Administrative Expense Claim**, a **Priority Tax Claim**, or a non-tax **Priority Claim***.  Under the Plan:

(a)      An ***Administrative Expense Claim*** is a Claim for the payment of any cost or expense of administration of the Estates or the Cases that is allowable under Section 503(b) of the Bankruptcy Code, including, but not limited to – (1) Professional Compensation Claims, which are Claims for compensation, indemnification, or reimbursement of expenses pursuant to Section 327, 328, 330, 331, or 503(b) of the Bankruptcy Code in connection with the Chapter 11 Cases incurred on or after the Petition Date and Prior to the Effective Date; and (2) any actual and necessary cost or expense of preserving the Estates or operating the business of the Debtors (including wages, salaries, or commissions for services rentendered) incurred on or after the Petition Date.  As to Administrative Expense Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

> Except as otherwise provided in <u>Section 3.1.3</u> of the Plan with respect to Professional Compensation Claims, on or before the later to occur of (i) the Effective Date and (ii) the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or as soon thereafter as is practicable, each Holder of an Allowed Administrative Expense Claim shall be paid in full, in Cash in an amount equal to the Allowed Amount of its Administrative Expense Claim in accordance with Section 1129(a)(9)(A) of the Bankruptcy Code. Notwithstanding the foregoing, each Holder of an Allowed Administrative Expense Claim may be paid (a) on such other terms as may be agreed upon by the Holder of such Allowed Administrative Expense Claim and the Liquidating Trustee or (b) as otherwise ordered by a Final Order of the Bankruptcy Court.

(b)      A ***Priority Tax Claim*** is a Claim of a Governmental Unit that is entitled to a priority in payment pursuant to Section 507(a)(8) of the Bankruptcy Code and that is not an Administrative Expense Claim, Secured Claim, or Unsecured Claim.  As to Priority Tax Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

> The Liquidating Trustee will pay all Allowed Priority Tax Claims in Cash in full on the Effective Date or as soon thereafter as is reasonably practicable, but in no event later than the end of five (5) years from the Petition Date.  As to any Allowed Priority Tax Claim not paid in full on the Effective Date, the Holder of such Allowed Priority Tax Claim shall receive on account of such Allowed Priority Tax Claim regular quarterly installment payments in Cash in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code through and including the date such Allowed Priority Tax Claim is paid in full. Holders of Allowed Priority Tax Claims shall receive

interest on account of their Allowed Priority Tax Claims at the Section 6621 Interest Rate; provided, however, that if the Holder of such Allowed Priority Tax Claim is a city, county or state, such Holder shall receive interest on account of its Allowed Priority Tax Claim at the applicable statutory rate under state law. To the extent that any Allowed Priority Tax Claim is allowed after the Effective Date, it will be paid in full in Cash as soon after allowance as is reasonably practicable over a period no later than the end of five (5) years from the Petition Date, including interest as calculated above.

(c)     A non-tax ***Priority Claim*** is a Claim entitled to a priority in payment pursuant to subparagraphs (3) through (7) or subparagraph (9) of Section 507(a) of the Bankruptcy Code. As to non-tax Priority Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

Each holder of an Allowed Priority Claim designated in Class 1 shall be paid as follows: (1) In full, in cash, on or before the later of the Effective Date or, if any Priority Claim were a Disputed Claim and thereafter became Allowed Priority Claim, immediately following the date upon which such Claim became an Allowed Priority Claim, or as soon as reasonably practicable thereafter; or (2) Upon such other terms as may be agreed to between the Liquidating Trustee and a Holder of an Allowed Priority Claim.

4.     **BECAUSE OF THE NATURE AND TREATMENT OF YOUR CLAIM, YOU ARE <u>NOT</u> ENTITLED TO VOTE ON THE PLAN.** Nevertheless, you are a party in interest in the Debtors' Chapter 11 Cases. Therefore, you are entitled to participate in the Debtor's Chapter 11 Cases, including by filing objections to the Disclosure Statement and/or to confirmation of the Plan.

