**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

PREMIER EXHIBITIONS, INC., *et al.*,

      Debtors.[1]

_____/

Case No.: 3:16-bk-02232-JAF

Chapter 11

(Jointly Administered)

**OBJECTION TO JOINT EXPEDITED MOTION OF THE DEBTORS AND OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR FILING FINAL PROFESSIONAL FEE
APPLICATIONS AND RESOLVING OBJECTIONS RELATED THERETO**

      Akerman LLP ("Akerman") and Landau Gottfried & Berger, LLP ("LGB"), by and
through respective undersigned counsel, file this objection to the Joint Expedited Motion of the
Debtors and Official Committee of Unsecured Creditors for Entry of an Order Establishing
Procedures for Filing Final Professional Fee Applications and Resolving Objections Related
Thereto (the "Motion") (Doc. 113), and respectfully represent the following:

      1.      On December 7, 2018, Akerman filed its Fifth Application (the "Akerman Fifth
Interim Fee Application") for the allowance of compensation for professional services rendered
and reimbursement of expenses incurred during the period from January 1, 2018, through and
including October 31, 2018 (Doc. 1276).   Also on December 7, 2018, LGB filed its Fifth
Application (the "LGB Fifth Interim Fee Application") for the allowance of compensation for

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's Federal tax
identification number, are: Premier Exhibitions, Inc. (4922); Premier Exhibition Management
LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International,
LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and
Dinosaurs Unearthed Corp. (7309). Their service address is c/o Troutman Sanders LLP, 600
Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

professional services rendered and reimbursement of expenses incurred during the period from January 1, 2018, through and including October 31, 2018 (Doc. 1275).

2.    On December 21, 2018, the Official Committee of Unsecured Creditors (the "Creditors' Committee") filed an Objection to the LGB Fifth Interim Fee Application and the Akerman Fifth Interim Fee Applications (Doc. 1289) (the "Objection").

3.    The Creditors' Committee asserts the Objection does not create a contested matter. See Creditor Committee Responses to Discovery attached hereto as **Composite Exhibit A**.

4.    On May 15, 2019, the Court entered the Order Vacating Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals (Doc. 1347).

5.    Akerman and LGB are in the process of finalizing their respective final fee applications and will include therein a supplement to their respective Fifth Interim Fee Applications that will include information responsive to the Objection pointing out the extensive false allegations and misstatements, and unsupported legal conclusions in that Objection.

6.    On June 17, 2019, the Debtors and the Creditors' Committee (collectively, the "Movants") filed the Motion.

7.    The Motion does not present any real emergency and fails to present a compelling reason to require all professionals to be forced to mediate.

8.    The Motion also fails to cite to any authority supporting the relief requested therein.

9.    The applicable rule on mediation is M.D. Fla. L. R. 9019-2(i) providing

(i) *Referral to Mediation.* Any pending case, proceeding, or contested matter may be referred to mediation by the Court at such time as the Court may determine to be in the **interests of justice**. The parties may request the Court to submit any pending case, proceeding, or contested matter to mediation at any time.

49233795;5

(emphasis added).  There really is nothing in the Motion suggesting that the relief sought therein is in the interests of justice.  Rather, the relief sought seeks to force parties to join an unnecessary, expensive process with no guarantee of success.  The suggested mediation process is also vague and lacking in important details.

10.     Furthermore, there is no "pending case, proceeding, or contested matter" and so there is no dispute to mediate insofar as no objections have been filed to the Interim Fee Applications other than the Objection, which the Creditors' Committee has repeatedly asserted does not create a contested matter.  Hence Movants are proposing mediating fee applications which have yet to be filed in connection with disputes which have yet to be asserted.  The Motion also unnecessarily requires professionals to file objections to each other's fee applications.  This would increase professional fees, the very opposite to what the Debtors assert the mediation motion would accomplish.

