UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | |
|---|---|
| In re: | Chapter 11 |
| PREMIER EXHIBITIONS, INC., et al.,[1] | Case No. 3:16-bk-2232-PMG |
| Debtors. | Jointly Administered |

### JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' RESPONSE TO PLAINTIFF'S TURNOVER MOTION

The Official Committee of Unsecured Creditors ("<u>Committee</u>") joins in the Debtors' response to the turnover motion of the Plaintiff in the pending adversary proceeding, and further states:

1.  The Committee objected to the Equity Committee's derivative standing motion in May 2018 on the ground that, inter alia, the then-proposed adversary proceeding presented the potential to become yet another major cost center in these cases [RMS Titanic, Inc. ECF No. 1023].

2.  To allay cost concerns, the Equity Committee agreed to a stay of pretrial activity other than exchanging informal discovery by December 2018 and conducting a mediation in February 2019 [Adv. Pro. ECF No. 22].[2]

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's Federal tax identification number, are: Premier Exhibitions, Inc. (4922); Premier Exhibition Management LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). Their service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

[2] The mediation has been twice delayed, with Court authorization. The first adjournment was to afford Plaintiff the opportunity to "retain additional special counsel on bad faith and [insurance] coverage issues associated with this adversary proceeding" [Adv. Pro. ECF No. 27, ¶8]. The second related to the instant motion [Adv. Pro. ECF No. 33, ¶7].

3. Notwithstanding the Equity Committee's having agreed to a stay of formal discovery, the substitute Plaintiff in the adversary proceeding, through special counsel, has moved for turnover of all of the Debtors' electronically stored information, because "[w]hile the Parties have exchanged some discovery, more is required in order to adequately prepare for mediation" [Adv. Pro. ECF No. 33].

4. How much more is required of the Debtors, of whom the Equity Committee already took pre-litigation discovery [RMS Titanic, Inc. ECF No. 397] concerning the subject matter of the adversary proceeding? The motion does not specify but instead seeks turnover of all of the Debtors' ESI on the ground that there may be unspecified "information on the Debtors' servers which may be probative and helpful in preparation for the mediation." (Motion, Basis for Expedited Relief.)

5. The Debtors project that the requested relief, if granted, would result in their incurring $400,000-$600,000 to produce over nine terabytes of data, over eighty percent of which is stored on virtual/cloud-based systems (not physical servers), and Plaintiff incurring hosting costs of $47,500/month until the conclusion of the litigation. (Motion ¶37, citing Shah Decl. ¶¶13-14.) The requested disclosure, being sought without relief from the above-referenced discovery stay, ostensibly on the ground Plaintiff is seeking turnover under Bankruptcy Code section 542, rather than discovery under Rules 26-37, should be denied, as granting said relief would serve to undermine efforts to reduce administrative expenses, and likely also significantly reduce creditor recoveries.

6. The motion should also be denied, because even were the requested relief granted, and the ESI at issue promptly turned over, it would be impossible for Plaintiff to review the same prior to the July 24, 2019 mediation, which should not be further delayed. (Response ¶37, n.12.)

Given that the entire impetus for the motion was to enable Plaintiff's counsel to prepare for mediation, said inability to review the requested information merits denial of the motion.

WHEREFORE, the motion should be denied and the Court should grant further relief as appropriate to contain costs in the adversary proceeding.

Dated: June 21, 2019

Jeffrey Chubak (admitted pro hac vice)
**STORCH AMINI PC**
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
(212) 490-4208 (Facsimile)
jchubak@storchamini.com

- and -

**THAMES MARKEY & HEEKIN, P.A.**

By: /s/ Richard R. Thames
_____
Richard R. Thames
Robert A. Heekin

Florida Bar No. 0718459
Florida Bar No. 652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rrt@tmhlaw.net
rah@tmhlaw.net

Attorneys for the Official Committee of Unsecured Creditors

**Certificate of Service**

I certify that, on June 21, 2019, the foregoing was uploaded to the Court's CM/ECF system which will furnish electronic copies of the foregoing to those parties who have consented to receiving electronic notices in this case.

*/s/ Richard R. Thames*
_____
Attorney