ORDERED.

**Dated: June 26, 2019**

_Jerry A. Funk_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 3:16-bk-2232-JAF |
| Premier Exhibitions, Inc., et al., | Chapter 11 |
| Debtor. | (Jointly Administered) |
| _____/ | |

**ORDER GRANTING IN PART AND DENYING IN PART RESPONSIBLE PERSON'S EXPEDITED MOTION FOR TURNOVER OF ELECTRONICALLY STORED DATA**

This case came before the Court for hearing on June 24, 2019, to consider the Responsible Person's Expedited Motion for Turnover of Electronically Stored Data (the "Motion"). (Doc. 88). The Debtors filed a Response in Opposition to the Motion (Doc. 116), and the Official Committee of Unsecured Creditors filed a Joinder in the Debtors' Opposition. (Doc. 119).

The Responsible Person is the Plaintiff in an adversary proceeding that was initially filed by the Official Committee of Equity Security Holders against seven defendants for alleged breaches of the defendants' fiduciary duties to the Debtors. (Adv. No. 3:18-ap-64-JAF).[1]

In his Motion for Turnover, the Responsible Person requests the entry of an order requiring the Debtors to turn over all electronically stored data and servers in their possession. According to the Responsible Person, he needs the information to "shore up" his claims and potential claims against the defendants in the adversary proceeding. The Responsible Person seeks expedited relief because the parties in the adversary proceeding are scheduled to attend a mediation conference on July 24, 2019.

The Debtors oppose the request and assert that (1) the information is irrelevant to the issues in the adversary proceeding, (2) the Debtors previously produced approximately 20,000 documents related to the adversary proceeding, (3) the cost to collect and process the requested information is estimated at between $400,000.00 and $600,000.00, and (4) turnover to the Responsible Person would not protect privileged information contained in the data.

Despite their opposition to the Motion, the Debtors also assert that they are prepared to produce 1,700 documents to the Responsible Person as soon as a confidentiality agreement is finalized and signed.

The administrative expenses that have been incurred so far in this case are exceptionally large in relation to the value that was brought into the estates from the sale of RMS Titanic, Inc.[2] Consequently, the Court is not inclined to authorize any discovery process that will create a significant additional expense to the estate and further reduce the distribution to creditors.

---

[1] On January 25, 2019, the Court entered a Consent Order Granting Motion to Appoint a Responsible Person as Substitute Plaintiff in the Adversary Proceeding against Certain of the Debtors' Current and Former Directors and Officers. (Adv. No. 3:18-ap-64-JAF, Doc. 25).

[2] See the Order Vacating Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals entered on May 15, 2019. (Doc. 72).

Additionally, requests for the production of documents in adversary proceedings are generally governed by Rule 26(b) and Rule 34 of the Federal Rules of Civil Procedure.[3]

The Court has considered these matters and the entire record in the case and finds that the Motion for Turnover should be granted in part and denied in part as set forth in this Order. Accordingly, it is

**ORDERED**:

1. The Responsible Person's Expedited Motion for Turnover of Electronically Stored Data is granted to the extent that the Debtors are directed to produce to the Responsible Person the 1,700 documents referred to in their Response to the Motion, immediately upon the execution of a confidentiality agreement related to the documents.

2. The Responsible Person's Expedited Motion for Turnover of Electronically Stored Data is granted to the extent that the Debtors are directed to continue compliance with the Agreed Order Granting Motion of the Official Committee of Equity Security Holders to Establish Document Retention Protocols that was entered on October 30, 2018. (Case No. 3:16-bk-2230-JAF, Doc. 1247).

3. The Responsible Person's Expedited Motion for Turnover of Electronically Stored Data is denied in all other respects.

Attorney Robert P. Charbonneau is directed to serve a copy of this Order on interested parties who are non-CM-ECF users and file a proof of service within 3 days of entry of the Order.

---

[3] Rule 26 and Rule 34 of the Federal Rules of Civil Procedure apply in adversary proceedings pursuant to Rule 7026 and Rule 7034 of the Federal Rules of Bankruptcy Procedure.