# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

PREMIER EXHIBITIONS, INC., *et al.*,[1]

        Debtors.

Case No. 3:16-bk-02232-JAF

Chapter 11 (Jointly Administered)

---

## NINTH AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MCGUIREWOODS LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date set forth on the proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 and serve a copy on (i) debtors' counsel, Daniel F. Blanks, Nelson Mullins Riley & Scarborough LLP, 50 N. Laura Street, Suite 4100, Jacksonville, Florida 32202, (ii) movant, Emily Rottmann, McGuireWoods LLP, 50 N. Laura Street, Suite 3300, Jacksonville, Florida 32202, and (iii) any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

| Name of Applicant: | | McGuireWoods LLP | |
|---|---|---|---|
| Services Provided To: | | RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in Possession | |
| Date of Retention Order: | | August 15, 2016 [D.E. 133][1] | |
| Period for this Application: | | February 1, 2019 through July 31, 2019 | |
| Amount of Compensation Sought: | | $8,785.00 | |
| Amount of Expense Reimbursement: | | $270.10 | |
| Amount of Original Retainer: | $9,130.78 | Current Retainer Balance: | $9,130.78 |
| Blended Hourly Rate this Application: | $593.58 | Cumulative: | $556.95 |
| This is an interim or final application: | | Ninth and Final | |

Summary of First Interim Application:

| | | Requested | | | | Approved | | Paid | | Unpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| Filed | Period | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 11/16/16 | 6/14/2016-9/30/2016 | $24,121.00 | 41.9 | $575.00 | $562.79 | $24,121.00 | $562.79 | $24,121.00 | 562.79 | $0.00 |

Summary of Amended Second Interim Application:

| | | Requested | | | | Approved | | Paid | | Unpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| Filed | Period | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 8/4//17 | 10/1/2016-1/31/2017 | $10,481.00 | 18.1 | $579.00 | $81.51 | $10,481.00 | $81.51 | $10,481.00 | $81.51 | $0.00 |

---

[1] Docket entries refer to Case No. 16-02230 unless otherwise noted.

Summary of Amended Third Interim Application:

| Filed | Period | Requested | | | | Approved | | Paid | | Unpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 8/4/17 | 2/1/2017-5/31/2017 | $10,873.00 | 19.4 | $560.00 | $105.46 | $10,873.00 | $105.46 | $10,873.00 | $105.46 | $0.00 |

Summary of Fourth Interim Application:

| Filed | Period | Requested | | | | Approved | | Paid | | Unpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 10/23/17 | 6/1/2017–9/30/2017 | $12,737.00 | 23.8 | $535.00 | $842.75 | | | $10,189.60 | $842.75 | $2,547.40 |

Summary of Fifth Interim Application:

| Filed | Period | Requested | | | | Approved | | Paid | | Unpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 3/1/18 | 10/1/2017–1/31/2018 | $5,100.00 | 9.9 | $515.15 | $28.06 | | | $4,080.00 | $28.06 | $1,020.00 |

Summary of Sixth Interim Application:

| Filed | Period | Requested | | | | Approved | | Paid | | Unpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 7/11/18 | 2/1/2018 – 5/31/2018 | 17,196.00 | 29.1 | $590.92 | $263.68 | | | $13,756.80 | $263.68 | $3,439.20 |

Summary of Seventh Interim Application:

| Filed | Period | Requested | | | | Approved | | Paid | | Unpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 11/1/18 | 6/1/2018 – 9/30/2018 | $40,510.00 | 71.3 | $568.16 | $1,159.57 | | | $32,408.00 | $1,159.57 | $8,102.00 |

Summary of Eighth Interim Application:

| Filed | Period | Requested | | | | Approved | | Paid | | Unpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 3/8/18 | 10/1/2018 – 1/31/2019 | $52,265.50 | 98.6 | 530.08 | 1,405.67 | | | $41,812.40 | $1,405.67 | $10,453.10 |

