## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

PREMIER EXHIBITIONS, INC., *et al.*,

Debtors.[1]

_____/

Case No.: 3:16-bk-02232-JAF

Chapter 11

(Jointly Administered)

**FOURTH INTERIM AND FINAL APPLICATION OF TENEO SECURITIES LLC
AS FINANCIAL ADVISOR TO THE EQUITY COMMITTEE FOR INTERIM
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED DURING
PERIOD FROM JANUARY 1, 2018 THROUGH AND INCLUDING DECEMBER 31,
2018 AND FINAL ALLOWANCE OF COMPENSATION FOR SERVICE RENDERED
AND FOR REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD
FROM OCTOBER 20, 2016 THROUGH AND INCLUDING DECEMBER 31, 2018**

Name of Applicant:                  Teneo Securities LLC as Financial Advisor

Services Provided to:               Committee of Equity Security Holders of Premier
                                    Exhibitions, Inc.

Date of Retention:                  December 7, 2016, *nunc pro tunc* to October 20, 2016

Period for this Application**:**    October 20, 2016 – December 31, 2018

Amount of Compensation Sought:   $545,214.42

Amount of Expense Reimbursement: $12,284.98

Amount of Original Retainer:        $0              Current Balance: $0

Blended Hourly Rate this Application: $400.21        Cumulative: $ 315.02

This is a(n): _____ interim       ___X___ final application.

Disclose the following for each prior application:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's Federal tax identification number, are: Premier Exhibitions, Inc. (4922); Premier Exhibition Management LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). Their service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

| Filed | Period | Requested | | | | Approved | | Paid | | Holdback |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Hrs. | Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 6/7/17 Doc. 613 | 10/20/16-3/31/17 | $134,677.42 | | | $3,986.49 | $134,677.42 | $3,986.49 | $134,677.42 | $3,754.63 | $231.86 |
| 10/3/17 Doc. 768 | 4/1/17-8/31/17 | $125,000.00 | | | TBD | $125,000.00 | $0 | $125,000.00 | $0 | $0 |
| 2/16/18 Doc. 950 | 9/1/17-12/31/17 | $92,395.50 | | | TBD | Pending | $0 | $55,802.00 | $0 | $36,593.5 |
| Total | | $352,072.92 | | | $3,986.49 | $259,677.42 | $3,986.49 | $315,479.42 | $3,754.63 | $36,825.36 |

2

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

PREMIER EXHIBITIONS, INC., *et al.*,

     Debtors.[2]

_____/

Case No.: 3:16-bk-02232-JAF

Chapter 11

(Jointly Administered)

**FOURTH INTERIM AND FINAL APPLICATION OF TENEO SECURITIES LLC**
**AS FINANCIAL ADVISOR TO THE EQUITY COMMITTEE FOR INTERIM**
**ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED DURING**
**PERIOD FROM JANUARY 1, 2018 THROUGH AND INCLUDING DECEMBER 31,**
**2018 AND FINAL ALLOWANCE OF COMPENSATION FOR SERVICE RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD**
**FROM OCTOBER 20, 2016 THROUGH AND INCLUDING DECEMBER 31, 2018**

     Teneo Securities LLC ("Teneo") as financial advisor to the Official Committee of Equity

Security Holders (the "Equity Committee") of Premier Exhibitions, Inc. ("Premier"), Chapter 11

Debtor in Case No. 3:16-bk-02232-PMG, submits this application (the "Application"), pursuant to

Sections 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"),

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under Section 330 of the Bankruptcy Code effective January 30, 1996 (the "U.S.

Trustee Guidelines"), for the allowance of compensation for professional services rendered from

January 1, 2018, through and including December 31, 2018 (the "Fourth Interim Compensation

Period"), and for reimbursement of expenses incurred in connection with such services,  and for

---

[2] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's Federal tax
identification number, are: Premier Exhibitions, Inc. (4922); Premier Exhibition Management LLC (3101);
Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier
Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp.
(7309). Their service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta,
Georgia 30308.

49795907;2

the final allowance of compensation rendered and reimbursement of expenses incurred in connection with such services for the inclusive period of October 20, 2016 through and including December 31, 2018 (the "Final Compensation Period"), and in support thereof respectfully represents as follows:

## I.    <u>INTRODUCTION</u>

### A.    <u>Background</u>

1.      On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

2.      On August 24, 2016, the United States Trustee appointed the Equity Committee and designated the following members to serve: (i) Jonathan Heller; (ii) Lawndale Capital Management, LLC ("Lawndale") c/o Andrew Shapiro; (iii) Ian Jacobs; (iv) ACK Investments, LLC c/o Thomas J. Kraus; and (v) Frank Gerber.

3.      At its organizational meeting, the Equity Committee elected Lawndale's Andrew Shapiro as Chairman of the Equity Committee.

4.      On August 31, 2016, the Equity Committee selected Akerman LLP and Landau Gottfried & Berger LLP as counsel to represent it during the pendency of the Debtors' Chapter 11 jointly administered cases.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief sought herein are Section 1103(a) and (b) of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002.

4

**B.**     **Retention of Teneo and Billing History**

6.     On October 28, 2016, the Equity Committee filed its Application to Employ Teneo Securities LLC as Financial Advisor to the Equity Committee *Nunc Pro Tunc* to October 20, 2016 and for Related Relief (Doc. 313) (the "Teneo Application").   Attached as Exhibit B to the Teneo Application is the engagement letter dated October 20, 2016 between Teneo and the Equity Committee (the "Teneo Engagement Letter")[3]. A true and correct copy of the Teneo Engagement Letter is attached hereto and incorporated herein as **Exhibit A**.

7.     On November 22, 2016, the Debtors filed a Response in Opposition to Employ Teneo Securities LLC as Financial Advisor to the Equity Committee *Nunc Pro Tunc* to October 20, 2016 and for Related Relief (Doc. 345).

8.     On November 23, 2016, the Equity Committee filed its Reply to Debtors' Opposition to Retention of Teneo Securities LLC (Doc. 350).

9.     On November 28, 2016, the Debtors and the Equity Committee entered into a Stipulation Respecting Withdrawal of Oppositions to and Consent to Engagement of GlassRatner Advisory and Capital Group LLC, as Financial Advisor to the Debtors and of Teneo Capital LLC as Financial Advisor to the Equity Committee (Doc. 351).

10.     On December 8, 2016, the Court entered the Order Authorizing Employment of Teneo Securities LLC as Financial Advisor Nunc Pro Tunc to October 20, 2016 and Granting Related Relief (Doc. 371) (the "Order"), which, *inter alia*, approved the terms of the Engagement Letter.

---

[3] Capitalized terms used but not otherwise defined herein are used as defined in the Teneo Application and/or Teneo Engagement Letter.

49795907;2

11.     Since entry of the Order, Teneo has served as financial advisor to the Equity Committee and, pursuant to a letter agreement, dated November 29, 2016, among counsel to the Equity Committee and counsel to the Official Committee of Unsecured Creditors (the "Creditors Committee"), Teneo also has provided financial advisory services to the Creditors Committee under the same engagement and at no additional cost to the estate.

12.     The terms of the Teneo Engagement Letter include the following:

**Fees and Expenses**. All fees and expenses hereunder shall be paid subject to application to the Bankruptcy Court pursuant to the court-approved compensation procedures and allowance by the Bankruptcy Court.

a) Compensation: The Debtors shall pay Teneo on an hourly basis based upon the time incurred by Teneo professionals in providing the services under this Agreement to the Equity Committee as follows:

*Title / Hourly Rates*:

| | |
|---|---|
| Brent C. Williams, Senior Managing Director | $565 |
| Brendan J. Murphy, Managing Director | $525 |
| Analyst to Vice President | $320 to $480 |

Notwithstanding the above hourly rates, Teneo hereby agrees to cap all fees for any given month at no more than $25,000 (the "Monthly Fee Cap").

b) Equity Distribution Fee: In the event there is a distribution to the Debtors' equityholders, Teneo shall be entitled to allocation based on the amount of the cash, cash equivalent or value of equity distributed as follows:

1.00% of the first $20 million, plus

1.25% of the amount of between $20 million and $40 million, plus

1.50% of the amount above $40 million;

49795907;2

provided, however, that it is further agreed that if, at any time during the period commencing on the effective date of termination of this Agreement in accordance with Section 2 and ending 6 months from the date thereto, either the Debtors effect a distribution to its equityholders, or enters into an agreement (or reaches an agreement in principle) in respect thereof, in each case Teneo will be entitled to allocation calculated in accordance with this Section 3(b).

(c) <u>Expense Reimbursement</u>: Teneo shall be entitled to monthly reimbursement of reasonable documented out-of-pocket expenses incurred in connection with the services to be provided under this Agreement, as permitted by applicable rules and guidelines of the Bankruptcy Court and the Office of the United States Trustee, and by the Court's Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [Docket 141] and the Expense Reimbursement Guidelines for the United States Bankruptcy Court for the Middle District of Florida, attached hereto as Exhibit A.

*See* Teneo Application (Doc. 313), Exhibit B, ¶ 3.

13.    As of April 3, 2017, Brent C. Williams ("Williams") and Brendan J. Murphy ("Murphy"), formerly Managing Directors at Teneo who provided services under the Teneo Engagement Letter, became Managing Directors at Lincoln Partners Advisors LLC ("Lincoln Advisors").

14.    Services for the Equity Committee and the Creditors Committee below the Managing Director level continue to be provided by Teneo employees under the Teneo Engagement Letter, specifically by Jeremy DeKoe.

15.    On June 5, 2017, the Equity Committee filed its Application to Employ Lincoln Partners Advisors LLC as Financial Advisor to the Equity Committee *Nunc Pro Tunc* to April 3, 2017 and for Related Relief (Doc. 612) (the "Lincoln Application").  Attached as Exhibit B to the Lincoln Application is the engagement letter dated April 3, 2017 between Lincoln Advisors and

the Equity Committee (the "Lincoln Engagement Letter")[4].  A true and correct copy of the Lincoln

Engagement Letter is attached hereto and incorporated herein as **Exhibit B**.

16.    The terms of the Lincoln Engagement Letter include the following:

**Fees and Expenses**. All fees and expenses hereunder shall be paid subject to application to the Bankruptcy Court pursuant to the court-approved compensation procedures and allowance by the Bankruptcy Court.

a) Compensation: The Debtors shall pay Teneo on an hourly basis based upon the time incurred by Teneo's and Lincoln Advisors' professionals in providing the services under this Agreement to the Equity Committee as follows:

*Title / Hourly Rates*:

| | |
|---|---|
| Brent C. Williams, Senior Managing Director | $565 |
| Brendan J. Murphy, Managing Director | $525 |
| Analyst to Vice President | $320 to $480 |

Notwithstanding the above hourly rates, Lincoln Advisors and Teneo hereby agree to cap all fees for any given month at no more than $25,000 (the "Monthly Fee Cap"). In the event that Jeremy DeKoe ceases to provide services to the Equity Committee under the Teneo Engagement Letter, the Debtors shall thereafter pay the compensation set out in this Paragraph 3(a) to Lincoln Advisors instead of Teneo, and Teneo and Lincoln Advisors agree to provide joint notice as soon as practicable to the Equity Committee and Debtors upon the occurrence of such event.

b) Equity Distribution Fee: In the event there is a distribution to the Debtors' equityholders, Teneo and Lincoln Advisors shall be entitled to allocation based on the amount of the cash, cash equivalent or value of equity distributed as follows:

1.00% of the first $20 million, plus

1.25% of the amount of between $20 million and $40 million, plus

---

[4] Capitalized terms used but not otherwise defined herein are used as defined in the Lincoln Application and/or Lincoln Engagement Letter.

49795907;2

1.50% of the amount above $40 million (the "Equity Distribution Fee").

The Equity Distribution Fee shall be paid by the Debtors as follows: 50% to Lincoln Advisors (or a designated US affiliate thereof) and 50% to Teneo.    Aggregate Consideration, for purposes of calculating the Equity Distribution Fee, shall be deemed to be the total amounts paid to or otherwise realized by, the Debtors' equity security holders in connection with the Restructuring or any transaction related thereto.

In the event that the aggregate consideration to equity holders comprises securities, in whole or in part, the value of such securities, for purposes of calculating the Equity Distribution Fee, shall be the fair market value thereof, as the Debtors and the Equity Committee shall mutually agree (and in the event of no mutual agreement, as determined by the Bankruptcy Court), on the day prior to the public announcement of such Restructuring; provided, however, that the value of securities with an existing public trading market shall be determined by the average of the last sales prices for such securities on the five trading days ending five days prior to the consummation of the transaction in question.

It is further agreed that if, at any time during the period commencing on the effective date of termination of this Agreement in accordance with Paragraph 2 and ending 6 months from the date thereto, either the Debtors effect a distribution to its equity holders, or enters into an agreement (or reaches an agreement in principle) in respect thereof, in each case Lincoln Advisors and Teneo will be entitled to allocation calculated in accordance with this Paragraph 3(b).

(c)  <u>Expense Reimbursement</u>: Lincoln Advisors shall be entitled to monthly reimbursement of reasonable documented out-of-pocket expenses incurred in connection with Lincoln Advisors' services to be provided under this Agreement, as permitted by applicable rules and guidelines of the Bankruptcy Court and the Office of the United States Trustee, and by the Court's Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [Docket 141] and the Expense Reimbursement Guidelines for the United States Bankruptcy Court for the Middle District of Florida, attached hereto as Exhibit A.

*See* Lincoln Application (Doc. 612), Exhibit B, ¶ 3.

49795907;2

17.     On June 7, 2017, Teneo filed its First Application for the allowance of compensation for professional services rendered and reimbursement of expenses incurred during the period from October 20, 2017 through and including March 31, 2017 (Doc. 613).

18.     On July 13, 2017, the Court entered the Order Authorizing Employment of Lincoln Partners Advisors LLC as Financial Advisor *Nunc Pro Tunc* to April 3, 2017 and Granting Related Relief (Doc. 652).

19.     On July 20, 2017, the Court entered its Order Allowing Compensation and Reimbursement of Expenses of Teneo Securities LLC (Doc. 663).

20.     On October 3, 2017, Teneo filed its Second Application for the allowance of compensation for professional services rendered and reimbursement of expenses incurred during the period from April 1, 2017 through and including August 31, 2017 (Doc. 768).

21.     On February 16, 2018, the Court entered the Order Allowing Compensation of Teneo Securities LLC (Doc. 946).

22.     On February 16, 2018, Teneo filed its Third Application for the allowance of compensation for professional services rendered and reimbursement of expenses incurred during the period from September 1, 2017 through and including December 31, 2017 (Doc. 950) (the "Third Application").  The Third Application is pending.

23.     This Application is Teneo's fourth interim and final application for approval and allowance of compensation and reimbursement of expenses.  Teneo makes this interim application pursuant to Sections 330 and 331 of the Bankruptcy Code.  No prior application has been made to this or any other court for the relief requested herein.

## II.    <u>CASE STATUS</u>

24.    On December 14, 2017, the Debtors filed the Joint Plan Under Chapter 11 of the Bankruptcy Code (the "Plan") (Doc. 859).  Pursuant to the Plan, the Debtors anticipate liquidating all of their assets.

25.    On February 13, 2018, the Debtors filed a Notice of Withdrawal of Debtors' Joint Plan Under Chapter 11 of the Bankruptcy Code (Doc. 944).

26.    On June 1, 2018, the Equity Committee filed a Disclosure Statement (Doc. 1044) (the "Equity Committee's Disclosure Statement") and Chapter 11 Plan of Reorganization (Doc. 1045).

27.    On June 4, 2018, the Equity Committee filed a complaint (the "Complaint") against Mark A. Sellers, Douglas Banker, Richard Kraniak, Jack H. Jacobs, Daoping Bao, Sellers Capital, LLC, and Sellers Capital Master Fund, Ltd. (collectively, "Defendants") seeking damages for the Defendants' tortious conduct, initiating the adversary proceeding styled *Official Committee of Equity Security Holders of Premier Exhibitions, Inc. v. Mark A. Sellers, et al.;* Adv. Proc. No. 3:18-ap-00064-PMG (the "Adversary Proceeding").

28.    On June 15, 2018, the Debtors filed a Debtors' Motion for an Order (A) Approving Asset Purchase Agreement; (B) Authorizing Sale of the Transferred Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith; (D) Approving Settlement with The PacBridge Parties; and (E) Granting Related Relief (Doc. 1055) (the "Sale Motion").

29.    On June 29, 2018, the Official Committee of Unsecured Creditors (the "Creditors' Committee") filed a Disclosure Statement (Doc. 1084) and Joint Chapter 11 Plan of Reorganization (Doc. 1085).

49795907;2

30.      On July 11, 2018, Euclid Investments LP / Euclid Claims Recovery LLC filed an Objection (Doc. 1109) to the Sale Motion.

31.      On July 18, 2018, the Debtors filed an Objection (Doc. 1119) and the U.S. Department of Commerce filed an Objection (Doc. 1120) to the Equity Committee's Disclosure Statement.

32.      On July 18, 2018, the Debtors filed an Objection (Doc. 1121) to the Creditors' Committee Disclosure Statement.

33.      On July 18, 2018, Lange Feng, PacBridge Capital Partners (HK) Ltd., Jihe Zhang, Haiping Zou, Stockholder High Nature Holdings Limited (collectively, the "Investors") filed a Joinder (Doc. 1123) to the Debtors' Objection to the Equity Committee's Disclosure Statement and a Joinder (Doc. 1124) to the Debtor's Objection to the Creditors' Committee's Disclosure Statement.

34.      On July 18, 2018, the Ad Hoc Equity Group filed a Joinder (Doc. 1126) to the Debtors' Objection to the Creditors' Committee's Disclosure Statement and a Joinder (Doc. 1127) to the Debtors' Objection to the Equity Committee's Disclosure Statement.

35.      On August 24, 2018, the Creditors' Committee filed a Limited Objection (Doc. 1168) to the Sale Motion.

36.      On August 27, 2018, the Equity Committee filed a Response in Opposition (Doc. 1170) to the Sale Motion.

37.      On September 11, 2018, the Court entered the Order on Hearing to Consider Debtor's Sale Motion and Disclosure Statements filed by The Equity Committee and The Unsecured Creditors' Committee (Doc. 1199).

38.    On September 13, 2018, the Court entered the Order (a) Approving Competitive Bidding and Sale Procedures; (b) Approving Form and Manner of Notices; (c) Approving Form of Asset Purchase Agreement; (d) Approving Break-Up Fee and Expense Reimbursement; (e) Scheduling Auction and Hearing to Consider Final Approval of Sale, Including Rejection or Assumption and Assignment of Related Executory Contracts and Unexpired Leases and Settlement with the PacBridge Parties; (f) Authorizing Sale of the Transferred Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (g) Granting Related Relief (Doc. 1201).

39.    On September 19, 2018, the Debtors filed a Notice of Sale and Auction Hearing (Doc. 1204).

40.    On October 3, 2018, the Equity Committee filed a Motion to Establish Document Retention Protocols (Doc. 1221).

41.    On October 5, 2018, the Equity Committee filed a Reservation of Rights and Limited Objection to Debtors' Motion for an Order (A) Approving Asset Purchase Agreement; (B) Authorizing Sale of the Transferred Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith; (D) Approving Settlement with The PacBridge Parties; and (E) Granting Related Relief (Doc. 1225).

42.    On October 8, 2018, the Debtors filed a Notice of Cancellation of Auction and Intent to Seek Approval of the Sale of the Transferred Assets to the Stalking Horse Purchaser (Doc. 1226).

43.    On October 19, 2018, the Court entered the Order (A) Approving asset purchase agreement; (B) Authorizing sale of the transferred assets free and clear of all liens, claims,

encumbrances and interests; (C) authorizing the Assumption and Assignment of certain executory contracts and leases in connection therewith; (D) Approving Settlement with the Pacbridge parties; and (E) Granting Related Relief (Doc. 1232) (the "Sale Order").

44.     On February 6, 2019, the United State Trustee filed a Notice of Disbanding Official Committee of Equity Security Holders (Doc. 1311).

45.     On February 19, 2019, the Debtors filed the Notice of Filing Assets and Amendment to Asset Purchase Agreement (Doc. 1318) and Amended Notice of Closing of Sale of Substantially All of the Debtors' Assets and Amendment to Asset Purchase Agreement (Doc. 1319).   The sale approved by the Sale Order closed on February 13, 2019.

## III.   APPLICATION

46.     By this Application, Teneo is seeking full allowance of (a) compensation for professional services rendered by Teneo, as financial advisor to the Equity Committee, during the Fourth Interim Compensation Period, (b) reimbursement of expenses incurred by Teneo and Lincoln in connection with such services during the Second, Third, and Fourth Interim Compensation Periods, and (c) the final and full allowance of compensation for all professional services rendered by Teneo, as financial advisor to the Equity Committee, and the reimbursement of all expenses incurred by Teneo in connection with rendition of such services, for the Final Compensation Period, which includes and subsumes the First, Second, Third, and Fourth Interim Compensation Periods.

**B.     Fourth Interim Compensation Period**

47.     In this Application, Teneo seeks approval of the following amounts:

(a) $16,171.50 for the month of January 2018;

(b) Monthly Fee Cap of $25,000.00 for the month of February 2018;

(c)  Monthly Fee Cap of $25,000.00 for the month of March 2018;

(d)  $20,021.50 for the month of April 2018;

(e)  $17,519.50 for the month of May 2018;

(f)  $20,635.50 for the month of June 2018;

(g)  $15,781.50 for the month of July 2018;

(h)  $23,775.50 for the month of August 2018;

(i)  $14,349.00 for the month of September 2018;

(j)  $9,034.50 for the month of October 2018;

(k)  $3,394.50 for the month of November 2018; and

(l)  $2,458.50 for the month of December 2018, for a total of $193,141.50.

48.     Teneo maintains computerized records of all expenses incurred in connection with the performance of professional services.  Attached hereto as **Exhibit C** are time entry records broken down in tenths of an hour by project category, based on the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each professional and paraprofessional on behalf of the Equity Committee for the Fourth Interim Compensation Period.

### IV.     <u>SUMMARY OF PROFESSIONAL SERVICES RENDERED</u>

49.     The following summary is intended to highlight a number of the services rendered by Teneo on behalf of the Committee, and it is not meant to be a detailed description of all of the work performed.

50.     During the Fourth Interim Compensation Period, Teneo along with Lincoln Advisors rendered the following services to the Equity Committee:

(a)  reviewed and analyzed the Debtors' operations, assets, financial condition, business plan, strategy and operating forecasts;

49795907;2

(b) evaluated the assets and liabilities of the Debtors and evaluated the Debtors' strategic and financial alternatives;

(c) assisted the Equity Committee in developing, evaluating, structuring and negotiating the terms and conditions of the court-approved Plan Support Agreement and implementation of same;

(d) worked extensively with the Debtor and its retained professionals on advancing the terms and conditions of the Plan Support Agreement; and

(e) otherwise assisted the Equity Committee in carrying out its duties and responsibilities.

