## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

PREMIER EXHIBITIONS, INC., *et al.*,[1]

        Debtors.

Case No. 3:16-bk-02232-JAF

Chapter 11 (Jointly Administered)

## AMENDED[2] NINTH INTERIM AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF KALEO LEGAL AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION

### IMPORTANT NOTICE

Pursuant to Local Rule 2002-4, the Court will consider relief requested in this paper without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202, and serve a copy on the movant's attorney, Brian A. Wainger, Esq., Kaleo Legal, 4456 Corporation Lane, Suite 135, Virginia Beach, Virginia 23462, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Georgia 30308.

[2] This Application is being amended to correct the signature block and the certificate of service signature block.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

### Ninth Interim Application Details

| | | | |
|---|---|---|---|
| Name of Applicant: | | Kaleo Legal | |
| Services Provided to: | | RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession | |
| Date of Bankruptcy Related Retention: | | June 14, 2016 | |
| Period for this Application: | | March 1, 2019 through July 31, 2019 | |
| Amount of Compensation Sought: | | **$ 1440.00** | |
| Amount of Expense Reimbursement: | | $ 0 | |
| Amount of Original Retainer: | $15,400.00 | Current Balance: | $15,400.00 |
| Blended Hourly Rate this Application: | $400/hour | Cumulative: | $388.35/hour |
| | | | |
| | | | |
| This is an interim or final application: | | **Ninth Interim** | |

### Final Application Details

| | | | |
|---|---|---|---|
| Name of Applicant: | | Kaleo Legal | |
| Services Provided to: | | RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession | |
| Date of Bankruptcy Related Retention: | | June 14, 2016 | |
| Period for this Application: | | June 14, 2016 through July 31, 2019 | |
| Amount of Compensation Sought: | | **$ 496,540.00** | |
| Amount of Expense Reimbursement: | | **$ 8,712.50** | |
| Amount of Original Retainer: | $15,400.00 | Current Balance: | $15,400.00 |
| Cumulative Hourly Rate: | $400/hour | Cumulative: | $388.35/hour |
| | | | |
| | | | |
| This is an interim or final application: | | **Final** | |

| | | Requested | | | | Approved | | Paid | | Balance Due/Hold back |
|---|---|---|---|---|---|---|---|---|---|---|
| Filed | Period | Fees | Hrs. | Rate | Exps. | Fees | Exps. | Fees | Exps. | |
| 11/16/16 | 06/14/16 - 09/30/16 | $109,620.00 | 284.1 | $386 | $1,740.93 | $109,620.00 | $1,740.93 | $109,620.00 | $1,740.93 | $0 |
| 2/28/17 | 10/1/16-1/31/16 | $71,780.00 | 188.2 | $381.40 | $522.45 | $71,780.00 | $522.45 | $71,780.00 | $522.45 | $0 |
| 6/20/17 | 2/1/2017 -4/30/17 | $39,620.00 | 103.3 | $383.54 | $491.21 | $39,620 | $491.21 | $39,620.00 | $491.21 | $0 |
| 10/20/17 | 5/1/2017 -8/31/17 | $57,360.00 | 151.4 | $378.86 | $298.12 | $57,360.00 | $298.12 | $57,360.00 | $298.12 | $0 |
| 3/01/18 | 9/1/2017 - 12/31/2017 | $17,240.00 | 43.1 | $400 | 100.84 | _____ | _____ | $13,892.84 | 100.84 | 3,448.00 |
| 7/03/18 | 1/1/2018 - 5/31/2018 | $61,200.00 | 156 | $392.31 | $1,475.66 | _____ | _____ | $48,960.00 | $1,475.66 | $12,240 |
| 11/27/18 | 6/1/18-10/31/18 | 110,040.00 | 278.3 | $395.40 | $4,042.04 | _____ | _____ | $88,032.00 | $4,042.04 | 22,008.00 |
| 3/08/19 | 11/1/18-2/28/19 | 28,240.00 | 70.6 | $388.31 | $41.25 | _____ | _____ | $22,592.00 | $41.25 | $5,648.00 |

| | | | | | FINAL | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 8/13/19 | 6/14/16-7/31/19 | 496,540.00 | 1278.60 | $388.35 | $8,712.50 | $278,380 | $3,052.71 | $461,620.5 | $8,712.5 | $43,632.00 |

