## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

**PREMIER EXHIBITIONS, INC.,** *et al.*,[1]

  Debtors.

Case No. 3:16-bk-02232-JAF

**Chapter 11 (Jointly Administered)**

---

### SUMMARY COVER SHEET TO THE AMENDED[2] FINAL APPLICATION OF GLASSRATNER ADVISORY AND CAPITAL GROUP LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISORS TO THE DEBTORS FOR SERVICES RENDERED FROM SEPTEMBER 30, 2016 THROUGH JUNE 30, 2019, AND FOR ESTIMATED FEES THROUGH AND INCLUDING CONFIRMATION OF THE DEBTORS' CHAPTER 11 PLAN

In accordance with the Local Bankruptcy Rules for the Middle District of Florida (the "Local Rules"), GlassRatner Advisory & Capital Group LLC (the "Applicant"), financial advisors for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Application") for the period from September 30, 2016 through June 30, 2019 (the "Actual Period"), for allowance of compensation for professional services of and reimbursement of actual and necessary expenses estimated to be incurred from July 1, 2019 up to and including confirmation of the Debtors' Plan[3] (the "Estimated Period", together with the Actual Period, the "Application Period").

The Applicant submits the Application as a final fee application pursuant to Sections 328,

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, Georgia 30308.

[2] This Application is being amended to correct certain inconsistencies and discrepancies in the amounts listed for compensation sought.

[3] See Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code [D.E. 81] (the "Plan").

330, 331 and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and the

Guidelines of the United States Trustee. The Applicant submitted each of its seven interim

applications [4] pursuant to the Compensation Order[5] (as defined in the Application) and has

received no objections to the interim applications.

| General Information | |
|---|---|
| Name of Applicant: | GlassRatner Advisory & Capital Group LLC |
| Services Provided to: | RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession, from the Retention Date through the dismissal of RMS Titanic, Inc.'s Chapter 11 case |
| Date of Retention: | September 30, 2016 |
| Date of Order Authorizing the Debtors to Retain the Applicant [D.E. 372] | December 8, 2016 |
| **Summary of Fees and Expenses Sought in the Application** | |
| **Actual Period** | |
| Actual Period: | September 30, 2016 through June 30, 2019 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Actual Period: | $529,549.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Actual Period: | $29,223.26 |
| Total Compensation and Expense Reimbursement Requested for the Actual Period: | $558,772.26 |
| **Estimated Period** | |
| Estimated Period: | July 1, 2019 through and including |

---

[4] *Seventh Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of GlassRatner as Financial Advisors to Debtors for Services Rendered from October 1, 2018 Through January 31, 2019* [D.E. 1329]; *Sixth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of GlassRatner as Financial Advisors to Debtors for Services Rendered from June 1, 2018 Through September 30, 2018* [D.E. 1250]; *Fifth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of GlassRatner as Financial Advisors to Debtors for Services Rendered from February 1, 2018 Through May 31, 2018* [D.E. 1078]; *Fourth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of GlassRatner as Financial Advisors to Debtors for Services Rendered from October 1, 2017 Through January 31, 2018 and DIP Financing Success Fee* [D.E. 965]; *Third Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of GlassRatner as Financial Advisors to Debtors for Services Rendered from June 1, 2017 Through September 30, 2017* [D.E. 788]; *Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expense of GlassRatner Advisory & Capital Group LLC as Financial Advisors to Debtors for Services Rendered from February 1, 2017 Through May 31, 2017* [D.E. 647]; *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expense of GlassRatner Advisory & Capital Group LLC as Financial Advisors to Debtors for Services Rendered from September 30, 2016 Through January 31, 2017* [D.E. 619].

[5] As further detailed in the Application, the Court has vacated the Compensation Order.

| | |
|---|---|
| | confirmation of the Debtors' Chapter 11 Plan |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Estimated Period: | $20,000.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Estimated Period: | $1,500.00 |
| Total Compensation and Expense Reimbursement Requested for the Estimated Period: | $21,500.00 |
| **Summary of Past Requests for Compensation and Prior Payments** | |
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $523,604.00 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $29,223.26 |
| Total Compensation Approved Pursuant to the Interim Compensation Order to Date: | $370,474.00 |
| Total Expense Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | $10,861.35 |
| Compensation Sought in this Application Not Yet Allowed (includes compensation for the Estimated Services Period (as defined below)): | $104,075.00 |
| Expense Reimbursement Sought in this Application Not Yet Allowed: | $18,361.91 |

| | | | |
|---|---|---|---|
| Amount of Original Retainer: | N/A | Current Balance: | $0.00 |
| Blended Hourly Rate this Application: | $320.92 | Cumulative: | $320.92 |
| This is an interim or final application: | | Final | |

