UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Premier Exhibitions, Inc., *et al.*,   Case No. 3:16-bk-02232-JAF
                                        Chapter 11

             Debtors.   Jointly Administered[1]

_____/

## UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN

Nancy J. Gargula, United States Trustee for Region 21 ("UST"), by and through her undersigned counsel, objects to final approval of Debtors' Disclosure Statement to Accompany Plan of Liquidation of Debtors ("Disclosure Statement"; Doc. No. 82) and to confirmation of the Debtors' Plan of Liquidation Under Chapter 11 ("Plan"; Doc. No. 81). In support of the objection, the UST states:

1. On May 15, 2019, the Debtors filed their Disclosure Statement and Plan.

2. On June 13, 2019, the Court entered its Order (I) Preliminarily Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (III)

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309) (collectively "Debtors").

1

Approving the Forms of Notices and Ballot in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief ("Order Scheduling Hearing"; Doc. No. 295), wherein the Court scheduled a hearing on final approval of the Disclosure Statement and on confirmation of the Plan for September 12, 2019 at 10:00 a.m. ("Confirmation Hearing").

3. The Order Scheduling Hearing also provides that any objections to the Disclosure Statement or confirmation of the Plan shall be filed by August 29, 2019 at 4:00 p.m. This objection is timely.

4. The Disclosure Statement and Plan contain a section entitled, "Discharge, Release, Limitation of Liability, and General Injunction under the Plan" which includes a "Plan Injunction" ("Injunction").

5. The Injunction enjoins "all Persons who have held, currently hold, or may hold Claims against or Interests in the Debtors or the Estates that arose prior to the Effective Date (including all Governmental Units)…" from taking actions against "any Debtor, any Estate, the Exculpated Parties, the Liquidating Trust, the Liquidating Trustee…." The Injunction further provides that "[e]ach holder of an Allowed Claim, by accepting, or being eligible to accept, Distributions under such Claim, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article X of the Plan."

6. The Debtors fail to define and/or identify which "Governmental Units" will be enjoined and fail to identify the individuals whom they are enjoined from taking action

against. The Injunction provision does not afford affected parties due process in that it fails to identify who is enjoined and whom they are prohibited from acting against.

7. Further, the extension of the Injunction to "all Governmental Units" from taking action against persons or entities other than the Debtor and its estate exceeds the jurisdiction of this Court. By way of example, the Injunction arguably enjoins the Internal Revenue Service from imposing liability on the Debtors' officers for employment withholding taxes owed by the Debtors. While the liability of the officers of the Debtors is a separate and distinct obligation from that of the Debtors as employers, the Injunction would act to protect the current and former officers and directors of the Debtors by enjoining the Internal Revenue Service from assessing responsible persons for withholding tax obligations as authorized under 26 U.S.C. § 6672. The bankruptcy courts' jurisdiction does not extend to the separate liabilities of individuals, such as the Debtors' officers and directors, who are not debtors themselves. *U.S. vs. Huckabee Auto Co.*, 783 F.2d 1546 (11th Circ. 1986).

8. In the instant case, this scenario is particularly relevant since the Internal Revenue Service filed Proof of Claim 4-10 asserting a priority claim under 11 U.S.C. § 507(a)(8) for $59,629.44.

WHEREFORE, based on the foregoing, the UST objects to final approval of the Disclosure Statement and confirmation of the Plan and requests that this Court enter an order sustaining this objection, denying final approval of the Disclosure Statement and confirmation of the Plan in its current form, limiting the Injunction to exclude

governmental units, and providing for such other and further relief as the Court deems just and proper.

DATED:   August 29, 2019

>Respectfully submitted,
>NANCY J. GARGULA
>United States Trustee, Region 21
>
>   */s/ Miriam G. Suarez*
>Miriam G. Suarez, Trial Attorney
>Office of the United States Trustee
>United States Department of Justice
>George C. Young Federal Building
>400 W. Washington Street, Suite 1100
>Orlando, FL  32801
>Telephone No.:   (407) 648-6301, Ext. 126
>Facsimile No.:   (407) 648-6323
>Email: Miriam.G.Suarez@usdoj.gov
>Florida Bar No.: 756105

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing objection has been served electronically through CM/ECF on August 29, 2019, to all parties having appeared electronically in the instant matter.

Counsel to the Debtors, Troutman Sanders LLP
ATTN: Harris B. Winsberg, Esq.
Matthew R. Brooks, Esq.
600 Peachtree St. NE
Suite 3000
Atlanta, GA 30308

Counsel to the Creditors' Committee, Storch Amini PC
ATTN: Jeffrey Chubak, Esq.
Avery Samet, Esq.
140 East 45th Street
25th Floor
New York, NY 10017

>   */s/ Miriam G. Suarez*
>Miriam G. Suarez, Trial Attorney