UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>Premier Exhibitions, Inc., *et al.*,[1]<br><br><br>Debtors. | CHAPTER 11<br><br>Case No. 3:16-bk-02232-JAF<br><br>(Jointly Administered)<br><br><br>**Hearing Time Requested:**<br>**September 12, 2019 at 10:00 a.m.** |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN ORDER
(A) CONTINUING THE COMBINED HEARING; (B) EXTENDING THE
DEADLINE FOR SUBMITTING (I) THE BRIEF IN SUPPORT OF CONFIRMATION
AND (II) THE BALLOT REPORT; (C) FURTHER EXTENDING THE DEADLINE
FOR CERTAIN CONSTITUENTS TO FILE OBJECTIONS TO THE
AMENDED PLAN; AND (D) GRANTING RELATED RELIEF**

COMES NOW Premier Exhibitions, Inc. ("Premier") and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned case (collectively, the "Debtors"), by and through undersigned counsel, and hereby files this motion (the "Motion") seeking entry of an order, on an expedited basis, substantially in the form attached hereto as **Exhibit A** (the "Order"): (A) continuing the Combined Hearing;[2] (B) extending the deadline for filing (I) the Confirmation Brief and (II) the Ballot Report; (C) further extending the deadline for certain constituents to file objections to the amended Plan; and (D) granting related relief.  In support hereof, the Debtors respectfully represent the following:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is c/o Troutman Sanders LLP, 600 Peachtree Street NE, Suite 3000, Atlanta, GA 30308.

[2] Capitalized words used but not defined herein shall have the meanings ascribed to such terms in the Disclosure Statement Order (as defined herein).

39974630

## **PRELIMINARY STATEMENT**

After over three years, the end is finally in sight for the above-captioned chapter 11 cases (these "Chapter 11 Cases").  The Debtors have filed, served, and solicited votes on the Plan and, mindful of creditors eager to see a recovery, are anxious to see the Plan confirmed as promptly as possible.  The Debtors, however, are equally mindful of the accrued administrative fees in these Chapter 11 Cases and wish to avoid the potentially unnecessary expense of a contested confirmation process.

To that end, the Debtors seek a brief continuance of the Combined Hearing – from September 12, 2019 to October 11, 2019 – to enable the Debtors to attempt to: (i) resolve the few Plan objections (both formal and informal) the Debtors have received; (ii) obtain a determination of insurance coverage with respect to certain new claims asserted in the Adversary Proceeding (as defined below); and (iii) obtain approval of and implement a proposed global resolution for outstanding professional fees.  If successful, the Debtors' efforts will result in an amended Plan which likely will be uncontested at the (rescheduled) Combined Hearing.  This Motion, therefore, should be granted for at least the following two reasons.

*First*, the relief requested herein plainly is value-accretive to the Debtors' estates. There is no question that the Debtors' unsecured creditors are better served by a slightly delayed, but uncontested, Combined Hearing rather than a timely, but contested, one.  Even more concretely, the Debtors' unsecured creditors clearly benefit from the proposed professional fee resolution – which the Debtors estimate will reduce over $900,000 in administrative expenses and boost estimated creditor recoveries to over 70%, if approved (exclusive of any net recoveries that may be achieved through the Adversary Proceeding).

*Second*, the proposed adjournment of the Combined Hearing is not prejudicial to any party herein. Rescheduling the Combined Hearing will not, for example, result in a compression of deadlines for any non-debtor party. Instead, the ultimate outcome merely is a brief, one-month delay of the Combined Hearing – of which possibility every recipient of the Combined Hearing Notice was informed.

For these reasons, and as set forth more completely below, the Debtors respectfully request that the Court grant the relief requested herein.

## RELEVANT BACKGROUND[3]

1. On June 14, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") commencing these Chapter 11 Cases.

2. The Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code Section 1107(a) and 1108, and no trustee or examiner has been appointed.

3. On August 24, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") and an Official Committee of Equity Security Holders (the "Equity Committee") [Case No. 3:16-bk-02230; D.E. 166, 167]. The United States Trustee subsequently disbanded the Equity Committee by notice dated February 6, 2019 [Case No. 3:16-bk-02230; D.E. 1311].

4. On May 15, 2019, the Debtors filed their Plan and Disclosure Statement and, concurrently therewith, filed the *Debtors' Motion for Entry of an Order (I) Preliminarily Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (III)*

---

[3] A complete and detailed background with respect to, among other things, the Debtors and these Chapter 11 Cases is set forth in the Disclosure Statement.

