UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Premier Exhibitions, Inc., *et al.,*     Case No. 3:16-bk-02232-JAF
                                          Chapter 11

          Debtors.                 Jointly Administered[1]

_____/

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO
DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN ORDER
(A) CONTINUING THE COMBINED HEARING; (B) EXTENDING THE
DEADLINE FOR SUBMITTING (I) THE BRIEF IN SUPPORT OF
CONFIRMATION AND (II) THE BALLOT REPORT; (C) FURTHER
EXTENDING THE DEADLINE FOR CERTAIN CONSTITUENTS TO FILE
OBJECTIONS TO THE AMENDED PLAN;
AND (D) GRANTING RELATED RELIEF (DOC. NO. 177)**

Nancy J. Gargula, United States Trustee for Region 21 ("UST"), by and through her undersigned counsel, objects to the *Debtors' Expedited Motion For Entry Of An Order (A) Continuing The Combined Hearing; (B) Extending The Deadline For Submitting (I) The Brief In Support Of Confirmation And (II) The Ballot Report; (C) Further Extending The Deadline For Certain Constituents To File Objections To The Amended Plan; And (D) Granting Related Relief* ("Motion"; Doc. No. 177). In support of the objection, the UST states:

1.     On May 15, 2019, the Debtors filed their Disclosure Statement and Plan.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309) (collectively "Debtors").

2. On June 13, 2019, the Court entered its Order (I) Preliminarily Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (III) Approving the Forms of Notices and Ballot in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief ("Order Scheduling Hearing"; Doc. No. 295), wherein the Court scheduled a hearing on final approval of the Disclosure Statement and on confirmation of the Plan for September 12, 2019 at 10:00 a.m. ("Confirmation Hearing").

3. The Order Scheduling Hearing also provides that any objections to the Disclosure Statement or confirmation of the Plan shall be filed by August 29, 2019 at 4:00 p.m ("Objection Deadline").

4. On September 9, 2019, the Debtors filed the Motion on an expedited basis to seek (i) a continuance of the Confirmation Hearing until October 11, 2019; (ii) additional time for the Debtors to formulate and file an amended plan until an unidentified date; (iii) an extension of the time to file the ballot report and brief in support of confirmation; and (iv) an extension of the objection deadline for specific parties.

5. While the UST does not oppose the continuance of the Confirmation Hearing, the UST has limited concerns about the additional relief sought in the Motion. Specifically, the UST objects to the Motion on the following grounds:

6. First, material modifications to the plan will require re-solicitation to all parties. It is not clear in the Motion whether the Debtors contemplate serving an amended plan and ballot to interested parties.

7. Second, the Debtors request to extend the Objection Deadline for only certain parties. It is not clear in the Motion whether this limitation is justified. If the plan is modified, all interested parties should be entitled to file an objection—not just those parties with whom the Debtors have reached agreements. Footnote 5 on page 8 of the Motion states "Debtors propose that the extended objection deadline for the Amended Plan be limited to the foregoing constituents and the United States Trustee, given the limited scope of objections received by the Debtors and the open issues discussed herein." It remains unclear how the volume of objections to one version of the plan would be at all relevant to another version. Moreover, Section 1128 provides that "A party in interest may object to confirmation of a plan." 11 U.S.C. § 1128. It is ludicrous for the Debtors to seek to prohibit parties from objecting to an amended plan that has not yet been filed. Even the Court cannot ascertain the significance of the changes the Debtor anticipates making.

8. Third, the proposed dates for the continued Confirmation Hearing (October 11, 2019) and the extended Objection Deadline (September 27, 2019) are inappropriate. Federal Rule of Bankruptcy Procedure 2002(b) requires 28-day notice to interested parties of an objection deadline related to confirmation of a chapter 11 plan. Depending on the materiality of the changes, this 28-day clock may need to be restarted. Moreover, Local Rule 3020-1(b) requires objections to be filed and served seven days before the date of the hearing on confirmation. As a result, the UST contemplates that the earliest continued Confirmation Hearing could be held at least 35 days after the filing and service of an amended plan.

9. Fourth, based on a draft amended plan that was circulated to the undersigned counsel for the UST on September 11, 2019, the Debtors appear to contemplate material modifications to the injunction provision of the plan. By way of example, the draft reflected that additional parties (not previously identified) would be added to the injunction provision. Given the heightened notice requirements for plans containing injunctions, such a material change will require an amended notice to be served that complies with the content enumerated in Rule 2002(c) and in accordance with the timing prescribed by Rule 2002(b).

10. In summary, the UST objects to the Motion's (i) request to limit the time allowed for objections to an amount less than the Code provides; (ii) request to prohibit interested parties from objecting to an amended plan that is yet to be filed; (iii) request to have additional time to file an amended plan without specifying when such amended plan will be filed; and (iv) apparent attempt to avoid the statutorily-required notice content and timelines for confirmation of a plan that contains an injunction. It appears to the undersigned that the Debtors seek to make material modifications to the Plan and should be required to act accordingly. By way of example, the draft reflected that the no party would be allowed to examine the professionals' fee applications. The UST would not be permitted to uphold its statutory duty to review and provide comment on the professionals' fee applications. 28 U.S.C. § 586(a)(3). The Court would not be allowed to perform its statutory duty to review fee applications in the context of the tests and factors enumerated in Title 11. *See* 11. U.S.C. §§ 330, 503. This change is material because not only does it interfere with statutorily-derived responsibilities of the Court and the United States

Trustee, but because these professionals stand to be paid before creditors and such creditors would then lack the ability to examine the fees sought.

WHEREFORE, based on the foregoing, the UST objects to the *Debtors' Expedited Motion For Entry Of An Order (A) Continuing The Combined Hearing; (B) Extending The Deadline For Submitting (I) The Brief In Support Of Confirmation And (II) The Ballot Report; (C) Further Extending The Deadline For Certain Constituents To File Objections To The Amended Plan; And (D) Granting Related Relief* (Doc. No. 177). and requests that this Court enter an order sustaining this limited objection, requiring the solicitation of an amended plan by a date certain, requiring the Debtor to comply with notice content provisions of Rule 2002, extending the objection deadlines to reflect the 28-day objection timeline for all interested parties, and providing for such other and further relief as the Court deems just and proper.

DATED:   September 11, 2019

>Respectfully submitted,
>
>NANCY J. GARGULA
>United States Trustee, Region 21
>
>  /s/ Miriam G. Suarez
>Miriam G. Suarez, Trial Attorney
>Office of the United States Trustee
>United States Department of Justice
>George C. Young Federal Building
>400 W. Washington Street, Suite 1100
>Orlando, FL  32801
>Telephone No.:   (407) 648-6301, Ext. 126
>Facsimile No.:   (407) 648-6323
>Email: Miriam.G.Suarez@usdoj.gov
>Florida Bar No.: 756105

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing objection has been served electronically through CM/ECF on September 11, 2019, to all parties having appeared electronically in the instant matter.

Counsel to the Debtors, Troutman Sanders LLP
ATTN: Harris B. Winsberg, Esq.
Matthew R. Brooks, Esq.
600 Peachtree St. NE
Suite 3000
Atlanta, GA 30308

Counsel to the Creditors' Committee, Storch Amini PC
ATTN: Jeffrey Chubak, Esq.
Avery Samet, Esq.
140 East 45th Street
25th Floor
New York, NY 10017

                                                 */s/ Miriam G. Suarez*
                                        Miriam G. Suarez, Trial Attorney