**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PREMIER EXHIBITIONS, INC. et al.,[1] | Case No. 3:16-bk-02232-BAJ |
| Debtors. | (Jointly Administered) |

**LIQUIDATING TRUSTEE'S TENTH NOTICE OF REQUEST FOR EXTENSION OF TIME TO OBJECT TO CLAIMS**

MARK C. HEALY, in his capacity as trustee for the Liquidating Trust in this jointly administered case ("Liquidating Trustee"), gives notice of his request to extend the time to object to claims by an additional one-hundred and eighty (180) days (the "Notice"), pursuant to section 14.1 of the confirmed plan, ECF No. 183 at 60, and states as follows:

1. Liquidating Trustee has been appointed as the liquidating trustee of the Liquidating Trust established by the confirmed plan in this case. ECF No. 231 at 18 ¶ 4.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Pryxie Liquidation Corp. f/k/a Premier Exhibitions, Inc. (4922); Pryxie Liquidation 1P LLC, f/k/a Premier Exhibitions Management, LLC (3101); Pryxie Liquidation 2A LLC f/k/a Arts and Exhibitions International, LLC (3101); Pryxie Liquidation 5I LLC f/k/a Premier Exhibitions International, LLC (5075); Pryxie Liquidation 3N Inc. f/k/a Premier Exhibitions NYC, Inc. (9246); Pryxie Liquidation 4M LLC f/k/a Premier Merchandising, LLC (3867), and Pryxie Liquidation 6D Corp. f/k/a Dinosaurs Unearthed Corp. (7309). The name changes noted herein are made pursuant to the Notice of Name Change of the Debtors (ECF No. 247).

2. Under section 14.1 of the First Amended Plan of Liquidation, ECF No. 183 at 60 ("Plan"), and section 3.2(e) of the Liquidating Trust Agreement, *id.* at 75 ("LTA"), Liquidating Trustee has "the exclusive right to make, file and prosecute objections to Claims (whether Scheduled or Filed)."

3. The Claims Objection Deadline in the case, which has been extended on nine occasions by Designated Notice under section 14.1 of the Plan and order of this Court, is defined as 180 days from the Confirmation Date, defined in section 1.1 of the Plan as "the date on which the Confirmation Order is entered on the Docket pursuant to Bankruptcy Rule 5003(a)." ECF No. 231 at 19, 60.

4. The original Claims Objection Deadline in this case, as extended by this Court's Order Approving Liquidating Trustee's Notice of Request for Extension of Time to Object to Claims (ECF No. 273), was extended to October 10, 2020.

5. The Claims Objection Deadline, as extended a second time by this Court's Order Approving Liquidating Trustee's Notice of Request for Extension of Time to Object to Claims (ECF No. 314), was extended to May 24, 2021.

6. The Claims Objection Deadline, as extended a third time by this Court's Order Approving Liquidating Trustee's Notice of Request for Extension of Time to Object to Claims (ECF No. 323), was extended to November 23, 2021.

7. The Claims Objection Deadline, as extended a fourth time by this Court's Order Approving Liquidating Trustee's Notice of Request for Extension of Time to Object to Claims (ECF No. 341), was extended to May 27, 2022.

8. The Claims Objection Deadline, as extended a fifth time by this Court's Order Approving Liquidating Trustee's Notice of Request for Extension of Time to Object to Claims (ECF No. 382), was extended to November 27, 2022.

9. The Claims Objection Deadline, as extended a sixth time by this Court's Order Approving Liquidating Trustee's Sixth Notice of Request for Extension of Time to Object to Claims (ECF No. 393), was extended to April 1, 2023.

10. The Claims Objection Deadline, as extended a seventh time by this Court's Order Approving Liquidating Trustee's Seventh Notice of Request for Extension of Time to Object to Claims (ECF No. 409), was extended to September 6, 2023.

11. The Claims Objection Deadline, as extended an eighth time by this Court's Order Approving Liquidating Trustee's Eighth Notice of Request for Extension of Time to Object to Claims (ECF No. 424), was extended to January 31, 2024.

12. The current Claims Objection Deadline, as extended a ninth time by this Court's Order Approving Liquidating Trustee's Ninth Notice of Request for Extension of Time to Object to Claims (ECF No. 448), is July 10, 2024.

13. No party in interest has objected to any of the Liquidating Trustee's previous requests for extension of the Claims Objection Deadline.

