**ORDERED.**

Dated: August 08, 2025

_____
Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| *In re:* | Case No.: 3:16-bk-02232-JAF |
| PREMIER EXHIBITIONS, INC., et al., | Chapter 11 |
| Debtors.            / | |

**ORDER (I) GRANTING LIQUIDATING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH CERTAIN DIRECTORS, OFFICERS, MANAGERS, EMPLOYEES, AND/OR CONTROL PERSONS OF ALL OR CERTAIN OF THE DEBTORS; AND (II) AUTHORIZING DISBURSEMENT OF CONTINGENCY FEE AND REIMBURSEMENT OF EXPENSES TO SPECIAL <u>LITIGATION COUNSEL</u>**

THIS MATTER came before the Court for hearing on August 6, 2025 at 1:30 p.m. (the "Hearing") upon the *Liquidating Trustee's Motion to Approve Settlement Agreement with Certain Directors, Officers, Managers, Employees, and/or Control Persons of All or Certain of the Debtors and To Authorize Disbursement of Contingency Fee and Reimbursement of Expenses to Special Litigation Counsel* (the "Settlement Motion") [ECF No. 518], filed by Mark C. Healy,

solely in his capacity as Liquidating Trustee (the "Trustee") pursuant to Fed. Bankr. R. 9019, to (i) approve the *Settlement Agreement* [ECF# 524] (the "Settlement Agreement") entered into by and between the Trustee and the following former directors, officers, managers, employees, and/or control persons of all or certain of the Debtors: Daoping Bao, Jerome Henshall, Michael Evans, Sid Dutchak, Mark Bains, and Guo "David" Ding (each individually a "Settling Insured," and collectively, the "Settling Insureds").  The Settlement Motion also sought to approve the payment of a contingency fee to: Agentis, PLLC ("Agentis"); Cimo Mazer Mark, PLLC ("CMM"); Cimo Mark, PLLC ("Cimo Mark"); and (v) Mazer Law P.A. ("Mazer Law") (collectively, "Special Litigation Counsel"). The Court set the Settlement Motion for a preliminary hearing on the Hearing date.  However, the Trustee moved to shorten the notice required under Fed. R. Bankr. P. 2002 and 9019 so that, if no objections or opposition were filed to the Settlement Motion, the Court could treat the preliminary hearing as a final hearing.  The Court finds that (i) the Settlement Motion was served as required by Fed. R. Bankr. P. 2002 and applicable Local Rules; and (ii) no party in interest has filed or served on the Trustee a response to the Settlement Motion.  The Court, having reviewed and considered the Settlement Motion, having accepted the proffered testimony of Jason Burnett, counsel to 417 Fifth Ave., LLC, the largest unsecured creditor, and the Chair of the estate's Creditor Oversight Board, having taken judicial notice of the Court record in its entirety, and being otherwise fully advised in the premises, finds that sufficient and proper notice of the Settlement Motion was served on creditors and parties in interest, that the Settlement Agreement is reasonable and in the best interests of creditors and the Estate, and that good cause exists to approve the Settlement Agreement, and **ORDERS** as follows:

    1.    The Motion is **GRANTED**.

    2.    The Settlement Agreement and all of its terms and conditions are **APPROVED**.

3. The Trustee is also authorized to take all other actions and execute all documents necessary to effectuate the terms of the Settlement Agreement.

4. The Court incorporates the terms of the Settlement Agreement into this Order and reserves jurisdiction to enforce the terms of this Order and the Settlement Agreement.

5. The Trustee is authorized and directed to pay the contingency fee, 20% to Agentis, PLLC, and the other 20% to Cimo Mazer Mark, PLLC ("CMM") with Cimo Mark and Mazer Law to jointly advise the Trustee of their respective agreed shares from the CMM portion of the fee.

6. The Trustee is authorized and directed to reimburse all documented expenses submitted by Special Litigation Counsel without further notice or order of the Court.

7. **Due to the shortened notice, any creditor or party in interest may object to the entry of this Order prior to the expiration of fourteen (14) days from the date of entry without satisfying the requirements of Fed. R. Civ. P. 59, as made applicable by Fed. R. Bankr. P. 9023.**

# # #

**Submitted by:**
Robert P. Charbonneau
Florida Bar No.: 968234
rpc@agentislaw.com
AGENTIS PLLC
*Co-Counsel for Mark C. Healy*
45 Almeria Avenue
Coral Gables, Florida 33134
T: 305.722.2002
www.agentislaw.com

(Copy furnished to Agentis attorney Robert P. Charbonneau who is directed to serve a copy of this Order upon all interested parties)