# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

*In re:*

PREMIER EXHIBITIONS, INC. a/k/a          Case No.: 3:16-bk-2232-BAJ
PRYXIE LIQUIDATION CORP., et. al.,            Chapter 11

_____ Debtors. _____ /

## *EX-PARTE* MOTION FOR CHARGING ORDER IN FAVOR OF AGENTIS PLLC AND CIMO MAZER MARK PLLC AGAINST PAYMENTS FOR DISTRIBUTIONS MADE TO JUDGMENT DEBTOR PACBRIDGE CAPITAL PARTNERS (HK) LTD

Judgment Creditors, AGENTIS PLLC ("Agentis") and CIMO MAZER MARK PLLC ("CMM") (collectively, the "Judgment Creditors"), by and through undersigned counsel and pursuant to Fla. Stat. § 605.0503, respectfully move the Court for the imposition of a charging order against the interests of Judgment Debtor, PACBRIDGE CAPITAL PARTNERS (HK) LTD ("Pacbridge"), in any and all distributions made by Mark C. Healy, as Liquidating Trustee, to Pacbridge (the "Motion"). In support of the Motion, Judgment Creditors provide as follows:

## RELEVANT BACKGROUND

1.     A liquidating trust was established (the "Liquidating Trust") through a liquidating trust agreement filed along with the First Amended Plan of Liquidation [ECF No. 183] in Bankruptcy Case No. 3:16-bk-02232, and Mark C. Healy was appointed as the liquidating trustee (the "Trustee"). The Liquidating Trust's beneficiaries include all individuals and entities entitled to distributions from the Liquidating Trust under the First Amended Plan of Liquidation.

2.     Pacbridge has an interest in the Liquidating Trust as it anticipates receiving distributions from the Liquidating Trust based on its proof of claim in Bankruptcy Case No.

3:16-bk-02230-PMG[1], specifically Claim No. 29-1, in the amount of $1,195,350.39 ("Claim 29"). A true and correct copy of Claim 29 is attached as **Exhibit "A."**

3.      On May 29, 2024, the Court entered a *Final Judgment Awarding Fees and Costs* [ECF No. 344] (the "Final Judgment") in favor of Judgment Creditors and against Pacbridge and Giovanni Wong ("Wong") as follows:

  a.  In favor of Agentis, and against Pacbridge and Wong, jointly and severally liable, in the total amount of **$107,953.14** (the "Agentis Award"), consisting of reasonable attorneys' fees in the amount of $105,185.50 plus costs and expenses in the amount of $2,767.64, plus interest at a legal rate of 5.14% per annum; and
  b.  In favor of CMM[2], and against Pacbridge and Wong, jointly and severally liable, in the total amount of **$1,239.00** (the "CMM Award"), consisting of reasonable attorneys' fees in the amount of $1,239.00, plus interest at a legal rate of 5.14% per annum.

4.      A true and correct copy of the Final Judgment is attached as **Exhibit "B**."

5.      Pursuant to the Final Judgment, Judgment Debtor was ordered to complete a Form 1.977 Fact Information Sheet (the "Fact Information Sheet") and serve it upon Plaintiff's counsel at Agentis PLLC, c/o Robert Charbonneau, Esq., 45 Almeria Avenue, Coral Gables, Florida 33134, within forty-five (45) days of entry of the Final Judgment, specifically until July 15, 2024, unless the Final Judgment is satisfied or post-judgment discovery is stayed. The deadline for Judgment Debtor's compliance has expired and, to date, the Judgment Debtor has not produced the Fact Information Sheet.

6.      On July 17, 2024, Agentis recorded the Final Judgment with the Florida Secretary of State. A true and correct copy of the Judgment Lien Certificate is attached as **Exhibit "C**."

---

[1] Pursuant to the Confirmation Order [ECF No. 231] and the First Amended Plan of Liquidation [ECF No. 183] filed in Case No. 3:16-bk-02232, the claims, including Claim 29, would be paid out from Case No. 3:16-bk-02232.

[2] Since the issuance of the Final Judgment, CMM has split into two separate entities, Cimo Mark PLLC and Mazer Law, P.A.



7.      As of the date of this Motion, the amount in the Final Judgment remains due and unsatisfied. The Judgment Debtor has not posted a bond to stay enforcement or otherwise obtained a stay.

