**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

PREMIER EXHIBITIONS, INC., et al.,[i]

Debtors.

Chapter 11

Case No. 3:16-bk-02232-BAJ
(Jointly Administered)

**LIQUIDATING TRUSTEE'S OMNIBUS**
**OBJECTION AS TO PRESUMPTIVELY SATISFIED CLAIMS**

> NOTICE OF OPPORTUNITY TO
> OBJECT AND REQUEST FOR HEARING
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202, and mail a copy to the movant's attorney, Douglas A. Bates, at 125 E. Intendencia St., Pensacola, Florida 32502, within 30 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified or eliminated if you do not timely file and serve a response.

> **NOTE TO ALL CLAIMANTS:** All claimants receiving this objection should locate their names and claims in the objection, which will be included in Exhibit A, to determine whether your rights may be affected by this objection.
>
> The relief sought herein is without prejudice to the Liquidating Trustee's right to pursue further substantive or non-substantive objections to any claims identified in this objection.

MARK C. HEALY, in his capacity as trustee for the Liquidating Trust in this jointly administered case ("Liquidating Trustee"), files this Omnibus Objection as to Presumptively Satisfied Claims (the "Omnibus Objection"), pursuant to Federal Rule of Bankruptcy Procedure 3007(d)–(e), regarding the Presumptively Satisfied claims set forth in the attached **Exhibit A,** among the jointly administered cases encompassed by the confirmed plan, ECF No. 231, and states as follows:

1.  Liquidating Trustee has been appointed as the liquidating trustee of the Liquidating Trust established by the confirmed plan in this case. ECF No. 231 at 18 ¶ 4.

2.  Under section 14.1 of the First Amended Plan of Liquidation, ECF No. 183 at 60 ("Plan"), and section 3.2(e) of the Liquidating Trust Agreement, *id.* at 75 ("LTA"), Liquidating Trustee has "the exclusive right to make, file and prosecute objections to Claims (whether Scheduled or Filed)".

3. The Claims Objection Deadline in the case, as extended by the Order Approving Liquidating Trustee's Notice of Request for Extension of Time to Object to Claims (ECF No. 539) is April 26, 2026. This omnibus objection is therefore timely.

4. Under article 6 of the Plan, the Plan is effectuated by a limited consolidation of all of the Debtors' estates into a single estate. Of particular relevance here, section 6.1.2(iii) of the Plan provided that "any Claims filed or to be filed in connection with any such obligations will be deemed Claims against the Consolidated Debtors and all Claims filed against more than one Debtor for the same liability shall be deemed one Claim against any obligation of the Consolidated Debtors . . . ."

5. The Liquidating Trustee has reviewed the Debtors' respective schedules and statements of financial affairs, the proof of claims, the plan, all orders of this court, in addition to all of the books and records of the Debtors in preparing this Omnibus Objection.

6. This Omnibus Objection <u>solely</u> concerns those claims as set forth in **Exhibit A** as they are subject to being disallowed as Presumptively Satisfied claims.

7. The Liquidating Trustee hereby reserves the right to object in the future to any of the claims listed in this Omnibus Objection on any ground,

and to amend, modify, and/or supplement this Omnibus Objection, including without limitation, to object to amended claims and newly filed claims. Separate notice and hearing will be scheduled for any such objection.

8. Notwithstanding anything contained in this Omnibus Objection or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have (a) to bring actions to avoid or subordinate such claims under the applicable sections of the Bankruptcy Code against the holders of claims subject to this Omnibus Objection; (b) to assert any other claims or causes of action against the holders of such claims; or (c) to exercise any other rights, including its right of setoff or recoupment, against the holders of such claims.

9. Liquidating Trustee submits that notice of this Omnibus Objection has been provided to all parties listed on Exhibit A, is sufficient under Bankruptcy Rule 3007 and Local Rule 3007-1, and that no further notice is necessary.

## **Memorandum of Law**

10. Section 502(b) of the Bankruptcy Code provides for a notice-and-hearing process to objections to claims:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the

4

>petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b). In objecting to a proof of claim under 11 U.S.C. § 502, the objecting party must "produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.'" *In re Paxson Elec. Co.*, 248 B.R. 451, 461 (Bankr. M.D. Fla. 2000) (quoting *In re VTN, Inc.*, 69 B.R. 1005 (Bankr. S.D. Fla. 1987)). In this case, the grounds for the objection are intrinsic to the filed claims themselves and no separate evidence is necessary.

11. Federal Rule of Bankruptcy Procedure 3007(d)(5) expressly contemplates objections to claims based on the grounds that such claims "have been satisfied or released during case in accordance with the Code, applicable rules, or a court order."

