**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

PREMIER EXHIBITIONS, INC., et al.,[i]

      Debtors.

Chapter 11

Case No. 3:16-bk-02232-BAJ
(Jointly Administered)

---

**LIQUIDATING TRUSTEE'S OMNIBUS**
**OBJECTION AS TO LATE CLAIMS**

---

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202, and mail a copy to the movant's attorney, Douglas A. Bates, at 125 E. Intendencia St., Pensacola, Florida 32502, within 30 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified or eliminated if you do not timely file and serve a response.

---

> **NOTE TO ALL CLAIMANTS:** All claimants receiving this objection should locate their names and claims in the objection, which will be included in Exhibit A, to determine whether your rights may be affected by this objection.
>
> The relief sought herein is without prejudice to the Liquidating Trustee's right to pursue further substantive or non-substantive objections to any claims identified in this objection.

MARK C. HEALY, in his capacity as trustee for the Liquidating Trust in this jointly administered case ("Liquidating Trustee"), files this Omnibus Objection, pursuant to Federal Rule of Bankruptcy Procedure 3007(d)-(e), as to various claims among the jointly administered cases encompassed by the confirmed plan, ECF No. 231, and states as follows:

1.     Liquidating Trustee has been appointed as the liquidating trustee of the Liquidating Trust established by the confirmed plan in this case.  ECF No. 231 at 18 ¶ 4.

2.     Under section 14.1 of the First Amended Plan of Liquidation, ECF No. 183 at 60 ("Plan"), and section 3.2(e) of the Liquidating Trust Agreement, *id.* at 75 ("LTA"), Liquidating Trustee has "the exclusive right to make, file and prosecute objections to Claims (whether Scheduled or Filed)."

3.     The Claims Objection Deadline in the case, as extended by the Order Approving Liquidating Trustee's Notice of Request for Extension of

Time to Object to Claims (ECF No. 539) is April 26, 2026. This omnibus objection is therefore timely.

4.      Under article 6 of the Plan, the Plan is effectuated by a limited consolidation of all of the Debtors' estates into a single estate.  Of particular relevance here, section 6.1.2(iii) of the Plan provided that "any Claims filed or to be filed in connection with any such obligations will be deemed Claims against the Consolidated Debtors and all Claims filed against more than one Debtor for the same liability shall be deemed one Claim against any obligation of the Consolidated Debtors . . . ."

5.      The Liquidating Trustee, in consultation with counsel, has reviewed the Debtors' respective schedules and statements of financial affairs, the proof of claims, the plan, all orders of this court, in addition to all the available books and records of the Debtors in preparing this Omnibus Objection.

6.      Liquidating Trustee, and his counsel, have communicated with various claimants since the time of his appointment and through and including the date of the filing of this Omnibus Objection. Liquidating Trustee submits that the omnibus claims objection process is the best mechanism to effectuate the intent of the plan.

7.     Under the circumstances, the Liquidating Trustee submits that the process employed through this Omnibus Objection is most efficient, in addition to being most effective.

8.     All claims identified in **Exhibit A** are objectionable for the purposes of this Omnibus Objection and are objectionable for the specific reason stated in **Exhibit A** as being late claims. The Liquidating Trustee reserves the right to amend or supplement his objection to any specific claim objected to in **Exhibit A**.

9.     Liquidating Trustee hereby reserves the right to object in the future to any of the claims listed in this Omnibus Objection on any ground, and to amend, modify, and/or supplement this Omnibus Objection, including without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

10.     For the avoidance of doubt, the Liquidating Trustee hereby reserves the right to object in the future, prior to the current claim objection deadline, to any of the claims listed in this Omnibus Objection on any ground, and to amend, modify, and/or supplement this Omnibus Objection, including without limitation, to object to amended claims and newly filed claims. Separate notice and hearing will be scheduled for any such objection.

4

11.    Notwithstanding anything contained in this Omnibus Objection or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have (a) to bring actions to avoid or subordinate such claims under the applicable sections of the Bankruptcy Code against the holders of claims subject to the First Omnibus Objection; (b) to assert any other claims or causes of action against the holders of such claims; or (c) to exercise any other rights, including the right of setoff or recoupment, against the holders of such claims.

12.    Liquidating Trustee submits that notice of this Omnibus Objection has been provided to all parties listed on **Exhibit A**, is sufficient under Bankruptcy Rule 3007 and Local Rule 3007-1, and that no further notice is necessary.