5.     The Bankruptcy Court has established:

(a)     August 29, 2019 at 4:00 PM (EDT) as the last date and time for filing and serving objections to the Disclosure Statement (the "**Disclosure Statement Objection Deadline**"); and

(b)     August 29, 2019 at 4:00 PM (EDT) as the last date and time for filing and serving objections to Confirmation of the Plan (the "**Plan Objection Deadline**").

If you object to the Disclosure Statement or Plan, your objection must: (a) be in writing; (b) conform to the Bankruptcy Rules and Local Bankruptcy Rules; (c) state your name and address as well as the nature of your Claim or Interest; (d) state with particularity the basis and nature of your objection to the Disclosure Statement and/or Plan and, if practicable, a proposed modification to the Disclosure Statement and/or Plan that would resolve any such objection; and (e) be filed with the Bankruptcy Court and served **so that it is actually received by no later than the Disclosure Statement Objection Deadline and/or Plan Objection Deadline, as applicable,** by:

- 3 -

Counsel to the Debtors, Troutman Sanders LLP
ATTN: Harris B. Winsberg, Esq.
      Matthew R. Brooks, Esq.
600 Peachtree St. NE
Suite 3000
Atlanta, GA 30308

*-and-*

Counsel to the Creditors' Committee, Storch Amini PC
ATTN: Jeffrey Chubak, Esq.
      Avery Samet, Esq.
140 East 45th Street
25th Floor
New York, NY 10017

**ANY OBJECTIONS NOT TIMELY FILED AND RECEIVED BY THE DISCLOSURE STATEMENT OBJECTION DEADLINE AND/OR PLAN OBJECTION DEADLINE, AS APPLICABLE, MAY BE DEEMED OVERRULED.**

6.     A combined hearing to consider (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (together, the "**Combined Hearing**") will be held on September 12, 2019 at 10:00 AM (EDT) before the Honorable Jerry A Funk, United States Bankruptcy Court Judge, in the Bankruptcy Court, 300 North Hogan Street, Jacksonville, Florida, 32202. The Combined Hearing may be continued from time to time by announcement in open court or Filed on the docket.

7.     Please note that the Debtors have not completed their review of Claims asserted against them. The Debtors (or the Liquidating Trustee, as applicable) may determine to object to the priority status alleged in your Proof of Claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in Class 2 of the Plan.

8.     The Plan or Disclosure Statement may be further modified, if necessary, prior to, during, or as a result of the Combined Hearing, without further notice to parties in interest.

9.     You may obtain copies of the Disclosure Statement Order, the Disclosure Statement, Solicitation and Voting Procedures, and the Plan by (i) submitting a request via email to prxiplanquestions@troutman.com; (ii) addressing a written request to counsel to the Debtors, Troutman Sanders LLP, attn: Harris B. Winsberg and Matthew R. Brooks, 600 Peachtree Street NE, Suite 3000, Atlanta, GA 30308; or (iii) calling 404.885.3000. In the alternative, you may obtain copies of the foregoing documents for small fee from PACER (https://ecf.flmb.uscourts.gov/).

38549424

Dated: _____, 2019


TROUTMAN SANDERS LLP


Harris B. Winsberg (FL. Bar No. 0127190)
Matthew R. Brooks (GA Bar No. 378018)
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
harris.winsberg@troutmansanders.com
matthew.brooks@troutmansanders.com

*Counsel for the Debtors and Debtors in
Possession*

NELSON MULLINS RILEY &
SCARBOROUGH LLP

Lee D.  Wedekind, III (FL Bar No.  670588)
50 N.  Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3656 (direct)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

*Co-Counsel for the Debtors and Debtors in
Possession*

38549424

**SCHEDULE 4**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

**Premier Exhibitions, Inc.;**

Premier Exhibitions Management, LLC;

Premier Exhibitions International, LLC;

Premier Exhibitions NYC, Inc.;

Premier Merchandising, LLC;

Dinosaurs Unearthed Corp.;

Arts and Exhibitions International, LLC;

Debtors.