11.     The Movants did not provide advance notice to LGB or to Akerman of their intent to file the Motion nor involve Akerman or LGB in discussions concerning any aspect of the Motion and relief sought therein.   It would appear LGB, Akerman, Teneo and Lincoln International[2] were the only parties not consulted in drafting the proposal.[3]

12.     The representation in the Motion that "substantial progress" has been made in discussions among estate professionals respecting fees would suggest the Motion is not addressing an emergency and that mediation is not needed.  Furthermore, Movants and other

---

[2] Teneo and Lincoln International Inc. also provided services to the Creditors' Committee as its financial advisors.

[3] Lead counsel at LGB and at Akerman are not available during the period in July that the Motion contemplates as the period for filing fee applications, mediation briefs, and appearing for mediation.

49233795;5

stakeholders' communications (including lack thereof) with Akerman and LGB strongly suggest mediation will be a waste of everyone's time.

13.     The issues with respect to fees are not overly complex and really should be resolved by the Court.  That is the most efficient way to deal with any prospective objections that have yet to even be filed.

14.     It would be preferable to have a Fee Examiner appointed and charged with assessing all professionals' fees.  Among other things, a Fee Examiner could set a reasonable rate cap to be applied to all professionals (we suggest $550/hour) and that any fee reduction be applied equally across the board, unless specific time entries clearly call for reduction.  Soneet Kapila of Kapila Mukamal would be among the good choices able to serve as a Fee Examiner in this case.

15.     If the Court supports mediation on the terms and conditions in the Motion, then LGB and Akerman respectfully request that such mediation be voluntary and the parties able to elect to opt out without consequence.  Alternatively, if the Court is inclined to require mediation, then the following should be addressed in the suggested Mediation Procedures:

a.      All fees and costs of any appointed mediator(s) should be paid by the Debtor.  No professional should be forced to mediate and correspondingly required to pay for the mediator's fees and costs.  If Movants want mediation they should pay the freight;

b.      No out of state professionals should be required to travel to participate in any mediation.  Accommodations should be made to allow for out of state professionals to appear telephonically or by videoconference where available or alternatively fees and costs of travel should be directly reimbursed by the Debtor without further order of the Court;

49233795;5

c.      Any objections to final fee applications should be required to be filed at least two weeks prior to mediation and otherwise should be barred.  Otherwise, mediation cannot address all prospective issues.  An easy fix here is to flip the proposed Mediation and Objection deadlines so Objections are due August 2, 2019, and Mediations should occur in the period from August 12 to 20, 2019, and correspondingly there be a bar to any objections not filed prior to August 2, 2019;

d.      Only one party should participate in the mediation and only one party should have the authority to settle.  That party should be the Debtor.  The Creditors' Committee's professional's fees will be subject to mediation making them an inappropriate party by whom settlements must be approved. Furthermore, having three to four parties on one side of a mediation with a single professional on the other side is excessive and likely to require longer, less fruitful mediations and substantially increase the professional fees incurred through redundant parties' participation.  At a minimum, any party that will participate in a mediation, should have to timely file a detailed objection identifying all issues they have with a particular filed fee application;

e.      Potential mediators should be selected now and approved in any order on the Motion; and

f.      Mediation statements should be optional or not required at all.  An experienced mediator should be able to prepare for mediation with only the final fee applications and objections filed.

16.    Akerman and LGB will present further argument at the June 24th hearing on the Motion including, *inter alia*, the Motion is really an attempt by Movants and other stakeholders to avoid challenges to a plan they know is not confirmable.[4]

## CONCLUSION

WHEREFORE, Akerman LLP and Landau Gottfried & Berger, LLP, respectfully request the Court enter an Order denying the Motion, or, alternatively, either appoint a Fee Examiner or require mediation on the additional terms and conditions set forth herein, and granting such other and further relief as the Court deems just and proper.