McGuireWoods LLP ("McGuireWoods" or the "Applicant"), as special litigation counsel to RMS Titanic, Inc. and certain of its affiliates, as debtors and debtors in possession (the "Debtors"), pursuant to 11 U.S.C. § 330 and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files its *Ninth and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* (the "Application"), for professional services and expenses rendered by Applicant during the period of February 1, 2019 through July 31, 2019 (the "Application Period"), for final approval of compensation and reimbursement of expenses for services rendered from June 14, 2016 through January 31, 2019 (the "Interim Application Period"), and for final approval of compensation and reimbursement of actual, necessary expenses for services rendered to the Debtors from August 1, 2019

4

through confirmation of the Debtors' plan in an estimated amount not to exceed $20,000.  In support thereof, the Applicant states:

### RETENTION OF APPLICANT AND REQUESTED AWARD

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(A).  Venue is proper before this Court pursuant to 28 U.S.C. § 1408.  The statutory predicates for the relief requested herein are sections 105(a) 328, 330, 331 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 2016.

2.      On June 14, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases, which are being jointly administered (the "Bankruptcy Case").

3.      On July 8, 2016, the Debtors submitted an *Application to Employ McGuireWoods LLP as Special Litigation Counsel to the Debtors* [D.E. 74] (the "Employment Application").  The Employment Application was granted by order of this Court on August 15, 2016 [D.E. 133].

4.      On July 15, 2016, the Debtors filed a *Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals* [D.E. 89], which was approved by the Court's Order entered on August 17, 2016 [D.E. 141] (the "Compensation Order").

5.      On November 16, 2016, Applicant filed its *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* [D.E. 327], which was granted on March 9, 2017 [D.E. 505].

6.     On February 28, 2017 Applicant filed its *Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* [D.E. 493].

7.     On July 6, 2017, Applicant filed its *Third Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* [D.E. 648].

8.     On August 4, 2017, Applicant filed its *Amended Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* [D.E. 695] and *Amended Third Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* [D.E. 696], which were granted on August 30, 2017 [D.E. 723, 724].

9.     On October 23, 2017, Applicant filed its *Fourth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* [D.E. 787].

10.     On March 1, 2018, Applicant filed its *Fifth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* [D.E. 967].

11.     On July 11, 2018, Applicant filed its *Sixth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel to the Debtors* [D.E. 1105].

12.     On November 1, 2018, Applicant filed its *Seventh Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel for the Debtors* [D.E. 1252].

13.     On March 8, 2019, Applicant filed its *Eighth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to McGuireWoods LLP, as Special Litigation Counsel for the Debtors* [D.E. 1334].

14.     On May 15, 2019, the Court entered an *Order Vacating Order Granting Motion to Establish Procedures to Permit Monthly Payments of Interim Fee Application of Chapter 11 Professionals* [D.E. 1347].

15.     On June 27, 2019, the Court entered an *Order Denying Joint Expedited Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Establishing Procedures for Filing Professional Fee Applications and Resolving Objections Related Thereto* [Case No. 16-02232, D.E. 124].

16.     The Applicant submits this Application, pursuant to sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rule 2016-1, and the U.S. Trustee Guidelines (the "Guidelines").  The Applicant requests a final award of legal fees incurred by the Applicant for services rendered, as special litigation counsel to the Debtors, in the amount of $8,785.00 and reimbursement for the actual and necessary expenses incurred by the Applicant during the Application Period in the amount of $270.10 comprised of six monthly fee statements as follows:

(a)     **First Monthly Fee Statement** for the period of February 1, 2019 through February 28, 2019 in the amount of $1,020.00 ($1,020.00 in Fees).  As of the date hereof, Applicant has received $816.00 from the Debtors on account of the First Monthly Fee Statement.

(b)   **Second Monthly Fee Statement** for the period of March 1, 2019 through March 31, 2019 in the amount of $1,036.70 ($1,017.00 in Fees and $19.70 in Expenses). As of the date hereof, Applicant has received $833.30 from the Debtors on account of the Second Monthly Fee Statement.