## V.    **EXPENSES**

51.    Teneo has incurred a total of $1,580.00 in expenses during the Fourth Interim Compensation Period. Teneo records all expenses incurred in connection with the performance of professional services.

52.    Lincoln has incurred a total of $304.25 in expenses during the Second and Third Interim Compensation Periods and a total of $6,414.24 during the Fourth Interim Compensation Period. Lincoln records all expenses incurred in connection with the performance of professional services.

53.    In connection with the reimbursement of expenses, Teneo's policy is to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Teneo's clients include, among other things, mail and FedEx charges, special or hand delivery charges, photocopying charges, computerized research and transcription costs.

49795907;2

54.     Teneo charges for these expenses at rates consistent with those charged to Teneo 's other bankruptcy clients, which rates are equal to or less than the rates charged by Teneo to its non-bankruptcy clients.

55.     In providing or obtaining from third parties services which are reimbursable by clients, Teneo does not include in such reimbursable amount any costs of investment, equipment or capital outlay.

56.     Throughout the Fourth Interim Compensation Period, Teneo has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estate.

**B.      Final Compensation Period**

57.     By this final application, Teneo seeks the final review and allowance of compensation for its professional services rendered on behalf of the Equity Committee, and reimbursement of its expenses incurred in connection with services, for the Final Compensation Period, which includes and subsumes the First, Second, Third, and Fourth Interim Compensation Periods.  Teneo relies upon the detail and description of such services and expenses as included within its First Application (Doc. 613), Second Application (Doc. 768), and Third Application (Doc. 950), the contents of which Teneo incorporates herein.

In summary, the aggregate compensation for services and fee reimbursement for which Teneo seeks allowance is set forth below:

| | Fees | Costs | Total |
|---|---|---|---|
| First Application (Doc. 613) | $134,677.42 | $3,986.49 | $138,663.91 |
| Second Application (Doc. 768) | $125,000.00 | $0 | $125,000.00 |
| Third Application (Doc. 950) | $92,395.50 | $0 | $92,395.50 |
| Fourth Application | $193,141.50 | $8,298.49 | $201,439.99 |
| **Total Compensation and Expenses for Final Allowance** | **$545,214.42** | **$12,284.98** | **$557,499.40** |

58.     To date, Teneo has received total payment of $315,478.42 in fees and $3,754.63 in expenses from the Debtors, leaving a balance of the amounts sought under this Application of $229,736 and $8,530.35, for a total of $238,266.35.

## VI.     ALLOWANCE OF COMPENSATION

59.     The professional services rendered by Teneo have required a high degree of professional competence and expertise to address, with skill and dispatch, the numerous issues requiring evaluation and action by the Equity Committee.  Teneo respectfully submits that the services rendered to the Equity Committee were performed efficiently, effectively and economically, and that the results obtained to-date have benefited the unsecured creditors as a whole and the estate.

60.     Through this Application focuses and details services provided to the Committee during the Fourth Interim Compensation Period, Teneo also provided services to the Official Committee of Unsecured Creditors.

61.     The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in Section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under Section 330 of this Title.

11 U.S.C. § 331.

62.     With respect to the level of compensation, Section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered."  Section 330(a)(3)(A), in turn, provides that:

49795907;2

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

    (A)    the time spent on such services;

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3)(A).

63.    The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases.  *In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1403-04 (11th Cir. 1997) ("Congress determined, it appears, that on average the gain to the estate of employing able, experienced, expert counsel would outweigh the expense to the estate of doing so, and that unless the estate paid competitive [market] sums it could not retain such counsel on a regular basis.")  (Citations and quotations omitted).

64.    A bankruptcy court may compensate a party that makes a "substantial contribution" to a chapter 11 case by approving payment to that party by the debtor of the fees and expenses incurred by that party.  Section 503(b)(3)(D) of the Bankruptcy Code reflects a policy of encouraging meaningful participation in chapter 11 by interested parties while "keeping fees and

49795907;2

administrative expenses to a minimum so as to preserve as much of the estate as possible for the creditors." *Ott v. United States*, 419 U.S. 43, 53 (1974).  Here, the Equity Holders engaged counsel to promote the establishment of an equity committee that would represent the interests of all equity holders.  The Debtors have repeatedly established that there exists substantial equity value over and above amounts needed to pay creditors in full.  In recognition that equity holders have substantial interests at risk in this case, the U. S. Trustee did appoint an Equity Committee.  Thus, the efforts of these Equity Holders led directly to the establishment of the Equity Committee, a clear and substantial benefit in this case.

65.    The total time spent by Teneo professionals and paraprofessionals during the Fourth Interim Compensation Period was 482.60 hours, which has a fair market value of $193,141.50. As shown by this Application and supporting exhibits, Teneo's services were rendered economically and without unnecessary duplication of efforts.  In addition, the work involved, and thus the time expended, was carefully assigned in consideration of the experience and expertise required for each particular task.

## VII.    NOTICE

66.    Notice of this Application has been given to the United States Trustee, counsel for the Debtors, counsel for the Creditors' Committee, counsel for Lange Feng, Haiping Zou, and Jihie Zhang, and to those parties on the Debtors' Master Service List, in accordance with the Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures (Doc. 140).  In light of the nature of the relief requested herein, the Equity Committee requests that such notice be deemed adequate and sufficient.

49795907;2

## VIII.    CONCLUSION

WHEREFORE, Teneo Securities LLC respectfully requests the Court to enter an order, substantially in the form attached hereto as **Exhibit D,** (a) allowing Teneo (i) interim compensation for professional services rendered as financial advisor to the Equity Committee during the Fourth Interim Compensation Period in the amount of $193,141.50, and (ii) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $8,298.49, for (iii) a total award of $201,439.99; (b) upon such allowance of compensation and reimbursement of expenses rendered during the Fourth Interim Compensation Period, the final allowance of compensation for services rendered during the Final Compensation Period in the amount of $545,214.42, and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $12,284.98, for a total award of $557,499.40; (c) authorizing and directing the Debtors to pay Teneo the $238,266.35; and (d) granting such further relief as is just.

Dated: August 13, 2019

**LANDAU GOTTFRIED & BERGER LLP**

By: */s/ Peter J. Gurfein*
Peter J. Gurfein
1801 Century Park East, Suite 700
Los Angeles, California 90067
(310) 557-0050
(310) 557-0056 (Facsimile)
pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
Jacob A. Brown
Florida Bar No. 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (Facsimile)
Jacob.brown@akerman.com

49795907;2

<u>**CERTIFICATE OF SERVICE**</u>

     I HEREBY CERTIFY that on August 13, 2019, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case.  In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures (Doc. 140), a copy of the foregoing was also furnished on August 13, 2019 by U.S. mail, postage prepaid and properly addressed, to the Master Service List attached hereto.

                                        */s/ Jacob A. Brown*
                                        Attorney

49795907;2

**MASTER SERVICE LIST**
*Case No. 3:16-bk-02230-PMG*

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
14 East 38th Street
New York, NY 10017

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Time Out New York
405 Park Avenue
New York, NY 10022

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Samuel Weiser
565 Willow Raod
Winnetka, IL 60093

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
***Creditor Committee***

B.E. Capital Management Fund LP
Thomas Branziel
205 East 42nd Street , 14th Floor
New York, NY 10017
***Creditor Committee***

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
***Creditor Committee***

## **Exhibit A**

Teneo Engagement Letter

**Teneo**                                                                        ENGAGEMENT LETTER

October 20, 2016

**_Privileged and Confidential_**

To:  The Official Equity Committee of Equity Security Holders of Premier Exhibitions, Inc.

Dear Equity Committee Members:

This letter agreement confirms the understanding and agreement (the "***Agreement***") by and between Teneo Securities LLC, a Delaware limited liability company ("***Teneo***"), and the Official Equity Committee of Equity Security Holders (the "***Equity Committee***") of Premier Exhibitions, Inc., Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc., the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG (collectively with any entity formed or used for the purpose set forth herein, the "***Debtors***"). Teneo acknowledges and agrees that this Agreement and the Indemnification Agreement annexed hereto as Schedule 1 are both subject to Bankruptcy Court (defined below) approval and the terms of the order of the Bankruptcy Court approving Teneo's retention.

1. **Engagement**.  Teneo is being retained to provide financial advisory services for the Equity Committee in connection with the Debtors' restructuring and Chapter 11 cases (the "***Chapter 11 Cases***"), including the analysis, consideration and potential development of a Chapter 11 plan or plans of reorganization, before the United States Bankruptcy Court for the Middle District of Florida (the "***Bankruptcy Court***").  Upon retention, Teneo will work at the direction of the Equity Committee to:

    a. Review and analyze the Debtors' operations, assets, financial condition, business plan, strategy, and operating forecasts;

    b. Evaluate the assets and liabilities of the Debtors and evaluate the Debtors' strategic and financial alternatives;

    c. Assist in the determination of an appropriate go-forward capital structure for the Debtors;

    d. Analyze and assist with any proposed financing(s), including assistance with obtaining debtor in possession and/or exit financing;

    e. Assist the Equity Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring, plan of reorganization, or sale transaction, including the value of the securities, if any, that may be issued to the Equity Committee under any such restructuring, plan of reorganization, or sale transaction;

    f. Analyze any merger, divestiture, joint-venture, or investment transaction,

including the proposed structure and form thereof;

g.  Analyze any new debt or equity capital (including advice on the nature and terms of new securities) and assist with obtaining new debt or equity capital;

h.  Assist in the evaluation and investigation of prepetition transactions in which the Debtors and/or their insiders were involved;

i.  If requested by the legal counsel to the Equity Committee, prepare report(s) with respect to any and all proposed financings, the valuation of the Debtors (as a going concern or otherwise) or any specific assets of the Debtors, or proposed merger, divestiture, joint-venture, or investment transaction;

j.  Provide the Equity Committee with other appropriate general restructuring advice as the Equity Committee and its counsel deems appropriate; and

k.  Testify in connection with Teneo's provision of any of the above-mentioned services in the Bankruptcy Court or other court.

Furthermore, Brent C. Williams of Teneo agrees to serve as Chief Restructuring Officer of the Debtors if appointed in that capacity by the Bankruptcy Court at the same rate set and within the Monthly Fee Cap as provided and defined in Paragraph 3 of this Agreement.

The services and compensation arrangements set forth herein do not encompass any other investment banking or financial advisory services not set forth in this paragraph 1. Notwithstanding anything contained in this Agreement to the Contrary, Teneo shall have no responsibility for designing or implementing any initiatives to improve the Debtors' operations, profitability, cash management or liquidity unless Brent C. Williams is appointed by the Bankruptcy Court to serve as a Chief Restructuring Officer and in such case, Mr. Williams shall have those responsibilities specifically authorized by the Bankruptcy Court. Teneo makes no representations or warranties about the Debtors' ability to (i) successfully improve its operations, (ii) maintain or secure sufficient liquidity to operate its business, or (iii) successfully complete a restructuring, sale transaction or plan of reorganization.

2.  **Term of Agreement**. This Agreement shall commence upon its execution by both parties and shall continue until (i) either party gives 30 days prior written notice of termination to the other party, (ii) the effective date of a confirmed plan in the Chapter 11 cases, or (iii) as otherwise ordered by the Bankruptcy Court or agreed by Teneo and the Equity Committee. Upon any termination, the provisions of Paragraph 3 (to the extent applicable) shall survive the termination of this Agreement to the extent such provisions relate to the payment of fees due on or before the effective date of termination. The provisions of Paragraphs 2, 3, 5, 6, 7, 8, 9, 11, 12 and 13 shall survive the termination of this Agreement and shall remain in effect.

3.  **Fees and Expenses**.

All fees and expenses hereunder shall be paid subject to application to the Bankruptcy Court pursuant to the court-approved compensation procedures and allowance by the Bankruptcy Court.

  a)  Compensation: The Debtors shall pay Teneo on an hourly basis based upon the time incurred by Teneo professionals in providing the services under this Agreement to the Equity Committee as follows:

*Title / Hourly Rates:*

| | |
|---|---|
| Brent C. Williams, Senior Managing Director | $565 |
| Brendan J. Murphy, Managing Director | $525 |
| Analyst to Vice President | $320 to $480 |

Notwithstanding the above hourly rates, Teneo hereby agrees to cap all fees for any given month at no more than $25,000 (the "Monthly Fee Cap").

  b)  Equity Distribution Fee:  In the event there is a distribution to the Debtors' equityholders, Teneo shall be entitled to allocation based on the amount of the cash, cash equivalent or value of equity distributed as follows:

1.00% of the first $20 million, plus

1.25% of the amount of between $20 million and $40 million, plus

1.50% of the amount above $40 million;

provided, however, that it is further agreed that if, at any time during the period commencing on the effective date of termination of this Agreement in accordance with Section 2 and ending 6 months from the date thereto, either the Debtors effect a distribution to its equityholders, or enters into an agreement (or reaches an agreement in principle) in respect thereof, in each case Teneo will be entitled to allocation calculated in accordance with this Section 3(b).

  c)  Expense Reimbursement: Teneo shall be entitled to monthly reimbursement of reasonable documented out-of-pocket expenses incurred in connection with the services to be provided under this Agreement, as permitted by applicable rules and guidelines of the Bankruptcy Court and the Office of the United States Trustee, and by the Court's Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [Docket 141] and the Expense Reimbursement Guidelines for the United States Bankruptcy Court for the Middle District of Florida, attached hereto as **Exhibit A.**

d) <u>No Third Party Fees</u>:  No fee payable to any third party, by the Debtors, the Equity Committee or any other person or entity, shall reduce or otherwise affect any fee payable hereunder to Teneo.

e) Out-of-pocket expenses shall include, but not be limited to all reasonable documented travel expenses, meals, computer and database research charges, reasonable documented outside attorney fees (including, without limitation, engagement documentation and similar pleadings by outside counsel), messenger services and long-distance telephone calls incurred by Teneo in connection with the services to be provided to the Equity Committee and as permitted by applicable rules and guidelines of the Bankruptcy Court and the Office of the United States Trustee and by the Court's Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [Docket 141] and the Expense Reimbursement Guidelines for the United States Bankruptcy Court for the Middle District of Florida, attached hereto as **Exhibit A.**  Teneo will not seek reimbursement for non-working travel time.

4.  **<u>Company Information</u>**. The Equity Committee recognizes and confirms that in rendering services hereunder, Teneo will be using and relying on, and assuming the accuracy of, without any independent verification, data, material and other information (collectively, the "*Information*") furnished to Teneo by or on behalf of the Equity Committee, the Debtors or other third parties (including their agents, counsel, employees and representatives). The Equity Committee understands that Teneo will not be responsible for independently verifying the accuracy of the Information provided to Teneo and shall not be liable for inaccuracies in any such Information.  Unless required by subpoena or other valid legal or regulatory process, and prior written notice is provided to you so that you may challenge such disclosure, Teneo will not disclose to any third party (other than Teneo's or the Equity Committee's counsel) any portion of the Information provided by the Equity Committee which constitutes confidential, proprietary or trade secret information except in furtherance of the Equity Committee's engagement hereunder; provided that Teneo may disclose Information provided by the Debtors to anyone who has executed a non-disclosure agreement with the Debtors.  Teneo will not use such confidential Information for any purpose other than pursuant to Teneo's engagement hereunder.

5.  **<u>Indemnification</u>**.  The Debtors shall provide indemnification and other obligations set forth in Schedule I hereto, which is an integral part hereof and is hereby incorporated by reference.

6.  **<u>Bankruptcy Court Approval</u>**.  This Agreement is subject to the entry of an order by the Bankruptcy Court in the Chapter 11 Cases approving the retention of Teneo pursuant to the terms hereof. The Equity Committee shall use commercially reasonable efforts to obtain authorization of the retention of Teneo, *nunc pro tunc* to Thursday, October 20, 2016, on the terms and provisions in this Agreement.  The Equity Committee shall supply Teneo

with a draft of the retention application and proposed order prior to the filing of such application and proposed order to enable Teneo and its counsel to review and comment thereon. The order approving the Agreement and authorizing the retention shall be acceptable to Teneo in its sole and absolute discretion.

7. **Limited Role; No Additional Services**.  In performing its services pursuant to this Agreement, Teneo is not assuming any responsibility for the decision of the Debtors or any third party to pursue (or not to pursue) any business strategy or to effect (or not to effect) any restructuring, sale transaction or other transaction.

8. **No Commitment**. It is understood and agreed that nothing contained in this Agreement would constitute an express or implied commitment by Teneo or any of its respective affiliates to underwrite, place or purchase any securities in a financing or otherwise, which commitment shall only be set forth in a separate agreement relating to the financing, and this Agreement does not constitute any representation, warranty or agreement that any transaction will be available.

9. **Engagement & Reliance**.  The Equity Committee recognizes that Teneo has been retained only by the Equity Committee and that the Equity Committee's engagement of Teneo is not deemed to be on behalf of and is not intended to and does not confer rights upon the Debtors or any of their shareholders, partners or other owners, employees or representatives of the Debtors, or any individual members of the Equity Committee.  Unless otherwise expressly agreed, no one other than the Equity Committee is authorized to rely upon the engagement of Teneo or any statements, advice, opinions or conduct by Teneo.

10. **Use of Affiliates**. In connection with the services to be provided hereunder, Teneo may employ the services of its affiliates and may share with any such entity any information concerning the Equity Committee or the Debtors; provided, however, that Teneo and such entities shall hold any non-public information confidential in accordance with their respective customary policies relating to non-public information.  Any such entity so employed shall be entitled to all of the benefits afforded to Teneo hereunder and under the indemnification provisions hereof and shall be entitled to be reimbursed for its costs and expenses on the same basis as Teneo.

11. **Entire Agreement**. This Agreement represents the entire Agreement between the parties and may not be modified except in writing signed by both parties.  This Agreement may be executed in counterparts, each of which shall constitute an original. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.

12. **Publicity**.  The Equity Committee acknowledges and agrees that Teneo may, at its option and expense, place a customary "tombstone" announcement in such newspapers and periodicals as it may choose, describing its services in connection with any transaction.

13. **Governing Law**. This Agreement will be governed by, and construed in accordance with, the laws of the State of New York without regard to the provisions, policies or principals thereof relating to choice or conflicts of law.  Each of the parties hereto agrees to submit any claim or dispute arising out of or related to this Agreement to the Bankruptcy Court in

the Chapter 11 Cases. If the Bankruptcy Court declines to assert jurisdiction over such proceedings or if the reference is withdrawn to the United States District Court, then such proceedings shall be heard and determined in any Florida state or federal court of competent jurisdiction sitting in Jacksonville, Florida, to whose jurisdiction each of the parties hereto hereby irrevocably submit. Nothing in this paragraph shall pertain to or affect the authority of a bankruptcy court having jurisdiction over the Debtors to consider and rule upon Teneo's applications for interim or final compensation pursuant to this Agreement.

14. **<u>Other Matters</u>**. If this letter correctly sets forth our Agreement on the matters covered herein, please so indicate by signing and returning the enclosed copy of this letter and signing and retaining the duplicate we are enclosing for your records. Upon execution by both parties, this letter will constitute a legally binding Agreement between the Equity Committee and Teneo.

We trust the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to us at your earliest convenience.

TENEO SECURITIES LLC

By:_____

Name:  Henry van Dyke V

Title:   Chief Executive Officer


By:_____

Name: Brent C. Williams

Title:   Senior Managing Director


THE OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF PREMIER
EXHIBITIONS, INC.


By:_____

Name:

Title:

We trust the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to us at your earliest convenience.

TENEO SECURITIES LLC

By: _____

Name:  Henry van Dyke V

Title:    Chief Executive Officer


By: _____

Name:  Brent C. Williams

Title:    Senior Managing Director


THE OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS OF PREMIER
EXHIBITIONS, INC.

By: _Andrew Shapiro_

Name:  Andrew Shapiro

Title:  Chairman Official Equity Committee



## Schedule I

This Schedule I is a part of and is incorporated into that certain letter agreement (the "***Agreement***") dated as of October 20, 2016 by and between the Official Committee of Equity Security Holders (the "***Equity Committee***") of Premier Exhibitions, Inc., Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc., the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG (collectively with any entity formed or used for the purpose set forth herein, the "***Debtors***", and Teneo Securities LLC, a Delaware limited liability company ("***Teneo***"). Capitalized terms not defined herein shall have the same meaning assigned in the Agreement.

The Debtors shall, jointly and severally, indemnify and hold harmless Teneo and its affiliates and their respective directors, officers, employees, members, attorneys, other agents and consultants appointed by any of the foregoing and each other person, if any, directly or indirectly controlling Teneo or any of its affiliates (Teneo and each such person and entity being referred to as an "***Indemnified Person***"), from and against any losses, claims, damages, judgments, assessments, costs and other liabilities (collectively, "***Liabilities***") arising out of or in connection with advice or services rendered or to be rendered by an Indemnified Person pursuant to the Agreement, any transaction contemplated thereunder or any Indemnified Persons' actions or inactions in connection with any such advice, services or transaction (the "***Services***"), and will reimburse each Indemnified Person for all reasonable documented fees and expenses (including the reasonable documented fees and expenses of outside counsel) (collectively, "***Expenses***") as they are incurred in investigating, preparing or defending any claim, action, proceeding or investigation, whether or not in connection with pending or threatened litigation and whether or not any Indemnified Person is a party relating to the Services (collectively, "***Actions***"); provided that the Debtors will not be responsible for any Liabilities or Expenses of any Indemnified Person that are determined by a final judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to have resulted primarily from such Indemnified Person's gross negligence or willful misconduct in connection with the Services (other than an action or failure to act undertaken at the request or with the consent of the Debtors). The Debtors shall also, jointly and severally, reimburse such Indemnified Person for all Expenses as they are incurred in connection with enforcing such Indemnified Persons' rights under the Agreement (including without limitation its rights under this Schedule I). Such Indemnified Person shall reasonably cooperate, at the cost of the Debtors, with the defense of any Actions.

Upon receipt by an Indemnified Person of actual notice of an Action against such Indemnified Person with respect to which indemnity may be sought under the Agreement, such Indemnified Person shall promptly notify the Debtors and the Equity Committee in writing; provided that failure to so notify the Debtors and the Equity Committee shall not relieve the Debtors from any liability which the Debtors or any other person may have on account of this indemnity or otherwise, except to the extent the Debtors shall have been materially prejudiced by such failure. The Debtors shall, upon receipt of notice, assume the defense of any such Action including the employment of counsel reasonably satisfactory to Teneo. Any Indemnified Person shall have the right to employ separate counsel in any Action and participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Indemnified Person, unless: (i) the Debtors have failed promptly to assume the

defense and employ counsel or (ii) the named parties to any such Action (including any impleaded parties) include such Indemnified Person and the Debtors, and such Indemnified Person shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to the Debtors; provided that the Debtors shall not in such event be responsible hereunder for the fees and expenses of more than one separate counsel in connection with any Action in the same jurisdiction, in addition to any local counsel. The Debtors shall not be liable for any settlement of any Action effected without its written consent (which shall not be unreasonably withheld, conditioned or delayed). In addition, the Debtors will not, without prior written consent of Teneo (which shall not be unreasonably withheld, conditioned or delayed), settle, compromise or consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened Action in respect of which indemnification or contribution may be sought hereunder (whether or not any Indemnified Person is a party thereto) unless such settlement, compromise, consent or termination includes an unconditional release of such Indemnified Person from all liabilities arising out of such Action.