Kaleo Legal ( the "Applicant"), as counsel to RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession (the "Debtors"), pursuant to Section 330 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files its *Ninth Interim and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Kaleo Legal, as Counsel to the Debtors and Debtors in Possession* (the "Application") for professional services and expenses rendered by Applicant during the period of March 1, 2018 through July 31, 2019 (the "Ninth Interim Application Period") and for professional services and expenses rendered by Applicant during the period of June 14, 2016 through July 31, 2019 (the "Final Application Period").  In support thereof, the Applicant states:

## RETENTION OF APPLICANT AND REQUESTED AWARD

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(A).  Venue is proper before this Court pursuant to 28 U.S.C. § 1408.  The statutory predicates for the relief requested herein are sections 105(a), 1102 and 1103 of the Bankruptcy Code.

2.      On June 14, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "Bankruptcy Case").

3.      On June 20, 2016, the Applicant submitted its Application to Employ the firm of Kaleo Legal as counsel to the Debtors and Debtors in Possession Effective as of the Petition Date [D.E. 25].  The Application was granted via order of this Court on August 11, 2016 [D.E. 132].

4.      Subsequent to the Debtors' Application for employment, the Debtors filed its Motion for an Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtors in the Ordinary Course of Business [D.E. 109] which was approved by the Court's Order entered on September 1, 2016 [D.E. 180] (the "Compensation Order"). The Court subsequently vacated the Compensation Order on May 14, 2019.

5.      The Applicant submits this application, pursuant to Sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Guidelines.

6.      The Applicant requests an interim award of legal fees incurred by the Applicant for services rendered during the Ninth Interim Application Period, as counsel to the Debtors, in the amount of $1,440.00.

7.      The Applicant requests a final award of legal fees incurred by the Applicant for services rendered during the Final Application Period, as counsel to the Debtors, in the amount of $496,540 and reimbursement for the actual and necessary expenses incurred by the Applicant during the Final Application Period in the amount of $8,712.50.

6.      Consistent with the Compensation Order, which the Court has now vacated, the Debtors have paid Kaleo Legal $461,620.50 in fees and $8,712.50 in expenses during the Final Application Period. Kaleo Legal has $43,632.00 in unpaid fees which the firm generated during the Final Application Period.

7.      This request is the Applicant's Ninth Interim Application to the Court for compensation and reimbursement of expenses for services rendered as counsel to the Debtors.  No understanding exists between the Applicant and any other person for the sharing of compensation sought by the Applicant, except among the partners and associates of the Applicant.

In accordance with the Guidelines, the following exhibits are annexed to this Application for the Final Application Period:

Exhibit 1:      Summary of Professional Time together with Detailed Description of Services Rendered;

Exhibit 2:      Summary of Professional Time and Detailed Description of Services Rendered Sorted by Activity Code Category;

Exhibit 3:      Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements; and

Exhibit 4:      Summary of Total Fees and Expenses Paid together with Outstanding Balance.

8.      The Applicant has documented a total of **1,278.60** hours during the Final Application Period in rendering necessary and beneficial legal services to the Debtors. Exhibit 1 contains a list of the Applicant's professionals who have provided services to the Debtors during the Application Period, the hourly rate charged by each, a detailed explanation of each entry sorted by each day, and a summary of time expended by each

professional. The Applicant prepared Exhibit 1 based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys who rendered services in this case.   Exhibit 2 contains a summary of time expended by each professional sorted by activity code category as required by, and in compliance with, the Guidelines. Exhibit 3 contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Debtors, for which the Applicant seeks reimbursement in accordance with Section 330(a)(2) of the Bankruptcy Code, the Bankruptcy Rules and the Guidelines.   The expenses and disbursements summarized in Exhibit 3 are those which the Applicant typically would invoice to its non-bankruptcy clients. Exhibit 4 contains a summary of total fees and expenses paid together with the outstanding balance. Applicant also maintains $15,400.00 of Debtors' funds in its professional trust account.