## PRIOR APPLICATIONS FILED:

| Filed | Period | Requested | | | | Approved | | Paid | Holdback |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Hrs. | Blended Rate | Exps. | Fees | Exps. | Total | |
| 6/20/17 | 11/30/16 through 1/31/17 | $139,376.00 | 441.2 | $315.90 | $5,974.31 | $139,376.00 | $5,974.31 | $145,350.31 | $- |
| 7/6/17 | 2/1/17 through 5/31/17 | $116,567.00 | 367.4 | $317.28 | $1,049.91 | $116,567.00 | $1,049.91 | $117,616.91 | $- |
| 10/23/17 | 6/1/17 through 9/30/17 | $114,531.00[6] | ~1043.4 [7] | $109.77 | $3,837.13 | $114,531.00 | $3,837.13 | $118,368.13 | $- |
| 3/1/18 | 10/1/17 through 1/31/18 | $94,687.50[8] | 52.50 | $375.00 | $1,420.24 | *Pending* | *Pending* | $17,170.24[9] | $3,935.5 |
| 6/27/18 | 2/1/18 through 5/31/18 | $23,782.50 | 68.70 | 346.18 | $5,338.06 | *Pending* | *Pending* | $17,752.77 | $11,367.79 |
| 10/31/18 | 6/1/18 through 9/30/18 | $30,235.00 | 104.80 | 288.50 | $10,063.91 | *Pending* | *Pending* | $0.00 | $40,298.91 |
| 2/28/19 | 10/1/18 through 1/31/19 | $4,425.00 | 11.80 | 375.00 | $1,539.70 | *Pending* | *Pending* | $0.00 | $5,964.70 |
| **Total** | | $523,604.00 | 2089.8 [10] | $214.66 | $29,223.26 | $370,474.00 | $10,861.35 | $416,258.36 | $61,566.90 |

*[Remainder of Page Intentionally Left Blank; Signatures follow]*

---

[6] $100,000 of the fees billed in the Third Interim Fee Application includes four $25,000.00 fixed monthly fees approved by the Court for services provided by the Applicant in connection with Sale Process Activities. See [D.E. 693].

[7] The Applicant estimates having spent approximately 1,000 hours of professional time in connection with the successful DIP financing of the Debtors. For the avoidance of doubt, the professional time spent in connection with the DIP financing was not billed on an hourly basis but on a success fee, as explained paragraph twenty-five of the Application. Accordingly, unless otherwise stated, any reference to the exact amount of professional time spent by the Applicant, will not include the approximately 1,000 hours expended by the Applicant in connection with the DIP Facility.

[8] $75,000 of the fees billed in the Fourth Interim Fee Application includes a success fee of $75,000.00 incurred by the Debtors in connection with the successful DIP financing obtained by the Debtors. See [D.E. 965].

[9] This amount was paid to the Applicant pursuant to the August 17, 2016 Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [D.E. 141].

[10] Includes the approximately 1,000 hours of professional time expended by the Applicant in connection with the DIP financing.

Dated: August 15, 2019

Respectfully submitted,

NELSON MULLINS RILEY
& SCARBOROUGH LLP

By_____ /s/ Daniel F. Blanks_____
Daniel F. Blanks (FL Bar No. 88957)
Lee D. Wedekind, III (FL Bar No. 670588)
50 N. Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3656 (direct)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

*Co-Counsel for the Debtors and Debtors in Possession*

GLASSRATNER ADVISORY & CAPITAL GROUP LLC
By_____
Name: _Marshall Glade_____
3445 Peachtree Rd NE #1225
Atlanta, Georgia 30326
(470) 346-6800 (telephone)
(___) ___-____ (fax)

*Financial Advisors for the Debtors and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

**PREMIER EXHIBITIONS, INC.,** *et al.*,[1]

Debtors.

Case No. 3:16-bk-02232-JAF

Chapter 11 (Jointly Administered)

## AMENDED FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF GLASSRATNER AS FINANCIAL ADVISORS TO DEBTORS FOR SERVICES RENDERED FROM SEPTEMBER 30, 2016 THROUGH JUNE 30, 2019, AND FOR ESTIMATED FEES THROUGH AND INCLUDING CONFIRMATION OF THE DEBTORS' CHAPTER 11 PLAN

GlassRatner Advisory & Capital Group LLC (the "Applicant"), as financial advisors to

Premier Exhibitions, Inc. and certain of its affiliates, as Debtors and Debtors in Possession (the

"Debtors"), pursuant to Section 330 of Title 11 of the United States Code, 11 U.S.C. § 101, *et*

*seq.* (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), hereby files its *Final Application for Allowance and Payment of*

*Compensation and Reimbursement of Expenses of GlassRatner As Financial Advisors to Debtors*

*for Services Rendered From September 30, 2019 Through June 30, 2019, and for Estimated Fees*