*Approving the Forms of Notices and Ballot in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [D.E. 83] (the "Solicitation Motion") seeking entry of an order (the "Disclosure Statement Order") preliminarily approving the Disclosure Statement and establishing a solicitation and confirmation timeline.

5.      On June 13, 2019, the Court granted the Solicitation Motion and entered the Disclosure Statement Order [D.E. 111]. Among other things, the Disclosure Statement Order preliminarily approved the Disclosure Statement and set the following Confirmation Timeline with respect to the Plan and Disclosure Statement:

| **Event** | **Date** |
|---|---|
| Combined Hearing Date | September 12, 2019 at 10:00 a.m. |
| Deadline to File Confirmation Brief | September 11, 2019 |
| Deadline to File Voting Report | September 10, 2019 |
| Deadline to Object to Plan and/or Disclosure Statement | August 29, 2019 at 4:00 p.m. |

Disclosure Statement Order at ¶ 5.

6.      The Disclosure Statement Order also provided that "[t]he Combined Hearing may be adjourned from time to time . . . by an appropriate filing with the Court." *Id*. at ¶ 19.

7.      Since the Court's entry of the Disclosure Statement Order, the Debtors have diligently pursued solicitation of votes on the Plan, serving out the Disclosure Statement, Plan, and related documents in accordance with the Disclosure Statement Order. *See, e.g.*, [D.E. 131, 175, 176].

8.      Furthermore, the Debtors are (and have been) pursuing an initiative to consensually reduce the accrued professional fees through a Plan amendment. Specifically,

and with the support and input of the Creditors' Committee and the Debtors' major creditors, the Debtors' and Creditors' Committee's professionals have each agreed to reduce their claims for outstanding professional fees by certain amounts or percentages, with the remainder to be allowed and paid. Similarly, The Equity Committee's professionals' fees would also be reduced pursuant to separate terms and provisions that will be set forth in the amended plan. The result is a proposed net-total decrease of professional fee claims by over $**900,000**. If approved, the Debtors estimate that this proposed fee resolution will increase unsecured creditors' recoveries to over 70%.

9. Despite the Debtors' best efforts to proceed timely toward the Combined Hearing, however, a number of challenges have arisen with respect to consensual confirmation of the Plan. For example, on August 29, 2019 the United States Trustee filed a limited objection [D.E. 174] (the "UST Objection") to the Disclosure Statement and Plan, principally on the grounds that the injunction contained in Article 10 of the Plan is too broad with respect to "Governmental Units." *See generally,* UST Objection.

10. In addition to the UST Objection, the Debtors have received certain informal objections to the Plan, and are awaiting a coverage determination from certain insurers with respect to a draft amended complaint related to the ongoing adversary proceeding against certain of the Debtors' current and former directors and officers (AP No. 3:18-ap-00064-JAF) (the "Adversary Proceeding"), both of which have disrupted the Debtors' efforts to ensure a timely and consensual confirmation process.

**Informal Objections**[4]

---

[4] The following summaries of the informal objections and proposed resolutions thereto are intended to be informative, but not comprehensive, overviews. If implemented, the specific changes will be set forth in detail in an amended plan.

11. Akerman LLP ("Akerman") and Landau Gottfried & Berger LLP ("LGB"), co-counsel to the now-disbanded Equity Committee, and Agentis PLLC ("Agentis"), counsel to the plaintiff in the Adversary Proceeding, have each asserted (but have not filed) potential objections to the Plan.

12. Akerman and LGB.

(a) Akerman and LGB contend, among other things, that the Plan contains overbroad releases and that the Plan should have a mechanism to address potential distributions to equity holders after payment in full to creditors. And, although not part of their informal objection to the Plan, Akerman and LGB have also expressed an interest in resolving through the Plan process the Creditors' Committee's objection [Case No. 3:16-bk-02230; D.E. 1289] (the "Fee Objection") to Akerman's and LGB's fifth interim fee applications [Case No. 3:16-bk-02230; D.E. 1275, 1276].

(b) Therefore, Akerman and LGB have agreed that they will support the Plan if it is amended to: (i) include in the exculpation provisions of Section 10.2 of the Plan (hereinafter, the "Exculpation Clause") the Equity Committee's professionals; (ii) permit a distribution to equity holders after payment in full to creditors; and (iii) provide for payment of 80% of the Equity Committee's professionals' fees on the Effective Date, with the remaining 20% to be paid from the proceeds of the Adversary Proceeding, if any (thereby resolving the Fee Objection).