14. Section 14.1 of the Plan provides that "the Liquidating Trustee may seek extensions of this one hundred eighty (180) day period" (referencing the Claims Objection Deadline as defined in Section 14.1). To the extent an objection to this Notice is filed, such an objection will be set for hearing and Section 14.1 of the Plan provides that the objection deadline will be extended through the hearing on any such objection.

15. As noted in previous notices of request for extension of time, such a request for an extension must provide notice and the opportunity to be heard. Under the terms of the Plan and Liquidating Trust, such notice is "limited to the Liquidating Trustee and his or her counsel, the Office of the United States Trustee, and other parties in interest who, after entry of the Confirmation Order, file a request for notice with the Clerk of the Court and serve a copy of such request on counsel to the Liquidating Trustee."

16. In order to comply with the terms of the Plan and Liquidating Trust, the required Notice referenced in paragraph 14 above need only be provided to the

4

Trustee and parties that have filed a request for notice "after entry of the Confirmation Order." ECF No. 183 at 20. As reflected by the case docket, no parties have filed or served such a request for notice post-confirmation. Acknowledging the risk of confusion that would attend an extension of deadline with only the United States Trustee having been advised, and out of an abundance of caution, the Liquidating Trustee has opted to file the request for extension on the docket as a means of more widely serving the document (in the same manner in which the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth requests were filed and served).

17.    The Liquidating Trustee submits that there is just cause for the requested extension of time. Being mindful of the cost and expense associated with the claims objection process, and in an effort to conserve resources prior to filing claim objections, the Liquidating Trustee, in consultation with counsel, has worked to fully evaluate all filed and scheduled claims.

18.    In addition, the Liquidating Trustee, in consultation with counsel, has advanced efforts on behalf of the Liquidating Trust with respect to certain claims that are being prosecuted by the Liquidating Trustee in that certain adversary proceeding styled as follows: *Mark Healy as Liquidating Trustee, v. Daoping Bao, et al,* Case No. 3:20-ap-00051-BAJ (the "Adversary Proceeding").

19. The Liquidating Trustee requests an extension of one hundred eighty (180) days. This extension is sought for the reasons noted, and out of an abundance of caution. Overall, the Liquidating Trustee submits that the requested extension is in the best interests of all creditors and parties in interest.

20. Section 14.1 of the Plan expressly provides for a **ten (10) day objection period** and provides that in the absence of an objection, the proposed extension is granted without further authorization. As stated above, the Liquidating Trustee notes that no party in interest objected to any of the nine previous extension requests.

21. In the event that an objection is served, as provided in Section 14.1 of the Plan, on "the Liquidating Trustee, and his or her counsel within ten (10) days from the service of Designated Notice of the proposed extension," the Liquidating Trustee shall move for a hearing on the requested extension and objection. As noted above, Section 14.1 of the Plan provides that in the event of an objection, the claims objection deadline shall be extended through the date of the hearing on such objection.

WHEREFORE, the Liquidating Trustee respectfully requests this Court extend the Claims Objection Deadline set by this Court's previous Order for an additional 180 days, and grant such other relief as is just and proper under the circumstances.

Dated this 10th day of June, 2024.

                                                          CLARK PARTINGTON

*/s/ Douglas A. Bates*
**DOUGLAS A. BATES**
Florida Bar No. 0791431
dbates@clarkpartington.com
125 East Intendencia Street
Pensacola, Florida 32502
Telephone: (850) 434-9200

**TREVOR A. THOMPSON**
Florida Bar No. 0068006
tthompson@clarkpartington.com
CLARK PARTINGTON
215 S. Monroe St., Suite 530
Tallahassee, FL 32301
Phone (850) 320-6827
Fax (850) 597-7591

*Attorneys for Liquidating Trustee, Mark C. Healy*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished through CM/ECF service and by United States mail as designated below on this 10th day of June 2024:

<u>By CM/ECF Service</u>

- Daniel F Blanks daniel.blanks@nelsonmullins.com, matthew.brooks@troutmansanders.com; allison.abbott@nelsonmullins.com
- D Marcus Braswell mbraswell@sugarmansusskind.com
- Jacob A. Brown jacob.brown@akerman.com, jennifer.meehan@akerman.com; katherine.fackler@akerman.com;

matthew.drawdy@akerman.com; raye.elliott@akerman.com; Christian.george@akerman.com; William.handle@akerman.com
- Jason B. Burnett jason.burnett@gray-robinson.com, ken.jacobs@gray-robinson.com; kim.miller@gray-robinson.com
- Robert P Charbonneau rpc@agentislaw.com, nsocorro@agentislaw.com; bankruptcy@agentislaw.com
- Jeffrey Chubak jchubak@storchamini.com
- Katherine Fackler katherine.fackler@akerman.com, jennifer.meehan@akerman.com; matthew.drawdy@akerman.com
- Norman P Fivel norman.fivel@ag.ny.gov
- Thomas J Francella tfrancella@cozen.com, sshidner@cozen.com
- Timothy E Graulich timothy.graulich@davispolk.com
- Peter J Gurfein pgurfein@landaufirm.com, vrichmond@landaufirm.com; avedrova@landaufirm.com
- Hain Capital Group (CE) ceckstein@haincapital.com
- Robert A Heekin rob@heekinlawoffices.com, sad@tmhlaw.net; rrt@thamesmarkey.law; saj@tmhlaw.net
- Andrew T. Jenkins ajenkins@bushross.com, mlinares@bushross.com; ksprehn@bushross.com
- Kathleen A Jorrie kathy.jorrie@pillsburylaw.com, irma.magana@pillsburylaw.com
- Jill E Kelso jill.kelso@usdoj.gov
- John B Macdonald john.macdonald@akerman.com, jennifer.meehan@akerman.com; maggie.hearon@akerman.com
- David E. Otero david.otero@akerman.com,
- kim.crenier@akerman.com; jennifer.meehan@akerman.com; cindy.laquidara@akerman.com
- John T Rogerson john.rogerson@arlaw.com, megan.farmer@arlaw.com; richene.oliver@arlaw.com
- Emily Y Rottmann erottmann@mcguirewoods.com, clambert@mcguirewoods.com; flservice@mcguirewoods.com
- Oscar E Sanchez osanchez@goldbergsegalla.com, aburno@goldbergsegalla.com; mmartinez@goldbergsegalla.com
- Miriam G Suarez Miriam.G.Suarez@usdoj.gov
- Richard R Thames rrt@tmhlaw.net, sad@tmhlaw.net; brm@tmhlaw.net; rah@tmhlaw.net; rjs@tmhlaw.net; rth@tmhlaw.net
- United States Trustee - JAX 11 USTP.Region21.OR.ECF@usdoj.gov
- Jay B Verona jverona@shumaker.com, mhartz@shumaker.com

- Lee D Wedekind lee.wedekind@nelsonmullins.com, Allison.abbott@nelsonmullins.com; harris.winsberg@troutman.com,
- Howard Siegel  howard@eucinv.com;
- David Cimo  dcimo@cmmlawgroup.com;
- Steven Z. Szanzer  steven.szanzer@davispolk.com;
- Daniel S. Bitran dbitran@mitrani.com;
- Shay B. Cohen  scohen@rvmrlaw.com;
- Robert M. Stein  rstein@rvmrlaw.com;
- Ari Newman  newmanar@gtlaw.com;
- Samuel Weiser  sweiser@foxdalemanagement.com; and
- All others requesting notice by CM/ECF.

<u>By U.S. Mail</u>

Ampleton Group Limited
Priors Court
Churchmere Road
Sutton Courtenay, nr
Abington OX14 4AQ, UK

B.E. Capital Management Fund LP
c/o Mr. Thomas Braziel
PO Box 206
N. Stonington, CT 06359

Hain Capital Group (CE)
301 Route 17 North
Rutherford, NJ  07070

Claudio E. Iannitelli
Iannitelli Marcolina, P.C.
5353 North 16th Street
Suite 315
Phoenix, AZ 85016

Kaleo Legal
c/o Brian A. Wainger
4456 Corporation Lane, Ste 135
Virginia Beach, VA 23462

New York State Department of Taxation and Finance
P.O. Box 5300
Albany, NY 12205-0100

RMS Titanic, Inc.
3045 Kingston Court
Suite 1
Peachtree Corners, GA 30071

Joseph VanLeuven
Davis Wright Tremaine
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201-5610

Susan M. Smith
GlassRatner Advisory & Capital Group, LLC
d/b/a B. Riley Advisory
315 South Plant Ave.
Tampa, FL 33606-2325

Notice will not be sent to:

Carr, Riggs Ingram, LLC
Teneo Securities, LLC
PacBridge Capital Partners (HK) Ltd.

                                                                                            */s/ Douglas A. Bates*
                                                                                            **DOUGLAS A. BATES**