8.      The Judgment Creditors do not believe that the Judgment Debtor has visible property within the United States on which a levy can be made sufficient to satisfy the Final Judgment, other than the distributions from the Liquidating Trust.

9.      Because Pacbridge maintains an interest in the Liquidating Trust, it follows that the Pacbridge distributions made from the Liquidating Trust should be subject to a charging order in favor of the Judgment Creditors.

## **ARGUMENT**

10.      Pursuant to Fla. Stat. § 605.0503, the Court may enter a charging order against the transferable business interests of a judgment debtor for the unsatisfied amount of a final judgment. Specifically, Fla. Stat. § 605.0503(1) provides in relevant part that: "on application . . . by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest."

11.      In Florida, "[a] charging order is the *sole and exclusive remedy* by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company." Fla. Stat. § 605.0503(3); *see also Gorrin v. Poker Run Acquisitions, Inc.*, 237 So. 3d 1149, 1156 (Fla. 3d 2018) (citing *Regions Bank v. Hyman*, 2015 WL 1912251, at *7 (M.D. Fla. 2015).

12.     "[A] charging order constitutes a lien upon a debtor's transferable interest and requires the [business entity] to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." Fla. Stat. § 605.0503(1); *Pansky v. Barry S. Franklin & Assocs., P.A.*, 264 So. 3d 961, 962 (Fla. 4th 2019).

13.     Once a charging order is entered, the charging order instructs the business entity, here, the Bankruptcy Estate being administered by Mark Healy as Liquidating Trustee, to give the judgment creditor access to a judgment debtor's rights to profits and distributions from the judgment debtor's business entities. *See id.* at 963; *see also Lefkowitz v. Quality Labor Management*, 159 So. 3d 147 (Fla. 5th 2014).

14.     Here, based on the Final Judgment, the Judgment Creditors have acquired a legal basis to obtain a charging order against the Pacbridge distributions. Pacbridge maintains an interest in the Liquidating Trust and certain distributions made from same. As such, Pacbridge's interest in the Liquidating Trust is subject to the attachment of a charging order in favor of the Judgment Creditors.

15.     Accordingly, to the extent the Judgment Debtor has failed to satisfy the Final Judgment to date, Judgment Creditors are entitled to a charging order to attach Pacbridge's interest in the Liquidating Trust and any distributions made.

16.     Judgment Creditors also seek to charge interest at the maximum rate allowed by Florida law.

**WHEREFORE**, the Judgment Creditors, **Agentis PLLC** and **Cimo Mazer Mark PLLC**, respectfully request that this Court enter an Order (1) imposing a charging order in favor of Agentis PLLC and Cimo Mazer Mark PLLC to attach to the interests of Pacbridge Capital Partners (HK) Ltd. in the Liquidating Trust; and (2) granting such other relief deemed just and

**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

proper under the circumstances.

Respectfully submitted,

AGENTIS PLLC
*Co-Counsel for the Trustee*
45 Almeria Avenue
Coral Gables, FL 33134
T. 3053.722.2002
By: */s/ Robert P. Charbonneau*
    Robert P. Charbonneau
    Fla. Bar No. 968234
    Email: rpc@agentislaw.com

-and-

CIMO MARK PLLC

*Co-Counsel for the Trustee*
255 Alhambra Circle, Suite 1160
Coral Gables, FL 33134
T. 786.742.8382
By: /s/ David C. Cimo
    David C. Cimo, Esq.
    Fla. Bar No. 775400
    Email: dcimo@cimomark.com
    Marilee A. Mark, Esq.
    Fla. Bar No. 725961
    Email: mmark@cimomark.com

-and-

MAZER LAW P.A.

*Co-Counsel for the Trustee*
255 Alhambra Circle, Suite 1160
Coral Gables, FL 33134
T. 305.374.6480
By: *Jason S. Mazer*
    Jason S. Mazer, Esq.
    Fla. Bar No. 0149871
    Email: jmazer@mazer-law.com

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email

to counsel of record indicated on the below Service List on August 27, 2025.