12. In this case, the claims identified in Exhibit A are presumed by the Liquidating Trustee to have been satisfied for the reasons specified in Exhibit A.

5

13. At no point has the Liquidating Trustee received any communication or additional information from any of the claimants identified in Exhibit A.

14. Based on the failure to negotiate checks previously provided, as noted in Exhibit A, and failure to contact the Liquidating Trustee, the Liquidating Trustee is left to presume that the underlying claims have been satisfied and no further amount is owed, or being sought, by the claimants listed in Exhibit A.

15. Elimination of these Presumptively Satisfied claims will enable the consolidated claims register to reflect more accurately the claims against the consolidated estate and liquidating trust. Accordingly, the Liquidating Trustee seeks to disallow in full the Presumptively Satisfied Claims identified on Exhibit A.

WHEREFORE, the Liquidating Trustee respectfully requests the Court enter an Order sustaining this Objection, disallowing the claims set forth in Exhibit A of this Omnibus Objection, and granting the Liquidating Trustee

such other and further relief that is just and proper.

Dated this 5th day of December 2025.

CLARK PARTINGTON

/s/ *Douglas A. Bates*
**DOUGLAS A. BATES**
Florida Bar No. 0791431
dbates@clarkpartington.com
125 East Intendencia Street
Pensacola, Florida  32502
Telephone: (850) 434-9200
*Attorney for Liquidating Trustee, Mark C. Healy*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following on this 5th day of December 2025 in the manner noted:

**VIA Service through CM/ECF:**

- Daniel F Blanks daniel.blanks@nelsonmullins.com; matthew.brooks@troutmansanders.com; allison.abbott@nelsonmullins.com
- D Marcus Braswell mbraswell@sugarmansusskind.com
- Jennifer Meehan jennifer.meehan@akerman.com; susan.scott@ackerman.com; Christian.george@akerman.com; William.handle@akerman.com
- Jason B. Burnett jason.burnett@gray-robinson.com; ken.jacobs@gray-robinson.com; kim.miller@gray-robinson.com
- Robert P Charbonneau rpc@agentislaw.com; nsocorro@agentislaw.com; bankruptcy@agentislaw.com

- Jeffrey Chubak jchubak@storchamini.com
- Norman P Fivel norman.fivel@ag.ny.gov
- Thomas J Francella tfrancella@cozen.com; sshidner@cozen.com
- Timothy E Graulich timothy.graulich@davispolk.com
- Peter J Gurfein pgurfein@landaufirm.com; vrichmond@landaufirm.com; avedrova@landaufirm.com
- Hain Capital Group (CE) ceckstein@haincapital.com
- Robert A Heekin, Jr. rob@heekinlawoffices.com
- Andrew T. Jenkins ajenkins@bushross.com; mlinares@bushross.com; ksprehn@bushross.com
- Kathleen A Jorrie kathy.jorrie@pillsburylaw.com; irma.magana@pillsburylaw.com
- Jill E Kelso jill.kelso@usdoj.gov
- John B Macdonald john.macdonald@akerman.com; jennifer.meehan@akerman.com; maggie.hearon@akerman.com
- John T Rogerson john.rogerson@arlaw.com; megan.farmer@arlaw.com; richene.oliver@arlaw.com
- Emily Y Rottmann erottmann@mcguirewoods.com; clambert@mcguirewoods.com; flservice@mcguirewoods.com
- Oscar E Sanchez osanchez@goldbergsegalla.com; aburno@goldbergsegalla.com; mmartinez@goldbergsegalla.com
- Miriam G Suarez Miriam.G.Suarez@usdoj.gov
- Richard R Thames rrt@thamesmarkey.law; vfm@thamesmarkey.law; brm@thamesmarkey.law; rah@thamesmarkey.law; rjs@thamesmarkey.law; rth@thamesmarkey.law
- United States Trustee - JAX 11 USTP.Region21.OR.ECF@usdoj.gov
- Jay B Verona jverona@slk-law.com; mhartz@slk-law.com, jverona@shumaker.com
- Allison.abbott@nelsonmullins.com
- Howard Siegel  howard@eucinv.com;
- David Cimo  dcimo@cimomark.com; mmark@cimomark.com
- Daniel S. Bitran dbitran@mitrani.com; imitrani@mitrani.com; jwebb@mitrani.com
- Shay B Cohen scohen@rvmrlaw.com; jtew@rvmrlaw.com
- Jason S. Mazer jmazer@mazer-law.com
- Ari Newman newmanar@gtlaw.com;
- Robert M. Stein rstein@rvmrlaw.com

- Steven Z. Szanzer  steven.szanzer@davispolk.com; and
- All others requesting service through CM/ECF.