## **Memorandum of Law**

13.    Section 502(b) of the Bankruptcy Code provides for a notice-and-hearing process to objections to claims:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

5

11 U.S.C. § 502(b). In objecting to a proof of claim under 11 U.S.C. § 502, the objecting party must "produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.'" *In re Paxson Elec. Co.*, 248 B.R. 451, 461 (Bankr. M.D. Fla. 2000) (quoting *In re VTN, Inc.*, 69 B.R. 1005 (Bankr. S.D. Fla. 1987)). In this case, the grounds for the objection are intrinsic to the filed claims themselves and no separate evidence is necessary. *See In re Cluff,* 313 B.R. 323, 337 (Bankr. D. Utah 2004) (noting that duplicate-claim objection is a legal reason sufficient to disallow a claim irrespective of *prima facie* validity of claim).

14.    Federal Rule of Bankruptcy Procedure 3007(d) and (e) expressly contemplate omnibus objections to claims based on several grounds, including when claims are filed late.

15.    As noted in **Exhibit A**, the Liquidating Trustee reviewed and considered all applicable grounds for objection to each claim. **Exhibit A** separately categorizes each claim that is subject to this objection. As reflected in **Exhibit A**, the separate grounds for claim objection are provided based on the nature of the claim at issue as being a late-filed claim.

16.    Through an evaluation of the grounds for objection, the Liquidating Trustee, in consultation with counsel, was able to streamline the

6

claims objection process, which is now reflected in this Omnibus Objection, and accompanying **Exhibit A**.  The Liquidating Trustee submits that the grounds set forth in **Exhibit A** provide the information necessary to support this Omnibus Objection, and, for the reasons stated herein, respectfully requests that the Court sustain this objection.

WHEREFORE, Liquidating Trustee respectfully requests the Court enter an Order: 1) Sustaining the claim objections set forth herein through **Exhibit A**; and 2) Grant such other and further relief as would be just and proper under the circumstances.

Dated this 22nd day of December, 2025.

CLARK PARTINGTON

*/s/ Douglas A. Bates*
**DOUGLAS A. BATES**
Florida Bar No. 0791431
dbates@clarkpartington.com
125 East Intendencia Street
Pensacola, Florida  32502
Telephone: (850) 434-9200
*Attorney for Liquidating*
*Trustee, Mark C. Healy*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following on this 22nd day of December, 2025 in the manner noted:

**VIA Service through CM/ECF:**

- Daniel F Blanks daniel.blanks@nelsonmullins.com; matthew.brooks@troutmansanders.com; allison.abbott@nelsonmullins.com
- D Marcus Braswell mbraswell@sugarmansusskind.com
- Jennifer Meehan jennifer.meehan@akerman.com; susan.scott @ackerman.com; Christian.george@akerman.com; William.handle@akerman.com
- Jason B. Burnett jason.burnett@gray-robinson.com; ken.jacobs@gray-robinson.com; kim.miller@gray-robinson.com
- Robert P Charbonneau rpc@agentislaw.com; nsocorro@agentislaw.com; bankruptcy@agentislaw.com
- Jeffrey Chubak jchubak@storchamini.com
- Norman P Fivel norman.fivel@ag.ny.gov
- Thomas J Francella tfrancella@cozen.com; sshidner@cozen.com
- Timothy E Graulich timothy.graulich@davispolk.com
- Peter J Gurfein pgurfein@landaufirm.com; vrichmond@landaufirm.com; avedrova@landaufirm.com
- Hain Capital Group (CE) ceckstein@haincapital.com
- Robert A Heekin rah@tmhlaw.net; sad@tmhlaw.net; rrt@tmhlaw.net; saj@tmhlaw.net; rob@heekinlawoffices.com
- Andrew T. Jenkins ajenkins@bushross.com; mlinares@bushross.com; ksprehn@bushross.com
- Kathleen A Jorrie kathy.jorrie@pillsburylaw.com; irma.magana@pillsburylaw.com
- Jill E Kelso jill.kelso@usdoj.gov
- John B Macdonald john.macdonald@akerman.com; jennifer.meehan@akerman.com; maggie.hearon@akerman.com