**Case No. 3:16-bk-02232-JAF**

Case No. 3:16-bk-02233-JAF

Case No. 3:16-bk-02234-JAF

Case No. 3:16-bk-02235-JAF

Case No. 3:16-bk-02236-JAF

Case No. 3:16-bk-02237-JAF

Case No. 3:16-bk-02238-JAF

**(JOINTLY ADMINISTERED
UNDER LEAD CASE 3:16-bk-02232**)

**NOTICE OF DEEMED REJECTING STATUS UNDER DEBTORS' PLAN OF
LIQUIDATION**

**TO:    HOLDERS OF PRXI EQUITY INTERESTS (CLASS 3)
        HOLDERS OF SUBSIDIARY EQUITY INTERESTS (CLASS 4)**

**PLEASE TAKE NOTICE THAT:**

1.      On June [•], 2019, the United States Bankruptcy Court for the Middle District of
Florida, Jacksonville Division (the "**Bankruptcy Court**") entered an Order [D.E. •] (the
"**Disclosure Statement Order**"), among other things, preliminarily approving the *Disclosure
Statement to Accompany Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy
Code* [D.E. 82] (the "**Disclosure Statement**") as containing adequate information and permitting
its use by the above-captioned debtors and debtors-in-possession (the "**Debtors**") in soliciting
acceptances or rejections of the *Plan of Liquidation of the Debtors under Chapter 11 of the
Bankruptcy Code* [D.E. 81] (the "**Plan**") from those Holders of Impaired Claims who are (or may
be) entitled to receive distributions under the Plan.  Capitalized terms used in this Notice which
are not defined herein have the meanings set forth in the Plan.

2.      The Disclosure Statement Order further: (a) establishes the deadline for filing
objections to the Disclosure Statement; (b) approves the dates, procedures, and forms applicable
to the process of soliciting votes on and providing notice of the Plan; (c) approves certain vote
tabulation procedures; (d) establishes the deadline for filing objections to the Plan; and (f)

schedules the joint hearing to consider <u>both</u> (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (altogether, the "**Solicitation and Voting Procedures**").

3.      You are receiving this Notice because ***you may be the Holder of a <u>PRXI Equity Interest</u> or <u>Subsidiary Equity Interest</u>***.  Under the Plan:

(a)      A ***<u>PRXI Equity Interest</u>*** is any interest of a member and/or shareholder in Premier Exhibitions, Inc.; and

(b)      A ***<u>Subsidiary Equity Interest</u>*** is any interest of a member and/or shareholder in any Debtor other than Premier Exhibitions, Inc. (*i.e.*, Premier Exhibitions Management LLC; Arts and Exhibitions International, LLC; Premier Exhibitions International, LLC; Premier Exhibitions NYC, Inc.; Premier Merchandising, LLC; and Dinosaurs Unearthed Corp.).

4.      **Under the terms of the Plan, Holders of PRXI Equity Interests (Class 3) and Subsidiary Equity Interests (Class 4) are <u>NOT</u> entitled to receive or retain any property on account of such Interests, and such Interests are cancelled and discharged.  Therefore, in accordance with Section 1126(g) of the Bankruptcy Code, if you hold any such Interest, YOU ARE DEEMED TO HAVE REJECTED THE PLAN AND ARE <u>NOT</u> ENTITLED TO VOTE ON THE PLAN.  Because no class of claims or interests junior to PRXI Equity interest and Subsidiary Equity Interests will receive any distribution under the Plan, the Bankruptcy Court can confirm the Plan over the deemed rejections of Class 3 and Class 4 pursuant to Section 1129(b) of the Bankruptcy Code.**

5.      **PLEASE NOTE THE FOREGOING MEANS THAT YOUR STOCK INTERESTS IN PREMIER EXHIBITIONS, INC. AND ANY OF ITS SUBSIDIARIES WILL BE CANCELLED AND YOU WILL HAVE NO INTEREST OF ANY KIND IN THE DEBTORS OR THE LIQUIDATING TRUST ESTABLISHED PURSUANT TO THE PLAN.**

6.      A combined hearing to consider (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (together, the "**Combined Hearing**") will be held on September 12, 2019 at 10:00 AM (EDT) before the Honorable Jerry A. Funk, United States Bankruptcy Court Judge, in the Bankruptcy Court, 300 North Hogan Street, Jacksonville, Florida, 32202.  The Combined Hearing may be continued from time to time by announcement in open court or Filed on the docket.