Dated: June 20, 2019                    **LANDAU GOTTFRIED & BERGER LLP**

By: */s/ Peter J. Gurfein*
        Peter J. Gurfein
        1880 Century Park East, Suite 1101
        Los Angeles, California 90067
        (310) 557-0050
        (310) 557-0056 (Facsimile)
        pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
        Jacob A. Brown
        Florida Bar No.: 0170038
        Email: jacob.brown@akerman.com
        John B. Macdonald
        Florida Bar No.: 230340
        Email:  john.macdonald@akerman.com
        David E. Otero
        Florida Bar No.:  651370
        Email:  david.otero@akerman.com
        Katherine C. Fackler
        Florida Bar No.: 0068549
        Email: katherine.fackler@akerman.com

---

[4]  Flaws of the filed plan include the extensive non-debtor releases.  *See In re Transit Group*, 286 B.R. 811, 817 (Bankr. M.D. Fla. 2002); *In re Mercedes Homes, Inc.*, 431 B.R. 869, 878-79 (Bankr. S.D. Fla. 2009).  The plan on file also fails to account for potential distributions to equity holders.

50 North Laura Street, Suite 3100
Jacksonville, FL  32202
Telephone:  (904) 798-3700
Facsimile:  (904) 798-3730

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2019, I caused a true and correct copy of the foregoing *Objection to Joint Expedited Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Establishing Procedures for Filing Professional Fee Applications and Resolving Objections Related Thereto* to be filed with the Clerk of the Court using the CM/ECF system which in turn will send electronic notification to all interested parties of record.

*/s/ Jacob A. Brown*
Attorney

7

49233795;5

# Composite Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 3:16-bk-2230-PMG |
| RMS TITANIC, INC., et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**RESPONSES AND OBJECTIONS TO LANDAU GOTTFRIED & BERGER**
**LLP'S AND AKERMAN LLP'S FIRST SET OF INTERROGATORIES**

The Official Committee of Unsecured Creditors ("Committee") responds and objects as follows to Landau Gottfried & Berger LLP's and Akerman LLP's first set of interrogatories:

**GENERAL OBJECTIONS APPLICABLE TO EACH INTERROGATORY**

1.     The Equity Committee's attorneys have no right to discovery pursuant to Rule 9014 and 33 because there is no pending contested matter.  No hearing to consider their fifth interim fee applications ("Applications") was scheduled, following the filing of the Committee's objection (ECF No. 1289) to the same, in practical terms granting the alternative relief requested in the objection.  Moreover, by Order entered May 15, 2019 the Court expressly reserved ruling on the Applications until the conclusion of the Chapter 11 Cases and the *Healy v. Sellers* adversary proceeding (ECF No. 1347/72).

2.     Even were there a pending contested matter, the requested discovery would not be proportional to the needs of the same, under Rule 26(b)(1).

**RESPONSES AND OBJECTIONS**

Interrogatory No. 1:

Identify each person providing information for the responses to these Interrogatories and the residence and business addresses of each such person.

Response:

The Committee is not responding to these Interrogatories for reasons set forth in the General Objections and below, and accordingly objects to this Interrogatory.

Interrogatory No. 2:

Identify all witness who will testify at any hearing on the Objection.

Response:

The Committee objects to this Interrogatory for reasons set forth in the General Objections.

Interrogatory No. 3:

State the identity(ies) of any expert(s) you intend to call as witnesses at any hearing on the Objection.

Response:

The Committee objects to this Interrogatory for reasons set forth in the General Objections.

Interrogatory No. 4:

For each person the Creditors' Committee intends to call to testify as an expert witness at any hearing on the Objection, please: (i) state the name, address, and telephone number for each such expert, (ii) state the subject matter on which the expert is expected to testify, (iii) state the substance of the facts; opinions; and theories to which the expert is expected to testify, and (iv) provide a summary of the grounds for each such expert's opinions and theories.

Response:

The Committee objects to this Interrogatory for reasons set forth in the General Objections.

Interrogatory No. 5:

For each person identified in response to Interrogatory No. 3 please describe in detail that person's educational background, including degrees held, and licenses or certifications obtained.

Response:

The Committee objects to this Interrogatory for reasons set forth in the General Objections.

Interrogatory No. 6:

Identify and describe all negotiations and contemplated business dealings or transactions between the Debtors and any member of the Creditors' Committee since June 14, 2016.