(c)   **Third Monthly Fee Statement** for the period of April 1, 2019 through April 30, 2019 in the amount of $540.00 ($540.00 in Fees). As of the date hereof, Applicant has not received any payment from the Debtors on account of the Third Monthly Fee Statement.

(d)   **Fourth Monthly Fee Statement** for the period of May 1, 2019 through May 31, 2019 in the amount of $540.00 ($540.00 in Fees). As of the date hereof, Applicant has not received any payment from the Debtors on account of the Fourth Monthly Fee Statement.

(e)   **Fifth Monthly Fee Statement** for the period of June 1, 2019 through June 30, 2019 in the amount of $1,418.40 ($1,168.00 in Fees and $250.40 in Expenses). As of the date hereof, Applicant has not received any payment from the Debtors on account of the Fifth Monthly Fee Statement.

(f)   **Sixth Monthly Fee Statement** for the period of July 1, 2019 through July 31, 2019 in the amount of $4,500.00 ($4,500.00 in Fees). As of the date hereof, Applicant has not received any payment from the Debtors on account of the Sixth Monthly Fee Statement.

17.   Moreover, Applicant requests a final approval of compensation in the amount of $173,283.50 and reimbursement of expenses in the amount of $4,449.49 for services rendered by Applicant during the Interim Application Period. Additionally, MW is seeking final approval of compensation and reimbursement of actual, necessary expenses for services rendered to the Debtors from August 1, 2019 through confirmation of the Debtors' plan in an estimated amount not to exceed $20,000.

18.   This request is the Applicant's ninth and final application to the Court for compensation and reimbursement of expenses for services rendered as special litigation counsel to the Debtors. Applicant has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

19.     Applicant has served a copy of the Application on the Office of the U.S. Trustee and provided the Office of the U.S. Trustee with electronic time records for the Interim Application Period and the Application Period.

20.     In accordance with the Guidelines, the following exhibits are annexed to this Application in connection with the Application Period:

Exhibit A:     Summary of Professional and Paraprofessional Time;

Exhibit B:     Summary of Professional and Paraprofessional Time by Activity Code Category;

Exhibit C:     Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements; and

Exhibit D:     Detailed Description of the Services Rendered and Expenses and Disbursements.

21.     The Applicant has expended a total of 14.8 hours during the Application Period in rendering necessary and beneficial legal services to the Debtors.  Exhibit A contains a list of the Applicant's professionals and paraprofessionals who have provided services to the Debtors during the Application Period, the hourly rate charged by each and a summary of time expended by each.  Exhibit B contains a summary of professional and paraprofessional time by activity code as required by, and in compliance with, the Guidelines.  Exhibit C contains a summary of the Applicant's actual and necessary out-of-pocket expenses and disbursements incurred during the Application Period, on behalf of the Debtors, for which the Applicant seeks reimbursement in accordance with section 330(a)(1)(B) of the Bankruptcy Code, the Bankruptcy Rules and the Guidelines.  The expenses and disbursement summarized in Exhibit C are those that the Applicant typically would invoice to its non-bankruptcy clients.  Exhibit D contains the contemporaneous daily time records maintained by the Applicant's attorneys and paraprofessionals who rendered services in this case during the Application Period, which

includes: (i) a daily description of the services rendered and the hours expended by the various attorneys and paralegals of the Applicant who performed services in this case; and (ii) a detailed schedule listing of the expenses and disbursements for which the Applicant seeks reimbursement.

## DESCRIPTION OF SERVICES

22.    As set forth in the Exhibits to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines.    Due to the nature of Applicant's employment as special litigation counsel, time entries of the attorneys and paralegals of the Applicant appear in the following categories:

### Fee/Employment Applications (Matter 0090)

23.    The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as Exhibit D.    During the Application Period, the Applicant expended a total of 3.7 hours in this category and is requesting $2,157.00 for the services rendered in this category.

### Litigation (Matter 0120)

24.    The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as Exhibit D.    During the Application Period, the Applicant expended a total of 11.1 hours in this category and is requesting $6,628.00 for the services rendered in this category.