If any indemnification sought by an Indemnified Person pursuant to the terms hereof is held by a court of competent jurisdiction to be unavailable for any reason or insufficient to hold such Indemnified Person harmless, then the Debtors and Teneo will contribute to the Liabilities and Expenses for which such indemnification is held unavailable or insufficient (1) in such proportion as is appropriate to reflect the relative benefits received (or anticipated) from the proposed transaction by the Debtors on the one hand and the Indemnified Person on the other, in connection with Teneo's engagement referred to above (whether or not the transaction contemplated by the engagement is consummated) or (2) if (but only if) the allocation provided in clause (1) is for any reason unenforceable, in such proportion as is appropriate to reflect not only the relative benefits received (or anticipated) from the proposed transaction by the Debtors on the one hand and the Indemnified Person on the other, but also the relative fault of the Debtors and the Indemnified Person, as well as any other relevant equitable considerations, in each case subject to the limitation that the contribution by Teneo will not exceed the amount of fees actually received by Teneo pursuant to Teneo's engagement.  It is hereby agreed that the relative benefit to the Debtors on the one hand and Teneo on the other, with respect to Teneo's engagement, shall be deemed to be in the same proportion as (1) the total value paid or proposed to be paid or received by the Debtors in connection with any sale transaction, whether or not consummated, or the total value received or proposed to be received by the Debtors' creditors and its stockholders in connection with any restructuring, for which Teneo is engaged to render financial advisory services bears to (2) all fees actually received by Teneo in connection with such engagement (excluding reimbursable expenses).

No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Debtors or the Equity Committee for or in connection with advice or services rendered or to be rendered by any Indemnified Person pursuant to the Agreement, the transactions contemplated thereby or any Indemnified Person's actions or inactions in connection with any such advice, services or transactions except for Liabilities (and related Expenses) of the Debtors or the Equity Committee that are determined by a final judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to have resulted solely from such Indemnified Person's gross negligence or willful misconduct in connection with any such advice, actions, inactions or services (other than an action or failure to act undertaken at the request or with the consent of the Debtors).

These indemnification, contribution and other provisions of this Schedule I shall (i) remain operative and in full force and effect regardless of any termination of the Agreement or completion of the engagement by Teneo; (ii) inure to the benefit of any successors, assigns, heirs or personal representative of any Indemnified Person; and (iii) be in addition to any other rights that any Indemnified Person may have.

ORDERED.

**Dated: August 17, 2016**

_(signature)_

Paul M. Glenn
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

        Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

### ORDER GRANTING MOTION TO ESTABLISH PROCEDURES TO PERMIT MONTHLY PAYMENT OF INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS

THIS PROCEEDING came on for hearing on August 2, 2016, on the Debtors'

Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications

of Chapter 11 Professionals [D.E. 89] ("Motion").

Accordingly, it is

**ORDERED:**

1.     The Motion is GRANTED.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

**Exhibit A**

2.      On or before the 15th day of each month following the month for which compensation is sought, each Professional whose employment was approved by order of this Court authorized to seek compensation may serve a monthly statement, by email to the United States Trustee, counsel for the Debtors, counsel for any appointed committee, if any, counsel for the secured creditors Lang, Fenge, Haiping Zou, and Jihie Zhang, and any other party that the Court may designate (collectively, the "Service Parties").

3.      The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers because this Order is not intended to alter the fee application requirements outlined in Sections 330 and 331 of the Bankruptcy Code because professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, and the Bankruptcy Rules.

4.      Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the Professional and paraprofessional time spent (in sufficient detail to allow the review of the time by the Service Parties), which shall ordinarily be for services rendered through a particular calendar month.

5.      Each Service Party receiving a statement may object to the payment of the fees and the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Service Parties on or before the 25th day of the month in which the statement is received.  The objection shall state the

2

**Exhibit A**

nature of the objection and identify the amount of the fees or costs to which objection is made.  The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

6.     In absence of any timely objection, the Debtors are authorized to pay up to 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection had been timely made in accordance with paragraph 5 of this Order.

7.     If the Debtors receive an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph 6 above.  All Professionals subject to this Order will establish a separate billing number for any time spent on the resolution of fee disputes.  Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement, but may only be sought and paid upon the filing of an interim fee application as set forth in paragraph 11 below and after order of the Court.

8.     Similarly, if parties to an objection are able to resolve their dispute, then the Debtors are authorized to pay that portion of the fee statement that is no longer subject to an objection, if the party whose statement was objected to serves on the Service Parties a statement indicating that the objection was withdrawn and describing in detail the terms of the resolution.

9.     Any objections that are not resolved by the parties would be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.

**Exhibit A**

10.     The service of an objection in accordance with paragraph 5 of this Order shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Further, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

11.     Unless the Court orders otherwise, each of the Professionals utilizing the procedures described in this Order shall file interim fee applications, for the amount of fees and costs sought in paragraph 6 above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code.

12.     A Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

13.     A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

14.     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

Exhibit A

15.     The Debtors shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

16.     The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930.  Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by this Court.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     Upon motion or application, and after due notice to all parties set forth on the Court's mailing matrix, additional professionals employed by the Debtors or a committee may be authorized to participate in modified interim compensation procedures as set forth in this Order.

19.     All Professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: *I hereby certify that I am in compliance with the terms of the Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals*.

20.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

### 

Copies furnished to:

Daniel F. Blanks, Esq.

Attorney Daniel F. Blanks is directed to serve a copy of this Order on all non-CM/ECF interested parties and file a proof of service within 3 days of entry of the Order.

~#4846-3582-6485 v.1 ~

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLROIDA**
**www.flmb.uscourts.gov**

**EXPENSE REIMBURSEMENT GUIDELINES**

Consistent with Local Rule 2016-1(e) and Bankruptcy Rule 2016, this expense reimbursement guideline is intended to serve as a guide to professionals who submit employment and expense applications to the Court.  Reimbursement for expenses is confined to the actual and reasonable expenses that are necessary to perform the assignment. Any application for reimbursement must be supported by documentation as appropriate.

Factors relevant to a determination that the expense is proper include the following:

1.  **Reasonable and Economical**. Whether the expense is reasonable and economical. (For example, first class and other luxurious travel mode or accommodations will normally be objectionable.)

2.  **Standard Practices**. Whether the requested expenses are customarily charged to non-bankruptcy clients of the applicant. The Court will consider the customary practice of the firm in charging or not charging non-bankruptcy clients for particular expense items. The practice should remain consistent regardless of the client. The Court recognizes that there will be differences in billing practices among professionals.

3.  **Documentation**. Whether the applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (*e.g.,* type of travel, type of fare, rate, destination), and the method of computation.

4.  **Unusual Items.** Whether the applicant has explained unusual items in greater detail.

5.  **Proration**. Whether the applicant has prorated expenses where appropriate between the estate and other cases (*e.g.,* travel expenses applicable to more than one case) and has adequately explained the basis for any such proration.

6.  **Actual Cost.** Whether expenses incurred by the applicant to third parties are limited to the <u>actual</u> amounts billed to, or paid by, the applicant on behalf of the estate.

**Types of Reimbursable Travel and Expenses**

- Common carrier fees (coach), rental car fees (small and mid-size vehicles only), mileage calculated using the Internal Revenue Service's current optional standard mileage rate, tolls, and parking costs (but not parking or violation tickets).

- Ground transportation such as taxis, buses, and subways.

**Exhibit A**

- Tips to porters and baggage handlers.

- Meals and gratuities.

- Lodging.

- The actual cost of office supplies, facsimile, and copy services.

    o   Internal photocopy expenses must be reasonable, not to exceed $0.15 per page.

    o   External photocopy expenses are reimbursable at cost.

    o   Facsimiles should not exceed $1.00 per page received.

- Postage.

- Messenger services, where necessity is shown.

- Computerized research (with supporting documentation, identified by client and matter).

## **<u>Expenses Not Subject to Reimbursement</u>**

- Personal hotel expenses, such as movie rentals or gym fees.

- Alcohol and entertainment expenses.

- Repairs and maintenance work for personal vehicles.

- Office overhead expenses not particularly attributable to an individual client or case (such as word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges).

- Paralegal services (although not reimbursed as an expense, may be compensated as a paraprofessional under 11 U.S.C. § 330).

- Expenses exceeding the actual amount incurred to the applicant.

- Other professional services incurred without approval. A professional employed under 11 U.S.C. § 327 may not employ, and charge as an expense, another professional (i.e., special litigation counsel employing an expert witness) unless the employment is approved by the Court *prior* to rendering the employment.

**Exhibit A**

**Exhibit B**

Lincoln Engagement Letter



Lincoln Partners Advisors LLC
500 West Madison Street
Suite 3900
Chicago, IL 60661

tel    312 580 8339
fax    312 580 8317
www.lincolninternational.com

May 30, 2017

***<u>Privileged and Confidential</u>***

To:  The Official Equity Committee of Equity Security Holders of Premier Exhibitions, Inc.

Dear Equity Committee Members:

This letter agreement confirms the understanding and agreement (the "***Agreement***") by and between Lincoln Partners Advisors LLC, an Illinois limited liability company ("***Lincoln Advisors***"), and the Official Equity Committee of Equity Security Holders (the "***Equity Committee***") of Premier Exhibitions, Inc., Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc., the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG (collectively with any entity formed or used for the purpose set forth herein, the "***Debtors***"), retroactively effective as of April 3, 2017 (the "Effective Date").  Lincoln Advisors and Teneo each acknowledge and agree that this Agreement and the Indemnification Agreement annexed hereto as Schedule I are both subject to Bankruptcy Court (defined below) approval and the terms of the order of the Bankruptcy Court approving Lincoln Advisors' retention. Reference is made to the certain letter agreement dated October 20, 2016 between Teneo Securities LLC, a Delaware limited liability company ("***Teneo***") and the Equity Committee (as amended from time to time, the "***Teneo Engagement Letter***").  The Equity Committee acknowledges that Brent C. Williams ("***Williams***") and Brendan J. Murphy ("*<u>Murphy</u>*"), formerly Managing Directors at Teneo who provided services under the Teneo Engagement Letter, became Managing Directors at Lincoln Advisors as of the Effective Date and are providing services under this Agreement on behalf of Lincoln Advisors as of the Effective Date forward, and that services for the Equity Committee below the Managing Director level will continue to be provided by Teneo employees under the Teneo Engagement Letter, specifically by Jeremy DeKoe ("***DeKoe***").  Lincoln Advisors and Teneo agree to coordinate with each other to provide the services set out herein and in the Teneo Engagement Letter, as applicable.  In addition, the parties hereto agree that the Teneo Engagement Letter shall remain in full force and effect except as amended pursuant to the Amendment Agreement dated as of May 30, 2017 between Teneo and the Equity Committee.

1.  **Engagement**.  Lincoln Advisors is being retained to provide financial advisory services for the Equity Committee in connection with the Debtors' restructuring and Chapter 11 cases (the "***Chapter 11 Cases***"), including the analysis, consideration and potential development of a Chapter 11 plan or plans of reorganization, before the United States Bankruptcy Court for the Middle District of Florida (the "***Bankruptcy Court***").  Upon retention, Lincoln Advisors will work at the direction of the Equity Committee to:

Lincoln Partners
Advisors

a. Review and analyze the Debtors' operations, assets, financial condition, business plan, strategy, and operating forecasts;

b. Evaluate the assets and liabilities of the Debtors and evaluate the Debtors' strategic and financial alternatives;

c. Assist in the determination of an appropriate go-forward capital structure for the Debtors;

d. Analyze and assist with any proposed financing(s), including assistance with obtaining debtor in possession and/or exit financing;

e. Assist the Equity Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring, plan of reorganization, or sale transaction, including the value of the securities, if any, that may be issued to the Equity Committee under any such restructuring, plan of reorganization, or sale transaction;

f. Analyze any merger, divestiture, joint-venture, or investment transaction, including the proposed structure and form thereof;

g. Analyze any new debt or equity capital (including advice on the nature and terms of new securities) and assist with obtaining new debt or equity capital;

h. Assist in the evaluation and investigation of prepetition transactions in which the Debtors and/or their insiders were involved;

i. If requested by the legal counsel to the Equity Committee, prepare report(s) with respect to any and all proposed financings, the valuation of the Debtors (as a going concern or otherwise) or any specific assets of the Debtors, or proposed merger, divestiture, joint-venture, or investment transaction;

j. Provide the Equity Committee with other appropriate general restructuring advice as the Equity Committee and its counsel deems appropriate; and

k. Testify in connection with Lincoln Advisors' provision of any of the above-mentioned services in the Bankruptcy Court or other court.

The services and compensation arrangements set forth herein do not encompass any other investment banking or financial advisory services not set forth in this paragraph 1. Notwithstanding anything contained in this Agreement to the Contrary, Lincoln Advisors shall have no responsibility for designing or implementing any initiatives to improve the Debtors' operations, profitability, cash management or liquidity or provide any "crisis management" services for the Debtors or any other party. Lincoln Advisors makes no representations or warranties about the Debtors' ability to (i) successfully improve its

LincolnPartners
Advisors

operations, (ii) maintain or secure sufficient liquidity to operate its business, or (iii) successfully complete a restructuring, sale transaction or plan of reorganization.

2. **Term of Agreement**. This Agreement shall commence upon its execution by both parties and shall continue until (i) either party gives 30 days prior written notice of termination to the other party, (ii) the effective date of a confirmed plan in the Chapter 11 cases, or (iii) as otherwise ordered by the Bankruptcy Court or agreed by Lincoln Advisors and the Equity Committee. Upon any termination, the provisions of Paragraph 3 (to the extent applicable) shall survive the termination of this Agreement to the extent such provisions relate to the payment of fees due on or before the effective date of termination. The provisions of Paragraphs 2, 3, 5, 6, 7, 8, 9, 11, 12 and 13 shall survive the termination of this Agreement and shall remain in effect.

3. **Fees and Expenses**.

All fees and expenses hereunder shall be paid subject to application to the Bankruptcy Court pursuant to the court-approved compensation procedures and allowance by the Bankruptcy Court.

   a) Compensation: The Debtors shall pay Teneo on an hourly basis based upon the time incurred by Teneo's and Lincoln Advisors' professionals in providing the services under this Agreement to the Equity Committee as follows:

| *Title / Hourly Rates:* | |
| --- | --- |
| Brent C. Williams, Senior Managing Director | $565 |
| Brendan J. Murphy, Managing Director | $525 |
| Analyst to Vice President | $320 to $480 |

Notwithstanding the above hourly rates, Lincoln Advisors and Teneo hereby agree to cap all fees for any given month at no more than $25,000 (the "Monthly Fee Cap"). In the event that Jeremy DeKoe ceases to provide services to the Equity Committee under the Teneo Engagement Letter, the Debtors shall thereafter pay the compensation set out in this Paragraph 3(a) to Lincoln Advisors instead of Teneo, and Teneo and Lincoln Advisors agree to provide joint notice as soon as practicable to the Equity Committee and Debtors upon the occurrence of such event.

   b) Equity Distribution Fee:  In the event there is a distribution to the Debtors' equityholders, Teneo and Lincoln Advisors shall be entitled to allocation based on the amount of the cash, cash equivalent or value of equity distributed as follows:

1.00% of the first $20 million, plus

1.25% of the amount of between $20 million and $40 million, plus

1.50% of the amount above $40 million. (the "Equity Distribution Fee")

The Equity Distribution Fee shall be paid by the Debtors as follows: 50% to Lincoln

LincolnPartners
Advisors

Advisors (or a designated US affiliate thereof) and 50% to Teneo.    Aggregate Consideration, for purposes of calculating the Equity Distribution Fee, shall be deemed to be the total amounts paid to or otherwise realized by, the Debtors' equity security holders in connection with the Restructuring or any transaction related thereto.

In the event that the aggregate consideration to equity holders comprises securities, in whole or in part, the value of such securities, for purposes of calculating the Equity Distribution Fee, shall be the fair market value thereof, as the Debtors and the Equity Committee shall mutually agree (and in the event of no mutual agreement, as determined by the Bankruptcy Court), on the day prior to the public announcement of such Restructuring; provided, however, that the value of securities with an existing public trading market shall be determined by the average of the last sales prices for such securities on the five trading days ending five days prior to the consummation of the transaction in question.

It is further agreed that if, at any time during the period commencing on the effective date of termination of this Agreement in accordance with Paragraph 2 and ending 6 months from the date thereto, either the Debtors effect a distribution to its equity holders, or enters into an agreement (or reaches an agreement in principle) in respect thereof, in each case Lincoln Advisors and Teneo will be entitled to allocation calculated in accordance with this Paragraph 3(b).

c) Expense Reimbursement: Lincoln Advisors shall be entitled to monthly reimbursement of reasonable documented out-of-pocket expenses incurred in connection with Lincoln Advisors' services to be provided under this Agreement, as permitted by applicable rules and guidelines of the Bankruptcy Court and the Office of the United States Trustee, and by the Court's Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [Docket 141] and the Expense Reimbursement Guidelines for the United States Bankruptcy Court for the Middle District of Florida, attached hereto as **Exhibit A.**

d) No Third Party Fees: No fee payable to any third party, by the Debtors, the Equity Committee or any other person or entity, shall reduce or otherwise affect any fee payable hereunder to Lincoln Advisors or Teneo.

e) Out-of-pocket expenses shall include, but not be limited to all reasonable documented travel expenses, meals, computer and database research charges, reasonable documented outside attorney fees (including, without limitation, engagement documentation and similar pleadings by outside counsel), messenger services and long-distance telephone calls incurred by Lincoln Advisors in connection with the services to be provided to the Equity Committee and as permitted by applicable rules and guidelines of the Bankruptcy Court and the Office of the United States Trustee and by the Court's Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [Docket 141] and the Expense Reimbursement Guidelines for the



United States Bankruptcy Court for the Middle District of Florida, attached hereto as **Exhibit A.** Lincoln Advisors will not seek reimbursement for non-working travel time.

4. **Company and Third Party Information**. The Equity Committee recognizes and confirms that in rendering services hereunder, Lincoln Advisors will be using and relying on, and assuming the accuracy of, without any independent verification, data, material and other information (collectively, the "***Information***") furnished to Lincoln Advisors by or on behalf of the Equity Committee, the Debtors or other third parties (including their agents, counsel, employees and representatives). The Equity Committee understands that Lincoln Advisors will not be responsible for independently verifying the accuracy of the Information provided to Lincoln Advisors and shall not be liable for inaccuracies in any such Information. Unless required by subpoena or other valid legal or regulatory process, and prior written notice is provided to you so that you may challenge such disclosure, Lincoln Advisors will not disclose to any third party (other than Lincoln Advisors' or the Equity Committee's counsel) any portion of the Information provided by the Equity Committee which constitutes confidential, proprietary or trade secret information except in furtherance of the Equity Committee's engagement hereunder; provided that Lincoln Advisors may disclose Information provided by the Debtors to anyone who has executed a non-disclosure agreement with the Debtors. Lincoln Advisors will not use such confidential Information for any purpose other than pursuant to Lincoln Advisors' engagement hereunder. In evaluating potential parties to a transaction, Lincoln Advisors will be using publicly available information; information contained in public reports provided by third party vendors (such as Dun & Bradstreet, Inc.); and information furnished to Lincoln Advisors by such potential parties to a transaction. Lincoln Advisors does not assume responsibility for the accuracy or completeness of any information regarding any potential parties to a transaction.

5. **Indemnification**. The Debtors shall provide indemnification and other obligations set forth in Schedule I hereto, which is an integral part hereof and is hereby incorporated by reference. The Equity Committee hereby agrees to use its best efforts to cause to be included in any reorganization or liquidation plan (a) provisions releasing Lincoln Advisors from and (b) provisions indemnifying Lincoln Advisors against, any liability or expense and related defense costs related to this engagement, all pursuant to language no less favorable to Lincoln Advisors in any material respect than that set forth in Schedule I.

6. **Bankruptcy Court Approval**. This Agreement is subject to the entry of an order by the Bankruptcy Court in the Chapter 11 Cases approving the retention of Lincoln Advisors pursuant to the terms hereof. The Equity Committee shall use commercially reasonable efforts to obtain authorization of the retention of Lincoln Advisors pursuant to, and subject to the standards set forth in, Section 328(a) of the Bankruptcy Code (and not subject to the standards of review set forth in Section 330 of the Bankruptcy Code), *nunc pro tunc* to April 3, 2017, on the terms and provisions in this Agreement. The Equity Committee shall supply Lincoln Advisors with a draft of the retention application and proposed order prior to the filing of such application and proposed order to enable Lincoln Advisors and its

**Lincoln**Partners
Advisors

counsel to review and comment thereon. The order approving the Agreement and authorizing the retention shall be acceptable to Lincoln Advisors in its sole and absolute discretion.

7. **Limited Role; No Additional Services**.   In performing its services pursuant to this Agreement, Lincoln Advisors is not assuming any responsibility for the decision of the Debtors or any third party to pursue (or not to pursue) any business strategy or to effect (or not to effect) any restructuring, sale transaction or other transaction.

8. **No Commitment**. It is understood and agreed that nothing contained in this Agreement would constitute an express or implied commitment by Lincoln Advisors or any of its respective affiliates to underwrite, place or purchase any securities in a financing or otherwise, which commitment shall only be set forth in a separate agreement relating to the financing, and this Agreement does not constitute any representation, warranty or agreement that any transaction will be available.

9. **Engagement & Reliance**.   The Equity Committee recognizes that Lincoln Advisors has been retained only by the Equity Committee and that the Equity Committee's engagement of Lincoln Advisors is not deemed to be on behalf of and is not intended to and does not confer rights upon the Debtors or any of their shareholders, partners or other owners, employees or representatives of the Debtors, or any individual members of the Equity Committee.  Unless otherwise expressly agreed, no one other than the Equity Committee is authorized to rely upon the engagement of Lincoln Advisors or any statements, advice, opinions or conduct by Lincoln Advisors.   The Equity Committee agrees that Lincoln Advisors is acting as an independent contractor to perform the services for the Equity Committee contemplated by this Agreement and neither this Agreement nor Lincoln Advisors' services to the Equity Committee shall create any fiduciary or agency relationship with the Equity Committee, the Debtors or any other party (including but not limited to Teneo).  In addition, the Equity Committee agrees that Lincoln Advisors shall have no responsibility or liability for services provided by, or the actions or omissions of, Teneo or its affiliates, including, without limitation, the services provided by, or the actions or omissions of, Williams and Murphy prior to the Effective Date and any services provided by, or any or omissions of, Jeremy DeKoe or any employee or representative of Teneo (or its affiliates).