## BACKGROUND

8.     On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of this bankruptcy case, are set forth in detail in the Chapter 11 Case Management Summary [D.E. 8].(the "Case Summary")

9.     The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

10.     On August 24, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors and an Official Committee of Equity Security Holders [D.E. 166, 167].

## INDEXING OF TASKS BY ACTIVITY CODES

11.    As set forth in Exhibit 2 to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines. In each of its previous Eight Interim Fee Applications, the Applicant also organized its time records by activity codes and indexed its time records accordingly.

12.    Accordingly, each of the time entries of the attorneys of the Applicant have been indexed into the categories listed in Exhibit 2.

## UNIQUE SERVICES AND CONSIDERATIONS
## FOR WORK PERFORMED BY KALEO LEGAL

13.    In June, 2016, when the Debtors filed the Petition, Kaleo Legal consisted of Brian Wainger, two other attorneys, and no staff.[3] Until its engagement in this Bankruptcy Case, no attorney at Kaleo Legal had ever served as counsel of record in a bankruptcy proceeding. The Debtors asked Mr. Wainger to serve as special litigation counsel in this matter because of his long history of representing Debtor RMS Titanic, Inc. in the case styled as *R.M.S. Titanic, Inc. v The Wrecked and Abandoned Vessel,* Civil Action No. 2:93cv902 in the Eastern District of Virginia, Norfolk Division (the "Salvage Proceedings"). The Salvage Proceedings have been pending since 1993. Mr. Wainger possesses deep institutional knowledge about those proceedings, and the complicated law of that case, having served as counsel of record in that matter for over 15 years.

---

[3] Kaleo Legal added a fourth attorney in Fall, 2017 and has expanded in 2018 and 2019 to approximately ten attorneys and one paralegal.

14.    Issues related to the Salvage Proceedings were a critical component of the Bankruptcy Case because the collection of artifacts recovered by RMST was by far the most valuable asset of the estate, having been previously appraised at nearly $200 million.

15.    The Bankruptcy Case became an amalgam of Bankruptcy law, International Law and Maritime Law, and Mr. Wainger and Kaleo Legal provided invaluable institutional knowledge and legal expertise on the non-bankruptcy aspects of the case. In particular, Mr. Wainger served as lead counsel in Debtor RMS Titanic, Inc.'s adversary proceeding against the Republic of France, engaging and working with legal professors and experts in the United States and France. For the first year of the Bankruptcy Case, Mr. Wainger also served as the lead liaison between bankruptcy counsel for the Debtors and the Debtors. In conjunction with Robert W. McFarland and his firm, McGuireWoods LLP, Mr. Wainger also continued to represent RMST in the Salvage Proceedings, and advised the Debtors on the interplay between the Bankruptcy Case and the Salvage Proceedings, which time and fees are included in this Application.

16.    Although not a bankruptcy attorney, Mr. Wainger committed fully to the Bankruptcy Case. Because Kaleo Legal is such a small firm, with only two or three partners and without any office staff until 2018; because this matter involved complex issues of maritime law and international law; and because bankruptcy law was a new discipline for Mr. Wainger, he spent a great deal of time on this matter as a personal investment that was not billed to the Debtor. In this regard, although Kaleo Legal seeks approval for a total of 1,278 hours spent during the three years of the Application Period, that number actually

reflects only a percentage of the actual time invested by Mr. Wainger during the Final Application Period.