*Through and Including Liquidation of the Debtors' Under the Debtors' Chapter 11 Plan* (the

"Application") for professional services rendered and expenses incurred by the Applicant during

the period of September 30, 2019 through and including June 30, 2019 (the "Actual Period"),

and for professional services estimated to be rendered from July 1, 2019 through and including

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309).  The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

confirmation of the Debtors' Plan[2] (the "Estimated Period", together with the Actual Period, the "Application Period").  In support thereof, the Applicant states:

## PRELIMINARY STATEMENT

Throughout the Application Period, the Applicant devoted a tremendous amount of resources to marketing the Debtors' assets to a global buyer pool in order to provide the highest and best return to the estates.  Indeed, the Applicant procured an initial offer of $30 million, only to have the offer subsequently withdrawn due to unfounded accusations against the prospective purchaser.  The second transaction procured by the Applicant (with Premier Acquisition (as defined below)), is, to date, the only consummated and funded source of providing creditors with a meaningful recovery.  Accordingly, as set forth herein, the professional services that Applicant provided in the Application Period were reasonable, necessary, and beneficial to the Debtors and their estates.  Accordingly, the Application should be granted, and Applicant should be awarded its requested fees and expenses.

## RETENTION OF APPLICANT AND REQUESTED AWARD

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(A).  Venue is proper before this Court pursuant to 28 U.S.C. § 1408.  The statutory predicates for the relief requested herein are sections 328, 330, 331 and 503(b) of the Bankruptcy Code.

2.      On June 14, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "Bankruptcy Case").

3.      On September 30, 2016, the Debtors submitted the Application to Employ the firm of GlassRatner Advisory & Capital Group LLC as Financial Advisors for the Debtors [D.E.

---

[2] See *Plan of Liquidation of the Debtors under Chapter 11 of the Bankruptcy Code* [D.E. 81] (the "Plan").

247] (the "Employment Application").  The Employment Application was granted via order of this Court on December 8, 2016 [D.E. 372].

4.      On June 7, 2017, the Debtors submitted the Supplemental Application to Employ the Applicant to extend the scope of the engagement to financial advisory and banking services in connection with a potential sale of all or part of the Debtors' assets [D.E. 614] (the "Supplemental Application").  The Supplemental Application was granted via order of this Court on August 3, 2017 [D.E. 693] (the "Supplemental Order").

5.      Subsequent to the Debtors' Application for employment, the Debtors filed its Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [D.E. 89] which was approved by the Court's Order entered on August 17, 2016 [D.E. 141] (the "Compensation Order"). On May 15, 2019, the Court entered an Order [D.E. 72][3] vacating the Compensation Order.

6.      The Applicant submits this Application, pursuant to Sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and the Guidelines of the United States Trustee (the "Guidelines").  The Applicant requests a final award of fees incurred by the Applicant for services rendered and estimated to be rendered, as financial advisors to the Debtors, in the amount of $529,549.00 and reimbursement for the actual and necessary expenses incurred by the Applicant during the Actual Period in the amount of $29,223.26, as follows:

| Number – Monthly Fee Statement | Period (Inclusive) | Fees | Expenses | Total |
|---|---|---|---|---|

---

[3] Debtor RMS Titanic, Inc. (Case No. 3:16-02230) – designated as the "Lead Debtor" for purposes of joint administration of these Chapter 11 Cases – was dismissed from these proceedings on or about March 8, 2019.  *See* [Case No. 3:16-bk-02230; D.E. 1336].  After the dismissal of RMS Titanic, Inc., Premier (Case No. 3:16-bk-02232) was designated as the new "Lead Debtor" for the purposes of joint administration of these Chapter 11 Cases. Accordingly, references to docket entries filed after March 8, 2019 refer to the Premier docket (Case No. 3:16-02232), unless otherwise noted.