13. Agentis. Agentis has expressed concern primarily with the potential impact of the Exculpation Clause on the Adversary Proceeding – including the plaintiff's ability to amend the complaint to assert new claims ("Potential Claims") against certain of the Debtors' current directors and officers (the "Post-Merger D&Os"). Therefore, Agentis (as counsel to the

plaintiff in the Adversary Proceeding) has requested that the Exculpation Clause be amended to exclude the Post-Merger D&Os.

**D&O Insurance**

14. The Potential Claims allege certain post-petition actions of the Post-Merger D&Os and, therefore, implicate different insurance policies than the claims already brought and pending in the Adversary Proceeding against the named defendants therein. The Debtors promptly provided notice of the Potential Claims to their insurance brokers; however, to date, the applicable insurers have not issued a determination of coverage. Although the Debtors anticipate they will receive a determination shortly, efforts to negotiate the proposed revisions to the exculpation provisions of the Plan, among other things, have been hampered in the interim.

15. Adjourning the Confirmation Hearing and entering the Modified Schedule will permit two critically important developments: first, a coverage determination by the insurance carriers with respect to the Post-Merger D&Os; and second, a global resolution among the Debtors' various constituents regarding the proposed Plan amendments. Simply put, the relief requested herein may prevent a contested confirmation process.

## JURISDICTION AND VENUE

16. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

17. Venue in this district is proper pursuant to 28 U.S.C. § 1408.

18. The predicates for the relief requested herein are Local Rule 5071-1, Bankruptcy Code Section 105(a), and Paragraph 19 of the Disclosure Statement Order (as defined below).

## RELIEF REQUESTED

19. Through this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as **Exhibit A**:

(a) adjourning the Combined Hearing and rescheduling related deadlines to the following dates and times (as follows, the "Modified Schedule"):

| Event | Original Date | Rescheduled Date |
| --- | --- | --- |
| Combined Hearing | September 12, 2019 at 10:00 a.m. | October 11, 2019 at 10:00 a.m. |
| Deadline to File Confirmation Brief | September 11, 2019 | October 10, 2019 |
| Deadline to File Voting Report | September 10, 2019 | October 9, 2019 |
| Deadline for Certain Constituents to File Objections to the Amended Plan[5] | August 29, 2019 at 4:00 p.m. | September 27, 2019 at 4:00 p.m. |

*-and-*

(b) granting certain related relief, including approval of the form and manner of the notice of the Modified Schedule attached as Schedule 1 to the Order.

## BASIS FOR RELIEF

20. Local Rule 5071-1 provides that "a continuance may be allowed by order of the Court for good cause shown." Local Rule 5071-1. *See also* 11 U.S.C. § 105(a) (a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the

---

[5] The Debtors have previously extended by email the Plan objection deadline with respect to the Creditors' Committee, 417 Fifth Ave, LLC, the Secured Lenders (as defined in the Disclosure Statement), Akerman, LGB, and the plaintiff in the Adversary Proceeding, in an attempt to consensually resolve objections asserted by certain of these parties to the Plan. Accordingly, the Debtors propose that the extended objection deadline for the Amended Plan be limited to the foregoing constituents and the United States Trustee, given the limited scope of objections received by the Debtors and the open issues discussed herein.

39974630

provisions of" the Bankruptcy Code."). "Good cause" with respect to continuances is not defined within the Local Rules or elsewhere; however, courts routinely continue confirmation hearings to enable the debtor to address and consensually resolve, if possible, objections to or concerns with chapter 11 plans. *See, e.g.*, *In re: Xinergy Ltd.*, et al., Case No. 15-70444 (PMB), Docket No. 523 (Bankr. W.D. Va. Nov. 24, 2015) (continuing the confirmation hearing to enable the debtor to continue negotiating the terms of the requisite exit facility); *In re COPsync, Inc.*, Case No. 17-12625, Docket No. 288 (Bankr. E.D. La. July 27, 2018) (continuing the confirmation hearing to allow the debtor to negotiate a consensual resolution to concerns raised by parties-in-interest); *In re: Magnum Hunter Resources Corporation,* et al., Case No. 15-12533 (KG), Docket No. 956 (Bankr. D. Del. Mar. 29, 2016) (adjourning the confirmation hearing so that the debtors could "finalize various items that remain open."). Here, "good cause" exists to adjourn the Combined Hearing and enter the Modified Schedule for at least the following two reasons.