By: _/s/ Robert P. Charbonneau_
Robert P. Charbonneau
Fla. Bar No. 968234
rpc@agentislaw.com

**SERVICE LIST**

Mitrani, Rynor, Adamsky & Toland
Attorneys for Defendant
301 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: (305) 358-0050
Facsimile: (305) 358-0550
Email: dbitran@mitrani.com
imitrani@mitrani.com
cayala@mitrani.com
miamidocketing@mitrani.com

RENNERT VOGEL MANGEL
& RODRIGUEZ, P.A.
Robert M. Stein, Esq.
Jeffrey A. Tew, Esq.
100 S.E. 2nd Street, Suite 2900
Miami, FL 33131
Tel: (305) 577-4177
Fax: (305) 533-8519
rstein@rvmrlaw.com
dperez@rvmrlaw.com
jtew@rvmrlaw.com

Agentis
Legal Advocates & Advisors

**45 Almeria Avenue · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

EXHIBIT "A"

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor 1</td><td>RMS TITANIC, INC.</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: MIDDLE District of FLORIDA JACKSONVILLE DIVISION</td></tr>
<tr><td colspan="2">Case number 3:16-bk-02230-PMG</td></tr>
</table>

F I L E D
JACKSONVILLE, FLORIDA

OCT 21 2016

CLERK, U.S. BANKRUPTCY C.
MIDDLE DISTRICT OF FLORID.

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

PACBRIDGE CAPITAL PARTNERS (HK) LTD
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

PACBRIDGE CAPITAL PARTNERS (HK) LTD
Name

22/F FUNG HOUSE, 19-20 CONNAUGHT ROAD
Number    Street

CENTRAL          HONG KONG
City          State          ZIP Code

Contact phone  +852 3413 7388

Contact email  Wongg@pacbridge.partners.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number    Street

_____
City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____
          MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

Official Form 410                          Proof of Claim                          page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| 6. | Do you have any number you use to identify the debtor? | ☑ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
|---|---|---|

| 7. | How much is the claim? | $ *1,195,350.39* . Does this amount include interest or other charges? <br> ☑ No <br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br><br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br><br> Limit disclosing information that is entitled to privacy, such as health care information. <br><br> FINANCIAL ADVISORY SERVICES |
|---|---|---|

| 9. | Is all or part of the claim secured? | ☑ No <br> ☐ Yes. The claim is secured by a lien on property. <br><br> **Nature of property:** <br> ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* <br> ☐ Motor vehicle <br> ☐ Other. Describe: _____ <br><br> **Basis for perfection:** _____ <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> **Value of property:** $_____ <br> **Amount of the claim that is secured:** $_____ <br><br> **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> **Amount necessary to cure any default as of the date of the petition:** $_____ <br><br> **Annual Interest Rate (when case was filed)** _____% <br> ☐ Fixed <br> ☐ Variable |
|---|---|---|

| 10. | Is this claim based on a lease? | ☑ No <br> ☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
|---|---|---|

| 11. | Is this claim subject to a right of setoff? | ☑ No <br> ☐ Yes. Identify the property: _____ |
|---|---|---|

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/20/2016
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | CHUN NOON _____ NUNG |
|---|---|
| | First name        Middle name        Last name |
| Title | PRINCIPAL |
| Company | PACBRIDGE CAPITAL PARTNERS (HK) LTD |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 22/F FUNG HOUSE, 19-20 CONNAUGHT ROAD. |
| | Number        Street |
| | 中 CENTRAL                    HONG KONG |
| | City                          State   ZIP Code |
| Contact phone | +852 6779 8589 | Email | wong@pacbridgepartners.com |

Dated as of September 1, 2014

Mr. Daoping Bao

Dinoking Tech Inc.
11188 Featherstone Way Unit 110
Richmond, British Colombia
Canada
V6W 1K9

## PRIVATE & CONFIDENTIAL

Dear Mr. Bao:

Pursuant to our recent conversations, we are pleased to confirm the arrangements under which PacBridge Capital Partners (HK) Ltd. ("**PacBridge**") will provide or procure the provisions of financial services to Dinoking Tech Inc. (the "**Company**") in connection with the potential sale of the Company and/or its holdings company, subsidiaries and affiliates to Premier Exhibitions, Inc. (the "**Purchaser**"). PacBridge may provide such services through, or in conjunction with, one or more of its affiliates and/or professionals such as legal advisors or such other party as may be relevant or applicable to provide such service. (to the extent that PacBridge is responsible for any fees and expenses related to such service.).