**VIA U.S. MAIL:**

**Service to Affected Creditor:**

| | |
|---|---|
| ABM Janitorial Southeast<br>P.O. Box 934418<br>Atlanta, GA 31193-4418 | Allgood Pest Control<br>2540 Lawrenceville Hwy<br>Lawrenceville, GA 30044-4424 |
| Angelepix<br>2113 Defoors Ferry Road NW<br>Suite B8<br>Atlanta, GA 30318-2333 | Back Track<br>8850 Tyler Blvd.<br>Mentor, OH 44060-4361 |
| Bright House Networks<br>P.O. Box 30574<br>Tampa, FL 33630-3574 | Coca-Cola Enterprises<br>P.O. Box 403390<br>Atlanta, GA 30384-3390 |
| Creative Pest Management, Inc.<br>P.O. Box 965674<br>Marietta, GA 30066-0012 | Georgia Power<br>96 Annex<br>Atlanta, GA 30396-0002 |
| Global Equipment Co.<br>P.O. Box 905713<br>Charlotte, NC 28290-0001 | Gwinnett County Police Dept.<br>P.O. Box 602<br>Lawrenceville, GA 30046-0602 |
| Inner Workings, Inc.<br>1440 Broadway, 22nd Floor<br>New York, NY 10018-3041 | Oasis Reporting Services, LLC<br>400 S. Seventh St.<br>Las Vegas, NV 89101-6914 |
| Protection One Alarm Monitoring<br>P.O. Box 29044<br>Kansas City, MO 64152-0344 | Rocket Fuel, Inc.<br>1900 Seaport Blvd.<br>Redwood City, CA 94063-5587 |
| SBS Group<br>2866 Momentum Place<br>Chicago, IL 60689-0001 | Space Coast Fire and Safety<br>420 Manor Drive<br>Merritt Island, FL 32952-3740 |
| The Place Media<br>19200 Von Karmen Ave., 6th Floor<br>Irvine, CA 92612-8516 | The Savvy Pass<br>101 W. 23rd St., Suite 400<br>New York, NY 10011-2490 |

| | |
|---|---|
| Village Voice<br>80 Maiden Lane, Suite 2105<br>New York, NY 10038-4893 | VS Media Group<br>7648 Southland Blvd.<br>Orlando, FL 32809-6977 |
| Waste Management, Inc.<br>P.O. Box 105453<br>Atlanta, GA 30348-5453 | |

**Service Upon Creditors Requesting Notice by Mail:**

| | |
|---|---|
| Ampleton Group Ltd.<br>Priors Court<br>Churchmere Road<br>Sutton Courtenay, Abington,<br>OX14 4AQ UK | B. E. Capital Management Fund LP<br>c/o Mr. Thomas Braziel<br>P.O. Box 206<br>N. Stonington, CT 06359 |
| Hain Capital Group (CE)<br>301 Route 17 North<br>Rutherford, NJ  07070 | Kaleo Legal<br>c/o Brian A. Wainger<br>4456 Corporation Lane, Ste 135<br>Virginia Beach, VA 23462 |
| Joseph VanLeuven<br>Davis Wright Tremaine<br>560 SW 10th Ave., Ste 700<br>Portland, OR 97205 | Howard Siegel<br>945 McKinney Street,<br>PMB 434<br>Houston, TX 77002 |
| Steven Z. Szanzer<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017 | Samuel Weiser<br>565 Willow Road<br>Winnetka, IL 60093 |
| RMS Titanic, Inc.<br>3045 Kingston Court<br>Suite 1<br>Peachtree Corners, GA 30071 | Claudio E. Iannitelli<br>Iannitelli Marcolina, P.C.<br>5353 North 16th Street<br>Suite 315<br>Phoenix, AZ 85016 |

| | |
|---|---|
| New York State Department of Taxation and Finance<br>P.O. Box 5300<br>Albany, NY 12205-0100 | Susan M. Smith<br>GlassRatner Advisory & Capital Group, LLC<br>d/b/a B. Riley Advisory<br>315 South Plant Ave.<br>Tampa, FL 33606-2325 |

<u>Notice will not be sent to:</u>

Carr, Riggs Ingram, LLC
Teneo Securities, LLC
PacBridge Capital Partners (HK) Ltd.

 **Service to Debtors:**

**Pryxie Liquidation Corp. f/k/a**
**Premier Exhibitions, Inc.**
c/o Michael Moecker & Associates, Inc.[1]
841 Prudential Dr., 12th Floor
Jacksonville, FL 32207

              */s/ Douglas A. Bates*
              **DOUGLAS A. BATES**

---

[1] As the Debtors have all been either dissolved or purchased, the Liquidating Trustee is the proper party to receive notice on behalf of the Debtors. Accordingly, this objection is being served as noted herein for all jointly administered Debtors.