- John T Rogerson john.rogerson@arlaw.com;
  megan.farmer@arlaw.com; richene.oliver@arlaw.com
- Emily Y Rottmann erottmann@mcguirewoods.com;
  clambert@mcguirewoods.com; flservice@mcguirewoods.com
- Oscar E Sanchez osanchez@goldbergsegalla.com;
  aburno@goldbergsegalla.com; mmartinez@goldbergsegalla.com
- Miriam G Suarez Miriam.G.Suarez@usdoj.gov
- Richard R Thames rrt@thamesmarkey.law; keh@thamesmarkey.law;
  vfm@thamesmarkey.law; rjs@thamesmarkey.law;
  rth@thamesmarkey.law
- United States Trustee - JAX 11 USTP.Region21.OR.ECF@usdoj.gov
- Jay B Verona jverona@slk-law.com; mhartz@slk-law.com;
  jverona@shumaker.com
- Allison.abbott@nelsonmullins.com
- Howard Siegel  howard@eucinv.com
- David Cimo  dcimo@cimomark.com; mmark@cimomark.com
- Daniel S. Bitran dbitran@mitrani.com; imitrani@mitrani.com;
  jwebb@mitrani.com
- Shay B Cohen scohen@rvmrlaw.com; jtew@rvmrlaw.com
- Jason S. Mazer jmazer@mazer-law.com
- Ari Newman newmanar@gtlaw.com
- Robert M. Stein rstein@rvmrlaw.com
- Steven Z. Szanzer  steven.szanzer@davispolk.com; and
- All others requesting service through CM/ECF.

**VIA U.S. MAIL:**

**Service to Affected Creditor:**

| | |
|---|---|
| **Consolidated Edison Company of New York**<br>**c/o Thama Rosado-Arder, Sr.**<br>**Customer Service Rep.**<br>**4 Irving Place, Room 1875-S**<br>**New York, NY  10003** | **Consolidated Edison Company of New York**<br>**c/o Law Dept/Room 1850-S,**<br>**4 Irving Place**<br>**New York, NY 10003** |

| | |
|---|---|
| CT Corporation System<br>c/o Carolyn Vartanian,<br>Manager of Collections<br>P.O. Box 4349<br>Carol Stream, IL  60197 | CT Corporation System<br>c/o The Corporation Company,<br>Registered Agent<br>1200 South Pine Island Rd.<br>Plantation, FL 33324 |
| CT Corporation System<br>111 Eighth Ave., 13-Floor<br>New York, NY 10011 | Fair Harbor Capital, LLC<br>Ansonia Finance Station<br>PO Box 237037<br>New York, NY 10023 |
| FedEx Custom Critical<br>c/o RMS Bankruptcy Recovery<br>Services<br>P.O. Box 361345<br>Columbus, OH 43236 | FedEx Custom Critical<br>P.O. Box 645135<br>Pittsburgh, PA 15264 |
| FedEx Custom Critical<br>c/o RMS (an iQor Company)<br>c/o Wendy Messner,<br>Paralegal Specialist<br>P.O. Box 361345<br>Columbus, OH  43236 | FedEx Custom Critical, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>1200 S. Pine Island Rd.<br>Plantation, FL  33324 |
| Kirvin Doak Communications<br>c/o Beverly Salhanick, Esq.<br>2001 S. Jones, Suite 1<br>Las Vegas, NV 89146 | Kirvin Doak Communications<br>c/o Lori A. Marrs, Registered Agent<br>3615 S. Town Center Dr., Suite 100<br>Las Vegas, NV  89135 |
| United Rentals, Inc.<br>c/o Catina Bennett, Credit<br>Coordinator<br>6125 Lakeview Road #300<br>Charlotte, NC  28269 | United Rentals, Inc.<br>c/o Corporation Service Company,<br>Registered Agent<br>1201 Hays St.<br>Tallahassee, FL  32301-2525 |
| United Rentals, Inc.<br>6125 Lakeview Road #300<br>Charlotte, NC  28269-2616 | |