7.      The Bankruptcy Court has established:

(a)      August 29, 2019 at 4:00 PM (EDT) as the last date and time for filing and serving objections to the Disclosure Statement (the "**Disclosure Statement Objection Deadline**"); and

(b)      August 29, 2019 at 4:00 PM as the last date and time for filing and serving objections to Confirmation of the Plan (the "**Plan Objection Deadline**").

If you object to the Disclosure Statement or Plan, your objection must: (a) be in writing; (b) conform to the Bankruptcy Rules and Local Bankruptcy Rules; (c) state your name and address as

- 2 -

well as the nature of your Claim or Interest; (d) state with particularity the basis and nature of your objection to the Disclosure Statement and/or Plan and, if practicable, a proposed modification to the Disclosure Statement and/or Plan that would resolve any such objection; and (e) be filed with the Bankruptcy Court and served **so that it is actually received by no later than the Disclosure Statement Objection Deadline and/or Plan Objection Deadline, as applicable,** by:

> Counsel to the Debtors, Troutman Sanders LLP
> ATTN: Harris B. Winsberg, Esq.
>       Matthew R. Brooks, Esq.
> 600 Peachtree St. NE
> Suite 3000
> Atlanta, GA 30308

*-and-*

> Counsel to the Creditors' Committee, Storch Amini PC
> ATTN: Jeffrey Chubak, Esq.
>       Avery Samet, Esq.
> 140 East 45th Street
> 25th Floor
> New York, NY 10017

**ANY OBJECTIONS NOT TIMELY FILED AND RECEIVED BY THE DISCLOSURE STATEMENT OBJECTION DEADLINE AND/OR PLAN OBJECTION DEADLINE, AS APPLICABLE, MAY BE DEEMED OVERRULED.**

8.      The Plan or Disclosure Statement may be further modified, if necessary, prior to, during, or as a result of the Combined Hearing, without further notice to parties in interest.

9.      You may obtain copies of the Disclosure Statement Order, the Disclosure Statement, Solicitation and Voting Procedures, and the Plan by (i) submitting a request via email to prxiplanquestions@troutman.com; (ii) addressing a written request to counsel to the Debtors, Troutman Sanders LLP, attn: Harris B. Winsberg and Matthew R. Brooks, 600 Peachtree Street NE, Suite 3000, Atlanta, GA 30308; or (iii) calling 404.885.3000.  In the alternative, you may obtain copies of the foregoing documents for small fee from PACER (https://ecf.flmb.uscourts.gov/).

38695967

Dated: _____, 2019

TROUTMAN SANDERS LLP

Harris B. Winsberg (FL. Bar No. 0127190)
Matthew R. Brooks (GA Bar No. 378018)
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
harris.winsberg@troutmansanders.com
matthew.brooks@troutmansanders.com

*Counsel for the Debtors and Debtors in
Possession*

NELSON MULLINS RILEY &
SCARBOROUGH LLP

Lee D.  Wedekind, III (FL Bar No.  670588)
50 N.  Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3656 (direct)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

*Co-Counsel for the Debtors and Debtors in
Possession*

**SCHEDULE 5**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| **Premier Exhibitions, Inc.**; | **Case No. 3:16-bk-02232-JAF** |
| Premier Exhibitions Management, LLC; | Case No. 3:16-bk-02233-JAF |
| Premier Exhibitions International, LLC; | Case No. 3:16-bk-02234-JAF |
| Premier Exhibitions NYC, Inc.; | Case No. 3:16-bk-02235-JAF |
| Premier Merchandising, LLC; | Case No. 3:16-bk-02236-JAF |
| Dinosaurs Unearthed Corp.; | Case No. 3:16-bk-02237-JAF |
| Arts and Exhibitions International, LLC; | Case No. 3:16-bk-02238-JAF |
| Debtors. | **(JOINTLY ADMINISTERED UNDER LEAD CASE 3:16-bk-02232**) |