Response:

In addition to the General Objections, the Committee objects to this Interrogatory on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.

Interrogatory No. 7:

Identify and describe any creditor or other interested parties who is not a member of the Creditors' Committee's role in preparing the Objection.

Response:

In addition to the General Objections, the Committee objects to this Interrogatory on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.

Interrogatory No. 8:

Identify all persons involved in preparing the Objection.

Response:

In addition to the General Objections, the Committee objects to this Interrogatory on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.

Interrogatory No. 9:

Identify when and how the Creditors' Committee learned that representatives of Alta Fundamental Advisors, LLC, Apollo Global Management LLC, and PacBridge Capital Partners (HK) Ltd. were contemplated making a joint bid to purchase the Debtors' assets.

Response:

In addition to the General Objections, the Committee objects to this Interrogatory on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.

Interrogatory No. 10:

Identify all Documents you intend to use at any hearing on the Objection.

Response:

The Committee objects to this Interrogatory for reasons set forth in the General Objections.

Interrogatory No. 11:

Identify any persons who solicited the Creditors' Committee to prosecute the Objection or that you have solicited to support the Creditors' Committee in prosecuting the Objection.

Response:

In addition to the General Objections, the Committee objects to this Interrogatory on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.

Dated: May 23, 2019

Robert A. Heekin (No. 652083)
**THAMES MARKEY & HEEKIN, P.A.**
50 North Laura Street, Suite 1600
Jacksonville, Florida
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@tmhlaw.net

- and -

**STORCH AMINI PC**

By:_____
Jeffrey Chubak (admitted pro hac vice)
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
(212) 490-4208 (Facsimile)
jchubak@storchamini.com

Attorneys for the Official Committee of
Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3:16-bk-2230-PMG |
| RMS TITANIC, INC., et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSES AND OBJECTIONS TO LANDAU GOTTFRIED & BERGER LLP'S AND AKERMAN LLP'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

The Official Committee of Unsecured Creditors ("Committee") responses and objects as follows to Landau Gottfried & Berger LLP's and Akerman LLP's first set of requests for the production of documents:

## GENERAL OBJECTIONS APPLICABLE TO EACH REQUEST

1.      The Equity Committee's attorneys have no right to discovery pursuant to Rule 9014 and 34 because there is no pending contested matter.  No hearing to consider their fifth interim fee applications ("Applications") was scheduled, following the filing of the Committee's objection (ECF No. 1289) to the same, in practical terms granting the alternative relief requested in the objection.  Moreover, by Order entered May 15, 2019 the Court expressly reserved ruling on the Applications until the conclusion of the Chapter 11 Cases and the *Healy v. Sellers* adversary proceeding (ECF No. 1347/72).

2.      Even were there a pending contested matter, the requested discovery would not be proportional to the needs of the same, under Rule 26(b)(1).

3.      The Committee also objects to the Requests to the extent responsive documents are protected from disclosure by the attorney-client privilege or work product doctrine.

## RESPONSES AND OBJECTIONS

Request No. 1:

    Any and all Documents that you intend to use as exhibits and/or evidence at any hearing on the Interim Fee Applications and the Objection.

Response:

    The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 2:

    Any and all Documents related to the Interim Fee Applications and the Objection.

Response:

    In addition to the General Objections, the Committee objects to this Request on the ground that it is "objectionably broad" (Middle District Discovery (rev. 2015) at III.A.1).  Responsive documents are being withheld on the basis of this objection.

Request No. 3:

    All Communications with any creditor or other interested party related to the Interim Fee Applications or the Objection.

Response:

    In addition to the General Objections, the Committee objects to this Request on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.   Responsive documents are being withheld on the basis of this objection.

Request No. 4:

    All Communications with Premier Acquisition Holdings LLC.

Response:

In addition to the General Objections, the Committee objects to this Request on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.   Responsive documents are not being withheld on the basis of this objection.

Request No. 5:

All Communications with Premier Acquisition Holdings LLC's counsel.