## EVALUATION OF SERVICES RENDERED

25.    This Application has presented the nature and extent of the professional services the Applicant has rendered in connection with its representation of the Debtors as special litigation counsel for which the Applicant seeks compensation.    The recitals set forth in the

daily time entries attached hereto constitute only a summary of the time spent.  A mere reading of the time summary annexed hereto alone cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance that have been placed on the Applicant in connection with these cases.

26.    American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.), 544 F.2d 1291 (5th Cir. 1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees.   First Colonial remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code.   Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990); Collier on Bankruptcy, 330.05[2] [a] at 330-33 through 330-37 (L. King 15th ed. 1991); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  The twelve factors are:

(1)    The time and labor required;
(2)    The novelty and difficulty of the questions presented;
(3)    The skill required to perform the legal services properly;
(4)    The preclusion from other employment by the attorney due to acceptance of the case;
(5)    The customary fee for similar work in the community;
(6)    Whether the fee is fixed or contingent;
(7)    The time limitations imposed by the client or circumstances;
(8)    The amount involved and results obtained;
(9)    The experience, reputation and ability of the attorneys;
(10)   The undesirability of the case;
(11)   The nature and length of the professional relationship with the client; and
(12)   Awards in similar cases.

First Colonial, 544 F.2d at 1298-99.

27.    Based on the standards set forth in section 330 of the Bankruptcy Code and First Colonial, the Applicant believes that the fair and reasonable value of its services rendered during the Application Period is $8,785.00 plus expenses of $270.10.  The fair and reasonable value of its services rendered during the Interim Application Period is $173,283.50 plus expenses in the amount of $4,449.49.

### A.    Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors

28.    The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services of the Applicant rendered for the benefit of the Debtors during the period covered by this Application.    The total number of hours expended, 14.8, reveals the time devoted to this matter by the Applicant on the legal issues that have arisen in this case during the Application Period.

### B.    Novelty and Difficulty of Questions Presented

29.    The issues that have arisen in this case during the period encompassed by this Application demanded a high level of skill and familiarity with the Debtors' litigation pending in the United States District Court for the Eastern District of Virginia.

### C.    Skill Requisite to Perform Services Properly

30.    In rendering services to the Debtors as special litigation counsel, the Applicant demonstrated substantial legal skill and expertise in the areas of bankruptcy, commercial law, and maritime/admiralty law.

### D.    Preclusion from Other Employment by Applicant

31.    The Applicant has devoted the amount of time set forth on Exhibit A to representation of the Debtors as special litigation counsel.    The Applicant is aware of no other specific employment that was precluded as a result of its accepting this case, but had the Applicant not accepted this employment, the time spent in this case would have been spent on other matters that would pay an hourly compensation on a current, non-discounted basis.

### E.    Customary Fee

32.    The hourly rates charged by the Applicant as set forth in <u>Exhibit A</u> ranges from $480 to $600 for attorneys and $280 for paraprofessionals, which is customary (if not below market) for professionals of similar skill and experience.

33.    Pursuant to an agreement between Applicant and the Debtors, the Debtors received deeply discounted hourly rates for the attorneys working on this matter.  The hourly rates charged for attorneys and paraprofessionals who worked on this case and the attorneys' 2019 standard hourly rates applicable during the Application Period are as follows:

| Attorney Name | Hourly Rate for the Debtors | 2019 Standard Hourly Rate | % Discounted |
|---|---|---|---|
| Sarah B. Boehm | $600 | $755 | 21% |
| Robert W. McFarland | $600 | $895 | 33% |
| Courtney A. McCormick | $480 | $530 | 10% |
| **Paraprofessional Name** | **Hourly Rate** | **2019 Standard Hourly Rate** | **% Discounted** |
| Krystal Lynne Gollogly | $280 | $280 | n/a |

### F.    Whether Fee is Fixed or Contingent

34.    The Applicant's compensation in this matter is subject to approval of the Court and is therefore contingent.  The Court should consider this factor, which militates in favor of a fee award in the amount requested.  The amount requested is consistent with and lower than the fee that the Applicant would charge its clients in other non-contingent, bankruptcy and commercial cases.