10. **Use of Affiliates**. In connection with the services to be provided hereunder, Lincoln Advisors may employ the services of its affiliates and may share with any such entity any information concerning the Equity Committee or the Debtors; provided, however, that Lincoln Advisors and such entities shall hold any non-public information confidential in accordance with their respective customary policies relating to non-public information. Any such entity so employed shall be entitled to all of the benefits afforded to Lincoln Advisors hereunder and under the indemnification provisions hereof and shall be entitled to be reimbursed for its costs and expenses on the same basis as Lincoln Advisors. Without limiting the generality of the foregoing, Lincoln Advisors reserves the right to assign certain rights and obligations under this Letter Agreement, including, without limitation, activities that require broker-dealer registration and related fees, to its US Affiliate, Lincoln International LLC, as they relate to the broker-dealer activities and services to be provided under this Agreement. The Equity Committee acknowledges that this Letter Agreement is

being entered into with Lincoln Advisors, an Illinois limited liability company. The Company agrees that it has contracted solely with Lincoln Advisors and shall have no recourse to any Lincoln Advisors affiliate, but shall look solely to Lincoln Advisors, for performance of the terms and conditions hereof. Lincoln Advisors may obtain assistance from its affiliates for the provision of services hereunder but such affiliates shall have no liability to the Equity Committee, the Debtors, or their creditors or affiliates, with respect to the engagement contemplated hereby.

11. **Entire Agreement; Miscellaneous**. This Agreement (together with the Teneo Engagement Letter with respect to Teneo and the Equity Committee) represents the entire Agreement among the parties and may not be modified except in writing signed by all parties. This Agreement may be executed in counterparts, each of which shall constitute an original and all of which will constitute one and the same instrument. Such counterparts may be delivered by one party to the other by facsimile or other electronic transmission, and such counterparts will be valid for all purposes. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. This Agreement may not be assigned by the Equity Committee without the prior written consent of Lincoln Advisors and Teneo. This Agreement may not be amended or modified, nor may any provision be waived, except in writing signed by each of the parties. THE EQUITY COMMITTEE AND LINCOLN ADVISORS EACH WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, CLAIM, SUIT OR PROCEEDING WITH RESPECT TO THE ENGAGEMENT OF LINCOLN ADVISORS UNDER THIS LETTER AGREEMENT OR ITS ROLE IN CONNECTION HEREWITH.

12. **Publicity**. The Equity Committee acknowledges and agrees that Lincoln Advisors may, at its option and expense, place a customary "tombstone" announcement in such newspapers and periodicals as it may choose, describing its services in connection with any transaction.

13. **Governing Law**. This Agreement will be governed by, and construed in accordance with, the laws of the State of New York without regard to the provisions, policies or principals thereof relating to choice or conflicts of law. Each of the parties hereto agrees to submit any claim or dispute arising out of or related to this Agreement to the Bankruptcy Court in the Chapter 11 Cases. If the Bankruptcy Court declines to assert jurisdiction over such proceedings or if the reference is withdrawn to the United States District Court, then such proceedings shall be heard and determined in any Florida state or federal court of competent jurisdiction sitting in Jacksonville, Florida, to whose jurisdiction each of the parties hereto hereby irrevocably submit. Nothing in this paragraph shall pertain to or affect the authority of a bankruptcy court having jurisdiction over the Debtors to consider and rule upon Lincoln Advisors' applications for interim or final compensation pursuant to this Agreement.

14. **Other Matters**. If this letter correctly sets forth our Agreement on the matters covered herein, please so indicate by signing and returning the enclosed copy of this letter and signing and retaining the duplicate we are enclosing for your records. Upon execution by the parties, this letter will constitute a legally binding Agreement among the Equity Committee, Lincoln Advisors and Teneo.

LincolnPartners Advisors

We trust the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to us at your earliest convenience.

LINCOLN PARTNERS ADVISORS LLC

By:__________________

Name: Brent C. Williams

Title: Managing Director

THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC.

By:__________________

Name: Andrew Shapiro

Title: Chairman

Acknowledged by:

TENEO SECURITIES LLC

By:__________________

Name: Henry van Dyke

Title: CEO

LincolnPartners
Advisors

<u>**Schedule I**</u>

     This Schedule I is a part of and is incorporated into that certain letter agreement (the "***Agreement***") dated as of October 20, 2016 by and between the Official Committee of Equity Security Holders (the "***Equity Committee***") of Premier Exhibitions, Inc., Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc., the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG (collectively with any entity formed or used for the purpose set forth herein, the "***Debtors***", and Lincoln Partners Advisors LLC, an Illinois limited liability company ("***Lincoln Advisors***"). Capitalized terms not defined herein shall have the same meaning assigned in the Agreement.

     The Debtors shall, jointly and severally, indemnify and hold harmless Lincoln Advisors and its affiliates and their respective directors, officers, employees, members, attorneys, other agents and consultants appointed by any of the foregoing and each other person, if any, directly or indirectly controlling Lincoln Advisors or any of its affiliates (Lincoln Advisors and each such person and entity being referred to as an "***Indemnified Person***"), from and against any losses, claims, damages, judgments, assessments, costs and other liabilities (collectively, "***Liabilities***") arising out of or in connection with advice or services rendered or to be rendered by an Indemnified Person pursuant to the Agreement or advice or services rendered or to be rendered by Teneo, any transaction contemplated thereunder or any Indemnified Persons' actions or omissions (or the actions or omissions of Teneo or its affiliates including, without limitation, the services provided by, or the actions or omissions of, Williams and Murphy prior to the Effective Date and any services provided by, or any or omissions of, Jeremy DeKoe or any employee or representative of Teneo (or its affiliates)) in connection with any such advice, services or transaction (the "***Services***"), and will reimburse each Indemnified Person for all reasonable documented fees and expenses (including the reasonable documented fees and expenses of outside counsel) (collectively, "***Expenses***") as they are incurred in investigating, preparing or defending any claim, action, proceeding or investigation, whether or not in connection with pending or threatened litigation and whether or not any Indemnified Person is a party relating to the Services (collectively, "***Actions***"); provided that the Debtors will not be responsible for any Liabilities or Expenses of any Indemnified Person that are determined by a final judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to have resulted primarily from such Indemnified Person's gross negligence or willful misconduct in connection with the Services (other than an action or failure to act undertaken at the request or with the consent of the Debtors). The Debtors shall also, jointly and severally, reimburse such Indemnified Person for all Expenses as they are incurred in connection with enforcing such Indemnified Persons' rights under the Agreement (including without limitation its rights under this Schedule I). Such Indemnified Person shall reasonably cooperate, at the cost of the Debtors, with the defense of any Actions.

     Upon receipt by an Indemnified Person of actual notice of an Action against such Indemnified Person with respect to which indemnity may be sought under the Agreement, such Indemnified Person shall promptly notify the Debtors and the Equity Committee in writing; provided that failure to so notify the Debtors and the Equity Committee shall not relieve the



Debtors from any liability which the Debtors or any other person may have on account of this indemnity or otherwise, except to the extent the Debtors shall have been materially prejudiced by such failure. The Debtors shall, upon receipt of notice, assume the defense of any such Action including the employment of counsel reasonably satisfactory to Lincoln Advisors; provided that the Debtors shall not have the right to assume the defense of any Action to the extent involving equitable relief against an Indemnified Person. Any Indemnified Person shall have the right to employ separate counsel in any Action and participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Indemnified Person, unless: (i) the Debtors have failed promptly to assume the defense and employ counsel or (ii) the named parties to any such Action (including any impleaded parties) include such Indemnified Person and the Debtors, and such Indemnified Person shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to the Debtors; provided that the Debtors shall not in such event be responsible hereunder for the fees and expenses of more than one separate counsel in connection with any Action in the same jurisdiction, in addition to any local counsel. The Debtors shall not be liable for any settlement of any Action effected without its written consent (which shall not be unreasonably withheld, conditioned or delayed). In addition, the Debtors will not, without prior written consent of Lincoln Advisors (which shall not be unreasonably withheld, conditioned or delayed), settle, compromise or consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened Action in respect of which indemnification or contribution may be sought hereunder (whether or not any Indemnified Person is a party thereto) unless such settlement, compromise, consent or termination includes an unconditional release of such Indemnified Person from all liabilities arising out of such Action.

If any indemnification sought by an Indemnified Person pursuant to the terms hereof is held by a court of competent jurisdiction to be unavailable for any reason or insufficient to hold such Indemnified Person harmless, then the Debtors and Lincoln Advisors will contribute to the Liabilities and Expenses for which such indemnification is held unavailable or insufficient (1) in such proportion as is appropriate to reflect the relative benefits received (or anticipated) from the proposed transaction by the Debtors on the one hand and the Indemnified Person on the other, in connection with Lincoln Advisors' engagement referred to above (whether or not the transaction contemplated by the engagement is consummated) or (2) if (but only if) the allocation provided in clause (1) is for any reason unenforceable, in such proportion as is appropriate to reflect not only the relative benefits received (or anticipated) from the proposed transaction by the Debtors on the one hand and the Indemnified Person on the other, but also the relative fault of the Debtors and the Indemnified Person, as well as any other relevant equitable considerations, in each case subject to the limitation that the contribution by Lincoln Advisors will not exceed the amount of fees actually received by Lincoln Advisors pursuant to Lincoln Advisors' engagement.  It is hereby agreed that the relative benefit to the Debtors on the one hand and Lincoln Advisors on the other, with respect to Lincoln Advisors' engagement, shall be deemed to be in the same proportion as (1) the total value paid or proposed to be paid or received by the Debtors in connection with any sale transaction, whether or not consummated, or the total value received or proposed to be received by the Debtors' creditors and its stockholders in connection with any restructuring, for which Lincoln Advisors is engaged to render financial advisory services bears to (2) all fees actually received by Lincoln Advisors in connection with such engagement (excluding reimbursable expenses).



No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Debtors or the Equity Committee for or in connection with advice or services rendered or to be rendered by any Indemnified Person pursuant to the Agreement, the transactions contemplated thereby or any Indemnified Person's actions or inactions in connection with any such advice, services or transactions except for Liabilities (and related Expenses) of the Debtors or the Equity Committee that are determined by a final judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to have resulted solely from such Indemnified Person's gross negligence or willful misconduct in connection with any such advice, actions, inactions or services (other than an action or failure to act undertaken at the request or with the consent of the Debtors).

These indemnification, contribution and other provisions of this Schedule I shall (i) remain operative and in full force and effect regardless of any termination of the Agreement or completion of the engagement by Lincoln Advisors; (ii) inure to the benefit of any successors, assigns, heirs or personal representative of any Indemnified Person; and (iii) be in addition to any other rights that any Indemnified Person may have.

ORDERED.

**Dated: August 17, 2016**

_____
Paul M. Glenn
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

                          Case No. 3:16-bk-02230-PMG
                          Chapter 11 (Jointly Administered)

          Debtors.

_____

### ORDER GRANTING MOTION TO ESTABLISH PROCEDURES
### TO PERMIT MONTHLY PAYMENT OF INTERIM FEE
### APPLICATIONS OF CHAPTER 11 PROFESSIONALS

THIS PROCEEDING came on for hearing on August 2, 2016, on the Debtors'

Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications

of Chapter 11 Professionals [D.E. 89] ("Motion").

Accordingly, it is

**ORDERED:**

    1.    The Motion is GRANTED.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

**Exhibit A to Engagement Letter**

2.      On or before the 15th day of each month following the month for which compensation is sought, each Professional whose employment was approved by order of this Court authorized to seek compensation may serve a monthly statement, by email to the United States Trustee, counsel for the Debtors, counsel for any appointed committee, if any, counsel for the secured creditors Lang, Fenge, Haiping Zou, and Jihie Zhang, and any other party that the Court may designate (collectively, the "Service Parties").

3.      The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers because this Order is not intended to alter the fee application requirements outlined in Sections 330 and 331 of the Bankruptcy Code because professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, and the Bankruptcy Rules.

4.      Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the Professional and paraprofessional time spent (in sufficient detail to allow the review of the time by the Service Parties), which shall ordinarily be for services rendered through a particular calendar month.

5.      Each Service Party receiving a statement may object to the payment of the fees and the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Service Parties on or before the 25th day of the month in which the statement is received. The objection shall state the

**Exhibit A to Engagement Letter**

nature of the objection and identify the amount of the fees or costs to which objection is made.  The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

6.      In absence of any timely objection, the Debtors are authorized to pay up to 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection had been timely made in accordance with paragraph 5 of this Order.

7.      If the Debtors receive an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph 6 above.  All Professionals subject to this Order will establish a separate billing number for any time spent on the resolution of fee disputes.  Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement, but may only be sought and paid upon the filing of an interim fee application as set forth in paragraph 11 below and after order of the Court.

8.      Similarly, if parties to an objection are able to resolve their dispute, then the Debtors are authorized to pay that portion of the fee statement that is no longer subject to an objection, if the party whose statement was objected to serves on the Service Parties a statement indicating that the objection was withdrawn and describing in detail the terms of the resolution.

9.      Any objections that are not resolved by the parties would be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.

**Exhibit A to Engagement Letter**

10.     The service of an objection in accordance with paragraph 5 of this Order shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection.  Further, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

11.     Unless the Court orders otherwise, each of the Professionals utilizing the procedures described in this Order shall file interim fee applications, for the amount of fees and costs sought in paragraph 6 above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code.

12.     A Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

13.     A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

14.     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

**Exhibit A to Engagement Letter**

15.     The Debtors shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

16.     The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930.  Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by this Court.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     Upon motion or application, and after due notice to all parties set forth on the Court's mailing matrix, additional professionals employed by the Debtors or a committee may be authorized to participate in modified interim compensation procedures as set forth in this Order.

19.     All Professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: *I hereby certify that I am in compliance with the terms of the Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals*.

**Exhibit A to Engagement Letter**

20.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.


### ###


Copies furnished to:

Daniel F. Blanks, Esq.


Attorney Daniel F. Blanks is directed to serve a copy of this Order on all non-CM/ECF interested parties and file a proof of service within 3 days of entry of the Order.


~#4846-3582-6485 v.1 ~

**Exhibit A to Engagement Letter**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLROIDA**
**www.flmb.uscourts.gov**

**EXPENSE REIMBURSEMENT GUIDELINES**

Consistent with Local Rule 2016-1(e) and Bankruptcy Rule 2016, this expense reimbursement guideline is intended to serve as a guide to professionals who submit employment and expense applications to the Court. Reimbursement for expenses is confined to the actual and reasonable expenses that are necessary to perform the assignment. Any application for reimbursement must be supported by documentation as appropriate.

Factors relevant to a determination that the expense is proper include the following:

1.  **Reasonable and Economical**. Whether the expense is reasonable and economical. (For example, first class and other luxurious travel mode or accommodations will normally be objectionable.)

2.  **Standard Practices**. Whether the requested expenses are customarily charged to non-bankruptcy clients of the applicant. The Court will consider the customary practice of the firm in charging or not charging non-bankruptcy clients for particular expense items. The practice should remain consistent regardless of the client. The Court recognizes that there will be differences in billing practices among professionals.

3.  **Documentation**. Whether the applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (*e.g.,* type of travel, type of fare, rate, destination), and the method of computation.

4.  **Unusual Items.** Whether the applicant has explained unusual items in greater detail.

5.  **Proration**. Whether the applicant has prorated expenses where appropriate between the estate and other cases (*e.g.,* travel expenses applicable to more than one case) and has adequately explained the basis for any such proration.

6.  **Actual Cost.** Whether expenses incurred by the applicant to third parties are limited to the <u>actual</u> amounts billed to, or paid by, the applicant on behalf of the estate.

**Types of Reimbursable Travel and Expenses**

- Common carrier fees (coach), rental car fees (small and mid-size vehicles only), mileage calculated using the Internal Revenue Service's current optional standard mileage rate, tolls, and parking costs (but not parking or violation tickets).

- Ground transportation such as taxis, buses, and subways.

**Exhibit A to Engagement Letter**

- Tips to porters and baggage handlers.

- Meals and gratuities.

- Lodging.

- The actual cost of office supplies, facsimile, and copy services.

  o Internal photocopy expenses must be reasonable, not to exceed $0.15 per page.

  o External photocopy expenses are reimbursable at cost.

  o Facsimiles should not exceed $1.00 per page received.

- Postage.

- Messenger services, where necessity is shown.

- Computerized research (with supporting documentation, identified by client and matter).

## Expenses Not Subject to Reimbursement

- Personal hotel expenses, such as movie rentals or gym fees.

- Alcohol and entertainment expenses.

- Repairs and maintenance work for personal vehicles.

- Office overhead expenses not particularly attributable to an individual client or case (such as word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges).

- Paralegal services (although not reimbursed as an expense, may be compensated as a paraprofessional under 11 U.S.C. § 330).

- Expenses exceeding the actual amount incurred to the applicant.

- Other professional services incurred without approval. A professional employed under 11 U.S.C. § 327 may not employ, and charge as an expense, another professional (i.e., special litigation counsel employing an expert witness) unless the employment is approved by the Court *prior* to rendering the employment.

**Exhibit A to Engagement Letter**

**<u>Exhibit C</u>**

Invoices

## Lincoln Partners & Teneo Securities

## Premier Exhibitions, Inc.

### January 1, 2018 through December 31, 2018

# *Professional Fees*

*I hereby certify that Lincoln Partners Advisors LLC and Teneo Securities LLC are in compliance with the terms of the Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals.*

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL HOURS**
January 1, 2018 to January 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | 0.5 | 0.5 |
| 2 | MOR Analysis | 0.6 | 0.3 | 2.9 | 3.8 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | 0.3 | 4.7 | 5.0 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 1.2 | 1.2 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | 0.9 | 0.4 | - | 1.3 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 1.8 | 2.4 | 1.8 | 6.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1.7 | 3.9 | 1.6 | 7.2 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1.4 | 2.1 | 0.4 | 3.9 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | - | - | - |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | 0.5 | 2.8 | 3.3 |
| 15 | Bankruptcy Filings and Other Document Review | 1.2 | - | 0.8 | 2.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **7.6** | **9.9** | **16.7** | **34.2** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL FEES**
January 1, 2018 to January 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | $200.0 | $200.0 |
| 2 | MOR Analysis | 339.0 | 157.5 | 1,160.0 | 1,656.5 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | 157.5 | 1,880.0 | 2,037.5 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 480.0 | 480.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | 508.5 | 210.0 | - | 718.5 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 1,017.0 | 1,260.0 | 720.0 | 2,997.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 960.5 | 2,047.5 | 640.0 | 3,648.0 |
| 12 | Correspondence and/or Discussion(s) with Committee | 791.0 | 1,102.5 | 160.0 | 2,053.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | - | - | - |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | 262.5 | 1,120.0 | 1,382.5 |
| 15 | Bankruptcy Filings and Other Document Review | 678.0 | - | 320.0 | 998.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | $4,294.0 | $5,197.5 | $6,680.0 | **$16,171.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$16,171.5** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL HOURS**
February 1, 2018 to February 28, 2018

| | | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| Category # | Category Description | | | | |
| 1 | Admin / Professional Retention / Fee Application Preparation | - | 0.2 | 0.7 | 0.9 |
| 2 | MOR Analysis | - | 0.3 | 2.6 | 2.9 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | 0.3 | 18.8 | 19.1 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 3.5 | 3.5 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 2.0 | 2.0 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 18.5 | 21.4 | 2.1 | 42.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 0.8 | 3.7 | 6.9 | 11.4 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1.9 | 2.8 | 2.8 | 7.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | 0.2 | - | 0.2 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | 1.0 | 13.8 | 14.8 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 0.9 | 0.9 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **21.2** | **29.9** | **54.1** | **105.2** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL FEES**
February 1, 2018 to February 28, 2018

| | | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| Category # | Category Description | | | | |
| 1 | Admin / Professional Retention / Fee Application Preparation | - | $105.0 | $280.0 | $385.0 |
| 2 | MOR Analysis | - | 157.5 | 1,040.0 | 1,197.5 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | 157.5 | 7,520.0 | 7,677.5 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 1,400.0 | 1,400.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 800.0 | 800.0 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 10,452.5 | 11,235.0 | 840.0 | 22,527.5 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 452.0 | 1,942.5 | 2,760.0 | 5,154.5 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1,073.5 | 1,470.0 | 1,120.0 | 3,663.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | 105.0 | - | 105.0 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | 525.0 | 5,520.0 | 6,045.0 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 360.0 | 360.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | **$11,978.0** | **$15,697.5** | **$21,640.0** | **$49,315.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$25,000.0** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

**TOTAL HOURS**
March 1, 2018 to March 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | 0.6 | 1.3 | 2.0 | 3.9 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 0.5 | 0.5 |
| 5 | Financial Analysis (Historical / Projected) | - | 1.3 | 14.0 | 15.3 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 0.6 | 0.6 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 2.3 | 3.2 | 2.0 | 7.5 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | 0.6 | 0.6 |
| 11 | Correspondence and/or Discussion(s) with Counsel | 2.2 | 3.4 | 4.4 | 10.0 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1.2 | 1.5 | 1.7 | 4.4 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | - | 0.7 | 0.7 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | 2.6 | 3.5 | 12.6 | 18.7 |
| 15 | Bankruptcy Filings and Other Document Review | 0.7 | - | 5.2 | 5.9 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **9.6** | **14.2** | **44.3** | **68.1** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