17.    Because of the size of Kaleo Legal, and the substantial investment of time by one of only three lawyers in the matter, Kaleo Legal could not continue the engagement in this matter without receiving monthly payments throughout the Final Application Period. Recognizing the unique circumstances confronting Mr. Wainger and his firm, the other professionals in the case agreed to allow the Debtors to continue paying Kaleo Legal throughout the case, pursuant to the Compensation Order when it was in effect, even while they agreed to forestall payments to all the other law firms out of necessity to preserve the dwindling estate.

18.    During the course of its 38 month representation of Debtors in the Bankruptcy Case, Kaleo Legal has been paid a total of $461,620.50 in fees, and $8,712.50 in expenses, and is owed an additional $43,632.00.

<b><u>EVALUATION OF SERVICES RENDERED;</u></b><br><b><u>FIRST COLONIAL CONSIDERATIONS</u></b>

19.    This Application has presented the nature and extent of the professional services the Applicant has rendered in connection with its representation of the Debtors for which the Applicant seeks compensation. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. A mere reading of the time summary annexed hereto alone cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with these cases.

18. <u>American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.)</u>, 544 F.2d 1291 (5th Cir. 1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees. First Colonial remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code. <u>Grant v. George Schumann Tire & Battery Co.</u>, 908 F.2d 874 (11th Cir. 1990); Collier on Bankruptcy, 330.05[2] [a] at 330-33 through 330-37 (L. King 15th ed. 1991); <u>see also</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981). The twelve factors are:

(1)     The time and labor required;
(2)     The novelty and difficulty of the questions presented;
(3)     The skill required to perform the legal services properly;
(4)     The preclusion from other employment by the attorney due to acceptance of the case;
(5)     The customary fee for similar work in the community;
(6)     Whether the fee is fixed or contingent;
(7)     The time limitations imposed by the client or circumstances;
(8)     The amount involved and results obtained;
(9)     The experience, reputation and ability of the attorneys;
(10)    The undesirability of the case;
(11)    The nature and length of the professional relationship with the client; and
(12)    Awards in similar cases.

<u>First Colonial</u>, 544 F.2d at 1298-99.

19.     Based on the standards set forth in Section 330 of the Bankruptcy Code and <u>First Colonial</u>, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Final Application Period is $461,620.50 in Fees plus expenses of $8,712.50.

**A.     <u>Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors</u>**

20.     The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services of the Applicant rendered for the benefit

of the estate during the period covered by this Application.  The total number of hours expended, **1278.6** hours, reveals the time devoted to this matter by the Applicant on a vast spectrum of legal issues which have arisen in this case during the period covered by this Application. The actual number of hours expended by Kaleo Legal far exceeds the actual billable amount, perhaps by as much as twenty-percent (20%).

        **B.**        **Novelty and Difficulty of Questions Presented**

      21.      The issues that have arisen in this case during the period encompassed by this Application demanded a high level of skill combining extraordinarily complicated aspects of Bankruptcy Law, International Law and Maritime Law.

        **C.**        **Skill Requisite to Perform Services Properly**

      22.      In rendering services to the Debtors, the Applicant demonstrated substantial legal skill and expertise in the areas of bankruptcy, commercial law, maritime law, international law, debtor-creditor rights, and secured transactions and negotiation.

        **D.**        **Preclusion from Other Employment by Attorney due to Acceptance of Case**

      23.      The Applicant has devoted substantial time in the representation of the Debtors as more fully appears on each of the Exhibits.  While the Applicant's participation in this matter did not preclude its representation of other clients, its investment in this case vastly reduced the time it spent on other matters. In the first fourteen months of the case between June 14, 2016 when the petition was filed and August 31, 2017, the Applicant billed 727 hours to this matter, the vast majority of which was billed by Mr. Wainger. For a firm of only three attorneys at that time, this represents a huge amount of time which the Applicant could not devote to other client matters.