| First | 10/9/2016 – 10/31/2016 | $13,800.50 | $6.80 | $13,807.30 |
| Second | 11/1/2016 – 11/30/2016 | $57,369.00 | $25.40 | $57,394.40 |
| Third | 12/1/2016 – 12/31/2016 | $39,256.50 | $5,262.47 | $44,518.97 |
| Fourth | 1/1/2017 – 1/31/2017 | $28,950.00 | $679.64 | $29,629.64 |
| Fifth | 2/1/2017 – 2/28/2017 | $45,452.00 | $1,013.80 | $46,465.80 |
| Sixth | 3/1/2017 – 3/31/2017 | $50,311.00 | $10.43 | $50,321.43 |
| Seventh | 4/1/2017 – 4/30/2017 | $13,465.50 | $22.44 | $13,487.94 |
| Eight | 5/1/2017 – 5/31/2017 | $7,338.50 | $3.24 | $7,341.74 |
| Ninth | 6/1/2017 – 6/30/2017 | $5,427.50 | $3,029.94 | $8,457.44 |
| Tenth[4] | 6/1/2017 – 6/30/2017 | $25,000.00 | $0.00 | $25,000.00 |
| Eleventh | 7/1/2017 – 7/31/2017 | $3,442.00 | $660.40 | $4,102.40 |
| Twelfth | 7/1/2017 – 7/31/2017 | $25,000.00 | $0.00 | $25,000.00 |
| Thirteenth | 8/1/2017 – 8/31/2017 | $3,786.50 | $116.72 | $3,903.22 |
| Fourteenth | 8/1/2017 – 8/31/2017 | $25,000.00 | $0.00 | $25,000.00 |
| Fifteenth | 9/1/2017 – 9/30/2017 | $1,875.00 | $30.07 | $1,905.07 |
| Sixteenth | 9/1/2017 – 9/28/2017 | $25,000.00 | $0.00 | $25,000.00 |
| Seventeenth | 10/1/2017 – 10/31/2017 | $862.50 | $0.00 | $862.50 |
| Eighteenth | 11/1/2017 – 11/30/2017 | $3,150.00 | $57.33 | $3,207.33 |
| Nineteenth | 12/1/2017 – 12/31/2017 | $8,550.00 | $1,329.06 | $9,879.06 |
| Twentieth | 1/1/2018 – 1/31/2018 | $7,125.00 | $33.85 | $7,158.85 |
| Twenty-First | 2/1/2018 – 2/28/2018 | $15,937.50 | $4,755.12 | $20,692.62 |

---

[4] Fee Statements ten, twelve, fourteen, and sixteen represent fixed monthly fees of $25,000.00 for services rendered in connection with the sale process.

| Twenty-Second | 3/1/2018 – 3/31/2018 | $300.00 | $7.65 | $307.65 |
| Twenty-Third | 5/1/2018 – 5/31/2018[5] | $7,545.00 | $575.29 | $8,120.29 |
| Twenty-Fourth | 6/1/2018 – 6/30/2018 | $16,872.50 | $4,982.53 | $21,855.03 |
| Twenty-Fifth | 7/1/2018 – 7/31/2018 | $1,737.50 | $2,379.48 | $4,116.98 |
| Twenty-Sixth | 8/1/2018 – 8/31/2018 | $11,625.00 | $2,701.90 | $14,326.90 |
| Twenty-Seventh | 10/1/2018 – 10/31/2018[6] | $4,425.00 | $1,539.70 | $5,964.70 |
| Twenty-Eighth | 2/1/2019 – 2/28/2019[7] | $5,945.00 | $0.00 | $5,945.00 |
| Success Fee Statement | 10/1/2016 – 5/31/2017 | $75,000.00 | $0.00 | $75,000.00 |

7.     In addition, and pursuant to Local Rule 2016-1(c)(2)(C), the Applicant seeks an estimated $20,000.00 in fees and $1,500.00 in expenses for the Estimated Period.

8.     This request is the Applicant's final application to the Court for compensation and reimbursement of expenses for services rendered as financial advisors to the Debtors.  No understanding exists between the Applicant and any other person for the sharing of compensation sought by the Applicant.

In accordance with the Guidelines, the following exhibits are annexed to this Application:

Exhibit 1:     Summary of Professional Time;

Exhibit 2:     Summary of Professional Time by Activity Code Category;

Exhibit 3:     Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements; and

Exhibit 4:     Detailed Description of the Services Rendered and Expenses and Disbursements.

---

[5] There were no fees or expenses invoiced for the period of April 1, 2018 through April 30, 2018.
[6] There were no fees or expenses invoiced for the period of September 1, 2018 through September 30, 2018.
[7] There were no fees or expenses invoiced for the period of November 1, 2018 through January 31, 2019, and for the period of March 1, 2019 through June 30, 2019.

9. The Applicant has expended a total of **1104.80** hours during the Application Period as of the date hereof. This time does not factor in time the Applicant has not yet expended but estimates doing so in connection with its estimated fees. Exhibit 1 contains a list of the Applicant's professionals who have provided services to the Debtors during the Application Period, the hourly rate charged by each and a summary of time expended by each. Exhibit 2 contains a summary of professional time by activity code as required by, and in compliance with, the Guidelines. Exhibit 3 contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Debtors, for which the Applicant seeks reimbursement in accordance with Section 330(a)(2) of the Bankruptcy Code, the Bankruptcy Rules and the Guidelines. The expenses and disbursements summarized in Exhibit 3 are those which the Applicant typically would invoice to its non-bankruptcy clients. Exhibit 4 contains: (i) a daily description of the services rendered and the hours expended by the various professionals of the Applicant who performed services in this case; and (ii) a detailed schedule of the expenses and disbursements for which the Applicant seeks reimbursement. The Applicant has prepared Exhibit 4 based on, among other things, contemporaneous daily time records maintained by the Applicant's professionals who rendered services in this case.