21.    *First*, the Modified Schedule will give the Debtors time to attempt to consensually resolve the various objections to the Plan and, if successful, thereafter file and serve an amended plan[6] incorporating the resulting changes. In particular, additional time is necessary to enable the Post-Merger D&Os to obtain the advice of counsel (either through the insurance carriers, if they accept coverage, or otherwise) on Agentis' proposal to exclude the Post-Merger D&Os from the Exculpation Clause. To the extent these outstanding issues can be resolved consensually, the Debtors' estates – and the Court – will be saved from the time and needless expense associated with a contested confirmation process – reason enough to

---

[6] For the avoidance of doubt, the Debtors do not believe that the proposed changes to the Plan would require resolicitation; none of the proposals "adversely change the treatment of the claim of any creditor or the interest of any security holder." FED. R. BANKR. P. 3019(a).

continue the Combined Hearing. *Cf., e.g.*, *COPsync,* Case No. 17-12625, at Docket No. 288. Better yet, the Debtors will also use the brief extension to continue to pursue acceptance of the professional fee proposal, which (if approved) will reduce outstanding professional fees by over $900,000. Thus, the Modified Schedule has the potential to be value-accretive to the Debtors' estates.

22.    *Second*, the Modified Schedule will not prejudice any of the Debtors' creditors or stakeholders. As an initial matter, all recipients of the Combined Hearing Notice have been made aware that the Combined Hearing could be postponed to a later date. *See* Combined Hearing Notice at ¶ 6 ("The Combined Hearing may be continued from time to time by announcement . . . Filed on the docket."). Given that the Modified Schedule proposed herein does precisely that – *i.e.*, it moves the Combined Hearing to a later date – there could be no conceivable prejudice to the Debtors' creditors or stakeholders in granting this Motion. This is particularly true given that the Debtors also seek an extension of the deadline to object to the Plan. Perversely, however, *not* abating the Combined Hearing and related deadlines in favor of the Modified Schedule would unfairly prejudice both the Debtors and the Post-Merger D&Os. Thus, what little effect, if any, continuing the Combined Hearing may have on the Debtors' creditors or stakeholders is outweighed by the certain prejudice to the Debtors and the Post-Merger D&Os from not continuing the Combined Hearing.

23.    In sum, the Modified Schedule proposed herein appropriately balances the benefits of resolving the outstanding confirmation issues prior to the Combined Hearing with the interests of the Debtors' creditors and stakeholders (and the Debtors' own interests) in moving expeditiously toward confirmation of the Plan. For these reasons, and as set forth more completely above, "good cause" exists to grant the relief requested herein.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated:	September 9, 2019		NELSON MULLINS RILEY & SCARBOROUGH LLP


By: /s/ *Lee D. Wedekind, III*
Lee D. Wedekind, III, FL Bar No. 670588
50 N. Laura Street
Suite 4100
Jacksonville, FL 32202
Telephone:  904.665.3656
Facsimile:   904.665.3699

*Co-Counsel for Debtors and Debtors in Possession*

-and-


TROUTMAN SANDERS LLP
Harris B. Winsberg (FL Bar No. 0127190)
Matthew R. Brooks (admitted *pro hac vice*)
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:  404.885.3000
Facsimile:   404.885.3900

*Counsel for Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on September 9, 2019. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Jill E. Kelso, Esq.
Miriam G. Suarez, Esq.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 137
jill.kelso@usdoj.gov
Miriam.g.suarez@usdoj.gov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, High Nature Holdings Limited and PacBridge Capital Partners (HK) Ltd.*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A.*

Matthew J. Troy, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10030
Washington, DC 20005
(202) 514-9038
matthew.troy@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Presents, LLC*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau,
Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini, PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of Unsecured Creditors*

Jacob A. Brown, Esq.
John B. Macdonald, Esq.
David E. Otero, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
john.macdonald@akerman.com
David.otero@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of Equity Security Holders of Premier Exhibitions, Inc.*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
*Attorneys for CRI Properties, Ltd.*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity Security Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science and Industry*

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP And Euclid Claims Recovery LLC*

Susan R. Sherrill-Beard, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326
(404) 842-7626
sherrill-beards@sec.gov
atlreorg@sec.gov
*Attorneys for U.S. Securities and Exchange Commission*

Garrett A. Nail, Esq.
John F. Isbell, Esq.
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2900
garrett.nail@thompsonhine.com
john.isbell@thompsonhine.com
*Attorneys for Bay Point Capital Partners, LP*

Steven R. Fox, Esq.
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
srfox@foxlaw.com
*Attorneys for Titanic Entertainment Holdings*