**Scope of Engagement**  As your financial advisor, we will perform or procure the performance of services for the Company as are customary and appropriate in transactions of this type and as you reasonably request including assisting the Company in analyzing, structuring, negotiating and effecting the Sale Transaction (as defined below) including due diligence if required,  on the terms and conditions of this agreement.

**Sale Transaction**  For purposes of this agreement, a "Sale Transaction" is any transaction or series of transactions in which the Purchaser acquires directly or indirectly a majority of any of the stock, assets, revenues, income or business of the Company or otherwise gains control of the Company, including any combination of the businesses regardless of the structure or form of the transaction.

**Fees**  The Company agrees to pay the following fees to PacBridge for its services (all amounts in US Dollars):

A) **Retainer Fee**  A fee of US$150,000, payable in cash no later than February 15, 2015.

B) **Success Fee**  If, during the period PacBridge is retained by the Company or within one year thereafter (the "**Tail Period**"), the Sale Transaction is consummated or the Company enters into an agreement regarding the Sale Transaction (which is subsequently consummated), there will be a Success Fee equal to the greater of 6% of the Purchase Price or US$1,000,000, payable upon the closing of the Sale Transaction. The Success Fee is payable as follows:

   (a)    US$250,000 payable in cash; and

   (b)    the balance payable in PacBridge's sole discretion, either in cash or in Purchaser's shares,

   within 10 business days of receipt by the Company of the Purchase Price.

C) **Capital Raising Fee**  3% of any funds raised by PacBridge (but excluding any funds raised by the Company or its shareholders) for any additional investment made in the Purchaser, payable in cash, on the date when the additional investment is made.

D) **Incentive Fee**  An additional fee payable solely at your discretion based on the outcome of the Sale Transaction, payable at the closing of the Sale Transaction.

E) **Additional Fee**  Such additional fees as may be agreed by PacBridge and the Company from time to time in writing.

-1-

For purposes of this agreement, Purchase Price means an amount equal to the sum of (a) the aggregate fair market value of any securities issued and any other non-cash consideration delivered and any cash consideration paid to the Company or its security holders (including, without limitation, holders of options, warrants, convertible securities and preferred securities) in connection with the Sale Transaction, and (b) the amount of all indebtedness and preferred stock of the Company or any subsidiary thereof, which is assumed or acquired by the Purchaser or retired or defeased in connection with the Sale Transaction, and (c) the fair market value of any assets of the Company (including working capital items) retained by the Company or any dividends declared or paid by the Company.   The fair market value of any securities issued and any other non-cash consideration delivered or retained in connection with the Sale Transaction will be the value determined by the Company and PacBridge upon the closing of the Sale Transaction.

**Other Transactions** If, during the Term (as defined below) of this letter agreement or within one year thereafter, the Company proposes to effect a strategic transaction related to the business, including any capital raising, the Company agrees to give priority to PacBridge to act as its exclusive financial advisor in connection with the transaction on mutually agreeable, customary terms.

**Expenses** The Company agrees to reimburse PacBridge for all reasonable out-of-pocket fees and expenses.

**Disclosure and Confidentiality** Any document, advice, opinion or analysis provided by PacBridge hereunder will be solely for the use and benefit of the Board of Directors and senior management of the Company and will not be quoted, reproduced, summarized, or otherwise disclosed, nor will any reference to PacBridge be made, without PacBridge's prior written consent.

Each party hereto confirms that, except as may be required by law, a court of competent jurisdiction, or other governmental or regulatory authorities, each shall at all times keep confidential any confidential information given or received by the other and each agrees that it will be sufficient compliance with its duty of confidence for us to take such steps as we in good faith think fit to preserve confidential information from misuse both during and after termination of the engagement herein.

Any advice we provide to you during our engagement with you is given in confidence solely for you to rely upon and solely for the purpose for which we were retained by you. We are not responsible to any third party who seeks to rely upon any such advice without our prior written consent having been given to such third party.