**EXHIBIT A**
**PRESUMABLY SATISFIED CLAIMS**

| CREDITOR | DEBTOR | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | PROOF OF CLAIM AMOUNT | AMOUNT ALLOWED | BASIS FOR OBJECTION (Motion reference) |
|---|---|---|---|---|---|---|
| ABM Janitorial Southeast | Premier Exhibitions Mgt. | $2,072.00 | | | $2,072.00 | Check was returned |
| Allgood Pest Control | Premier Exhibitions Mgt. | $95.00 | | | $95.00 | Check was returned |
| Anglepix | Premier Exhibitions Mgt. | $536.80 | | | $536.80 | Check was never cashed |
| Back Track | Premier Exhibitions, Inc. | | 19 | $163.50 | $163.50 | Check was returned |
| Back Track | Premier Exhibitions, Inc. | $104.50 | | | | Presumably satisfied |
| Bright House Networks | Premier Exhibitions Mgt. | $1,033.44 | | | $1,033.44 | Check was returned |
| Coca-Cola Enterprises | Premier Exhibitions Mgt. | $520.00 | | | $520.00 | Check was returned |
| Creative Pest Management, Inc. | Premier Exhibitions Mgt. | $190.00 | | | $190.00 | Check was never cashed |
| Georgia Power | Premier Exhibitions Mgt. | $3,955.00 | | | $3,955.00 | Check was returned |
| Global Equipment Co. | Premier Exhibitions Mgt. | $151.94 | | | $151.94 | Check was returned |
| Gwinnett County Police Dept. | Premier Exhibitions Mgt. | $100.00 | | | $100.00 | Check was returned |

| CREDITOR | DEBTOR | SCHEDULED AMOUNT | PROOF OF CLAIM NO. | PROOF OF CLAIM AMOUNT | AMOUNT ALLOWED | BASIS FOR OBJECTION (Motion reference) |
|---|---|---|---|---|---|---|
| Inner Workings, Inc. | Premier Exhibitions Mgt. | $3,183.60 | | | $3,183.60 | Check was never cashed |
| Oasis Reporting Services, LLC | Premier Exhibitions Mgt. | $2,365.25 | | | $2,365.25 | Check was returned |
| Protection One Alarm Monitoring | Premier Exhibitions Mgt. | $146.40 | | | $146.40 | Check was never cashed |
| Rocket Fuel, Inc./Sizmek DSP, Inc. | Premier Exhibitions Mgt. | $5,800.00 | | | $5,800.00 | Check was returned |
| SBS Group | Premier Exhibitions Mgt. | $48.75 | | | $48.75 | Check was returned |
| Space Coast Fire and Safety | Premier Exhibitions Mgt. | $102.24 | | | $102.24 | Check was never cashed |
| The Place Media | Premier Exhibitions Mgt. | $5,500.00 | | | $5,500.00 | Check was returned |
| The Savvy Pass | Premier Exhibitions Mgt. | $400.00 | | | $400.00 | Check was never cashed |
| The Village Voice | Premier Exhibitions Mgt. | $4,000.00 | | | $4,000.00 | Check was returned |
| VS Media Group | Premier Exhibitions Mgt. | $6,770.00 | | | $6,770.00 | Check was returned |
| Waste Management, Inc. | RMS Titanic | | 17 | $701.28 | $701.28 | Check was returned |
| Waste Management, Inc. | Premier Exhibitions Mgt. | $753.04 | | | | Presumably satisfied |

---

[i] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Pryxie Liquidation Corp. f/k/a Premier Exhibitions, Inc. (4922); Pryxie Liquidation 1P LLC, f/k/a Premier Exhibitions Management, LLC (3101); Pryxie Liquidation 2A LLC f/k/a Arts and Exhibitions International, LLC (3101); Pryxie Liquidation 5I LLC f/k/a Premier Exhibitions International, LLC (5075); Pryxie Liquidation 3N Inc. f/k/a Premier Exhibitions NYC, Inc. (9246); Pryxie Liquidation 4M LLC f/k/a Premier Merchandising, LLC (3867), and Pryxie Liquidation 6D Corp. f/k/a Dinosaurs Unearthed Corp. (7309). As noted in the Notice of Name Change of the Debtors (ECF No. 247), the Debtors' service address is c/o Michael Moecker & Associates, Inc., 841 Prudential Drive, 12th Floor, Jacksonville, FL  32207.

References to the relevant Debtors within this Objection shall be noted by their former names for ease of reference by the Affected Creditor.