10

**Service Upon Creditors Requesting Notice by Mail:**

| | |
|---|---|
| Ampleton Group Ltd.<br>Priors Court<br>Churchmere Road<br>Sutton Courtenay, Abington,<br>OX14 4AQ UK | B. E. Capital Management Fund LP<br>c/o Mr. Thomas Braziel<br>P.O. Box 206<br>N. Stonington, CT 06359 |
| Hain Capital Group (CE)<br>301 Route 17 North<br>Rutherford, NJ  07070 | Kaleo Legal<br>c/o Brian A. Wainger<br>4456 Corporation Lane, Ste 135<br>Virginia Beach, VA 23462 |
| Joseph VanLeuven<br>Davis Wright Tremaine<br>560 SW 10th Ave., Ste 700<br>Portland, OR 97205 | Howard Siegel<br>945 McKinney Street,<br>PMB 434<br>Houston, TX 77002 |
| Steven Z. Szanzer<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017 | Samuel Weiser<br>565 Willow Road<br>Winnetka, IL 60093 |
| RMS Titanic, Inc.<br>3045 Kingston Court<br>Suite 1<br>Peachtree Corners, GA 30071 | Claudio E. Iannitelli<br>Iannitelli Marcolina, P.C.<br>5353 North 16th Street<br>Suite 315<br>Phoenix, AZ 85016 |
| New York State Department<br>of Taxation and Finance<br>P.O. Box 5300<br>Albany, NY  12205-0100 | Susan M. Smith<br>GlassRatner    Advisory    &<br>Capital Group, LLC<br>d/b/a B. Riley Advisory<br>315 South Plant Ave.<br>Tampa, FL 33606-2325 |

Notice will not be sent to:

Carr, Riggs Ingram, LLC
Teneo Securities, LLC
PacBridge Capital Partners (HK) Ltd.


**Service to Debtors:**

**Pryxie Liquidation Corp. f/k/a
Premier Exhibitions, Inc.**
c/o Michael Moecker & Associates,
Inc.[1]
841 Prudential Dr., 12th Floor
Jacksonville, FL  32207

/s/ Douglas A. Bates
**DOUGLAS A. BATES**

---

[1] As the Debtors have all been either dissolved or purchased, the Liquidating Trustee is the proper party to receive notice on behalf of the Debtors.  Accordingly, this objection is being served as noted herein for all jointly administered Debtors.

**EXHIBIT A**
**OBJECTIONS TO CLAIMS**

| | Creditor | Debtor | Claim # or Scheduled Debt | Amount | Allowed Amount | Allow Claim / Object or Disallow Claim | Grounds for Objection |
|---|---|---|---|---|---|---|---|
| 1. | Consolidated Edison Company of New York | Premier Exhibitions Mgt. | Scheduled | $968.22 | $0.00 | Object | Late claim filed on 11/4/2016. |
| 2. | Consolidated Edison Company of New York | Premier Exhibitions Mgt. | #22 | $2,296.39 | $0.00 | Object | Late claim filed on 11/4/2016 |
| 3. | CT Corporation System | Premier Exhibitions, Inc. | #46 | $3,234.29 | $0.00 | Object | Late Claim filed on 12/13/2016 |
| 4. | Fair Harbor Capital, LLC | Premier Exhibitions, Inc. | #43 | $6,795.77 | $0.00 | Object | Late Claim filed on 10/31/2016. |
| 5. | FedEx Custom Critical | Premier Exhibitions, Inc. | #7 or #47 | $5,008.10 | $0.00 | Object | Late Claim filed on 3/17/2017. |
| 6. | Kirvin Doak Communications | RMS Titanic, Inc. | #33 | $29,837.49 | $0.00 | Object | Late claim filed on 7/25/2017. Pursuant to the Order entered October 19, 2018 (Doc. 1232, RMS Titanic, Inc.), the debt evidenced by this claim has been assigned and assumed. |
| 7. | United Rentals | Premier Exhibitions, Inc. | #44 | $3,245.45 | $0.00 | Object | Late Claim filed on 11/4/2016. |

---

[i] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Pryxie Liquidation Corp. f/k/a Premier Exhibitions, Inc. (4922); Pryxie Liquidation 1P LLC, f/k/a Premier Exhibitions Management, LLC (3101); Pryxie Liquidation 2A LLC f/k/a Arts and Exhibitions International, LLC (3101); Pryxie Liquidation 5I LLC f/k/a Premier Exhibitions International, LLC (5075); Pryxie Liquidation 3N Inc. f/k/a Premier Exhibitions NYC, Inc. (9246); Pryxie Liquidation 4M LLC f/k/a Premier Merchandising, LLC (3867), and Pryxie Liquidation 6D Corp. f/k/a Dinosaurs Unearthed Corp. (7309).  As noted in the Notice of Name Change of the Debtors (ECF No. 247), the Debtors' service address is c/o Michael Moecker & Associates, Inc., 841 Prudential Drive, 12th Floor, Jacksonville, FL  32207.

References to the relevant Debtors within this Objection shall be noted by their former names for ease of reference by the Affected Creditor.