## <u>NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS</u>

**PLEASE TAKE NOTICE THAT** on June [•], 2019, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "**Bankruptcy Court**") entered an Order [D.E. •] (the "**Disclosure Statement Order**"), among other things, preliminarily approving the *Disclosure Statement to Accompany Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 82] (the "**Disclosure Statement**") as containing adequate information and permitting its use by the above-captioned debtors and debtors-in-possession (the "**Debtors**") in soliciting acceptances or rejections of the *Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 81] (the "**Plan**").  Capitalized terms used in this Notice which are not defined herein shall have the meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement Order further: (a) establishes the deadline for filing objections to the Disclosure Statement; (b) approves the dates, procedures, and forms applicable to the process of soliciting votes on and providing notice of the Plan; (c) approves certain vote tabulation procedures; (d) establishes the deadline for filing objections to the Plan; and (f) schedules the joint hearing to consider <u>both</u> (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (altogether, the "**Solicitation and Voting Procedures**").

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this Notice because you are the Holder of a Class 2 Claim that is or was (a) asserted as wholly unliquidated or wholly contingent, (b) asserted in an untimely Proof of Claim not subsequently allowed, (c) listed in the

Schedules as unliquidated, contingent, or disputed, or (d) subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before September 3, 2019 (the date that is two business days before the Voting Deadline)** (as follows, each a "**Resolution Event**"):

1.  An order of the Bankruptcy Court is entered allowing such Class 2 Claim pursuant to Section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.  An order of the Bankruptcy Court is entered temporarily allowing such Class 2 Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.  A stipulation or other agreement is executed between the Holder of such Class 2 Claim and the Debtors temporarily allowing the Holder of such Class 2 Claim to vote its Class 2 Claim in an agreed upon amount; or

4.  The pending objection to such Class 2 Claim is voluntarily withdrawn by the objecting party.

Accordingly, this Notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** you may obtain copies of the Disclosure Statement Order, the Disclosure Statement, Solicitation and Voting Procedures, and the Plan by (i) submitting a request via email to prxiplanquestions@troutman.com; (ii) addressing a written request to counsel to the Debtors, Troutman Sanders LLP, attn: Harris B. Winsberg and Matthew R. Brooks, 600 Peachtree Street NE, Suite 3000, Atlanta, GA 30308; or (iii) calling 404.885.3000. In the alternative, you may obtain copies of the foregoing documents for small fee from PACER (https://ecf.flmb.uscourts.gov/).

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one (1) business day thereafter, the Debtors shall distribute a Solicitation Package (including a Class 2 Ballot) to you, which must be executed and returned in accordance with the instructions therein no later than the Voting Deadline, which is on **September 5, 2019 at 4:00 PM (EDT).**

Dated: _____, 2019

TROUTMAN SANDERS LLP

Harris B. Winsberg (FL. Bar No. 0127190)
Matthew R. Brooks (GA Bar No. 378018)
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
harris.winsberg@troutmansanders.com
matthew.brooks@troutmansanders.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

Lee D. Wedekind, III (FL Bar No. 670588)
50 N. Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3656 (direct)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

- 2 -

38704339

*Counsel for the Debtors and Debtors in Possession*

*Co-Counsel for the Debtors and Debtors in Possession*

# SCHEDULE 6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| **Premier Exhibitions, Inc.**; | **Case No. 3:16-bk-02232-JAF** |
| Premier Exhibitions Management, LLC; | Case No. 3:16-bk-02233-JAF |
| Premier Exhibitions International, LLC; | Case No. 3:16-bk-02234-JAF |
| Premier Exhibitions NYC, Inc.; | Case No. 3:16-bk-02235-JAF |
| Premier Merchandising, LLC; | Case No. 3:16-bk-02236-JAF |
| Dinosaurs Unearthed Corp.; | Case No. 3:16-bk-02237-JAF |
| Arts and Exhibitions International, LLC; | Case No. 3:16-bk-02238-JAF |
| Debtors. | **(JOINTLY ADMINISTERED UNDER LEAD CASE 3:16-bk-02232**) |