Response:

In addition to the General Objections, the Committee objects to this Request on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.   Responsive documents are being withheld on the basis of this objection.

Request No. 6:

All Communications with the Debtors about opportunities to participate in any business with the Debtors since June 14, 2016.

Response:

In addition to the General Objections, the Committee objects to this Request on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.   Responsive documents are not being withheld on the basis of this objection.

Request No. 7:

All Communications with members of the Creditors' Committee related to business transactions with the Debtors.

Response:

In addition to the General Objections, the Committee objects to this Request on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the

same.  The Committee also objects to this Request on the ground that the definition for the defined term "business transactions" ("post-Petition Date business with any of the Debtors") is vague and ambiguous.  The Committee construes this term as referring to an actual business transaction with a Debtor, as to which there are none.  Responsive documents are accordingly not being withheld on the basis of this objection.

Request No. 8:

> All Documents and Communications related to prior interim and future fee applications of professionals of the Creditors' Committee.

Response:

> In addition to the General Objections, the Committee objects to this Request on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.  Responsive documents are being withheld on the basis of this objection.

Request No. 9:

> All Documents and Communications related to the acquisition of a claim against or interest in a Debtor by a Creditors' Committee member on or after June 14, 2016.

Response:

> In addition to the General Objections, the Committee objects to this Request on the ground that the disclosure sought is not relevant to the Applications or the Committee's objection to the same.  Responsive documents are being withheld on the basis of this objection.

Request No. 10:

> Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 18 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 11:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 19 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 12:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 21 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 13:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 22 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 14:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 23 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 15:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 24 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 16:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 25 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 17:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 26 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 18:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 27 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 19:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 28 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 20:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 29 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 21:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 31 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 22:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 35 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 23:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 36 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 24:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 38 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 25:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 39 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 26:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 40 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 27:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 41 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

<u>Request No. 28</u>:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 42 of the Objection.

<u>Response</u>:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are not being withheld on the basis of this objection.

<u>Request No. 29</u>:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 43 of the Objection.

<u>Response</u>:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

<u>Request No. 30</u>:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 48 of the Objection.

<u>Response</u>:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

<u>Request No. 31</u>:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 49 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 32:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 50 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are not being withheld on the basis of this objection.

Request No. 33:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 53 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 34:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 54 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

<u>Request No. 35</u>:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 58 of the Objection.

<u>Response</u>:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

<u>Request No. 36</u>:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 59 of the Objection.

<u>Response</u>:

In addition to the General Objections, the Committee objects to this Request on the ground that Paragraph 59 does not include any factual allegations, but rather articulates a request for relief. Responsive documents are not being withheld on the basis of this objection.

<u>Request No. 37</u>:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 71 of the Objection.

<u>Response</u>:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

<u>Request No. 38</u>:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 73 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 39:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 74 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 40:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 75 of the Objection.

Response:

In addition to the General Objections, the Committee objects to this Request on the ground that Paragraph 75 does not include any factual allegations, but rather sets forth legal argument. Responsive documents are not being withheld on the basis of this objection.

Request No. 41:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 77 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 42:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 78 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 43:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 80 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 44:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Paragraph 82 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections. Responsive documents are being withheld on the basis of this objection.

Request No. 45:

Any and all Documents and Communications supporting or in any way related to the statements and assertions in Conclusion at pages 27-28 of the Objection.

Response:

The Committee objects to this Request for reasons set forth in the General Objections.

Responsive documents are being withheld on the basis of this objection.

Dated: May 23, 2019

Robert A. Heekin (No. 652083)
**THAMES MARKEY & HEEKIN, P.A.**
50 North Laura Street, Suite 1600
Jacksonville, Florida
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@tmhlaw.net

- and -

**STORCH AMINI PC**

By: _____
Jeffrey Chubak (admitted pro hac vice)
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
(212) 490-4208 (Facsimile)
jchubak@storchamini.com

Attorneys for the Official Committee of
Unsecured Creditors

15