### G.    Time Limitations Imposed by Client or Other Circumstances

35.    The circumstances of this case occasionally imposed time constraints on the Applicant due to the necessity for swift resolution of significant issues.

### H.    Experience, Reputation and Ability of Attorneys

36.     The Applicant is an established law firm and the attorneys working on this case are experienced in matters of this kind.  Additionally, the Applicant has historically represented the Debtors in certain litigation and other matters.  The attorneys working on this matter are well-respected and have demonstrated substantial ability in their fields of practice.

### I.    "Undesirability" of Case

37.     This case is not undesirable.  The Applicant is honored to represent the Debtors as special litigation counsel.

### J.    Nature and Length of Professional Relationship with Client

38.     For over twenty years, the Debtors and their corporate predecessors have employed McGuireWoods with respect to many legal matters, including, but not limited to, corporate services, tax, real estate, employment, and litigation in the United States District Courts for the Eastern District of Virginia, Northern District of Georgia, Southern District of New York, and the Middle District of Florida.  During the time that McGuireWoods represented the Debtors and their corporate predecessors and provided them legal services, McGuireWoods has acquired substantial knowledge and familiarity with the Debtor's businesses and litigation.

### K.    Awards in Similar Cases

39.     The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation that the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.

40.     In staffing these cases, in budgeting and incurring charges and disbursements, and in preparing and submitting this Application, McGuireWoods has been mindful of the need to be

efficient while providing full and vigorous representation to the Debtors.  McGuireWoods also has been especially cognizant of the standards established by this Court for compensation of professionals and reimbursement of charges and disbursements.  As described in detail herein, McGuireWoods believes that the requests made in this Application comply with this Court's standards in the context of the unique circumstances surrounding these complex chapter 11 cases.

## **CONCLUSION**

WHEREFORE, the Applicant respectfully requests the Court to enter an order (i) approving on a final basis compensation in the amount of $8,785.00 and reimbursement of expenses in the amount of $270.10 incurred during the Application Period; (ii) approving on a final basis compensation in the amount of $173,283.50 and reimbursement of expenses in the amount of $4,449.49 incurred during the Interim Application Period; (iii) approving on a final basis unbilled services rendered and expenses incurred from August 1, 2019 through confirmation of the Debtors' plan in an estimated amount not to exceed $20,000; (iv) authorizing and directing the Debtors to pay the Applicant any outstanding amounts owed through confirmation of the Debtors' plan; and (v) granting such other and further relief as the Court deems appropriate.

August 13, 2019

Respectfully submitted,

McGuireWoods LLP

By:       */s/ Emily Rottmann*
Emily Rottmann
FL Bar No.:  0093154
Courtney A. McCormick
FL Bar No.:  0092879
McGuireWoods LLP
Bank of America Tower
50 North Laura Street , Suite 3300
Jacksonville, FL 32202-3661
T:  904.798.3200
F:  904.360.6318
erottmann@mcguirewoods.com
cmccormick@mcguirewoods.com

- and -

Robert W. McFarland
Sarah B. Boehm
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655
T: 757.640.3716
F: 757.640.3966
rmcfarland@mcguirewoods.com
sboehm@mcguirewoods.com

*Special Litigation Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on August 13, 2019. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Jill E. Kelso, Esq.
Miriam G. Suarez, Esq.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 137
jill.kelso@usdoj.gov
Miriam.g.suarez@usdoj.gov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, High Nature Holdings Limited and PacBridge Capital Partners (HK) Ltd.*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A.*

Matthew J. Troy, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10030
Washington, DC 20005
(202) 514-9038
matthew.troy@usdoj.gov
*Attorneys for the United States Department*
*of Commerce, National Oceanic and*
*Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Presents, LLC*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau,
Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of*
*Taxation and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union,*
*Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of*
*Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini, PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of*
*Unsecured Creditors*