**TOTAL FEES**
March 1, 2018 to March 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | 339.0 | 682.5 | 800.0 | 1,821.5 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 200.0 | 200.0 |
| 5 | Financial Analysis (Historical / Projected) | - | 682.5 | 5,600.0 | 6,282.5 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 240.0 | 240.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 1,299.5 | 1,680.0 | 800.0 | 3,779.5 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | 240.0 | 240.0 |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1,243.0 | 1,785.0 | 1,760.0 | 4,788.0 |
| 12 | Correspondence and/or Discussion(s) with Committee | 678.0 | 787.5 | 680.0 | 2,145.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | - | 280.0 | 280.0 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | 1,469.0 | 1,837.5 | 5,040.0 | 8,346.5 |
| 15 | Bankruptcy Filings and Other Document Review | 395.5 | - | 2,080.0 | 2,475.5 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | **$5,424.0** | **$7,455.0** | **$17,720.0** | **$30,599.0** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$25,000.0** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL HOURS**
April 1, 2018 to April 30, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | 0.7 | 0.9 | 2.4 | 4.0 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | 1.0 | 1.2 | 3.4 | 5.6 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 0.6 | 0.6 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 0.3 | 0.3 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 0.8 | 1.1 | 2.3 | 4.2 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 2.4 | 4.5 | 1.2 | 8.1 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1.2 | 1.0 | 1.8 | 4.0 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | 0.2 | 0.2 | 0.4 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | 4.0 | 4.5 | 6.0 | 14.5 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | - | - |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **10.1** | **13.4** | **18.2** | **41.7** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL FEES**
April 1, 2018 to April 30, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | 395.5 | 472.5 | 960.0 | 1,828.0 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | 565.0 | 630.0 | 1,360.0 | 2,555.0 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 240.0 | 240.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 120.0 | 120.0 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 452.0 | 577.5 | 920.0 | 1,949.5 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1,356.0 | 2,362.5 | 480.0 | 4,198.5 |
| 12 | Correspondence and/or Discussion(s) with Committee | 678.0 | 525.0 | 720.0 | 1,923.0 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | 105.0 | 80.0 | 185.0 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | 2,260.0 | 2,362.5 | 2,400.0 | 7,022.5 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | - | - |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | $5,706.5 | $7,035.0 | $7,280.0 | **$20,021.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$20,021.5** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL HOURS**
May 1, 2018 to May 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | 0.6 | 0.4 | 1.9 | 2.9 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 6.6 | 6.6 |
| 5 | Financial Analysis (Historical / Projected) | 1.0 | 0.4 | 3.8 | 5.2 |
| 6 | Cash Flow / Liquidity Analysis | - | - | - | - |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 0.4 | 0.8 | 0.7 | 1.9 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 2.8 | 3.2 | 1.8 | 7.8 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1.8 | 2.3 | 1.1 | 5.2 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | - | - | - |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | 0.7 | 2.7 | 2.5 | 5.9 |
| 15 | Bankruptcy Filings and Other Document Review | - | 0.4 | 1.7 | 2.1 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **7.3** | **10.2** | **20.1** | **37.6** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL FEES**
May 1, 2018 to May 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | 339.0 | 210.0 | 760.0 | 1,309.0 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 2,640.0 | 2,640.0 |
| 5 | Financial Analysis (Historical / Projected) | 565.0 | 210.0 | 1,520.0 | 2,295.0 |
| 6 | Cash Flow / Liquidity Analysis | - | - | - | - |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | 226.0 | 420.0 | 280.0 | 926.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1,582.0 | 1,680.0 | 720.0 | 3,982.0 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1,017.0 | 1,207.5 | 440.0 | 2,664.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | - | - | - |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | 395.5 | 1,417.5 | 1,000.0 | 2,813.0 |
| 15 | Bankruptcy Filings and Other Document Review | - | 210.0 | 680.0 | 890.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | $4,124.5 | $5,355.0 | $8,040.0 | **$17,519.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$17,519.5** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL HOURS**
June 1, 2018 to June 30, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | 0.6 | 0.3 | 2.0 | 2.9 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | 0.9 | 1.0 | 1.8 | 3.7 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 3.0 | 3.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 2.3 | 2.3 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | 0.3 | 2.3 | 2.6 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1.8 | 5.2 | 4.2 | 11.2 |
| 12 | Correspondence and/or Discussion(s) with Committee | 2.6 | 3.8 | 4.1 | 10.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | 0.5 | 0.5 | 0.6 | 1.6 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | 2.7 | 2.7 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 3.9 | 3.9 |
| 16 | Analysis of Claims | - | 0.8 | - | 0.8 |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **6.4** | **11.9** | **26.9** | **45.2** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL FEES**
June 1, 2018 to June 30, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | 339.0 | 157.5 | 800.0 | 1,296.5 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | 508.5 | 525.0 | 720.0 | 1,753.5 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 1,200.0 | 1,200.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 920.0 | 920.0 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | 157.5 | 920.0 | 1,077.5 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1,017.0 | 2,730.0 | 1,692.0 | 5,439.0 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1,469.0 | 1,995.0 | 1,640.0 | 5,104.0 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | 282.5 | 262.5 | 240.0 | 785.0 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | 1,080.0 | 1,080.0 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 1,560.0 | 1,560.0 |
| 16 | Analysis of Claims | - | 420.0 | - | 420.0 |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | **$3,616.0** | **$6,247.5** | **$10,772.0** | **$20,635.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$20,635.5** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

**TOTAL HOURS**

July 1, 2018 to July 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | - | - |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 0.4 | 0.4 |
| 5 | Financial Analysis (Historical / Projected) | - | - | 1.7 | 1.7 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 3.5 | 3.5 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 4.2 | 4.2 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | - | 0.2 | 0.2 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 2.5 | 5.8 | 3.3 | 11.6 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1.2 | 1.0 | 1.9 | 4.1 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | 0.9 | 1.2 | - | 2.1 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | 2.5 | 2.5 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 2.1 | 2.1 |
| 16 | Analysis of Claims | 0.5 | 0.8 | - | 1.3 |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | 0.9 | 0.9 |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **5.1** | **8.8** | **20.7** | **34.6** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

**TOTAL FEES**

July 1, 2018 to July 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | - | - |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 160.0 | 160.0 |
| 5 | Financial Analysis (Historical / Projected) | - | - | 680.0 | 680.0 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 1,400.0 | 1,400.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 1,680.0 | 1,680.0 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | - | 80.0 | 80.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1,412.5 | 3,045.0 | 1,320.0 | 5,777.5 |
| 12 | Correspondence and/or Discussion(s) with Committee | 678.0 | 525.0 | 760.0 | 1,963.0 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | 508.5 | 630.0 | - | 1,138.5 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | 1,000.0 | 1,000.0 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 840.0 | 840.0 |
| 16 | Analysis of Claims | 282.5 | 420.0 | - | 702.5 |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | 360.0 | 360.0 |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | **$2,881.5** | **$4,620.0** | **$8,280.0** | **$15,781.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$15,781.5** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

TOTAL HOURS

August 1, 2018 to August 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | 3.9 | 3.9 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 11.2 | 11.2 |
| 5 | Financial Analysis (Historical / Projected) | - | 1.1 | 2.1 | 3.2 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 3.4 | 3.4 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 0.8 | 0.8 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | - | 1.0 | 1.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 4.6 | 10.7 | 2.9 | 18.2 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1.2 | 1.1 | 2.3 | 4.6 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | 0.4 | 0.4 | 0.5 | 1.3 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | - | - |
| 15 | Bankruptcy Filings and Other Document Review | 2.0 | - | 2.3 | 4.3 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **8.2** | **13.3** | **30.4** | **51.9** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

TOTAL FEES

August 1, 2018 to August 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | 1,560.0 | 1,560.0 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 4,480.0 | 4,480.0 |
| 5 | Financial Analysis (Historical / Projected) | - | 577.5 | 840.0 | 1,417.5 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 1,360.0 | 1,360.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 320.0 | 320.0 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | - | 400.0 | 400.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 2,599.0 | 5,617.5 | 1,160.0 | 9,376.5 |
| 12 | Correspondence and/or Discussion(s) with Committee | 678.0 | 577.5 | 920.0 | 2,175.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | 226.0 | 210.0 | 200.0 | 636.0 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | - | - |
| 15 | Bankruptcy Filings and Other Document Review | 1,130.0 | - | 920.0 | 2,050.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | **$4,633.0** | **$6,982.5** | **$12,160.0** | **$23,775.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$23,775.5** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

**TOTAL HOURS**
September 1, 2018 to September 30, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | 1.7 | 1.7 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 3.3 | 3.3 |
| 5 | Financial Analysis (Historical / Projected) | - | 0.2 | 0.8 | 1.0 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 1.3 | 1.3 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 0.5 | 0.5 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | 0.4 | 0.9 | 1.3 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1.8 | 2.9 | 2.2 | 6.9 |
| 12 | Correspondence and/or Discussion(s) with Committee | 1.0 | 1.3 | 3.3 | 5.6 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | 2.9 | 1.7 | 4.6 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | 0.3 | 0.6 | 2.9 | 3.8 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 2.0 | 2.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **3.1** | **8.3** | **20.6** | **32.0** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

**TOTAL FEES**
September 1, 2018 to September 30, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | 680.0 | 680.0 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | 1,320.0 | 1,320.0 |
| 5 | Financial Analysis (Historical / Projected) | - | 105.0 | 320.0 | 425.0 |
| 6 | Cash Flow / Liquidity Analysis | - | - | 520.0 | 520.0 |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | 200.0 | 200.0 |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | 210.0 | 360.0 | 570.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1,017.0 | 1,522.5 | 880.0 | 3,419.5 |
| 12 | Correspondence and/or Discussion(s) with Committee | 565.0 | 682.5 | 1,320.0 | 2,567.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | 1,522.5 | 680.0 | 2,202.5 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | 169.5 | 315.0 | 1,160.0 | 1,644.5 |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 800.0 | 800.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | $1,751.5 | $4,357.5 | $8,240.0 | **$14,349.0** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$14,349.0** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

**TOTAL HOURS**
October 1, 2018 to October 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | 1.4 | 1.4 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | - | - | - |
| 6 | Cash Flow / Liquidity Analysis | - | - | - | - |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | 0.6 | 0.3 | 0.9 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | 0.5 | 0.5 |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1.9 | 3.0 | 2.8 | 7.7 |
| 12 | Correspondence and/or Discussion(s) with Committee | 0.3 | 0.4 | 2.0 | 2.7 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | 0.6 | 2.5 | 0.2 | 3.3 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | - | - |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 2.9 | 2.9 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **2.8** | **6.5** | **10.1** | **19.4** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**

**TOTAL FEES**
October 1, 2018 to October 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | 560.0 | 560.0 |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | - | - | - |
| 6 | Cash Flow / Liquidity Analysis | - | - | - | - |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | 315.0 | 120.0 | 435.0 |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | 200.0 | 200.0 |
| 11 | Correspondence and/or Discussion(s) with Counsel | 1,073.5 | 1,575.0 | 1,120.0 | 3,768.5 |
| 12 | Correspondence and/or Discussion(s) with Committee | 169.5 | 210.0 | 800.0 | 1,179.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | 339.0 | 1,312.5 | 80.0 | 1,731.5 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | - | - |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 1,160.0 | 1,160.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | **$1,582.0** | **$3,412.5** | **$4,040.0** | **$9,034.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$9,034.5** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL HOURS**
November 1, 2018 to November 30, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | - | - |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | - | - | - |
| 6 | Cash Flow / Liquidity Analysis | - | - | - | - |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 0.3 | 0.9 | 1.8 | 3.0 |
| 12 | Correspondence and/or Discussion(s) with Committee | 0.5 | 1.2 | 1.0 | 2.7 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | - | - | - |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | - | - |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 1.8 | 1.8 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **0.8** | **2.1** | **4.6** | **7.5** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL FEES**
November 1, 2018 to November 30, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | - | - | - |
| 2 | MOR Analysis | - | - | - | - |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | - | - | - |
| 6 | Cash Flow / Liquidity Analysis | - | - | - | - |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 169.5 | 472.5 | 720.0 | 1,362.0 |
| 12 | Correspondence and/or Discussion(s) with Committee | 282.5 | 630.0 | 400.0 | 1,312.5 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | - | - | - |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | - | - |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 720.0 | 720.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | **$452.0** | **$1,102.5** | **$1,840.0** | **$3,394.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$3,394.5** |
|---|---|

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL HOURS**
December 1, 2018 to December 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director | Lincoln Murphy Managing Director | Teneo deKoe Associate | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | 0.6 | 1.0 | 1.6 |
| 2 | MOR Analysis | - | - | - | - |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | - | - | - |
| 6 | Cash Flow / Liquidity Analysis | - | - | - | - |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 0.4 | 0.7 | 0.9 | 2.0 |
| 12 | Correspondence and/or Discussion(s) with Committee | - | 0.6 | - | 0.6 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | 0.6 | - | 0.6 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | - | - |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 0.4 | 0.4 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **Total** | | **0.4** | **2.5** | **2.3** | **5.2** |

**Premier Exhibitions, Inc.**
**Summary of Services Rendered by Category Description**
**TOTAL FEES**
December 1, 2018 to December 31, 2018

| Category # | Category Description | Lincoln Williams Senior Managing Director $565/hour | Lincoln Murphy Managing Director $525/hour | Teneo deKoe Associate $400/hour | Total |
|---|---|---|---|---|---|
| 1 | Admin / Professional Retention / Fee Application Preparation | - | $315.0 | $400.0 | $715.0 |
| 2 | MOR Analysis | - | - | - | - |
| 3 | First / Second Day Motions | - | - | - | - |
| 4 | Plan and Disclosure Statement | - | - | - | - |
| 5 | Financial Analysis (Historical / Projected) | - | - | - | - |
| 6 | Cash Flow / Liquidity Analysis | - | - | - | - |
| 7 | Due Diligence of Debtor's Assets and Liabilities | - | - | - | - |
| 8 | Debtor Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 9 | UCC Professionals - Diligence / Meetings / Calls | - | - | - | - |
| 10 | Internal Meetings / Discussions | - | - | - | - |
| 11 | Correspondence and/or Discussion(s) with Counsel | 226.0 | 367.5 | 360.0 | 953.5 |
| 12 | Correspondence and/or Discussion(s) with Committee | - | 315.0 | - | 315.0 |
| 13 | Correspondence and/or Discussion(s) with Interested Party | - | 315.0 | - | 315.0 |
| 14 | Discussion and/or Preparation of Committee Materials / Issues | - | - | - | - |
| 15 | Bankruptcy Filings and Other Document Review | - | - | 160.0 | 160.0 |
| 16 | Analysis of Claims | - | - | - | - |
| 17 | Analysis of Debtor's Pre-Petition Transactions | - | - | - | - |
| 18 | Court Testimony, Preparation and Attendance | - | - | - | - |
| 19 | Travel Time (0.0% of Travel Time Billed) | - | - | - | - |
| **TOTAL MONTHLY FEES (ACTUAL)** | | **$226.0** | **$1,312.5** | **$920.0** | **$2,458.5** |