### E.    Customary Fee

24.    The hourly rate charged by the Applicant as set forth in Exhibits 1 and 2 ranges from \$300 to \$400 for attorneys, which is customary for professionals in Florida and Virginia of similar skill and experience.[4]

25.    The hourly rate charged for attorneys who worked on this case are as follows:

| Initials | Name | Hourly Rate |
|:--------:|:----:|:-----------:|
| ATTORNEYS | | |
| BAW | Brian Wainger | \$400 |
| WRP | William Poynter | \$400 |
| TB | Tina Bingham | \$400 |
| JS | John Swingle | \$300 |

### F.    Whether Fee is Fixed or Contingent

26.    The Applicant's compensation in this matter is subject to approval of the Court and is, therefore, contingent. The Applicant does not take other contingent fee arrangements. In agreeing to accept this contingent engagement, which was a massive undertaking for Applicant as a commitment to its long-term client, for whom the Applicant possesses unique institutional knowledge and subject-matter expertise, the Applicant took great risk. This is particularly true as the Applicant does not participate in other bankruptcy proceedings, and is therefore not subject to other court ordered fee approvals.  The Court should consider this factor, which militates in favor of a fee award in the amount requested. The amount requested is consistent with the fee that the Applicant would charge its clients in other non-contingent, commercial matters.

---

[4] Applicant has not billed for any time spent by its paraprofessionals.

**G.**    **Time Limitations Imposed by Client or Other Circumstances**

27.    The circumstances of this case imposed serious time constraints on the Applicant due to the volume of work and the necessity for rapid resolution of significant issues.

**H.**    **Experience, Reputation and Ability of Attorneys**

28.    The Applicant is an established small law firm and its members working on this case are experienced attorneys with significant experience in commercial litigation and with historical knowledge of Debtors applicable to the specific issues in this bankruptcy case. The Applicant enjoys a fine reputation and has demonstrated substantial ability in the fields of corporate, commercial, and litigation services, with specialized knowledge, skill and experience in unique aspects of this bankruptcy case.

**I.**    **"Undesirability" of Case**

29.    This case is not undesirable.  The Applicant is privileged to have the opportunity to represent the Debtor and to appear before the Court in this case.

**J.**    **Nature and Length of Professional Relationship with Client**

30.    The Applicant has had an extensive prior relationship with the Debtors dating back to 2001. Brian Wainger, the founder of Kaleo Legal, has served as counsel in the Salvage Proceedings since 2004.

**K.**    **Awards in Similar Cases**

31.    The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation that the Applicant requests

15

comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.

## A FEE DISCOUNT OF ANY SIZE WOULD INEQUITABLY IMPACT KALEO LEGAL

32.    An award which discounts the fees requested in this Final Application would have a huge effect on the Applicant. Throughout the Bankruptcy Case, the Debtors made regular monthly payments to Kaleo Legal, pursuant to the Compensation Order, when it was still in place, even when the Debtors could not make similar payments to the other legal professionals in the case. This distinction, approved by the other legal professionals, served as an acknowledgment of the truly unique circumstances pursuant to which the Debtors engaged Kaleo Legal, and the unusual commitment that such a small, non-bankruptcy firm had made to its longstanding client. Throughout the three-year case, Kaleo Legal used these fees to pay its partners. Until Fall, 2017, Kaleo Legal employed three attorneys and no office staff. In Fall, 2018, approximately one an half years after the Petition Date, Kaleo Legal hired its fourth attorney.  Without these ongoing payments, the Applicant simply could not have continued to represent the Debtors.

As a result of these continued payments, and over the course of the three-year engagement, the Debtors have paid the Applicant $461,620.50 in fees, $8,712.50 in expenses, and still owe the Applicant $43,632.00 in fees.

Because the fees at issue in this application represent a significantly larger percentage of the total revenue generated by Kaleo Legal, when compared to the other larger firms in this case, a discount on the fees owed to Applicant would have a disparate impact on the

Applicant. A fee of approximately $43,632, the outstanding balance in this Final Fee Application, represents a huge number for a small firm like Kaleo Legal.