## BACKGROUND

10. The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of this bankruptcy case, are set forth in detail in the Chapter 11 Case Management Summary [D.E. 8] (the "Case Summary").

11. The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

12.     On August 24, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors and an Official Committee of Equity Security Holders [D.E. 166, 167].

## INDEXING OF TASKS BY ACTIVITY CODES

13.     As set forth in the Exhibits to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines.  Accordingly, each of the time entries of the Applicant's professionals have been indexed into the categories listed below.

**Case Administration:**  Coordination and compliance activities, including assistance in the preparation of statement of financial affairs; schedules; list of contracts; United States Trustee interim statements and operating reports.

**Asset Analysis and Recovery:**  Identification and review of potential assets including causes of action and non-litigation recoveries.

**Accounting and Auditing:**  Review of financial documents and other accounting related services.

**Meetings of and Communications with Creditors and Equity Committee:**  Preparing for and attending meetings with creditors and the equity committee. Communicating with creditors and equity committee counsel.

**Business Operations:**  Conducted meetings with executives and reviewed documents regarding business operations.  On these issues, the Applicant conferred regularly with counsel to the Official Committee of Unsecured Creditors and Official Committee of Equity Security Holders of Premier Exhibitions, Inc. as to the operations, cash flow, and related issues.

**Corporate Finance:**  Matters under 361, 363 and 364 including cash collateral and secured claims; loan document analysis. Analysis, consultation and drafting in connection with the restructuring of agreements, including financing agreements.

**Plan and Disclosure Statement:** Analysis of issues and counseling Debtors in matters related to generating a plan of reorganization and drafting a disclosure statement, including research and analysis for estimated recoveries for unsecured creditors and a liquidation analysis.

**Claims Analysis and Objections:** Review and analysis of matters related to claims administration and bar date matters, including objections and other related contested matters.

**Business Analysis:** Review and analysis of Debtors' business and issues related to the

ongoing operations of the debtor-in-possession including issues related to taxes, financial statements, and budgets.

**Valuation**: Review and analysis of Debtors' business, historical financials and projections, reports, industry searches, industry comparables, and other sources of information to determine valuation of the Debtors' business.

**Fee Application Matters/Objections**: Preparation and review of fee applications.

**Sales Process Activities**: In connection with the potential sale of the Debtors' assets, the Applicant has completed tasks related to marketing preparation, including the development of a target sales price, preparation of an information memorandum, establishing and maintaining the due diligence data room and identification of appropriate prospective buyers.  During the marking phase, the Applicant contacted prospective buyers and worked with the Debtors and its professionals to review letters of intent and expressions of interest.  The Applicant has also attended meetings and completed other tasks related to the sales process.

## DESCRIPTION OF SERVICES

### Case Administration

14.    The Applicant assisted and counseled the Debtors with regard to matters concerning the financial administration of the Chapter 11 case.  The Applicant worked closely with the Debtors' attorneys, attended multiple conferences and corresponded with the Debtor's management and the Office of the United States Trustee on all open matters before the Court and the ongoing issues concerning the administration of this case.  The Applicant conducted numerous internal meetings concerning task lists, and various other matters dealing with the general administration of the case.

The Applicant expended a total of 62.8 hours in this category and is requesting $23,550.00 for the services rendered in this category.

### Asset Analysis and Recovery

15.    The Applicant assisted and counseled the Debtors with regard to matters concerning asset analysis and recovery.

The Applicant expended a total of 39.8 hours in this category and is requesting $6,589.00 for the services rendered in this category.

## Accounting and Auditing

16.    The Applicant assisted the Debtors by providing accounting related services in its review and audit of the Debtors' financial records.

The Applicant expended a total of 0.7 hours in this category and is requesting $262.50 for the services rendered in this category.

## Meetings of and Communications with Creditors and Equity Committee

17.    The Applicant prepared for and attended the section 341 meetings of creditors.  In addition, the Applicant had many communications with creditors and their counsel.

The Applicant expended a total of 45.9 hours in this category and is requesting $20,090.50 for the services rendered in this category.

## Business Operations

18.    The Applicant conducted numerous meetings with executives and reviewed documents regarding business operations.  On these issues, the Applicant conferred regularly with counsel to the Official Committee of Unsecured Creditors and Official Committee of Equity Security Holders of Premier Exhibitions, Inc. as to the operations, cash flow, and related issues.

The Applicant expended a total of 17.70 hours in this category and is requesting $6,637.50 for the services rendered in this category.

## Corporate Finance

19.    The Applicant assisted and counseled the Debtors with regard to cash flow projections and cash collateral.

The Applicant expended a total of 0.5 hours in this category and is requesting $187.50 for the services rendered in this category.