Stephen D. Busey, Esq.
Asghar A. Syed, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
(904) 359-7700
busey@smithhulsey.com
asyed@smithhulsey.com
*Attorneys for the Ad Hoc Group of Equityholders*

Jennifer Feldsher, Esq.
David L. Lawton, Esq.
Bracewell LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 508-6100
Jennifer.feldsher@bracewell.com
David.laweton@bracewell.com
*Attorneys for the Ad Hoc Group of Equityholders*

Patricia Ann Redmond, Esq.
Stearns Weaver, et al.
150 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
predmond@stearnweaver.com
*Attorneys for the Trustees of the National Maritime Museum*

Timothy Graulich, Esq.
James I. McClammy, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Timothy.graulich@davispolk.com
James.mcclammy@davispolk.com
*Attorneys for the Trustees of the National Maritime Museum*

Jason B. Burnett, Esq.
Ashlea A. Edwards, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
ashlea.edwards@gray-robinson.com
*Attorneys for Ramparts, Inc. d/b/a Luxor Hotel and Casino*

Steven Z. Szanzer, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Steven.szanzer@davispolk.com
*Attorneys for Royal Museum Greenwich*

Thomas J. Francella, Jr., Esq.
Cozen O'Connor
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
Tfrancella@cozen.com
*Attorneys for Ian Whitcomb*

Alan F. Curley, Esq.
Alan R. Dolinko, Esq.
Robinson Curley P.C.
300 S. Wacker Drive, Suite 1700
Chicago, IL 60606
(312) 663-3100
acurley@robinsoncurley.com
adolinko@robinsoncurley.com
*Attorneys for Mark A. Sellers, Jack H. Jacobs and Sellers Capital, LLC*

Robert P. Charbonneau, Esq.
Agentis PLLC
55 Alhambra Plaza, Suite 800
Coral Gables, FL 33134
(305) 722-2002
rpc@agentislaw.com
*Attorneys for Responsible Person Mark C. Healy*

John T. Rogerson, III, Esq.
Jamie W. Olinto, Esq.
Thomas P. White, Esq.
Adams and Reese LLP
501 Riverside Avenue, Suite 601
Jacksonville, FL 32202
(904) 355-1700
John.rogerson@arlaw.com
Jamie.olinto@arlaw.com
Tom.white@arlaw.com
*Attorneys for Mark A. Sellers, Jack H. Jacobs and Sellers Capital, LLC*

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
1619 Broadway
New York, NY 10019

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

Morris Visitor Publications
543 Broad Street
Augusta, GA 30901

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

| | |
|---|---|
| Time Out New York<br>1540 Broadway<br>New York, NY 10036 | TPL<br>3340 Peachtree Road<br>Suite 2140<br>Atlanta, GA 30326 |
| TSX Operating Co.<br>70 West 40th Street<br>9th Floor<br>New York, NY 10018 | Verifone, Inc.<br>300 S. Park Place Blvd.<br>Clearwater, FL 33759 |
| WNBC - NBC Universal Media<br>30 Rockefeller Center<br>New York, NY 10112 | Jonathan B. Ross, Esq.<br>Gowling WLG (Canada) LLP<br>550 Burrard Street, Suite 2300, Bentall 5<br>Vancouver, BC V6C 2B5 |
| United States Attorney's Office<br>Middle District of Florida<br>300 N. Hogan Street, Suite 700<br>Jacksonville, FL 32202 | Christine R. Etheridge, Esq.<br>Bankruptcy Administration<br>Wells Fargo Vendor Financial Services, LLC<br>PO Box 13708<br>Macon, GA 31208 |
| B.E. Capital Management Fund LP<br>Thomas Branziel<br>P.O. Box 206<br>N. Stonington, CT 06359<br>*Creditor Committee* | TSX Operating Co., LLC<br>c/o James Sanna<br>70 W. 40th Street<br>New York, NY 10018<br>*Creditor Committee* |
| Dallian Hoffen Biotechnique Co., Ltd.<br>c/o Ezra B. Jones<br>305 Crosstree Lane<br>Atlanta, GA 30328<br>*Creditor Committee* | AEG Presents LLC<br>c/o Managing Member<br>800 W. Olympic Blvd., Suite 305<br>Los Angeles, CA 90015 |
| AEG Presents LLC<br>c/o Managing Member<br>425 W. 11th Street<br>Los Angeles, CA 90015-3459 | AEG Presents LLC<br>c/o CT Corporation System, Reg. Agent<br>ATTN: Amanda Garcia<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 |

                                                                                  */s/ Lee D. Wedekind, III*
                                                                                      Attorney

~#4851-6430-0708~