**Information** The Company will furnish, or arrange to have furnished to, PacBridge such information as PacBridge believes appropriate to its engagement hereunder (all such information so furnished being the "Information"), and will update such Information as appropriate.  The Company recognizes and consents to the fact that PacBridge (i) will use and rely on the accuracy and completeness of the Information supplied or otherwise made available to PacBridge without having any obligation to independently verify the same, (ii) does not assume responsibility for the accuracy or completeness of the Information or such other information, (iii) has no obligation to undertake an independent evaluation, appraisal or physical inspection of any assets or liabilities of the Company and (iv) with respect to any financial forecasts (including cost savings and synergies) that may be furnished to or discussed with PacBridge by the Company, will assume that they have been reasonably prepared and reflect the best then currently available estimates and judgment of the Group.

**Independent Contractor** It is understood and agreed that PacBridge is retained to act solely as financial advisor and, in such capacity, shall act as an independent contractor with duties solely to the Company and nothing in this letter agreement or the nature of the services shall be deemed to create a fiduciary or agency relationship between PacBridge and the Company or its stockholders, creditors, employees or any other party.

**Term and Termination** This engagement may be terminated by the Company or PacBridge at any time after September 1, 2015 (the "Term") upon 7 day's written notice to that effect to the other party, it being understood that the provisions of Fees, Other Transactions, Expenses, Disclosure, Term and Termination, Indemnity and Miscellaneous shall survive termination of this agreement.  However we may terminate our services herein at any time by notice in writing if (a) the Company has not complied with this Agreement or any other terms agreed in writing; or (b) we have not received adequate instructions from you within a reasonable time of request, or we

-2-

perceive in our discretion that the necessary relationship of mutual trust and confidence required for a workable relationship no longer exists; or (c) it becomes required by law or ethics for us to cease to act for you.

**Indemnity** In connection with engagements such as this, it is PacBridge's policy to receive indemnification. The Company agrees to the provisions with respect to the indemnification of PacBridge and the other matters set forth in Annex A.  Annex A is incorporated by reference in its entirety into this letter.

**Miscellaneous**

A)  PacBridge is not an expert on, and does not render opinions regarding, legal, accounting, regulatory or tax matters. You should consult with your advisors concerning these matters before undertaking the proposed transaction.

B)  No waiver, amendment or other modification of this letter agreement shall be effective unless in writing and signed by each party to be bound thereby. This letter agreement shall inure to the benefit of and be binding on the Company, PacBridge and their respective successors.

C)  In case any provision of this letter agreement shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this letter agreement shall not in any way be affected or impaired thereby.

D)  This letter agreement shall be governed by, and construed and interpreted in accordance with, the laws of British Columbia, Canada.

E)  All actions and proceedings arising out of or relating to this letter agreement may be heard and determined in the courts in British Columbia, Canada, to whose non-exclusive jurisdiction the Company hereby irrevocably submits.

F)  To the extent that the Company or any of its respective property or assets may be or become entitled to any right of immunity, on grounds of sovereignty or otherwise, from any legal action or proceeding, including arbitration proceedings, with respect to their obligations, liabilities or any other matter under, arising out of or related to this Agreement, the Company hereby irrevocably waives such right and agrees not to claim any such immunity.

Please confirm that the foregoing correctly sets forth our agreement by signing and returning to PacBridge the duplicate copy of this letter agreement enclosed herewith. We are delighted to accept this engagement and look forward to working with you on the assignment.

Very truly yours,
PacBridge Capital Partners (HK) Limited

By _____
Mr. Giovanni Wong
Responsible Officer

Accepted and Agreed to as of
the date first written above:

By _____
Mr. Daoping Bao
Dinoking Tech Inc.

-4-

## ANNEX A

The Company agrees to indemnify PacBridge Capital Partners (HK) Ltd ("PacBridge") and its affiliates and their respective directors, officers, employees, agents and controlling persons (PacBridge and each such person being an "Indemnified Party") from and against any and all losses, claims, damages and liabilities, joint or several, to which such Indemnified Party may become subject under any applicable law, or otherwise, and related to, arising out of, or in connection with, any proposed corporate restructuring contemplated by the engagement letter of which this Annex A is a part or the engagement of PacBridge pursuant thereto, and the performance by PacBridge of the services contemplated thereby, and will reimburse each Indemnified Party for all expenses (including counsel fees and expenses) as they are incurred in connection with the investigation of, preparation for or defense of any pending or threatened claim or any action or proceeding arising therefrom, whether or not such Indemnified Party is a party and whether or not such claim, action or proceeding is initiated or brought by or on behalf of the Company. The Company will not be liable under the foregoing to the extent that any loss, claim, damage, liability or expense is found in a final judgment by a court of competent jurisdiction to have resulted from PacBridge's bad faith or gross negligence of any indemnified Party.