**NOTICE OF (A) HEARING TO CONSIDER (I) FINAL APPROVAL OF DEBTORS' DISCLOSURE STATEMENT AND (II) CONFIRMATION OF DEBTORS' PLAN OF LIQUIDATION; AND (B) DEADLINES ASSOCIATED THEREWITH**

**TO:    ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS
        ALL OTHER PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT:**

1.    <u>Disclosure Statement Preliminarily Approved</u>.  On June [•], 2019, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "**Bankruptcy Court**") entered an Order [D.E. •] (the "**Disclosure Statement Order**"), among other things, preliminarily approving the *Disclosure Statement to Accompany Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 82] (the "**Disclosure Statement**") as containing adequate information and permitting its use by the above-captioned debtors and debtors-in-possession (the "**Debtors**") in soliciting acceptances or rejections of the *Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 81] (the "**Plan**"). Capitalized terms used in this Notice which are not defined herein shall have the meanings set forth in the Plan.

2.    <u>Solicitation Procedures</u>.  The Disclosure Statement Order further: (a) establishes the deadline for filing objections to the Disclosure Statement; (b) approves the dates, procedures, and forms applicable to the process of soliciting votes on and providing notice of the Plan; (c)

38696921

approves certain vote tabulation procedures; (d) establishes the deadline for filing objections to the Plan; and (f) schedules the joint hearing to consider <u>both</u> (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (altogether, the "**Solicitation and Voting Procedures**").

3.    <u>Record Date Established</u>.  The Bankruptcy Court has established 4:00 PM (EDT) on the date which is 10 business days following the entry of this Order as the record date for purposes of determining which Holders of Claims in Class 2 are entitled to vote on the Plan (the "**Voting Record Date**").

4.    <u>Voting Deadline</u>.  The deadline for voting on the Plan is **<u>September 5, 2019 at 4:00 PM (EDT)</u>** (the "**Voting Deadline**").  If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot; and (c) execute and return (or upload) your completed Ballot according to and as set forth in detail in the Solicitation and Voting Procedures so that it is ***actually received*** by the Clerk's Office on or before the Voting Deadline.  **FAILURE TO SUBMIT YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE AND/OR ANY FAILURE TO COMPLY WITH THE BALLOT INSTRUCTIONS MAY RESULT IN THE DISQUALIFICATION OF YOUR BALLOT AND YOUR VOTE.**

5.    <u>Objections to Disclosure Statement and Plan</u>.  The Bankruptcy Court has established:

(a)    August 29, 2019 at 4:00 PM (EDT) as the last date and time for filing and serving objections to the Disclosure Statement (the "**Disclosure Statement Objection Deadline**"); and

(b)    August 29, 2019 at 4:00 PM (EDT) as the last date and time for filing and serving objections to Confirmation of the Plan (the "**Plan Objection Deadline**").

If you object to the Disclosure Statement or Plan, your objection must: (a) be in writing; (b) conform to the Bankruptcy Rules and Local Bankruptcy Rules; (c) state your name and address as well as the nature of your Claim or Interest; (d) state with particularity the basis and nature of your objection to the Disclosure Statement and/or Plan and, if practicable, a proposed modification to the Disclosure Statement and/or Plan that would resolve any such objection; and (e) be filed with the Bankruptcy Court and served **<u>so that it is actually received by no later than the Disclosure Statement Objection Deadline and/or Plan Objection Deadline, as applicable,</u>** by:

> Counsel to the Debtors, Troutman Sanders LLP
> ATTN: Harris B. Winsberg, Esq.
>         Matthew R. Brooks, Esq.
> 600 Peachtree St. NE
> Suite 3000
> Atlanta, GA 30308

*-and-*

> Counsel to the Creditors' Committee, Storch Amini PC
> ATTN: Jeffrey Chubak, Esq.