Jacob A. Brown, Esq.
John B. Macdonald, Esq.
David E. Otero, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
john.macdonald@akerman.com
David.otero@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of*
*Equity Security Holders of Premier*
*Exhibitions, Inc.*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
*Attorneys for CRI Properties, Ltd.*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity Security*
*Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science and Industry*

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP*
*And Euclid Claims Recovery LLC*

Susan R. Sherrill-Beard, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326
(404) 842-7626
sherrill-beards@sec.gov
atlreorg@sec.gov
*Attorneys for U.S. Securities and Exchange
Commission*

Garrett A. Nail, Esq.
John F. Isbell, Esq.
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2900
garrett.nail@thompsonhine.com
john.isbell@thompsonhine.com
*Attorneys for Bay Point Capital Partners, LP*

Steven R. Fox, Esq.
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
srfox@foxlaw.com
*Attorneys for Titanic Entertainment
Holdings*

Stephen D. Busey, Esq.
Asghar A. Syed, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
(904) 359-7700
busey@smithhulsey.com
asyed@smithhulsey.com
*Attorneys for the Ad Hoc Group of Equityholders*

Jennifer Feldsher, Esq.
David L. Lawton, Esq.
Bracewell LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 508-6100
Jennifer.feldsher@bracewell.com
David.laweton@bracewell.com
*Attorneys for the Ad Hoc Group of
Equityholders*

Patricia Ann Redmond, Esq.
Stearns Weaver, et al.
150 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
predmond@stearnweaver.com
*Attorneys for the Trustees of the National Maritime
Museum*

Timothy Graulich, Esq.
James I. McClammy, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Timothy.graulich@davispolk.com
James.mcclammy@davispolk.com
*Attorneys for the Trustees of the National
Maritime Museum*
Steven Z. Szanzer, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue

Jason B. Burnett, Esq.
Ashlea A. Edwards, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
ashlea.edwards@gray-robinson.com
*Attorneys for Ramparts, Inc. d/b/a Luxor Hotel
and Casino*
Robert P. Charbonneau, Esq.
Agentis PLLC
55 Alhambra Plaza, Suite 800

New York, NY 10017
(212) 450-4000
Steven.szanzer@davispolk.com
*Attorneys for Royal Museum Greenwich*

Thomas J. Francella, Jr., Esq.
Cozen O'Connor
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
Tfrancella@cozen.com
*Attorneys for Ian Whitcomb*

Alan F. Curley, Esq.
Alan R. Dolinko, Esq.
Robinson Curley P.C.
300 S. Wacker Drive, Suite 1700
Chicago, IL 60606
(312) 663-3100
acurley@robinsoncurley.com
adolinko@robinsoncurley.com
*Attorneys for Mark A. Sellers, Jack H.
Jacobs and Sellers Capital, LLC*

Coral Gables, FL 33134
(305) 722-2002
rpc@agentislaw.com
*Attorneys for Responsible Person Mark C. Healy*

John T. Rogerson, III, Esq.
Jamie W. Olinto, Esq.
Thomas P. White, Esq.
Adams and Reese LLP
501 Riverside Avenue, Suite 601
Jacksonville, FL 32202
(904) 355-1700
John.rogerson@arlaw.com
Jamie.olinto@arlaw.com
Tom.white@arlaw.com
*Attorneys for Mark A. Sellers, Jack H. Jacobs
and Sellers Capital, LLC*

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
1619 Broadway
New York, NY 10019

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
543 Broad Street
Augusta, GA 30901

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

Time Out New York
1540 Broadway
New York, NY 10036

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

B.E. Capital Management Fund LP
Thomas Branziel
P.O. Box 206
N. Stonington, CT 06359
***Creditor Committee***

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
***Creditor Committee***

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
***Creditor Committee***

AEG Presents LLC
c/o Managing Member
800 W. Olympic Blvd., Suite 305
Los Angeles, CA 90015

AEG Presents LLC
c/o Managing Member
425 W. 11th Street
Los Angeles, CA 90015-3459

AEG Presents LLC
c/o CT Corporation System, Reg. Agent
ATTN: Amanda Garcia
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

*/s/ Emily Rottmann*
Attorney