| **REQUESTED MONTHLY FEES (Cap $25,000/Month)** | **$2,458.5** |
|---|---|

## Lincoln Partners & Teneo Securities

## Premier Exhibitions, Inc.

### January 1, 2018 through December 31, 2018

# Hour(s) - Task Detail(s)

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
**Brent C. Williams**
January 1, 2018 to January 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 1/4/2018 | 0.3 | Correspondence / discussion with Counsel re: Sale Process | 11 |
| 1/10/2018 | 0.5 | Call / Correspondence with Company re: Sales Process | 8 |
| 1/17/2018 | 0.5 | Call / Correspondence with Company re: Sales Process | 8 |
| 1/17/2018 | 0.4 | Correspondence with Committee re: Sales Process | 12 |
| 1/18/2018 | 0.5 | Correspondence with Counsel re: Mediation | 11 |
| 1/19/2018 | 1.0 | Preparation and Call with Committee and Members | 12 |
| 1/23/2018 | 0.9 | Review of documents re: diligence | 7 |
| 1/24/2018 | 0.3 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 1/25/2018 | 0.6 | MOR Review | 2 |
| 1/29/2018 | 0.5 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 1/29/2018 | 1.2 | Docket Review: docket filings | 15 |
| 1/30/2018 | 0.5 | Call / Correspondence with Company re: Sales Process | 8 |
| 1/30/2018 | 0.4 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| **Total** | **7.6** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brendan J. Murphy
January 1, 2018 to January 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|---|---|---|---|
| 1/4/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 1/4/2018 | 0.3 | Correspondence / discussion with Counsel re: Sale Issues/Process | 11 |
| 1/5/2018 | 0.4 | Correspondence / discussion with Counsel re: NY Landlord issues and Plan Status | 11 |
| 1/9/2018 | 0.3 | Correspondence / discussion with Counsel re: Lease Analysis | 11 |
| 1/10/2018 | 0.5 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 1/10/2018 | 0.3 | Correspondence with Committee re: Sales Process Update | 12 |
| 1/11/2018 | 0.2 | Correspondence with Company re: Buyers Discussion | 8 |
| 1/11/2018 | 0.4 | Correspondence / discussion with Counsel re: Mediation | 11 |
| 1/15/2018 | 0.3 | Correspondence with Committee re: Sales Process Questions / Process | 12 |
| 1/16/2018 | 0.6 | Discussion with Counsel re: Sale Issues, Buyers, Case Issues | 11 |
| 1/17/2018 | 0.5 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 1/17/2018 | 0.3 | Correspondence with Committee re: Sales Process Update | 12 |
| 1/17/2018 | 0.2 | Correspondence / discussion with Counsel re: Sales Process / Case Issues | 11 |
| 1/18/2018 | 0.5 | Correspondence / discussion with Counsel re: Mediation | 11 |
| 1/19/2018 | 0.4 | Correspondence / discussion with Counsel re: Sales Process and Buyers List | 11 |
| 1/19/2018 | 0.8 | Call with Committee and Members re: Sales Update, Mediation | 12 |
| 1/22/2018 | 0.2 | Correspondence with Committee re: Buyer Update | 12 |
| 1/23/2018 | 0.4 | Review of dataroom, and diligence documents | 7 |
| 1/23/2018 | 0.2 | Correspondence / discussion with Counsel re: Salvage Rights | 11 |
| 1/24/2018 | 0.3 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 1/25/2018 | 0.3 | Review of MOR analysis | 2 |
| 1/26/2018 | 0.5 | Review of questions for PRXI Mgmt | 14 |
| 1/26/2018 | 0.2 | Correspondence with Committee re: MOR and Business Questions | 12 |
| 1/29/2018 | 0.2 | Correspondence with Counsel re: Sales Process | 11 |
| 1/29/2018 | 0.3 | Review of PRXI 2018 Budget | 5 |
| 1/29/2018 | 0.2 | Correspondence with Company re: Fy2018 Budget | 8 |
| 1/30/2018 | 0.3 | Call / Correspondence with Company re: Sales Process | 8 |
| 1/30/2018 | 0.4 | Correspondence / discussion with Counsel re: Sales Process / Case Issues | 11 |
| **Total** | **9.9** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
Jeremy deKoe
January 1, 2018 to January 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|---|---|---|---|
| 1/4/2018 | 0.3 | Review of Case Update from Counsel | 8 |
| 1/4/2018 | 0.4 | Review of Target List Activity Summary | 8 |
| 1/5/2018 | 0.8 | Review of Docket Filings | 15 |
| 1/5/2018 | 0.2 | Plan Status update from Counsel | 11 |
| 1/11/2018 | 0.3 | Review of Committee Memo re: Mediation Proposal | 11 |
| 1/12/2018 | 0.5 | Monthly Fee Application Preparation | 1 |
| 1/12/2018 | 0.4 | Correspondence with Counsel and Committee re: Mediation | 12 |
| 1/17/2018 | 0.2 | Review of Case Update from Counsel | 11 |
| 1/18/2018 | 0.3 | Review of Committee Memo re: Mediation | 11 |
| 1/22/2018 | 0.4 | Review of articles re: potential buyers | 14 |
| 1/22/2018 | 0.3 | Review Case Status memo re: Mediation | 11 |
| 1/23/2018 | 2.3 | Analysis of MORs | 2 |
| 1/23/2018 | 0.6 | Analysis of Related Party Periodic Report | 2 |
| 1/23/2018 | 1.9 | Work / analysis for Committee Presentation | 14 |
| 1/24/2018 | 0.3 | Review of Case Update from Counsel | 11 |
| 1/24/2018 | 0.7 | Review of Management Responses to Committee Questions | 5 |
| 1/24/2018 | 1.4 | Analysis of November permanent venue results and financials | 5 |
| 1/24/2018 | 1.1 | Preparation of EC Questions for Management | 8 |
| 1/25/2018 | 0.5 | Consolidation of Committee Comments re: Questions for Management | 14 |
| 1/29/2018 | 1.2 | Review / Analysis of November Cash Flow Statement | 6 |
| 1/29/2018 | 2.3 | Review / Analysis of Debtors' 2018 Budget | 5 |
| 1/29/2018 | 0.3 | Internal Discussion re: Debtors' 2018 Budget | 5 |
| **Total** | **16.7** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
**Brent C. Williams**
February 1, 2018 to February 28, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 2/1/2018 | 0.2 | Call / Correspondence with Company re: Sales Process | 8 |
| 2/2/2018 | 0.3 | Correspondence / discussion with Counsel re: Mediation | 11 |
| 2/8/2018 | 0.9 | Call with Committee and Members re: Sales Update, Plan Issues | 12 |
| 2/9/2018 | 0.2 | Correspondence / discussion with Counsel re: Mediation | 11 |
| 2/13/2018 | 0.3 | Call with Company re: Buyer Update and Diligence Meeting(s) | 8 |
| 2/13/2018 | 1.0 | Call with Committee re: Sales Update, Plan Issues | 12 |
| 2/20/2018 | 0.3 | Correspondence / discussion with Counsel re: Mediation Statement and Mediation | 11 |
| 2/26/2018 | 10.0 | PRXI Mediation in Atlanta | 8 |
| 2/27/2018 | 8.0 | PRXI Mediation in Atlanta | 8 |
| **Total** | **21.2** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
**Brendan J. Murphy**
February 1, 2018 to February 28, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 2/1/2018 | 0.3 | Correspondence / discussion with Counsel re: Buyer Issues and Diligence | 11 |
| 2/1/2018 | 0.2 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 2/1/2018 | 0.1 | Correspondence with Company re: FY2018 Budget | 8 |
| 2/2/2018 | 0.2 | Correspondence with Company re: FY2018 Budget | 8 |
| 2/2/2018 | 0.3 | Correspondence / discussion with Counsel re: Mediation | 11 |
| 2/5/2018 | 0.2 | Correspondence with Company re: Cash Flows and Excel | 8 |
| 2/6/2018 | 0.2 | Correspondence with Company re: Buyer Diligence List | 8 |
| 2/6/2018 | 0.4 | Review of PRXI Mgmt Responses to Committee Questions | 14 |
| 2/7/2018 | 0.2 | Correspondence / discussion with Counsel re: FY2017 Results | 11 |
| 2/7/2018 | 0.3 | Correspondence / discussion with Counsel re: NOLs | 11 |
| 2/7/2018 | 0.2 | Correspondence with Company re: NOLs | 8 |
| 2/8/2018 | 1.1 | Call with Committee and Members re: Sales Update, Plan Issues | 12 |
| 2/8/2018 | 0.1 | Correspondence with Interested Party | 13 |
| 2/9/2018 | 0.1 | Correspondence with Interested Party | 13 |
| 2/9/2018 | 0.3 | Correspondence / discussion with Counsel re: Mediation | 11 |
| 2/9/2018 | 0.2 | Discussion with Counsel re: Issues with Interested Party | 11 |
| 2/10/2018 | 0.2 | Review of Lincoln/Teneo Invoice | 1 |
| 2/13/2018 | 0.3 | Call with Company re: Buyer Update and Diligence Meeting(s) | 8 |
| 2/13/2018 | 0.4 | Correspondence with Committee re: Buyer Update and Diligence Meetings | 12 |
| 2/13/2018 | 1.0 | Call with Committee and Members re: Sales Update, Plan Issues | 12 |
| 2/14/2018 | 0.2 | Correspondence / discussion with Counsel re: Mediator | 11 |
| 2/15/2018 | 0.3 | Correspondence / discussion with Counsel re: Potential Bidder | 11 |
| 2/16/2018 | 0.3 | Correspondence / discussion with Counsel re: Mediation Statement and Mediation | 11 |
| 2/20/2018 | 0.4 | Correspondence / discussion with Counsel re: Mediation Statement and Mediation | 11 |
| 2/21/2018 | 0.2 | Correspondence / discussion with Counsel re: KEIP | 11 |
| 2/21/2018 | 0.3 | Review of Financial Analysis | 5 |
| 2/22/2018 | 0.4 | Correspondence / discussion with Counsel re: Plan and Related Issues | 11 |
| 2/22/2018 | 0.3 | Review of Financial Analysis / MORs | 2 |
| 2/23/2018 | 0.3 | Review of Indication of Interest and Related Analysis/Summary | 12 |
| 2/24/2018 | 0.6 | Correspondence with Committee re: Questions for Mgmt | 14 |
| 2/26/2018 | 10.0 | PRXI Mediation in Atlanta | 8 |
| 2/27/2018 | 10.0 | PRXI Mediation in Atlanta | 8 |
| 2/28/2018 | 0.3 | Correspondence / discussion with Counsel re: Mediation Debrief | 11 |
| **Total** | **29.9** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
Jeremy deKoe
February 1, 2018 to February 28, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 2/1/2018 | 2.1 | Review / Analysis of December Results Provided by the Debtors | 5 |
| 2/1/2018 | 0.8 | Review of Permanent  Venue Results Breakdown | 5 |
| 2/5/2018 | 0.4 | Analysis of Dinoking Tech Revenue and Cost Projections | 5 |
| 2/6/2018 | 0.2 | Review of Case Update from Counsel | 11 |
| 2/6/2018 | 0.6 | Review of Management Responses to Committee Questions | 5 |
| 2/7/2018 | 0.4 | Review of Committee Correspondence re: proposals | 12 |
| 2/7/2018 | 0.3 | Review update from Management re: NOLs | 8 |
| 2/7/2018 | 0.4 | Review Case Status memo re: Mediation | 11 |
| 2/8/2018 | 0.4 | Review / Notes on Mediation Engagement Letter | 8 |
| 2/8/2018 | 1.4 | Call with Committee | 12 |
| 2/9/2018 | 0.7 | Preparation of Interim Fee Application | 1 |
| 2/13/2018 | 0.3 | Review of Case Update from Debtors FA | 8 |
| 2/13/2018 | 0.5 | Research re: potential interested party / Strategic Partner | 14 |
| 2/13/2018 | 1.0 | Call with Committee | 12 |
| 2/15/2018 | 0.4 | Docket filings review: Motion to Allow Appointment of Mediator | 15 |
| 2/15/2018 | 1.4 | Analysis of Assumptions and Notes Driving 2018-2020 Projections Model | 5 |
| 2/15/2018 | 0.6 | Review of Revenue and Gross Profit Analysis | 5 |
| 2/15/2018 | 2.3 | Analysis of individual Permanent Venue 2018 Projections | 5 |
| 2/15/2018 | 1.7 | Analysis of individual Touring Exhibit 2018 Projections | 5 |
| 2/15/2018 | 2.2 | Analysis of 2019 and 2020 Projections for Permanent Venues and Touring Exhibits | 5 |
| 2/15/2018 | 0.4 | Review of Case update from Counsel: Interested Party NDA & Diligence Request | 11 |
| 2/16/2018 | 2.4 | Analysis / Review of Projection Schedules: Compensation, Rent, G&A, Insurance, etc. | 5 |
| 2/16/2018 | 1.9 | Projections Analysis Summary | 14 |
| 2/16/2018 | 0.6 | Preparation of Questions for Management re: Model Projections | 8 |
| 2/16/2018 | 2.1 | Work / analysis for Committee Presentation re: 2018-2020 Projections | 14 |
| 2/16/2018 | 0.5 | Correspondence with Counsel re: Sale Process & Financials Breakout | 11 |
| 2/16/2018 | 0.4 | Review of Case Update from Counsel | 11 |
| 2/17/2018 | 2.0 | Research relating to Company costs of Conservation, Curation and Storage of Artifacts | 7 |
| 2/17/2018 | 0.4 | Correspondence with Counsel re: Artifacts Carry Costs | 11 |
| 2/17/2018 | 1.4 | Review of Cash Budget Reconciliation Assumptions for 2018-2020 | 6 |
| 2/18/2018 | 2.1 | Analysis of 2018 Cash Budget | 6 |
| 2/18/2018 | 1.3 | 2018 Cash Budget Analysis Summary | 14 |
| 2/18/2018 | 1.7 | Work / analysis for Committee Presentation re: 2018 Cash Budget | 14 |
| 2/18/2018 | 1.3 | Artifacts Curation, Conservation and Storage Cost Breakdown | 5 |
| 2/19/2018 | 2.3 | EBITDA Bifurcation Analysis for Business Segments for Counsel | 5 |
| 2/19/2018 | 0.9 | Call with Counsel re: Business Segment EBITDA Analysis | 11 |
| 2/20/2018 | 0.4 | Review of Counsel Correspondence and Notes re: KEIP Discussions | 11 |
| 2/20/2018 | 0.5 | Work / Revisions to Projections Presentation for Counsel | 14 |
| 2/20/2018 | 0.7 | Work / Revisions to EBITDA Analysis for Counsel | 14 |
| 2/20/2018 | 0.2 | Review of Case Update from Counsel | 11 |
| 2/20/2018 | 0.4 | Correspondence with Counsel re: Case Strategy and Artifacts | 11 |
| 2/20/2018 | 1.3 | Review of Equity Committee Mediation Statement Drat and exhibits  from Counsel | 11 |
| 2/21/2018 | 0.5 | Correspondence with Counsel re: EBITDA Segment Analysis | 11 |
| 2/21/2018 | 0.3 | Review of Case Update from Counsel re: Interested Parties | 11 |
| 2/21/2018 | 0.2 | Correspondence with Counsel re: RMST Trust | 11 |
| 2/22/2018 | 2.1 | Analysis of MORs | 2 |
| 2/22/2018 | 0.5 | Analysis of Related Party Periodic Report | 2 |
| 2/22/2018 | 1.6 | Work / analysis for Committee Presentation | 14 |
| 2/22/2018 | 0.6 | Review / Discuss of Equity Committee Alternative Plan Draft Memo | 14 |
| 2/23/2018 | 0.5 | Preparation of EC Questions for Management | 8 |
| 2/24/2018 | 1.3 | Review of Plan Proposal LOI | 14 |
| 2/24/2018 | 1.6 | LOI Plan Proposal Summary | 14 |
| 2/24/2018 | 0.5 | Review of KEIP Language re: EBITDA Threshold | 15 |
| 2/24/2018 | 0.4 | Correspondence with Counsel re: KEIP Language and corresponding EBITDA Threshold | 11 |
| 2/28/2018 | 0.7 | Review / Analysis of Chicago SNL results and preparation of summary | 5 |
| **Total** | **54.1** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
March 1, 2018 to March 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 3/2/2018 | 0.4 | Correspondence / discussion with Counsel re: Financial Analysis / Valuation | 11 |
| 3/5/2018 | 0.6 | Call with Counsel re: Case Updates | 11 |
| 3/7/2018 | 0.5 | Call / Correspondence with Company re: Sales Process | 8 |
| 3/7/2018 | 0.2 | Correspondence / discussion with Counsel re: Mediation | 11 |
| 3/11/2018 | 0.5 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 3/14/2018 | 1.6 | Document Review re: Sales Process & IOIs | 14 |
| 3/14/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/16/2018 | 1.2 | Preparation and Call with Committee re: Sales | 12 |
| 3/19/2018 | 1.0 | Document Review re: Sales Process & IOIs | 14 |
| 3/20/2018 | 0.5 | Call / Correspondence with Company re: IOIs | 8 |
| 3/22/2018 | 0.5 | Correspondence with Counsel re: Case Issues | 11 |
| 3/28/2018 | 0.4 | Call / Correspondence with Company re: Sales Process | 8 |
| 3/29/2018 | 0.6 | MOR Review | 2 |
| 3/30/2018 | 0.5 | Call / Correspondence with Company re: Sales Process | 8 |
| 3/31/2018 | 0.7 | Docket Review: docket filings | 15 |
| **Total** | **9.6** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
**Brendan J. Murphy**
March 1, 2018 to March 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 3/1/2018 | 0.3 | Review of Financial Analysis / MORs | 2 |
| 3/2/2018 | 0.4 | Correspondence / discussion with Counsel re: Financial Analysis / Valuation | 11 |
| 3/5/2018 | 0.2 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 3/7/2018 | 0.5 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/7/2018 | 0.2 | Correspondence / discussion with Counsel re: Mediation | 11 |
| 3/7/2018 | 0.3 | Review of Financial Analysis / Cash Flows / Liquidation Analysis | 5 |
| 3/8/2018 | 0.4 | Review of Financial Analysis / Cash Flows / Liquidation Analysis | 5 |
| 3/9/2018 | 0.2 | Review of Financial Analysis / Cash Flows / Liquidation Analysis | 5 |
| 3/10/2018 | 0.3 | Correspondence / discussion with Counsel re: Potential Bidder | 11 |
| 3/10/2018 | 0.4 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 3/11/2018 | 0.5 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 3/12/2018 | 0.4 | Review of Financial Analysis / Cash Flows / Liquidation Analysis | 5 |
| 3/13/2018 | 0.4 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 3/13/2018 | 0.2 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 3/13/2018 | 0.4 | Review of Bidder Information from Debtor | 14 |
| 3/14/2018 | 0.4 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 3/14/2018 | 0.3 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 3/14/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/15/2018 | 0.3 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 3/15/2018 | 0.2 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 3/15/2018 | 0.3 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/16/2018 | 0.2 | Correspondence with Committee re: Buyer Update and Diligence Meetings | 12 |
| 3/16/2018 | 1.0 | Call with Committee and Members re: Sales Update, Plan Issues | 12 |
| 3/19/2018 | 0.3 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/19/2018 | 0.5 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 3/20/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/21/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/21/2018 | 0.3 | Correspondence with Committee re: Buyer Update | 12 |
| 3/22/2018 | 0.5 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 3/22/2018 | 0.5 | Analysis Prepared at the Direction of Counsel | 14 |
| 3/22/2018 | 0.3 | MOR Review and Analysis for Committee | 2 |
| 3/26/2018 | 0.4 | MOR Review and Analysis for Committee | 2 |
| 3/26/2018 | 0.6 | Analysis Prepared at the Direction of Counsel | 14 |
| 3/28/2018 | 0.3 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 3/28/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/29/2018 | 0.3 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/29/2018 | 0.3 | MOR Review and Analysis for Committee | 2 |
| 3/30/2018 | 0.2 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 3/31/2018 | 0.3 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| **Total** | **14.2** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
Jeremy deKoe
March 1, 2018 to March 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|----------------------|----------|
| 3/1/2018 | 1.4 | Review / Analysis of January Materials Provided by the Debtors | 5 |
| 3/1/2018 | 0.5 | Review of Permanent  Venue Results Breakdown | 5 |
| 3/1/2018 | 0.5 | Review of Proposed Sale and Plan timeline | 4 |
| 3/1/2018 | 0.2 | Review Mediators Report for the Court | 15 |
| 3/2/2018 | 0.4 | Correspondence with Counsel re: strategy | 11 |
| 3/2/2018 | 0.4 | Sale Process Update from GR | 8 |
| 3/5/2018 | 0.3 | Review of Case Update from Counsel re: RSA and Mediation | 11 |
| 3/6/2018 | 0.7 | Docket Filings review and analysis | 15 |
| 3/6/2018 | 0.9 | Analysis of AR aging report and AP reports from filed MORs | 5 |
| 3/6/2018 | 0.8 | Research data room documents at the direction of Counsel | 5 |
| 3/6/2018 | 2.1 | Analysis of additional documents of the Debtors at the direction of Counsel | 5 |
| 3/6/2018 | 1.4 | Preparation of financial analysis at the direction of Counsel | 5 |
| 3/7/2018 | 0.9 | Review of Management Responses to EC Questions | 5 |
| 3/7/2018 | 0.4 | Sale update follow up: GR responses to Committee questions re: Sale Process | 8 |
| 3/7/2018 | 0.6 | Research re: potential interested party | 14 |
| 3/7/2018 | 0.8 | Review of Received LOIs | 14 |
| 3/7/2018 | 0.6 | Analysis of January Cash Flow Statement | 6 |
| 3/7/2018 | 0.7 | Preparation of LOI Summary for Committee Review | 14 |
| 3/7/2018 | 1.9 | Financial Analysis at the direction of Counsel | 5 |
| 3/8/2018 | 0.6 | Internal discussion re: financial analysis | 10 |
| 3/8/2018 | 1.4 | Additional research relating to Financial Analysis at the direction of Counsel | 5 |
| 3/8/2018 | 1.2 | Financial Analysis at the direction of Counsel | 5 |
| 3/9/2018 | 0.8 | Prepared Financial Analysis at the direction of Counsel | 14 |
| 3/10/2018 | 0.9 | Review of Received LOIs | 15 |
| 3/10/2018 | 1.4 | Preparation of LOI Summary and side-by-side for Committee Review | 14 |
| 3/11/2018 | 1.0 | Call with Committee Professionals re: received LOIs | 11 |
| 3/12/2018 | 0.5 | Amendments to Financial Analysis at the direction of Counsel | 14 |
| 3/13/2018 | 0.4 | Review / summarize interested party "proof of funds" documents | 14 |
| 3/13/2018 | 0.3 | Review of Case Update from Counsel re: communication with UCC professionals | 11 |
| 3/14/2018 | 0.7 | Correspondence with Interested party | 13 |
| 3/14/2018 | 0.4 | Docket filing review and analysis | 15 |
| 3/14/2018 | 0.9 | Review of Received LOIs | 15 |
| 3/14/2018 | 0.8 | Preparation of LOI Summary for Committee Review and update side-by-side | 14 |
| 3/14/2018 | 0.3 | Sale Process Update from GR | 8 |
| 3/15/2018 | 0.8 | Research re: potential interested party | 14 |
| 3/15/2018 | 0.3 | Review Committee update memo from Counsel | 11 |
| 3/15/2018 | 0.2 | Review of DIP loan draw request | 5 |
| 3/15/2018 | 0.3 | Correspondence with Counsel re: LOIs received to date | 11 |
| 3/15/2018 | 1.0 | Analysis of Debtors' counter term sheet | 15 |
| 3/15/2018 | 0.4 | Review of interested party proof of funds confirmation letter | 15 |
| 3/16/2018 | 1.1 | Research re: historical records and information on interested parties | 14 |
| 3/16/2018 | 1.7 | Call with Committee | 12 |
| 3/19/2018 | 0.7 | Analysis of term sheet with interested party | 15 |
| 3/19/2018 | 1.4 | Research and preparation of Background re: interested parties | 14 |
| 3/19/2018 | 0.3 | Sale Process Case Update from Counsel | 11 |
| 3/20/2018 | 0.5 | Correspondence from Counsel re: potential bidder proof of funds | 11 |
| 3/21/2018 | 0.3 | Review of Sale Process Update from GR | 8 |
| 3/22/2018 | 1.5 | Analysis of MORs | 2 |
| 3/22/2018 | 0.5 | Analysis of Related Party Periodic Report | 2 |
| 3/22/2018 | 1.5 | Work / analysis for Committee Presentation | 14 |
| 3/22/2018 | 0.5 | Call with Counsel re: Financial Analysis | 11 |
| 3/22/2018 | 0.6 | Amendments to Financial Analysis at the direction of Counsel | 5 |
| 3/22/2018 | 0.2 | Correspondence with Counsel re: potential interested party | 11 |
| 3/23/2018 | 0.6 | Preparation of EC Questions for Management | 8 |
| 3/23/2018 | 0.5 | Update Financial Analysis at the direction of Counsel | 14 |
| 3/27/2018 | 0.5 | Review proposal from counsel re: Interested party | 14 |
| 3/28/2018 | 0.7 | Ad hoc analysis for equity holders | 5 |
| 3/30/2018 | 0.8 | Analysis and summary of revised LOI from interested party | 14 |
| 3/31/2018 | 0.3 | Discussion re: latest revised LOI and interested party | 11 |
| **Total** | **44.3** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
April 1, 2018 to April 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 4/2/2018 | 0.4 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 4/2/2018 | 0.5 | Analysis Prepared at the Direction of Counsel | 14 |
| 4/7/2018 | 1.3 | Document Review: Sale Process and IOIs | 14 |
| 4/7/2018 | 0.4 | Call / Correspondence with Company re: Sales Process | 8 |
| 4/9/2018 | 0.5 | Review of Bidder Information from Debtor | 14 |
| 4/9/2018 | 0.6 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 4/10/2018 | 1.2 | Prepration and Call with Committee | 12 |
| 4/12/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 4/12/2018 | 0.6 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 4/12/2018 | 0.7 | Document Review: Sale Process and IOIs | 14 |
| 4/18/2018 | 0.8 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 4/24/2018 | 1.0 | Document Review: Sale Process and IOIs | 14 |
| 4/25/2018 | 0.7 | MOR Review | 2 |
| 4/26/2018 | 1.0 | Document Review: Diligence from Company | 5 |
| **Total** | **10.1** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brendan J. Murphy
April 1, 2018 to April 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|---|---|---|---|
| 4/1/2018 | 0.3 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/2/2018 | 0.4 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 4/2/2018 | 0.5 | Analysis Prepared at the Direction of Counsel | 14 |
| 4/2/2018 | 0.4 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/3/2018 | 0.2 | Discussion / Correspondence with Interested Party | 13 |
| 4/4/2018 | 0.5 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/6/2018 | 0.4 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/6/2018 | 0.4 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 4/7/2018 | 0.2 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 4/9/2018 | 0.4 | Review of Bidder Information from Debtor | 14 |
| 4/9/2018 | 0.5 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 4/9/2018 | 0.6 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 4/10/2018 | 0.3 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/10/2018 | 1.0 | Call with Committee and Members re: Sales Update, Plan Issues | 12 |
| 4/10/2018 | 0.2 | Correspondence with Company re: Diligence Questions | 8 |
| 4/11/2018 | 0.2 | Correspondence with Company re: Diligence Questions | 8 |
| 4/12/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 4/12/2018 | 0.6 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 4/12/2018 | 0.4 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/17/2018 | 0.6 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 4/18/2018 | 0.6 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/18/2018 | 0.8 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 4/19/2018 | 0.3 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 4/19/2018 | 0.6 | Correspondence / discussion with Counsel re: Financial Analysis | 11 |
| 4/20/2018 | 0.2 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 4/23/2018 | 0.5 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 4/23/2018 | 0.4 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/24/2018 | 0.3 | Review of Indication of Interest and Related Analysis/Summary | 14 |
| 4/24/2018 | 0.5 | MOR Review and Analysis for Committee | 2 |
| 4/25/2018 | 0.4 | MOR Review and Analysis for Committee | 2 |
| 4/26/2018 | 0.2 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 4/27/2018 | 0.1 | Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| **Total** | **13.4** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
Jeremy deKoe
April 1, 2018 to April 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 4/1/2018 | 0.6 | Analysis and summary of revised LOI from interested party | 14 |
| 4/2/2018 | 0.4 | Preparation of outstanding concerns or questions for GR re: LOI | 8 |
| 4/4/2018 | 0.4 | Analysis of revised LOI from interested party | 14 |
| 4/4/2018 | 0.3 | Correspondence with Counsel re: LOI proposals | 11 |
| 4/8/2018 | 0.6 | Summary and updated side-by-side stalking horse LOI comparison | 14 |
| 4/9/2018 | 1.1 | Review / Analysis of February Budget vs Actual Materials Provided by the Debtors | 5 |
| 4/9/2018 | 0.5 | Review of Permanent  Venue Results Breakdown | 5 |
| 4/9/2018 | 0.6 | Review of Management's responses to Committee's Questions | 8 |
| 4/9/2018 | 0.5 | Analyze and update summary of revised LOI from interested party | 14 |
| 4/10/2018 | 0.4 | Preparation of supplemental follow-up questions for Management | 8 |
| 4/10/2018 | 0.5 | Correspondence with Committee re: Cash Flow Budget | 12 |
| 4/10/2018 | 1.3 | Call with Committee | 12 |
| 4/12/2018 | 0.6 | Analyze and update summary of revised LOI from interested party | 14 |
| 4/18/2018 | 0.4 | Review redline of Interested Party revised offer | 14 |
| 4/18/2018 | 0.8 | Update Stalking Horse side-by-side LOI analysis for the Committee | 14 |
| 4/18/2018 | 0.6 | Review of Interested Party Financial Information provided | 14 |
| 4/18/2018 | 0.3 | Correspondence with Counsel re: Financial Info of Interested Party | 11 |
| 4/18/2018 | 0.4 | Review of Counsel comments to term sheet of interested party | 11 |
| 4/18/2018 | 0.2 | Follow -up on potential interested party outreach | 13 |
| 4/19/2018 | 0.5 | Review of Permanent  Venue Results Breakdown | 5 |
| 4/20/2018 | 1.3 | Review / Analysis of March Budget vs Actual Materials Provided by the Debtors | 5 |
| 4/23/2018 | 0.4 | Sale process update from GR | 8 |
| 4/23/2018 | 0.2 | Correspondence with Counsel re: revised LOI | 11 |
| 4/23/2018 | 1.9 | Analysis of MORs | 2 |
| 4/23/2018 | 0.5 | Analysis of Related Party Periodic Report | 2 |
| 4/23/2018 | 0.6 | Analysis and summary of revised LOI from interested party | 14 |
| 4/23/2018 | 0.9 | Analysis of revised LOIs and update stalking horse side-by-side analysis for Committee | 14 |
| 4/24/2018 | 0.5 | Preparation of EC questions for Management re: March results | 8 |
| 4/26/2018 | 0.3 | Review of draft amendment to Debtors' lease agreement | 7 |
| 4/27/2018 | 0.6 | Analysis of March cash flow statement | 6 |
| **Total** | **18.2** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
May 1, 2018 to May 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|---|---|---|---|
| 5/3/2018 | 1.0 | Document Review: Diligence Docs | 5 |
| 5/4/2018 | 0.5 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 5/7/2018 | 0.3 | Correspondence with Committee re: Sales Process | 12 |
| 5/10/2018 | 1.5 | Preparation and Committee Call | 12 |
| 5/11/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 5/11/2018 | 0.3 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 5/14/2018 | 0.3 | Correspondence with Counsel re: Contingency Fee Counsel | 11 |
| 5/14/2018 | 0.4 | Analysis Prepared at the Direction of Counsel | 14 |
| 5/16/2018 | 0.4 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 5/17/2018 | 0.3 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 5/25/2018 | 0.6 | MOR Review | 2 |
| 5/30/2018 | 0.6 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 5/30/2018 | 0.3 | Analysis Prepared at the Direction of Counsel | 14 |
| 5/31/2018 | 0.4 | Correspondence / discussion with Counsel re: Plan | 11 |
| **Total** | **7.3** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brendan J. Murphy
May 1, 2018 to May 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 5/1/2018 | 0.4 | Review of BK Pleadings | 15 |
| 5/2/2018 | 0.4 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 5/4/2018 | 0.3 | Review of Fundraising Letter and Related Analysis/Summary | 14 |
| 5/4/2018 | 0.2 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 5/4/2018 | 0.5 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 5/7/2018 | 0.4 | Correspondence / discussion with Committee re: Sales Process | 12 |
| 5/9/2018 | 0.2 | Correspondence with Company re: Diligence Questions | 8 |
| 5/9/2018 | 0.4 | Preparation for Committee Call, review of documents | 12 |
| 5/10/2018 | 0.5 | Preparation for Committee Call, review of documents | 12 |
| 5/10/2018 | 1.0 | Committee Call with Counsel | 12 |
| 5/11/2018 | 0.4 | Call / Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 5/11/2018 | 0.3 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 5/14/2018 | 0.3 | Correspondence with Counsel re: Contingency Fee Counsel | 11 |
| 5/14/2018 | 0.4 | Analysis Prepared at the Direction of Counsel | 14 |
| 5/16/2018 | 0.4 | Correspondence / discussion with Counsel re: Sales Process | 11 |
| 5/17/2018 | 0.3 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 5/18/2018 | 1.0 | Analysis Prepared at the Direction of Counsel | 14 |
| 5/21/2018 | 0.5 | Analysis Prepared at the Direction of Counsel | 14 |
| 5/23/2018 | 0.4 | MOR Review and Analysis for Committee | 2 |
| 5/24/2018 | 0.4 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 5/30/2018 | 0.6 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 5/30/2018 | 0.3 | Analysis Prepared at the Direction of Counsel | 14 |
| 5/31/2018 | 0.4 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 5/31/2018 | 0.2 | Analysis Prepared at the Direction of Counsel | 14 |
| **Total** | **10.2** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
**Jeremy deKoe**
May 1, 2018 to May 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 5/1/2018 | 0.5 | Review of docket filings: motion to appoint Ch 11 Trustee | 15 |
| 5/1/2018 | 0.4 | Review of Case Update from Counsel | 11 |
| 5/2/2017 | 0.9 | Analysis of attendance and permanent venue preliminary April results | 5 |
| 5/4/2018 | 0.3 | Review of interested party letter from Debtors | 15 |
| 5/4/2018 | 0.2 | Update from GR on sale process | 8 |
| 5/8/2018 | 0.4 | Review/discussion and Case Update from Counsel | 11 |
| 5/9/2018 | 0.3 | Review of Management's responses to Committee's follow up questions | 8 |
| 5/9/2018 | 0.3 | Internal discussion re: latest financials from management | 5 |
| 5/10/2018 | 1.1 | Committee Update Call | 12 |
| 5/11/2018 | 0.2 | Update from GR on sale process | 8 |
| 5/12/2018 | 0.2 | Correspondence  with Counsel re: financial analysis | 11 |
| 5/14/2018 | 0.4 | Review and analysis of lease agreement amendment | 15 |
| 5/14/2018 | 1.4 | Updates and amendments to financial analysis at the direction of Counsel | 4 |
| 5/14/2018 | 0.2 | Discussion with counsel re: liquidity | 11 |
| 5/16/2018 | 0.8 | Analyze and summarize executed term sheet for Committee | 14 |
| 5/16/2018 | 1.0 | Prepare illustrative estimated distribution analysis re: term sheet | 14 |
| 5/18/2018 | 0.9 | Analysis of Debtors estimates for pre-and-post-petition liabilities | 5 |
| 5/18/2018 | 0.5 | Discussion re: Financial Analysis at the direction of Counsel | 4 |
| 5/18/2018 | 0.7 | Update estimated distribution analysis re: term sheet | 14 |
| 5/20/2018 | 1.6 | Financial Analysis at the direction of Counsel | 4 |
| 5/21/2018 | 0.8 | Amendments to Financial Analysis at the direction of Counsel | 4 |
| 5/22/2018 | 0.6 | Review of Permanent  Venue Results Breakdown for April | 5 |
| 5/22/2018 | 1.1 | Review / Analysis of April Budget vs Actual Materials Provided by the Debtors | 5 |
| 5/22/2018 | 1.5 | Analysis of MORs | 2 |
| 5/22/2018 | 0.4 | Analysis of Related Party Periodic Report | 2 |
| 5/23/2018 | 0.5 | Bankruptcy docket review: EC draft complaint | 15 |
| 5/25/2018 | 0.3 | Review Case update from Counsel | 11 |
| 5/30/2018 | 1.1 | Preparation of exhibits for Counsel | 4 |
| 5/30/2018 | 0.4 | Review professional fee proposal | 4 |
| 5/30/2018 | 0.8 | Analysis of estimated professional fee costs vs budgeted | 4 |
| 5/31/2018 | 0.3 | Review Case update memo from Counsel | 11 |
| **Total** | **20.1** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
June 1, 2018 to June 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 6/8/2018 | 0.9 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 6/8/2018 | 0.5 | Call with Interested Party | 13 |
| 6/15/2018 | 1.5 | Preparation For and Call with Committee Members | 12 |
| 6/23/2018 | 0.9 | Document Review: Financials & Diligence | 5 |
| 6/26/2018 | 0.3 | Correspondence / discussion with Counsel re: Filings | 11 |
| 6/26/2018 | 0.6 | MOR Review | 2 |
| 6/28/2018 | 0.6 | Correspondence / discussion with Counsel re: Exit Financing | 11 |
| 6/29/2018 | 1.1 | Preparation For and Call with Committee Members | 12 |
| **Total** | **6.4** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brendan J. Murphy
June 1, 2018 to June 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|---|---|---|---|
| 6/1/2018 | 0.6 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 6/6/2018 | 0.4 | Correspondence / discussion with Counsel re: Euclid Trustee Motion | 11 |
| 6/7/2018 | 0.5 | Correspondence / discussion with Counsel re: Plan Issues and Trustee Motion | 11 |
| 6/7/2018 | 0.3 | Correspondence / discussion with Committee Member re: Plan Issues | 12 |
| 6/8/2018 | 0.9 | Correspondence / discussion with Counsel re: Plan Issues and Trustee Motion | 11 |
| 6/8/2018 | 0.5 | Call with Interested Party | 13 |
| 6/14/2018 | 0.4 | Preparation for Committee Call, review of documents | 12 |
| 6/15/2018 | 1.4 | Preparation For and Call with Committee Members re: Sales Update, Plan Issues | 12 |
| 6/18/2018 | 0.8 | Review of Claims Analysis and Waterfall | 16 |
| 6/18/2018 | 0.5 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 6/18/2018 | 0.2 | Correspondence with Company re: Diligence Questions | 8 |
| 6/19/2018 | 0.3 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 6/19/2018 | 0.5 | Research for Counsel | 11 |
| 6/22/2018 | 0.4 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 6/26/2018 | 0.6 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 6/26/2018 | 0.3 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 6/26/2018 | 0.3 | MOR Review and Analysis for Committee | 2 |
| 6/27/2018 | 0.1 | Correspondence with Company re: Diligence Questions | 8 |
| 6/28/2018 | 0.7 | Correspondence / discussion with Counsel re: Exit Financing | 11 |
| 6/28/2018 | 0.6 | Preparation for Committee Call, review of documents / analysis | 12 |
| 6/29/2018 | 0.5 | Correspondence / discussion with Counsel re: Claim Objections / Analysis | 11 |
| 6/29/2018 | 1.1 | Preparation For and Call with Committee Members re: Sales Update, Plan Issues | 12 |
| **Total** | **11.9** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
Jeremy deKoe
June 1, 2018 to June 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 6/1/2018 | 1.0 | Committee Professionals Call | 11 |
| 6/1/2018 | 0.5 | Review and analysis of professional fee estimates | 8 |
| 6/1/2018 | 0.3 | Case update from Counsel | 11 |
| 6/4/2018 | 0.5 | Review of Docket filings: UCC Objection | 15 |
| 6/7/2018 | 0.4 | Review Case update from Counsel | 11 |
| 6/7/2018 | 0.8 | Research and correspondence with Committee re: interested parties | 12 |
| 6/12/2018 | 0.6 | Document Review: documents posted to data room | 7 |
| 6/14/2018 | 0.6 | Review of Docket filings: Orlando Lease Settlement | 15 |
| 6/14/2018 | 0.5 | Analysis and summary  of Lease and Settlement for Counsel / Committee members | 14 |
| 6/14/2018 | 0.4 | Review Case update from Counsel | 11 |
| 6/15/2018 | 1.0 | Committee Call | 12 |
| 6/15/2018 | 0.8 | Review of Mgmt Responses to EC Questions, Prep of Follow-up Questions | 8 |
| 6/16/2018 | 1.3 | Analysis of Bid Procedures  filed by Debtors | 15 |
| 6/16/2018 | 1.5 | Review and Analysis of Stalking Horse APA | 15 |
| 6/17/2018 | 1.8 | Preparation of Waterfall Scenario Analysis for the Committee | 14 |
| 6/18/2018 | 0.4 | Amendments to Scenario Analysis for Counsel and Committee | 14 |
| 6/18/2018 | 0.6 | Further Analysis and Correspondence with Counsel re: estimated recoveries | 11 |
| 6/19/2018 | 0.5 | Review of Answers to Committee Questions and prepare follow up questions | 7 |
| 6/19/2018 | 0.6 | Review of April 2018 Cash Flow Statement and Notes | 6 |
| 6/19/2018 | 0.4 | Research and Correspondence with Counsel re: interested parties | 11 |
| 6/19/2018 | 0.7 | Review and prep summary of  Permanent  Venue Results Breakdown for May | 5 |
| 6/20/2018 | 0.5 | Attendance Analyses Provided by Debtors for May/June | 7 |
| 6/20/2018 | 0.6 | Ad Hoc Research for Counsel | 11 |
| 6/22/2018 | 1.1 | Review / Analysis of May Budget vs Actual Materials Provided by the Debtors | 5 |
| 6/25/2018 | 1.5 | Analysis of MORs | 2 |
| 6/25/2018 | 0.5 | Analysis of Related Party Periodic Report | 2 |
| 6/25/2018 | 0.6 | Preparation of EC questions for Management re: May results | 8 |
| 6/26/2018 | 0.6 | Review and Analysis of interested party term sheet | 13 |
| 6/26/2018 | 0.7 | Analysis re: May Cash Flow Statement and Notes | 12 |
| 6/26/2018 | 0.4 | Correspondence with Committee re: cash flows | 12 |
| 6/27/2018 | 0.4 | Review of Mgmt. Responses to EC Questions | 8 |
| 6/27/2018 | 0.7 | Analysis of Historical Cash Flow Results vs 2018 projects | 6 |
| 6/28/2018 | 1.7 | Analysis of liquidity based on budget projections for Committee | 6 |
| 6/29/2018 | 0.7 | Research and Correspondence with Counsel re: legal entity accounts | 7 |
| 6/29/2018 | 1.2 | Committee Update Call | 12 |
| 6/30/2018 | 0.5 | Review Case memo update from Counsel re: UCC plan | 11 |
| **Total** | **26.9** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
July 1, 2018 to July 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|---|---|---|---|
| 7/2/2018 | 0.3 | Call with Interested Party | 13 |
| 7/5/2018 | 0.5 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 7/6/2018 | 0.5 | Correspondence / discussion with Counsel re: Discovery Requests | 11 |
| 7/10/2018 | 0.4 | Review of Case Memo from Counsel and Related Pleadings | 11 |
| 7/13/2018 | 0.6 | Correspondence Counsel re: Case Strategy | 11 |
| 7/19/2018 | 0.5 | Correspondence with Counsel re: Interested Parties | 11 |
| 7/20/2018 | 0.6 | Call with Interested Party | 13 |
| 7/23/2018 | 1.2 | Preparation and Call with Committee | 12 |
| 7/25/2018 | 0.5 | Review of Claims Analysis and Waterfall | 16 |
| **Total** | **5.1** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
**Brendan J. Murphy**
July 1, 2018 to July 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|----------------------|----------|
| 7/2/2018 | 0.3 | Call with Interested Party | 13 |
| 7/3/2018 | 0.4 | Call with Interested Party | 13 |
| 7/3/2018 | 0.7 | Correspondence / discussion with Counsel re: Discovery Requests | 11 |
| 7/5/2018 | 0.5 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 7/6/2018 | 0.8 | Correspondence / discussion with Counsel re: Discovery Requests | 11 |
| 7/6/2018 | 0.5 | Correspondence / discussion with Counsel re: Case Update | 11 |
| 7/9/2018 | 0.3 | Correspondence / discussion with Counsel re: Exit Financing | 11 |
| 7/9/2018 | 0.5 | Review of Case Memo from Counsel and Related Pleadings | 11 |
| 7/10/2018 | 0.3 | Correspondence / discussion with Counsel re: Interested Party | 11 |
| 7/10/2018 | 0.4 | Review of Case Memo from Counsel and Related Pleadings | 11 |
| 7/13/2018 | 0.4 | Correspondence / discussion with Counsel re: Interested Party / Case Strategy | 11 |
| 7/15/2018 | 0.3 | Correspondence / discussion with Counsel re: Financial Analysis / Waterfall | 11 |
| 7/16/2018 | 0.5 | Correspondence / discussion with Counsel re: Interested Party / IOI Issues | 11 |
| 7/19/2018 | 0.3 | Correspondence / discussion with Counsel re: Interested Party / IOI Proposal | 11 |
| 7/20/2018 | 0.5 | Call with Interested Party | 13 |
| 7/23/2018 | 1.0 | Preparation For and Call with Committee Members re: Sales Update, Plan Issues | 12 |
| 7/24/2018 | 0.8 | Review of Claims Analysis and Waterfall | 16 |
| 7/25/2018 | 0.3 | Correspondence / discussion with Counsel re: Case Update | 11 |
| **Total** | **8.8** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**