What is more, because Kaleo Legal received ongoing payments throughout the Bankruptcy Case, a discount on the fees sought by Applicant herein would have a materially deleterious effect on the Applicant, and on Brian Wainger personally. For example, if the Court elected to discount the Application by ten percent (10%), or approximately $49,000, the Applicant would actually have to pay money back to the Debtors.

The decision to represent the Debtors by Kaleo Legal in this matter reflected a huge commitment, and equally substantial risk on the part the firm. More than three years after that decision was made, the Applicant still feels honored to have been able to participate in this matter. The total fees sought in this Final Fee Application reflect a fair compensation for the hard work and commitment, and unique expertise of Kaleo Legal.

## CONCLUSION

WHEREFORE, the Applicant respectfully requests the Court to enter an order (i) awarding it the sum on a final basis of $496,540 as compensation for services rendered, and $8,712.50 as reimbursement for actual and necessary expenses incurred during the course of the Applicant's representation of the Debtors during the Final Application Period representing 100% of the aggregate fees and costs sought by the Applicant herein during the Final Application Period; (ii) approving on a final basis unbilled services rendered and expenses incurred from August 1, 2019 through confirmation of the Debtors' plan in an estimated amount not to exceed $20,000; (iii) authorizing and directing the Debtors to pay

the Applicant any outstanding amounts owed through confirmation of the Debtors' plan; and (iv) granting such other and further relief as the Court deems appropriate.

KALEO LEGAL

By _____

Brian A. Wainger *(Admitted Pro Hac Vice)*
4456 Corporation Lane, Suite 135
Virginia Beach, Virginia 23462
(757) 965-6804
(757) 304-6175 (fax)
bwainger@kaleolegal.com

*Counsel for the Debtors and Debtors in Possession*

NELSON MULLINS RILEY
& SCARBOROUGH LLP

By ___ */s/ Daniel F. Blanks* _____

Daniel F. Blanks (FL Bar No. 88957)
Lee D. Wedekind, III (FL Bar No. 670588)
50 N. Laura Street, Suite 4100
Jacksonville, FL 32202
(904) 665-3656 (direct)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

*Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on August 14, 2019.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde
Orlando, LLC and Louis J. Eyde
Orlando, LLC*

Jill E. Kelso, Esq.
Miriam G. Suarez, Esq.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 137
jill.kelso@usdoj.gov
Miriam.g.suarez@usdoj.gov
*Attorneys for Guy G. Gebhardt,
Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,
Jihe Zhang, and High Nature Holdings
Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,
Jihe Zhang, and High Nature Holdings
Limited*

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real
Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A.*

Theodore B. Randles, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10060
Washington, DC 20005
(202) 307-3242
Theodore.B.Randles@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau,
Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

Chris Broussard, Esq.
Suzy Tate, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
suzy@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini & Munves PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of*
*Unsecured Creditors*

Jacob A. Brown, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of*
*Equity Security Holders of Premier*
*Exhibitions, Inc.*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
*Attorneys for CRI Properties, Ltd.*

Susan R. Sherrill-Beard, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326
(404) 842-7626
sherrill-beards@sec.gov
atlreorg@sec.gov
*Attorneys for U.S. Securities and*
*Exchange Commission*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity Security*
*Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science and*
*Industry*

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP*
*And Euclid Claims Recovery LLC*

Garrett A. Nail, Esq.
John F. Isbell, Esq.
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2900
garrett.nail@thompsonhine.com
john.isbell@thompsonhine.com
*Attorneys for Bay Point Capital Partners, LP*

Steven R. Fox, Esq.
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
srfox@foxlaw.com
*Attorneys for Titanic Entertainment
Holdings*

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Time Out New York
405 Park Avenue
New York, NY 10022

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services,
LLC
PO Box 13708
Macon, GA 31208

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
***Creditor Committee***

B.E. Capital Management Fund LP
Thomas Branziel
228 Park Avenue South, Suite 63787
New York, NY 10003
***Creditor Committee***

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
***Creditor Committee***

    _/s/ Daniel F. Blanks_
            Attorney