**Business Analysis**

20.    The Applicant assisted and counseled the Debtors with the review and analysis of matters related to the ongoing operations of the debtor-in-possession including issues related to taxes, financial statements, and budgets, as well as substantial time devoted to the analysis of the Debtor's sale and exit strategies.

The Applicant expended a total of 559.5 hours in this category and is requesting $154,448.50 for the services rendered in this category.

**Plan and Disclosure Statement**

21.    The Applicant assisted Debtors in matters related to formulating a plan of reorganization and related disclosure statement in these cases, including analysis related to the estimated creditor recoveries and liquidation analysis.

The Applicant expended a total of 211.7 hours in this category and is requesting $83,661.50 for the services rendered in this category.

**Claims Analysis and Objections**

22.    The Applicant reviewed and analyzed matters related to claims administration and bar date matters, including objections and other related contested matters.

The Applicant expended a total of 13.6 hours in this category and is requesting $4,492.00 for the services rendered in this category.

**Fee Applications**

23.    The Applicant spent time reviewing and preparing fee applications.

The Applicant expended a total of 0.50 hours in this category and is requesting $187.50 for the services rendered in this category.

**Valuation**

24.    The Applicant reviewed and analyzed Debtors' business, historical financials and projections, reports, industry searches, industry comparables, and other sources of information to determine valuation of the Debtors' business.

The Applicant expended a total of 152.1 hours in this category and is requesting $54,442.50 for the services rendered in this category.

**Success Fee**

25.    The Applicant provided financial advisory services to the Debtors in connection with the Debtors' process of obtaining a successful Financing (as defined in the Fourth Interim Application).[8]

The Applicant provided services to the Debtors in connection with the Financing on a contingency fee basis and the Applicant is requesting a success fee of $75,000.00, the equivalent of one and half percent (1.5%) of the net proceeds obtained in the financing, as agreed to by the Debtors in the Engagement Letter (as defined in the Fourth Interim Application).

**Fixed Fee – Sale Process Activities**

26.    The Applicant provided financial advisory services to the Debtors in connection with the sale of substantially all of the assets of the Debtors, including, but not limited to, preparation of marketing materials, development of a target sales price, preparation of an information memorandum, and identification of appropriate prospective buyers.

---

[8] See *Fourth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of GlassRatner as Financial Advisors to Debtors for Services Rendered from October 1, 2017 Through January 31, 2018 and DIP Financing Success Fee* [D.E. 965] (the "Fourth Interim Application").

The Applicant provided certain services to the Debtors in connection with the sale process on a fixed fee basis and the Applicant is requesting a total fee of $100,000.00, reflecting four separately monthly fee statements of $25,000.00.[9]

## EVALUATION OF SERVICES RENDERED;
## FIRST COLONIAL CONSIDERATIONS

27.    This Application has presented the nature and extent of the professional services the Applicant has rendered in connection with its representation of the Debtors for which the Applicant seeks compensation. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. A mere reading of the time summary annexed hereto alone cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with these cases.

28.    American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.), 544 F.2d 1291 (5th Cir. 1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees.   First Colonial remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code.   Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990); Collier on Bankruptcy, 330.05[2] [a] at 330-33 through 330-37 (L. King 15th ed. 1991); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  The twelve factors are:

  (1)    The time and labor required;
  (2)    The novelty and difficulty of the questions presented;
  (3)    The skill required to perform the legal services properly;
  (4)    The preclusion from other employment by the attorney due to acceptance of the case;
  (5)    The customary fee for similar work in the community;

---

[9] See Third Interim Application for Allowance and Payment of Compensation and Reimbursement of Expense of GlassRatner as Financial Advisors to Debtors for Services Rendered from June 1, 2017 Through September 30, 2017 [D.E. 788]

(6)    Whether the fee is fixed or contingent;
(7)    The time limitations imposed by the client or circumstances;
(8)    The amount involved and results obtained;
(9)    The experience, reputation and ability of the attorneys;
(10)   The undesirability of the case;
(11)   The nature and length of the professional relationship with the client; and
(12)   Awards in similar cases.

First Colonial, 544 F.2d at 1298-99.

29.    Based on the standards set forth in Section 330 of the Bankruptcy Code and First Colonial, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application is $529,549.00 plus expenses of $29,223.26.

### A.    Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors

30.    The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services of the Applicant rendered (or, for the Estimated Period, to be rendered) for the benefit of the estates during the Application Period. The total number of hours expended, 1104.80 hours recorded, reveals the extensive time devoted to this matter by the Applicant on a vast spectrum of issues which have arisen in this case during the Application Period.