The Company also agrees that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company or its security holders or creditors related to, arising out of, or in connection with, any proposed corporate restructuring, the engagement of PacBridge pursuant to, or the performance by PacBridge of the services contemplated by, the engagement letter except to the extent that any loss, claim, damage or liability is found in a final judgment by a court of competent jurisdiction to have resulted from PacBridge's bad faith or gross negligence of such Indemnified Party.

The Company agrees that it will not settle, compromise or consent to the entry of any judgment in any pending or threatened claim, action or proceeding in respect of which indemnification could be sought under this letter agreement (whether or not PacBridge or any other Indemnified Party is an actual or potential party to such claim, action or proceeding), unless such settlement, compromise or consent includes an unconditional release of each Indemnified Party from all liability arising out of such claim, action or proceeding. No Indemnified Party seeking indemnification, reimbursement or contribution under this letter agreement will, without the prior consent of the Company, settle, compromise, consent to the entry of any judgment or otherwise seek to terminate any action, claim, suit, investigation or proceeding referred to in the preceding paragragh.

If PacBridge or any other Indemnified Party is requested or required to appear as a witness in any action brought by or on behalf of or against the Company or the Purchaser in which such party is not named as a defendant, the Company will reimburse PacBridge for all expenses incurred in connection with such party's appearing and preparing to appear as such a witness, including, without limitation, the fees and disbursements of its legal counsel.

The provisions of this Annex A shall continue to apply and shall remain in full force and effect regardless of any modification or termination of the engagement or engagement letter of which this Annex A is a part or the completion of PacBridge's services thereunder.



**PACBRIDGE PARTNERS**

Principal Investment and Corporate Advisory

28th January, 2016

Mr. Daoping Bao
Dinoking Tech Inc.
11188 Featherstone Way Unit 110
Richmond, British Colombia
Canada V6W 1K9

Dear Mr. Bao,

**Success Fee, Capital Raising Fee & Reimbursement of Expenses**

As per our engagement letter dated as of 1st September, 2014, please kindly remit
US$1,195,350.39 (being US$1,000,000 of success fee, US$70,000 of capital raising fee and
US$125,350.39 of expenses incurred and accrued up to 1st November, 2015) to the
following bank account:

| | |
|---|---|
| Account Details | PacBridge Capital Partners (HK) Limited |
| Beneficiary Bank | HSBC Hong Kong |
| Beneficiary Address | 1 Queens Road, Central, Hong Kong |
| Beneficiary Code | 004 (for local payment) |
| SWIFT Address | HSBCHKHHHKH (for telegraphic transfer) |
| Account Number | 808-551-634-838 |

If you have any questions, please contact me at (852) 3413-7368.

Yours sincerely,

Maggie Cheng
Director



**PACBRIDGE PARTNERS**

Principal Investment and Corporate Advisory

28th January, 2016

Mr. Daoping Bao
Dinoking Tech Inc.
11188 Featherstone Way Unit 110
Richmond, British Colombia
Canada V6W 1K9

Dear Mr. Bao,

**Success Fee, Capital Raising Fee & Reimbursement of Expenses**

We refer to the engagement letter dated as of 1st September, 2014 between PacBridge Capital Partners (HK) Ltd. and Dinoking Tech Inc. (the "Engagement Letter"). Terms defined in the Engagement Letter shall have the same meaning when used herein.

As you are aware, the Company had entered into an agreement regarding the Sale Transaction with the Purchaser on 1st April, 2015 and the Sale Transaction was closed on 1st November, 2015. As part of the Sale Transaction, the Company had also raised US$3,500,000 with PacBridge's assistance. Pursuant to the Engagement Letter, the Company should pay PacBridge the Success Fee within 10 business days of its receipt of the Purchase Price and the Capital Raising Fee on the date the additional investment is made. The Company had asked PacBridge for an extension for the payment of the Success Fee and the Capital Raising Fee (together the "Overdue Fees"). Although PacBridge has never agreed to such an extension, it has, as a matter of goodwill, continued discussion with the Company on the optimal way for the Company to pay the Overdue Fees. However, almost 3 months have lapsed and the Company has yet to agree on a solid timetable for the payment of the Overdue Fees.