38696921

Avery Samet, Esq.
140 East 45th Street
25th Floor
New York, NY 10017

**ANY OBJECTIONS NOT TIMELY FILED AND RECEIVED BY THE DISCLOSURE STATEMENT OBJECTION DEADLINE AND/OR PLAN OBJECTION DEADLINE, AS APPLICABLE, MAY BE DEEMED OVERRULED.**

6.    <u>Combined Hearing</u>.  A combined hearing to consider (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (together, the "**Combined Hearing**") will be held on September 12, 2019 at 10:00 AM (EDT) before the Honorable Jerry A. Funk, United States Bankruptcy Court Judge, in the Bankruptcy Court, 300 North Hogan Street, Jacksonville, Florida, 32202.  The Combined Hearing may be continued from time to time by announcement in open court or Filed on the docket.  In accordance with the Plan, the Plan or Disclosure Statement may be modified, if necessary, prior to, during or as a result of the Combined Hearing, without further notice.

7.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.    **THE PLAN PROVIDES FOR THE REJECTION OF THE DEBTORS' EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**  Pursuant to §§ 9.1 and 9.2 of the Plan, the Confirmation Order shall constitute approval of the Debtors' rejection of each Executory Contract and Unexpired Lease that the Debtors entered into prior to the Petition Date, other than those Executory Contracts and Unexpired Leases set forth on Exhibit A of the *Notice of Assumption and Assignment of Executory Contract or Unexpired Lease* [D.E. 1323] (the "**Assignment Notice**").  Therefore, **if you are a counterparty to an Executory Contract or Unexpired Lease with any of the Debtors and your Executory Contract or Unexpired Lease was not listed on the Assignment Notice, YOUR EXECUTORY CONTRACT OR UNEXPIRED LEASE WILL BE REJECTED PURSUANT TO THE PLAN.**

(a)    Pursuant to the Disclosure Statement Order and Solicitation and Voting Procedures, you are entitled to cast a Ballot to vote on the Plan (solely as set forth in § D of the Solicitation and Voting Procedures) on account of the Debtors' rejection of your Executory Contract or Unexpired Lease.

(b)    If you do not have or have not received a Solicitation Package (including a Ballot) you may request one by submitting an inquiry via ¶ 8, below.

8.    <u>Inquiries</u>.  You may obtain copies of the Disclosure Statement Order, the Disclosure Statement, Solicitation and Voting Procedures, and the Plan by (i) submitting a request via email to prxiplanquestions@troutman.com; (ii) addressing a written request to counsel to the Debtors, Troutman Sanders LLP, attn: Harris B. Winsberg and Matthew R. Brooks, 600 Peachtree Street NE, Suite 3000, Atlanta, GA 30308; or (iii) calling 404.885.3000.  In the alternative, you may obtain copies of the foregoing documents for small fee from PACER (https://ecf.flmb.uscourts.gov/).