**Jeremy deKoe**
July 1, 2018 to July 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 7/2/2018 | 1.6 | Review of docket filings: UCC Plan and disclosure statement | 14 |
| 7/2/2018 | 0.3 | Review of DIP related documents | 14 |
| 7/4/2018 | 0.6 | Review of UCC Liabilities analysis | 7 |
| 7/4/2018 | 0.5 | Analysis of UCC recovery estimates | 6 |
| 7/6/2018 | 0.4 | Review of Debtors Disclosure Letter (redacted) | 15 |
| 7/6/2018 | 0.4 | Review case memo update from Counsel | 11 |
| 7/9/2018 | 0.5 | Review of redline term sheet | 15 |
| 7/9/2018 | 0.6 | Review of docket filings: UCC motion for status conference | 14 |
| 7/10/2018 | 0.3 | Review case update from Counsel | 11 |
| 7/10/2018 | 0.2 | Review of data room documents | 7 |
| 7/10/2018 | 0.3 | Review case update from Counsel re: status conference | 11 |
| 7/11/2018 | 0.6 | Docket filings review: Sale Motion Objection | 15 |
| 7/15/2018 | 0.3 | Review case update from Counsel re: interested party | 11 |
| 7/15/2018 | 1.2 | Scenario analysis for Counsel | 7 |
| 7/16/2018 | 0.6 | Review of data room documents re: artifacts conservation | 7 |
| 7/16/2018 | 1.1 | Response to diligence items request by interested party | 7 |
| 7/16/2018 | 0.6 | Correspondence with counsel re: interested party diligence request | 11 |
| 7/17/2018 | 0.4 | Review case memo update from Counsel re: Plan and Sale | 11 |
| 7/18/2018 | 0.5 | Review of Permanent  Venue Results Breakdown for June | 7 |
| 7/18/2018 | 0.6 | Docket filings review: Objections to EC disclosure statement | 15 |
| 7/19/2018 | 0.4 | Review case memo update from Counsel re: Plan and Sale | 11 |
| 7/19/2018 | 0.2 | Correspondence / discussions with Committee re: interested party | 12 |
| 7/20/2018 | 0.8 | Review / Analysis of June Budget vs Actual Materials Provided by the Debtors | 5 |
| 7/20/2018 | 0.4 | Analysis of venue contributions and margins | 5 |
| 7/20/2018 | 0.9 | Ad Hoc research of Debtors' public SEC filings at the request of Counsel | 17 |
| 7/20/2018 | 0.5 | Summary of Debtors performance and liquidity for Committee | 12 |
| 7/20/2018 | 0.3 | Review case memo update from Counsel re: Plan issues | 11 |
| 7/20/2018 | 0.2 | Correspondence with Debtors professionals | 8 |
| 7/23/2018 | 0.4 | Review of budget projections and update liquidity runway  ahead of Committee call | 6 |
| 7/23/2018 | 1.2 | Committee Update Call | 12 |
| 7/23/2018 | 0.5 | Review of financing term sheet | 7 |
| 7/24/2018 | 0.5 | Review of UCC recovery comparison | 6 |
| 7/24/2018 | 1.7 | Scenario recovery analysis re: competing plans | 6 |
| 7/24/2018 | 0.4 | Amendments to scenario recovery analysis re: competing plans | 6 |
| 7/25/2018 | 0.3 | Review case update from Counsel re: Status Conference | 11 |
| 7/27/2018 | 0.4 | Review of CRO professional proposal | 4 |
| **Total** | **20.7** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
August 1, 2018 to August 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 8/1/2018 | 0.2 | Correspondence with Counsel re: Plan Issues | 11 |
| 8/6/2018 | 1.2 | Preparation and Call with Committee | 12 |
| 8/10/2018 | 0.5 | Correspondence with Counsel re: Plan Issues | 11 |
| 8/19/2018 | 0.8 | Document Review: Financials & Filings | 15 |
| 8/20/2018 | 0.4 | Call with Interested Party | 13 |
| 8/20/2018 | 0.6 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 8/21/2018 | 1.2 | Document Review: Financials & Filings | 15 |
| 8/22/2018 | 0.4 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 8/26/2018 | 0.5 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 8/28/2018 | 1.4 | Correspondence with Counsel re: Hearing | 11 |
| 8/29/2018 | 0.5 | Review of Financial Analysis / Waterfall | 11 |
| 8/29/2018 | 0.5 | Correspondence with Counsel re: Hearing/Pleadings | 11 |
| **Total** | **8.2** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brendan J. Murphy
August 1, 2018 to August 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 8/1/2018 | 0.2 | Correspondence / discussion with Counsel re: Case Update | 11 |
| 8/2/2018 | 0.3 | Correspondence / discussion with Counsel re: Case Update | 11 |
| 8/6/2018 | 1.1 | Preparation For and Call with Committee Members re: Sales Update, Plan Issues | 12 |
| 8/8/2018 | 0.6 | Correspondence / discussion with Counsel re: Financial Analysis / Waterfall | 11 |
| 8/9/2018 | 0.2 | Correspondence / discussion with Counsel re: Financial Analysis / Waterfall | 11 |
| 8/10/2018 | 0.5 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 8/15/2018 | 1.3 | Work Performed For Counsel re: Financial Analysis / Waterfall | 11 |
| 8/16/2018 | 0.9 | Work Performed For Counsel re: Financial Analysis / Waterfall | 11 |
| 8/16/2018 | 0.4 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 8/20/2018 | 0.5 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 8/20/2018 | 0.4 | Call with Interested Party | 13 |
| 8/20/2018 | 0.6 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 8/21/2018 | 0.6 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 8/22/2018 | 0.6 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 8/23/2018 | 0.5 | Work Performed For Counsel re: Financial Analysis / Waterfall | 11 |
| 8/23/2018 | 0.4 | Correspondence / discussion with Counsel re: Plan Issues | 11 |
| 8/25/2018 | 0.5 | Correspondence / discussion with Counsel re: Depo Prep | 11 |
| 8/26/2018 | 0.5 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 8/27/2018 | 1.0 | Correspondence / discussion with Counsel re: Hearing Prep/Pleadings | 11 |
| 8/28/2018 | 0.7 | Correspondence / discussion with Counsel re: Hearing Prep/Pleadings | 11 |
| 8/28/2018 | 0.5 | Work Performed For Counsel re: Financial Analysis / Waterfall | 11 |
| 8/29/2018 | 0.6 | Work Performed For Counsel re: Financial Analysis / Waterfall | 11 |
| 8/29/2018 | 0.4 | Correspondence / discussion with Counsel re: Hearing Prep/Pleadings | 11 |
| **Total** | **13.3** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
Jeremy deKoe
August 1, 2018 to August 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 8/1/2018 | 1.5 | Analysis of MORs | 2 |
| 8/1/2018 | 0.5 | Analysis of Related Party Periodic Report | 2 |
| 8/6/2018 | 1.0 | Committee Update Call | 12 |
| 8/8/2018 | 0.3 | Case update memo from Counsel | 11 |
| 8/8/2018 | 0.5 | Review of Interested Party Term Sheet | 13 |
| 8/8/2018 | 0.8 | Analysis of plan scenario economics based on new term sheet | 4 |
| 8/8/2018 | 0.2 | Correspondence with Counsel re: plan scenario | 11 |
| 8/8/2018 | 0.4 | Review and markup Committee memo for Counsel | 12 |
| 8/9/2018 | 1.3 | Ad Hoc scenarios analysis for Counsel | 4 |
| 8/10/2018 | 0.7 | Review of discovery documents and related correspondence with Counsel | 15 |
| 8/15/2018 | 0.8 | Analysis of financials re trade AP balances | 5 |
| 8/15/2018 | 0.4 | Preparation of diligence requests for Debtors FA | 8 |
| 8/20/2018 | 0.3 | Case update memo from Counsel | 11 |
| 8/20/2018 | 0.3 | Review selected artifacts listing | 15 |
| 8/21/2018 | 0.5 | Review of Permanent  Venue Results Breakdown for July | 5 |
| 8/21/2018 | 0.8 | Review / Analysis of July Budget vs Actual Materials Provided by the Debtors | 5 |
| 8/21/2018 | 0.5 | Analysis re: July Cash Flow Statement and Notes | 12 |
| 8/21/2018 | 0.4 | Summary of financial results and correspondence with Committee | 12 |
| 8/22/2018 | 1.4 | Analysis of MORs filed for July | 2 |
| 8/22/2018 | 0.5 | Analysis of Related Party Periodic Report | 2 |
| 8/22/2018 | 0.4 | Summary of diligence backup and correspondence with Counsel re: discovery | 11 |
| 8/22/2018 | 0.6 | Assimilation and preparation of documents re: discovery | 8 |
| 8/23/2018 | 0.3 | Case update memo from Counsel | 11 |
| 8/25/2018 | 0.4 | Review of discovery documents and related correspondence with Counsel | 15 |
| 8/26/2018 | 0.5 | Review of proposed bidding procedure objection redlines | 15 |
| 8/27/2018 | 0.2 | Case update memo from Counsel | 11 |
| 8/27/2018 | 0.4 | Correspondence and discussion re: plan disclosure statement exhibits and analysis | 4 |
| 8/27/2018 | 2.1 | Prepared Financial Analysis at the direction of Counsel | 4 |
| 8/27/2018 | 0.8 | Review of data room documents re: contracts and leases | 7 |
| 8/27/2018 | 1.3 | Prepared Financial Analysis at the direction of Counsel | 4 |
| 8/27/2018 | 0.4 | Call with Counsel re: Plan disclosure statement | 4 |
| 8/27/2018 | 1.2 | Amendments to Financial Analysis a the direction of Counsel | 4 |
| 8/27/2018 | 0.4 | Review of docket filings re: debtors professionals retention app | 15 |
| 8/27/2018 | 1.1 | Plan Scenario Recovery Waterfall Analysis | 6 |
| 8/28/2018 | 0.6 | Update financial analysis for Counsel | 4 |
| 8/28/2018 | 0.4 | Call with Counsel re: amended plan disclosure statement | 11 |
| 8/28/2018 | 1.6 | Amendments to Financial Analysis a the direction of Counsel | 4 |
| 8/28/2018 | 0.7 | Plan Scenario Recovery Waterfall Analysis for Counsel | 6 |
| 8/28/2018 | 0.4 | Review of disclosure statement draft exhibit | 4 |
| 8/28/2018 | 1.2 | Analysis of Weekly Cash Flow Budget | 6 |
| 8/28/2018 | 0.5 | Summary and correspondence with Counsel re: Cash Flow Budget | 11 |
| 8/28/2018 | 0.8 | Additional amendments to Financial Analysis at the direction of Counsel | 4 |
| 8/28/2018 | 0.3 | Call with Counsel re: amended plan disclosure statement | 4 |
| 8/29/2018 | 0.4 | Updates to Plan Scenario Recovery Waterfall Analysis for Counsel | 6 |
| 8/29/2018 | 0.3 | Call with Counsel re: Plan Scenarios | 11 |
| **Total** | **30.4** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
**Brent C. Williams**
September 1, 2018 to September 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 9/4/2018 | 0.3 | Review Internal Financial Analysis / Waterfall | 11 |
| 9/4/2018 | 0.3 | Correspondence with Counsel re: Plan Issues | 11 |
| 9/5/2018 | 1.0 | Preparation and Call with Committee | 12 |
| 9/16/2018 | 0.3 | Review of draft Press Release | 14 |
| 9/18/2018 | 0.5 | Correspondence with Counsel re: Plan Issues | 11 |
| 9/25/2018 | 0.3 | Correspondence Counsel re: Case Issues | 11 |
| 9/28/2018 | 0.4 | Correspondence with Counsel re: Sale Update | 11 |
| **Total** | **3.1** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
**Brendan J. Murphy**
September 1, 2018 to September 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 9/4/2018 | 0.5 | Work Performed For Counsel re: Financial Analysis / Waterfall | 11 |
| 9/4/2018 | 0.3 | Correspondence / discussion with Counsel re: Plan Issues/Pleadings | 11 |
| 9/5/2018 | 1.0 | Preparation For and Call with Committee Members re: Sales Update, Plan Issues | 12 |
| 9/12/2018 | 0.3 | Review of Committee Call Notes | 12 |
| 9/14/2018 | 0.4 | Review / comment to draft Press Release | 14 |
| 9/16/2018 | 0.2 | Review / comment to draft Press Release | 14 |
| 9/17/2018 | 0.5 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 9/18/2018 | 0.6 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 9/19/2018 | 0.3 | Prospective bidder outreach  / Discussion with interested parties | 13 |
| 9/20/2018 | 1.4 | Prospective bidder outreach  / Discussion with interested parties | 13 |
| 9/21/2018 | 0.2 | Review of Financial Analysis / Diligence Provided by Debtor | 5 |
| 9/24/2018 | 0.1 | Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 9/24/2018 | 0.3 | Prospective bidder outreach  / Discussion with interested parties | 13 |
| 9/25/2018 | 0.1 | Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 9/25/2018 | 0.5 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 9/25/2018 | 0.4 | Prospective bidder outreach  / Discussion with interested parties | 13 |
| 9/28/2018 | 0.2 | Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 9/28/2018 | 0.5 | Prospective bidder outreach  / Discussion with interested parties | 13 |
| 9/28/2018 | 0.5 | Correspondence / discussion with Counsel re: Sale Update | 11 |
| **Total** | **8.3** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
Jeremy deKoe
September 1, 2018 to September 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 9/1/2018 | 0.3 | Correspondence with Counsel re: cash flow projections | 6 |
| 9/1/2018 | 0.3 | Case update memo from Counsel | 11 |
| 9/3/2018 | 0.6 | Review of plan supplement draft inserts from Counsel | 4 |
| 9/3/2018 | 0.2 | Internal discussion re: disclosure statement liquidation analysis | 4 |
| 9/3/2018 | 0.4 | Docket filings review: settlement order and exhibits | 15 |
| 9/4/2018 | 0.5 | Research at the direction of counsel re: historical judgement rates | 4 |
| 9/4/2018 | 1.1 | Additional analysis for plan supplement at the direction of counsel | 4 |
| 9/4/2018 | 0.3 | Call with Counsel re: analysis for plan supplement | 4 |
| 9/4/2018 | 0.6 | Additional analysis for plan supplement at the direction of counsel | 4 |
| 9/5/2018 | 0.5 | Summary of latest financials and cash budget projections for Committee | 6 |
| 9/5/2018 | 1.1 | Committee Update Call | 12 |
| 9/11/2018 | 0.4 | Docket filings review: court order | 15 |
| 9/12/2018 | 0.3 | Case update memo from Counsel re: Order | 11 |
| 9/12/2018 | 1.3 | Committee Update Call | 12 |
| 9/13/2018 | 1.2 | Docket filings review: amended Purchase Agreement & Bid Procedures | 15 |
| 9/14/2018 | 0.4 | Review of press release draft | 14 |
| 9/14/2018 | 0.6 | Research and summary regarding premier intellectual property | 14 |
| 9/14/2018 | 0.4 | Revisions to press release draft | 14 |
| 9/15/2018 | 0.3 | Correspondence with Committee re: press release | 12 |
| 9/16/2018 | 0.4 | Call with Counsel re: press release | 11 |
| 9/16/2018 | 0.5 | Revisions to press release draft | 14 |
| 9/16/2018 | 0.6 | Preparations and discussions with vendor for release of statement | 14 |
| 9/17/2018 | 0.4 | Additional correspondence with vendor re: press release amendments | 14 |
| 9/18/2018 | 0.6 | Review of sale process materials and target lists from Debtors advisors | 13 |
| 9/18/2018 | 0.4 | Search additional contacts from Counsel | 13 |
| 9/19/2018 | 0.5 | Preparation of list and corresponding contact detials for pre-auction marketing effort | 13 |
| 9/20/2018 | 0.2 | Case update from Counsel | 11 |
| 9/21/2018 | 0.8 | Review / Analysis of August Budget vs Actual Materials Provided by the Debtors | 5 |
| 9/21/2018 | 0.5 | Analysis re: July Cash Flow Statement and Notes | 6 |
| 9/21/2018 | 1.2 | Analysis of MORs | 2 |
| 9/21/2018 | 0.5 | Analysis of Related Party Periodic Report | 2 |
| 9/21/2018 | 0.6 | Summary of financial results and correspondence with Committee | 12 |
| 9/22/2018 | 0.3 | Case update memo from Counsel re: Order | 11 |
| 9/25/2018 | 0.3 | Review of marketing process update from Debtors' Advisors | 8 |
| 9/25/2018 | 0.2 | Update from Counsel on D&O claims litigation | 11 |
| 9/26/2018 | 0.2 | Correspondence with Counsel re: stalking horse bid | 11 |
| 9/27/2018 | 0.5 | Summary information at the direction of Counsel re: RMST Inc assets and liabilities | 7 |
| 9/28/2018 | 0.3 | Review of communications with shareholders and Counsel | 11 |
| 9/29/2018 | 0.5 | Research target buyer contact on behalf of Committee | 13 |
| 9/30/2018 | 0.3 | Internal comunications re: potential interested party outreach | 13 |
| **Total** | **20.6** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
October 1, 2018 to October 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 10/1/2018 | 0.6 | Correspondence with Counsel re: Sale Update | 11 |
| 10/4/2018 | 0.3 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 10/11/2018 | 0.4 | Correspondence with Counsel re: Auction Cancellation | 11 |
| 10/12/2018 | 0.6 | Call with Interested Party | 13 |
| 10/12/2018 | 0.3 | Correspondence with Committee | 12 |
| 10/17/2018 | 0.4 | Correspondence with Counsel re: NOLs | 11 |
| 10/26/2018 | 0.2 | Correspondence with Counsel re: Case Update | 11 |
| **Total** | **2.8** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brendan J. Murphy
October 1, 2018 to October 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 10/1/2018 | 0.8 | Correspondence / discussion with Counsel re: Sale Update / bidders | 11 |
| 10/1/2018 | 0.2 | Prospective bidder outreach  / Discussion with interested parties | 13 |
| 10/1/2018 | 0.2 | Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 10/2/2018 | 0.3 | Prospective bidder outreach  / Discussion with interested parties | 13 |
| 10/4/2018 | 0.3 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 10/4/2018 | 0.2 | Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 10/5/2018 | 0.1 | Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 10/5/2018 | 0.2 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 10/5/2018 | 0.4 | Prospective bidder outreach  / Discussion with interested parties | 13 |
| 10/5/2018 | 0.1 | Correspondence with Company re: Buyers Discussion and Sales Process | 8 |
| 10/9/2018 | 0.3 | Correspondence / discussion with Counsel re: Auction Cancellation / Committee Materials | 11 |
| 10/11/2018 | 0.4 | Correspondence / discussion with Counsel re: Auction Cancellation / Committee Materials | 11 |
| 10/12/2018 | 0.6 | Call with Interested Party | 13 |
| 10/12/2018 | 0.4 | Correspondence with Counsel/Committee re: Interested Bidder | 12 |
| 10/12/2018 | 0.2 | Correspondence / discussion with Counsel re: Case Issues | 11 |
| 10/14/2018 | 0.3 | Correspondence with Interested Party | 13 |
| 10/15/2018 | 0.4 | Correspondence with Interested Party | 13 |
| 10/16/2018 | 0.3 | Correspondence with Interested Party | 13 |
| 10/17/2018 | 0.6 | Correspondence / discussion with Counsel re: NOL and Other Case Issues | 11 |
| 10/26/2018 | 0.2 | Correspondence / discussion with Counsel re: Case Update | 11 |
| **Total** | **6.5** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
Jeremy deKoe
October 1, 2018 to October 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 10/1/2018 | 0.2 | Case update from Counsel | 11 |
| 10/1/2018 | 0.3 | Review of Sale Process Update from GR | 8 |
| 10/2/2018 | 1.1 | Preparation and Call with Committee | 12 |
| 10/2/2018 | 0.5 | Internal discussion re: call notes and process | 10 |
| 10/2/2018 | 0.2 | Potential interested party outreach | 13 |
| 10/4/2018 | 0.4 | Bid process and case update with Counsel | 11 |
| 10/5/2018 | 0.4 | Review of draft filing from Counsel re: sale motion | 15 |
| 10/5/2018 | 0.2 | Case update from Counsel | 11 |
| 10/9/2018 | 0.3 | Review of draft communications notice re: auction cancellation | 15 |
| 10/11/2018 | 0.3 | Case update from Counsel re: October 18 hearing | 11 |
| 10/14/2018 | 0.2 | Case update from Counsel re: interest parties | 11 |
| 10/16/2018 | 0.9 | Committee Call | 12 |
| 10/17/2018 | 1.6 | Review of docket filings: Objections and responses and transcript | 15 |
| 10/18/2018 | 0.3 | Case update from Counsel re: Sale Hearing | 11 |
| 10/20/2018 | 0.3 | Discussion with Counsel re: confidential information received | 11 |
| 10/22/2018 | 1.2 | Review and analysis of MORs filed for September | 2 |
| 10/22/2018 | 0.2 | Analysis of Related Party Periodic Report | 2 |
| 10/22/2018 | 0.3 | Case update from Counsel re: Committee options | 11 |
| 10/26/2018 | 0.3 | Case memo update from Counsel re: planning for Judge Smith hearing | 11 |
| 10/30/2018 | 0.6 | Review of docket filings | 15 |
| 10/30/2018 | 0.3 | Case update from Counsel re: District Court Hearing | 11 |
| **Total** | **10.1** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
November 1, 2018 to November 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 11/1/2018 | 0.5 | Preparation and Call with Committee | 12 |
| 11/30/2018 | 0.3 | Correspondence with Counsel re: Status of District Court Motions | 11 |
| **Total** | **0.8** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brendan J. Murphy
November 1, 2018 to November 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 11/1/2018 | 0.5 | Preparation For and Call with Committee Members re: Case Update | 12 |
| 11/8/2018 | 0.7 | Preparation For and Call with Committee Members re: Case Update | 12 |
| 11/13/2018 | 0.4 | Correspondence with Counsel re: District Court litigation | 11 |
| 11/29/2018 | 0.3 | Correspondence with Counsel re: Status of District Court Motions | 11 |
| 11/30/2018 | 0.2 | Correspondence with Counsel re: Status of District Court Motions | 11 |
| **Total** | **2.1** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
**Jeremy deKoe**
November 1, 2018 to November 30, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 11/1/2018 | 0.5 | Committee Call: Case Update | 12 |
| 11/6/2018 | 0.4 | Case update memo from Counsel re: District Court Filings | 11 |
| 11/8/2018 | 0.5 | Committee Call: Case Update | 12 |
| 11/8/2018 | 0.6 | Review of Docket Filings: Proposed Order Approving Sale | 15 |
| 11/10/2018 | 0.4 | Case update munites from Counsel re: Committee Resolution | 11 |
| 11/13/2018 | 0.7 | Case update memo from Counsel re: District Court Sale Hearing | 11 |
| 11/20/2018 | 1.2 | Review of Docket Filings: Financial Reports for all entities | 15 |
| 11/29/2018 | 0.3 | Correspondence with Counsel re: Committee Resolution | 11 |
| **Total** | **4.6** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brent C. Williams
December 1, 2018 to December 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 12/18/2018 | 0.4 | Correspondence with Counsel re: Case Status | 11 |
| **Total** | **0.4** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Lincoln**
Brendan J. Murphy
December 1, 2018 to December 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|-----------|------------------------|----------|
| 12/4/2018 | 0.6 | Preparation For and Call with Committee Members re: Case Update | 12 |
| 12/12/2018 | 0.4 | Correspondence with Counsel re: Case Status | 11 |
| 12/17/2018 | 0.6 | Summary of Hours / Invoice Preparation | 1 |
| 12/21/2018 | 0.6 | Call with Interested Party re: Case Update | 13 |
| 12/28/2018 | 0.3 | Correspondence with Counsel re: Case Status | 11 |
| **Total** | **2.5** | | |