### B.    Novelty and Difficulty of Questions Presented

31.    The issues that have arisen in this case during the period encompassed by this Application demanded and will continue to demand a high level of skill.  The Applicant spent considerable time reviewing documents and the Debtors' operations.  The Applicant also devoted significant time to marketing the Debtors' assets to a global audience for the purchase of the Debtors' assets and embarked on an exhaustive marketing campaign that lasted over an entire year.  These marketing efforts included the difficult and lengthy process of (i) developing a targeted list of potential bidders which included more than 140 parties, (ii) setting up a diligence

room whereby potential bidders could access necessary information on the assets of the Debtors and (iii) reviewing confidentiality agreements for each potential bidder who sought to participate in the bidding process and receive access to the diligence materials; approximately 30 of such confidentiality agreements were executed.

### C.    Skill Requisite to Perform Services Properly

32.    In rendering services to the Debtors, the Applicant demonstrated substantial skill and expertise in the areas of financial advisory services, general commercial matters, and negotiation.

### D.    Preclusion from Other Employment by Professional due to Acceptance of Case

33.    The Applicant has devoted substantial time in the representation of the Debtors as more fully appears on Exhibit 1.  The Applicant is aware of no other specific employment that was precluded as a result of its accepting this case, but had the Applicant not accepted this employment, the time spent in this case would have been spent on other matters that would pay an hourly compensation on a current basis.

### E.    Customary Fee

34.    The hourly rate charged by the Applicant, as set forth in Exhibits 1 and 2 ranges from is $95 to $595, which is customary for professionals in Florida of similar skill and experience.

### F.    Whether Fee is Fixed or Contingent

35.    The Applicant's compensation in this matter is subject to approval of the Court and is, therefore, contingent.  The Court should consider this factor, which militates in favor of a fee award in the amount requested. The amount requested is consistent with the fee that the Applicant would charge its clients in other non-contingent, bankruptcy and commercial cases.

**G.**    **Time Limitations Imposed by Client or Other Circumstances**

36.    The circumstances of this case occasionally imposed serious time constraints on the Applicant due to the necessity for rapid resolution of significant issues.

**H.**    **Experience, Reputation and Ability of Professionals**

37.    The Applicant is an established financial advisory services firm and its members and associates working on this case are experienced in matters of this kind.  The Applicant enjoys a fine reputation and has demonstrated substantial ability in the fields of bankruptcy, financial advisory and business reorganization.

**I.**    **"Undesirability" of Case**

38.    This case is not undesirable.  The Applicant is privileged to have the opportunity to represent the Debtors and to appear before the Court in this case.

**J.**    **Nature and Length of Professional Relationship with Client**

39.    The Debtors and Applicant's professional relationship began on June 1, 2016.

**K.**    **Awards in Similar Cases**

40.    The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation that the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.

## CONCLUSION

WHEREFORE, the Applicant respectfully requests the Court to enter an order (i) awarding it the sum of **$529,549.00** as compensation for services rendered and **$29,223.26** as reimbursement for actual and necessary expenses incurred during the course of the Applicant's representation of the Debtors during the Application Period; (ii) authorizing and directing the Debtor to pay the Applicant 100% of the compensation for a total amount of **$529,549.00** and

100% of Costs in the amount of **$29,223.26** for a total amount of **$558,772.26**, less any amounts paid to date, representing the aggregate fees and costs sought by the Applicant herein; and (iii) 100% of the compensation for services to be rendered and expenses to be incurred during the Estimated Period in the amount of **$20,000.00** in estimated fees and **$1,500.00** in estimated expenses to be incurred, granting such other and further relief as the Court deems appropriate.

[*Remainder of Page Intentionally Left Blank; Signatures follow*]

Dated: August 15, 2019                    Respectfully submitted,

                                          NELSON MULLINS RILEY
                                          & SCARBOROUGH LLP

                                          By_____/s/ Daniel F. Blanks_____
                                          Daniel F. Blanks (FL Bar No. 88957)
                                          Lee D. Wedekind, III (FL Bar No. 670588)
                                          50 N. Laura Street, Suite 4100
                                          Jacksonville, Florida 32202
                                          (904) 665-3656 (direct)
                                          (904) 665-3699 (fax)
                                          daniel.blanks@nelsonmullins.com
                                          lee.wedekind@nelsonmullins.com

                                          *Co-Counsel for the Debtors and Debtors in Possession*


                                          GLASSRATNER ADVISORY & CAPITAL GROUP LLC
                                          By_____
                                          Name: _Marshall Glade_____
                                          3445 Peachtree Rd NE #1225
                                          Atlanta, Georgia 30326
                                          (470) 346-6800 (telephone)
                                          (___) ___-____ (fax)

                                          *Financial Advisors for the Debtors and Debtors-in-*
                                          *Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on August 15, 2019. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde*
*Orlando, LLC and Louis J. Eyde*
*Orlando, LLC*