Given the above, we regret to advise that PacBridge can no longer accommodate any late payment of the Overdue Fees. Please find attached for your attention the invoice for the US$1,000,000 Success Fee, the US$70,000 Capital Raising Fee and the US$125,350.39 expenses which PacBridge has

incurred and accrued up to 1st November, 2015.  Please kindly settle this invoice by no later than 15th February, 2016 or we will take all necessary action to recover this debt.


Yours sincerely,
For and on behalf of
PacBridge Capital Partners (HK) Ltd.



Sheldon Trainor-Degirolamo

EXHIBIT "B"

**ORDERED.**

Dated: **May 29, 2024**

_____

Jason A. Burgess
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

*In re:*

PREMIER EXHIBITIONS, INC. a/k/a PRYXIE
LIQUIDATION CORP., et. al.,

      Debtors.

Case No.: 3:16-bk-2232-BAJ

Chapter 11

_____/

MARK C. HEALY of Michael Moecker &
Associates, Inc., Liquidating Trustee under the
Liquidating Trust Agreement formed and
implemented pursuant to the Debtors' confirmed
First Amended Chapter 11 Plan of Liquidation,

      Plaintiff,

v.

DAOPING BAO, MICHAEL EVANS, SID
DUTCHAK, JEROME HENSHALL, MARK
BAINS, and GUO "DAVID" DING,

      Defendants.

Adv. Proc. No. 3:20-ap-00051-BAJ (consolidated
with 3:18-ap-00064-BAJ)

_____/

## FINAL JUDGMENT AWARDING FEES AND COSTS

**THIS MATTER** came before the Court upon the *Amended Affidavit of Plaintiff's

Counsel as to Attorneys' Fees & Costs* [D.E 334] (the "Agentis Affidavit")[1] and the *Declaration

of David C. Cimo* [D.E. 333] (the "Cimo Declaration" and together with the Agentis Affidavit,

the "Affidavits") filed by Plaintiff's co-counsels, seeking an award of fees and costs pursuant to

---

[1] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Agentis Affidavit.

(a) the Court's Order entered on January 13, 2024 [D.E. 277], awarding Plaintiff reasonable fees and costs incurred in bringing *Plaintiff's Motion (I) to Compel PacBridge Capital Partners (HK) Ltd. and Giovanni Wong to Comply with Plaintiff's Subpoenas, (II) to Prohibit PacBridge Capital Partners (HK) Ltd. and Giovanni Wong from Testifying at Trial if They Fail to Comply or, Alternatively, (III) for Authorization of Alternative Service of Subpoenas* [D.E. 267] (the "Motion to Compel") and any further motions to obtain PacBridge and Wong's compliance with the Subpoenas requesting document production; and (b) the Court's *Order Granting in Part and Denying in Part Plaintiff's Expedited (I) Motion for an Order to Show Cause Why PacBridge Capital Partners (HK) Ltd. and Giovanni Wong Should Not Be Held in Contempt for Failure to Comply with Court's Order Compelling Them to Comply with Plaintiff's Subpoenas, (II) Renewed Motion to Prohibit Giovanni Wong and Any Representative of PacBridge Capital Partners (HK) Ltd. from Testifying at Trial, and (III) Request for an Award of Attorneys' Fees and Costs [ECF# 309]* [D.E. 328] (the "Order") entered on April 18, 2024, awarding Plaintiff (i) all fees and costs incurred in bringing the *Plaintiff's Expedited (I) Motion for an Order to Show Cause Why PacBridge Capital Partners (HK) Ltd. and Giovanni Wong Should Not Be Held in Contempt for Failure to Comply with the Court's Order Compelling Them to Comply with Plaintiff's Subpoenas, (II) Renewed Motion to Prohibit Giovanni Wong and Any Representative of PacBridge Capital Partners (HK) Ltd. from Testifying at Trial, and (III) Request for an Award of Attorneys' Fees and Costs* [D.E. 309] (the "Contempt Motion", and together with the Motion to Compel, the "Wong and PacBridge Motions"), and (ii) any prior motion filed in connection with compelling the testimony of Wong and PacBridge, as well as fees and costs incurred in preparing for and attending each deposition set of Mr. Wong, and any necessary follow-up incurred following each examination. The Court directed counsel for

the Plaintiff to file an affidavit of fees and expenses incurred, and the Court, having reviewed the Affidavits and considered the entirety of the record,