- 3 -

9.    Injunction and Exculpation.  **THE PLAN CONTAINS THE FOLLOWING INJUNCTION AND EXCULPATION PROVISIONS:**

**10.1    Plan Injunction.  Except as otherwise expressly provided in this Plan, the Plan Supplement, documents executed pursuant to this Plan, or the Confirmation Order, on and after the Effective Date, all Persons who have held, currently hold, or may hold Claims against or Interests in the Debtors or the Estates that arose prior to the Effective Date (including all Governmental Units) shall be permanently enjoined from, on account of such Claims or Interests, taking any of the following actions, either directly or indirectly, against or with respect to any Debtor, any Estate, the Exculpated Parties, the Liquidating Trust, the Liquidating Trustee, or any of their respective properties or assets: (i) commencing or continuing in any manner any action or other proceeding of any kind; (ii) enforcing, executing, collecting, or recovering in any manner any judgment, award, decree, or order, or attaching any property pursuant to the foregoing; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind; (iv) asserting or effecting any setoff, recoupment, or right of subrogation of any kind against any Claim or Cause of Action; (v) enjoining or invalidating any foreclosure or other conveyance of any Property of the Liquidating Trust or of the Debtors; (vi) interfering with or in any manner whatsoever disturbing the rights and remedies of the Liquidating Trust, the Debtors or the Estates under this Plan and the Plan documents and the other documents executed in connection therewith; and (vii) taking any act, in any manner, in any place whatsoever, that does not conform to, comply with, or that is inconsistent with any provision of this Plan. This injunction shall not enjoin or prohibit (i) the holder of a Disputed Claim from litigating its right to seek to have such Disputed Claim declared an Allowed Claim and paid in accordance with the Distribution provisions of this Plan or (ii) any party in interest from seeking the interpretation or enforcement of any of the obligations of the Debtors, the Liquidating Trustee, or the Liquidating Trust under this Plan. The Liquidating Trustee shall have the right to independently seek enforcement of this Plan Injunction provision.  This Plan Injunction provision is an integral part of this Plan and is essential to its implementation.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan. Each Holder of an Allowed Claim, by accepting, or being eligible to accept, distributions under such Claim, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article X of the Plan.**

**10.2    Exculpation from Liability.  Effective as of the Effective Date, to the fullest extent permissible under applicable law and notwithstanding anything herein to the contrary, the Debtors, their current and former officers and directors, and the Debtors' Professionals (acting in such capacity) and the members of the Creditors' Committee and the Creditors' Committee's Professionals (acting in such capacity) (the foregoing collectively referred to herein as the "Exculpated Parties") are hereby released and exculpated from any Claim, obligation, Cause of Action, or liability of any kind whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law or in equity, for any action taken or**

- 4 -

omitted to be taken, in connection with or related to the formulation, preparation, dissemination, or confirmation of this Plan, including solicitation of acceptances thereto, the Disclosure Statement, any Plan Supplement, or any contract, instrument, release, or other agreement or document created or entered into, including without limitation the Purchase Agreement, or any other act taken or omitted from being taken, in connection with the Sale, this Plan or these Chapter 11 Cases, including but not limited to the commencement and administration of these Chapter 11 Cases, the sale of assets, the arranging for post-petition financing, the prosecution and defense of contested matters and adversary proceedings, the settlement of Claims, and the disbursement of funds (including, for the avoidance of doubt, providing any legal opinion requested by any Person regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring or liquidation of the Debtors, in each case except for actual fraud, willful misconduct, or gross negligence in connection with the Plan or the Chapter 11 Cases, each solely to the extent as determined by a Final Order of a court of competent jurisdiction; *provided*, *however*, that in all respects the Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel and financial advisors with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases and in connection with the transactions contemplated herein, including the Sale, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan or the Sale, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding the foregoing, this exculpation shall not release any obligation or liability of any party under the Plan or any document, instrument, or agreement (including those set forth in any Plan Supplement) executed to implement the Plan.  In furtherance of the foregoing, the Exculpated Parties shall have the fullest protection afforded under Section 1125(e) of the Bankruptcy Code and all applicable law from liability for violation of any applicable law, rule or regulation governing the solicitation of acceptance or rejection of a Plan or the offer, issuance, sale or purchase of securities.  This Exculpation from Liability provision is an integral part of this Plan and is essential to its implementation.

10.    <u>Plan is Binding</u>.  If confirmed, the Plan shall bind all Holders of Claims and Interests to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any Property under the Plan, has filed a Proof of Claim in the Chapter 11 Cases, or failed to vote to accept or reject the Plan, or voted to reject the Plan.

Dated: _____, 2019

TROUTMAN SANDERS LLP

Harris B. Winsberg (FL. Bar No. 0127190)
Matthew R. Brooks (GA Bar No. 378018)
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
harris.winsberg@troutmansanders.com
matthew.brooks@troutmansanders.com

*Counsel for the Debtors and Debtors in Possession*

NELSON MULLINS RILEY &
SCARBOROUGH LLP

Lee D.  Wedekind, III (FL Bar No.  670588)
50 N.  Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3656 (direct)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

*Co-Counsel for the Debtors and Debtors in Possession*

- 6 -