**Premier Exhibitions, Inc.**
**Time Detail by Task by Professional - Teneo**
**Jeremy deKoe**
December 1, 2018 to December 31, 2018

| Date | # of Hours | Description of Task(s) | Category |
|------|------------|------------------------|----------|
| 12/1/2018 | 0.2 | Correspondence with Local Counsel re: Case Expenses | 11 |
| 12/5/2018 | 0.5 | Case update munites from Counsel re: Committee Call | 11 |
| 12/11/2018 | 0.4 | Document Review: Debtors' Report re: Disclosure | 15 |
| 12/18/2018 | 0.2 | Case update munites from Counsel re: Committee Call | 11 |
| 12/22/2018 | 1.0 | Summary of Hours / Invoice Preparation | 1 |
| **Total** | **2.3** | | |



Amsterdam | Beijing | Chicago | Dallas |
Frankfurt | London | Los Angeles | Madrid |
Milan | Moscow | Mumbai | New York | Paris |
San Francisco | Sao Paulo | Stockholm | Tokyo |
Vienna | Zurich

Lincoln Partners Advisors LLC
500 West Madison Street
Chicago, IL 60661
United States

direct    1 (312) 580-8339
fax      1 (312) 580-8317
http://www.lincolninternational.com

Premier Exhibitions, Inc.
3340 Peachtree Road
NE Suite 900
Atlanta, GA 30326

Attention:
Mr. Jerome Henshall
Chief Financial Officer

Invoice Date:    12/4/2018
Invoice No.:     INV102-00466
Project Code:    15237

Out-of-pocket expenses, for the period from associated with Lincoln International acting as financial advisor in connection with our engagement letter as of 5/30/2017.

| Expenses: April 2017 to December 2017 | |
| --- | --- |
| Airfare | $    62.00 |
| Hotel | - |
| Taxi, Car, and Parking | 53.86 |
| Meals | 121.07 |
| Printing and Reprographics | 37.45 |
| Phone and Internet | 29.87 |
| **Total Due** | **$   304.25** |

| Expenses: January 2018 to October 2018 | |
| --- | --- |
| Airfare | $3,122.65 |
| Hotel | 1,299.53 |
| Taxi, Car, and Parking | 1,157.28 |
| Meals | 430.24 |
| Printing and Reprographics | 272.59 |
| Phone and Internet | 131.95 |
| **Total Due** | **$6,414.24** |

## DUE AND PAYABLE UPON RECEIPT

**PAYMENT INSTRUCTIONS**

**If payment by ACH or wire transfer:**

Bank of America
Account Name: Lincoln Partners Advisors
Account # ███████████
ABA # ███████████
ABA # ███████████
Swift Code: BOFAUS3N

**If payment by check:**
*Please make check payable to Lincoln Partners Advisors LLC*





**PLEASE REMIT TO:**
PR NEWSWIRE ASSOCIATION LLC
G.P.O. BOX 5897, NEW YORK, NY 10087-5897

For Billing Payment Inquiries and Wire Transfer Instructions call:
**888-776-0942 or 201-360-6060**

Andrew Cheng
TENEO STRATEGY
601 LEXINGTON AVE
 45TH FLOOR
NEW YORK NY 10022

| | |
|---|---|
| **INVOICE NUMBER:** | 103225200 |
| **DATE:** | 09/17/18 |
| **ACCOUNT NUMBER:** | 962071 |
| **AMOUNT DUE:** | $ 1,580.00 |

**TERMS - DUE 30 DAYS FROM DATE OF THIS INVOICE**

**FOR CORRESPONDENCE ONLY:**
ATTN: ACCOUNT RECEIVABLE
PR NEWSWIRE ASSOCIATION LLC
602 PLAZA THREE
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311-3801

# PR Newswire

| ACCOUNT NAME | ACCOUNT NO. | LOG NO. | DATE | INVOICE |
|---|---|---|---|---|
| TENEO STRATEGY | 962071 | CG08997 | 09/17/18 | 103225200 |

| SERVICE  DESCRIPTION | PRICE |
|---|---|
| VISIBILITY REPORTS EMAIL | $ 0.00 |
| US1 NATIONAL NEWSLINE | $ 815.00 |
| US1 NEWSLINE ADDITIONAL LENGTH CHARGE | $ 765.00 |
| VISIBILITY REPORTS EMAIL ADDITIONAL LENGTH CHARGE | $ 0.00 |
| COMPLIMENTARY PRESS RELEASE OPTIMIZATION | $ 0.00 |

HEADLINE :       Entire Titanic Artifact Collection To Be Sold At Auction,
                 Opening bid $21.5M

BILLING COMMENTS :   Sender's Name:Gabe Hajyousif
                     Sender's Telephone:1-646-5613540

Services provided by PR Newswire are governed by and shall at all times be subject
to PR Newswire's General Terms and Conditions and the supplemental terms and
conditions applicable to the Services located at
**http://www.prnewswire.com/customer-terms-conditions-landing-page.html.**

| **PLEASE PAY THIS AMOUNT** | $ 1,580.00 |
|---|---|

**We accept Visa, Mastercard, American Express and Discover Card**
For Billing and Payment  Inquiries call:
**888-776-0942 or 201-360-6060**
*You can remit payment, view invoices, and print copies of press releases online through your PR Newswire Online Member Center account at https://portal.prnewswire.com/*
STORY DATE :  09/17/2018
BUREAU CODE:  CG

## **Exhibit D**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In re:

PREMIER EXHIBITIONS, INC., *et al.*,

      Debtors.[1]

_____/

Case No.: 3:16-bk-02232-JAF

Chapter 11

(Jointly Administered)

**ORDER ALLOWING COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF TENEO SECURITIES LLC**

THIS CASE came before the Court on the Fourth Interim and Final Application (the "Application")[2] (Doc. _____) of Teneo Securities LLC ("Teneo"), financial advisor to the Committee of Equity Security Holders of Premier Exhibitions, Inc., for the allowance of compensation for services rendered and reimbursement of expenses. The Court having held a hearing on September 12, 2019 at which good cause for the approval of the Application was shown it is

**ORDERED**:

1.      The Application is approved.

2.      Teneo is allowed compensation of $193,141.50 for professional services rendered and $8,298.49 for the reimbursement of expenses incurred during the period from January 1, 2018 through December 31, 2018.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's Federal tax identification number, are: Premier Exhibitions, Inc. (4922); Premier Exhibition Management LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). Their service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

[2] Defined terms from the Application are incorporated herein.

3.      The interim compensation and reimbursement of expenses allowed to Teneo on its First Application (Doc. 613), Second Application (Doc. 768), Third Application (Doc. 950), and Fourth Application (Doc. ___) are hereby confirmed, and Teneo is hereby allowed compensation totaling $545,214.42 for services rendered to the Debtors from October 20, 2016, through December 31, 2018 and $12,284.98 for reimbursement of expenses in connection with such services, for a total award of $557,499.40.

4.      The Debtors are authorized and directed to immediately pay Teneo all fees and expenses allowed by this Order and not previously paid.

5.      The Debtors are authorized and directed to pay Teneo the Equity Distribution Fee in the event there is a distribution to the Debtors' equity holders.

Dated: _____, 2019, at Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Attorney Jacob A. Brown is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

48165882;1