Jill E. Kelso, Esq.
Miriam G. Suarez, Esq.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 137
jill.kelso@usdoj.gov
Miriam.g.suarez@usdoj.gov
*Attorneys for Guy G. Gebhardt,*
*Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, High Nature Holdings*
*Limited and PacBridge Capital Partners*
*(HK) Ltd.*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real*
*Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A.*

Matthew J. Troy, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10030
Washington, DC 20005
(202) 514-9038
matthew.troy@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Presents, LLC*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau,
Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini, PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of
Unsecured Creditors*

Jacob A. Brown, Esq.
John B. Macdonald, Esq.
David E. Otero, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
john.macdonald@akerman.com
David.otero@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of
Equity Security Holders of Premier
Exhibitions, Inc.*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
*Attorneys for CRI Properties, Ltd.*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity Security
Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science and
Industry*

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP
And Euclid Claims Recovery LLC*

Susan R. Sherrill-Beard, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326
(404) 842-7626
sherrill-beards@sec.gov
atlreorg@sec.gov
*Attorneys for U.S. Securities and*
*Exchange Commission*

Garrett A. Nail, Esq.
John F. Isbell, Esq.
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2900
garrett.nail@thompsonhine.com
john.isbell@thompsonhine.com
*Attorneys for Bay Point Capital Partners, LP*

Steven R. Fox, Esq.
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
srfox@foxlaw.com
*Attorneys for Titanic Entertainment*
*Holdings*

Stephen D. Busey, Esq.
Asghar A. Syed, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
(904) 359-7700
busey@smithhulsey.com
asyed@smithhulsey.com
*Attorneys for the Ad Hoc Group of Equityholders*

Jennifer Feldsher, Esq.
David L. Lawton, Esq.
Bracewell LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 508-6100
Jennifer.feldsher@bracewell.com
David.laweton@bracewell.com
*Attorneys for the Ad Hoc Group of*
*Equityholders*

Patricia Ann Redmond, Esq.
Stearns Weaver, et al.
150 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
predmond@stearnweaver.com
*Attorneys for the Trustees of the National Maritime*
*Museum*

Timothy Graulich, Esq.
James I. McClammy, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Timothy.graulich@davispolk.com
James.mcclammy@davispolk.com
*Attorneys for the Trustees of the National*
*Maritime Museum*
Steven Z. Szanzer, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue

Jason B. Burnett, Esq.
Ashlea A. Edwards, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
ashlea.edwards@gray-robinson.com
*Attorneys for Ramparts, Inc. d/b/a Luxor Hotel*
*and Casino*
Robert P. Charbonneau, Esq.
Agentis PLLC
55 Alhambra Plaza, Suite 800

New York, NY 10017
(212) 450-4000
Steven.szanzer@davispolk.com
*Attorneys for Royal Museum Greenwich*

Thomas J. Francella, Jr., Esq.
Cozen O'Connor
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
Tfrancella@cozen.com
*Attorneys for Ian Whitcomb*

Alan F. Curley, Esq.
Alan R. Dolinko, Esq.
Robinson Curley P.C.
300 S. Wacker Drive, Suite 1700
Chicago, IL 60606
(312) 663-3100
acurley@robinsoncurley.com
adolinko@robinsoncurley.com
*Attorneys for Mark A. Sellers, Jack H.*
*Jacobs and Sellers Capital, LLC*

Coral Gables, FL 33134
(305) 722-2002
rpc@agentislaw.com
*Attorneys for Responsible Person Mark C. Healy*

John T. Rogerson, III, Esq.
Jamie W. Olinto, Esq.
Thomas P. White, Esq.
Adams and Reese LLP
501 Riverside Avenue, Suite 601
Jacksonville, FL 32202
(904) 355-1700
John.rogerson@arlaw.com
Jamie.olinto@arlaw.com
Tom.white@arlaw.com
*Attorneys for Mark A. Sellers, Jack H. Jacobs*
*and Sellers Capital, LLC*

## Via U.S. Mail

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
1619 Broadway
New York, NY 10019

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

Morris Visitor Publications
543 Broad Street
Augusta, GA 30901

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

Time Out New York
1540 Broadway
New York, NY 10036

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

B.E. Capital Management Fund LP
Thomas Branziel
P.O. Box 206
N. Stonington, CT 06359
*Creditor Committee*

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
*Creditor Committee*

AEG Presents LLC
c/o Managing Member
800 W. Olympic Blvd., Suite 305
Los Angeles, CA 90015

AEG Presents LLC
c/o Managing Member
425 W. 11th Street
Los Angeles, CA 90015-3459

AEG Presents LLC
c/o CT Corporation System, Reg. Agent
ATTN: Amanda Garcia
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

*/s/ Danie F. Blanks*
Attorney