ORDERS and ADJUDGES as follows:

1. Judgment is entered in favor of **Agentis PLLC**, whose address is 45 Almeria Avenue, Coral Gables, Florida 33134, against **Giovanni Wong**, whose address is Flat A, 31st Floor, 25 Tai Hang Drive, Hong Kong, and **PacBridge Capital Partners (HK) Ltd.**, whose address is 2707 AXA Southside, 38 Wong Chuk Hang Road, Hong Kong, in the total amount of **$107,953.14** (the "Agentis Award"), consisting of reasonable attorneys' fees in the amount of $105,185.50 plus costs and expenses in the amount of $2,767.64, for which they are jointly and severally liable, and for which sum let execution issue forthwith.

2. Judgment is entered in favor of **Cimo Mazer Mark PLLC**, whose address is 255 Alhambra Circle, Suite 1160, Coral Gables, Florida 33134, against **Giovanni Wong**, whose address is Flat A, 31st Floor, 25 Tai Hang Drive, Hong Kong, and **PacBridge Capital Partners (HK) Ltd.**, whose address is 2707 AXA Southside, 38 Wong Chuk Hang Road, Hong Kong, in the total amount of **$1,239.00** (the "CMM Award"), consisting of reasonable attorneys' fees in the amount of $1,239.00, for which they are jointly and severally liable, and for which sum let execution issue forthwith.

3. The foregoing amounts listed in Paragraphs 1 and 2 hereof shall bear interest from this date forward at the prevailing legal rate of interest, which is currently 5.14% per annum.

4. Pursuant to Rule 1.560(b) of the Florida Rules of Civil Procedure, as made applicable by Rule 69(a) of the Federal Rules of Civil Procedure, Giovanni Wong and PacBridge Capital Partners (HK) Ltd. shall complete under oath Florida Rule of Civil Procedure

Form 1.977 Fact Information Sheet, including all required attachments, and serve it on the Plaintiff's counsel at Agentis PLLC, c/o Robert P. Charbonneau, Esq., 45 Almeria Avenue, Coral Gables, Florida 33134, within 45 days from the date of the entry of this Judgment, unless this Judgment is satisfied or post-judgment discovery is stayed.

5.      The Court retains jurisdiction over this cause and the parties hereto to enter orders relating to the enforcement of this Judgment, to award the Plaintiff or his counsel reasonable attorneys' fees and costs incurred in enforcing this Judgment, but only to the extent allowed by applicable law, and to enter any other and further orders for post-judgment relief as may be appropriate and proper under the circumstances.

# # #

Copy to:
Attorney Charbonneau is directed to serve a copy of this order on all interested parties who do not receive service by CM/ECF and file a proof of service reflecting same.

EXHIBIT "C"

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

WONG, GIOVANNI
25 TAI HANG DRIVE
FLAT A, 31ST FLOOR
HONG KONG, SAR, XX. CHINA

PACBRIDGE CAPITAL PARTNERS (HK) LTD.
2707 AXA SOUTHSIDE
38 WONG CHUK HANG ROAD
HONG KONG, SAR, XX. CHINA
FEI#: -          DOS DOCUMENT#: NA

## J24000436665
**FILED**

**Jul 17, 2024 11:07 A.M.**

Secretary of State
MSOLOMON

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

AGENTIS PLLC
45 ALMERIA AVENUE
CORAL GABLES, FLORIDA 33134
DOS DOCUMENT#: L1800000738

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

ROBERT P. CHARBONNEAU
RPCSERVICE@AGENTISLAW.COM

AMOUNT DUE ON MONEY JUDGMENT: 107,953.14
APPLICABLE INTEREST RATE: 5.14%
NAME OF COURT: US BANKRUPTCY COURT FLMB
CASE NUMBER: 3:20-AP-00051-BAJ
DATE OF ENTRY: 05/30/24
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?

( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
(X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: ROBERT P. CHARBONNEAU