# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

PREMIER EXHIBITIONS, INC., et al.,[i]

Debtors.

Chapter 11

Case No. 3:16-bk-02232-BAJ

(Jointly Administered)

## LIQUIDATING TRUSTEE'S OBJECTION
## TO CLAIM OF LOCAL ONE, IATSE

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202, and mail a copy to the movant's attorney, Douglas A. Bates, at 125 E. Intendencia St., Pensacola, Florida 32502, within 30 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified or eliminated if you do not timely file and serve a response.

MARK C. HEALY, in his capacity as trustee for the Liquidating Trust in this jointly administered case ("Liquidating Trustee"), files this Objection to Claim, pursuant to Federal Rule of Bankruptcy Procedure 3007, as to a claim of LOCAL ONE, IATSE, filed in the jointly administered cases encompassed by the confirmed plan, ECF No. 231, and states as follows:

1. Liquidating Trustee has been appointed as the liquidating trustee of the Liquidating Trust established by the confirmed plan in this case. ECF No. 231 at 18 ¶ 4.

2. Under section 14.1 of the First Amended Plan of Liquidation, ECF No. 183 at 60 ("Plan"), and section 3.2(e) of the Liquidating Trust Agreement, *id.* at 75 ("LTA"), Liquidating Trustee has "the exclusive right to make, file and prosecute objections to Claims (whether Scheduled or Filed)."

3. The Claims Objection Deadline in the case, as extended by the Order Approving Liquidating Trustee's Notice of Request for Extension of Time to Object to Claims (ECF No. 539) is April 26, 2026. This objection is therefore timely.

4. Under article 6 of the Plan, the Plan is effectuated by a limited consolidation of all of the Debtors' estates into a single estate. Of particular relevance here, section 6.1.2(iii) of the Plan provided that "any Claims filed or to be filed in connection with any such obligations will be deemed Claims

against the Consolidated Debtors and all Claims filed against more than one Debtor for the same liability shall be deemed one Claim against any obligation of the Consolidated Debtors . . . ."

5. The Liquidating Trustee, in consultation with counsel, has reviewed the Debtors' respective schedules and statements of financial affairs, the proof of claims, the plan, all orders of this court, in addition to all the available books and records of the Debtors in preparing this Objection.

6. The Liquidating Trustee objects to the claim of Local One, IATSE, on the following basis (and as noted in the table attached as Exhibit A): Creditor's invoices arose pre-petition and the employer of record for whom services provided is not a debtor in these jointly administered cases.

7. The claim identified in **Exhibit A** is objectionable for the purposes stated above, and for the specific reason stated above and in **Exhibit A**. The Liquidating Trustee reserves the right to amend or supplement his objection to the claim objected to in Exhibit A.

8. Liquidating Trustee hereby reserves the right to object in the future to the claim listed in this Objection on any ground, and to amend, modify, and/or supplement this Objection, including without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

9.  Notwithstanding anything contained in this Objection or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have (a) to bring actions to avoid or subordinate such claims under the applicable sections of the Bankruptcy Code against the holder of claim subject to the Objection; (b) to assert any other claims or causes of action against the holder of such claim; or (c) to exercise any other rights, including the right of setoff or recoupment, against the holder of such claim.

10. Liquidating Trustee submits that notice of this Objection has been provided to all parties set forth in the certificate of service and the creditor listed on **Exhibit A**, is sufficient under Bankruptcy Rule 3007 and Local Rule 3007-1, and that no further notice is necessary.

## Memorandum of Law

11. Section 502(b) of the Bankruptcy Code provides for a notice-and-hearing process to objections to claims:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b). In objecting to a proof of claim under 11 U.S.C. § 502, the objecting party must "produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.'" *In re Paxson Elec. Co.*, 248 B.R. 451, 461 (Bankr. M.D. Fla. 2000) (quoting *In re VTN, Inc.*, 69 B.R. 1005 (Bankr. S.D. Fla. 1987)). In this case, the grounds for the objection are intrinsic to the filed claims themselves and no separate evidence is necessary. *See In re Cluff,* 313 B.R. 323, 337 (Bankr. D. Utah 2004) (noting that duplicate-claim objection is a legal reason sufficient to disallow a claim irrespective of *prima facie* validity of claim).

12. The Liquidating Trustee submits that the grounds set forth above and in **Exhibit A** provide the information necessary to support this Objection, and, for the reasons stated herein, respectfully requests that the Court sustain this objection.

WHEREFORE, Liquidating Trustee respectfully requests the Court enter an Order sustaining this Objection and for such other and further relief as is just and proper under the circumstances.

Dated this 22nd day of December, 2025.

                                                                                           CLARK PARTINGTON

                                                                                           */s/ Douglas A. Bates*
                                                                                           **DOUGLAS A. BATES**
Florida Bar No. 0791431
dbates@clarkpartington.com
125 East Intendencia Street
Pensacola, Florida  32502
Telephone: (850) 434-9200
*Attorney for Liquidating Trustee, Mark C. Healy*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following on this 22nd day of December, 2025 in the manner noted:

**VIA Service through CM/ECF:**

- Daniel F Blanks daniel.blanks@nelsonmullins.com; matthew.brooks@troutmansanders.com; allison.abbott@nelsonmullins.com
- D Marcus Braswell mbraswell@sugarmansusskind.com
- Jennifer Meehan jennifer.meehan@akerman.com; susan.scott@ackerman.com; Christian.george@akerman.com; William.handle@akerman.com
- Jason B. Burnett jason.burnett@gray-robinson.com; ken.jacobs@gray-robinson.com; kim.miller@gray-robinson.com
- Robert P Charbonneau rpc@agentislaw.com; nsocorro@agentislaw.com; bankruptcy@agentislaw.com
- Jeffrey Chubak jchubak@storchamini.com
- Norman P Fivel norman.fivel@ag.ny.gov

- Thomas J Francella tfrancella@cozen.com; sshidner@cozen.com
- Timothy E Graulich timothy.graulich@davispolk.com
- Peter J Gurfein pgurfein@landaufirm.com; vrichmond@landaufirm.com; avedrova@landaufirm.com
- Hain Capital Group (CE) ceckstein@haincapital.com
- Robert A Heekin rah@tmhlaw.net; sad@tmhlaw.net; rrt@tmhlaw.net; saj@tmhlaw.net; rob@heekinlawoffices.com
- Andrew T. Jenkins ajenkins@bushross.com; mlinares@bushross.com; ksprehn@bushross.com
- Kathleen A Jorrie kathy.jorrie@pillsburylaw.com; irma.magana@pillsburylaw.com
- Jill E Kelso jill.kelso@usdoj.gov
- John B Macdonald john.macdonald@akerman.com; jennifer.meehan@akerman.com; maggie.hearon@akerman.com
- John T Rogerson john.rogerson@arlaw.com; megan.farmer@arlaw.com; richene.oliver@arlaw.com
- Emily Y Rottmann erottmann@mcguirewoods.com; clambert@mcguirewoods.com; flservice@mcguirewoods.com
- Oscar E Sanchez osanchez@goldbergsegalla.com; aburno@goldbergsegalla.com; mmartinez@goldbergsegalla.com
- Miriam G Suarez Miriam.G.Suarez@usdoj.gov
- Richard R Thames rrt@thamesmarkey.law; keh@thamesmarkey.law; vfm@thamesmarkey.law; rjs@thamesmarkey.law; rth@thamesmarkey.law
- United States Trustee - JAX 11 USTP.Region21.OR.ECF@usdoj.gov
- Jay B Verona jverona@slk-law.com; mhartz@slk-law.com; jverona@shumaker.com
- Allison.abbott@nelsonmullins.com
- Howard Siegel  howard@eucinv.com
- David Cimo  dcimo@cimomark.com; mmark@cimomark.com
- Daniel S. Bitran dbitran@mitrani.com; imitrani@mitrani.com; jwebb@mitrani.com
- Shay B Cohen scohen@rvmrlaw.com; jtew@rvmrlaw.com
- Jason S. Mazer jmazer@mazer-law.com
- Ari Newman newmanar@gtlaw.com
- Robert M. Stein rstein@rvmrlaw.com
- Steven Z. Szanzer  steven.szanzer@davispolk.com; and

- All others requesting service through CM/ECF.

**VIA U.S. MAIL:**

**Service to Affected Creditor:**

Local One, IATSE
c/o D. Marcus Braswell, Jr.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134

**Service Upon Creditors Requesting Notice by Mail:**

| | |
|---|---|
| Ampleton Group Ltd.<br>Priors Court<br>Churchmere Road<br>Sutton Courtenay, Abington,<br>OX14 4AQ UK | B. E. Capital Management Fund LP<br>c/o Mr. Thomas Braziel<br>P.O. Box 206<br>N. Stonington, CT 06359 |
| Hain Capital Group (CE)<br>301 Route 17 North<br>Rutherford, NJ  07070 | Kaleo Legal<br>c/o Brian A. Wainger<br>4456 Corporation Lane, Ste 135<br>Virginia Beach, VA 23462 |
| Joseph VanLeuven<br>Davis Wright Tremaine<br>560 SW 10th Ave., Ste 700<br>Portland, OR 97205 | Howard Siegel<br>945 McKinney Street,<br>PMB 434<br>Houston, TX 77002 |
| Steven Z. Szanzer<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017 | Samuel Weiser<br>565 Willow Road<br>Winnetka, IL 60093 |

| | |
|---|---|
| RMS Titanic, Inc.<br>3045 Kingston Court<br>Suite 1<br>Peachtree Corners, GA 30071 | Claudio E. Iannitelli<br>Iannitelli Marcolina, P.C.<br>5353 North 16th Street<br>Suite 315<br>Phoenix, AZ 85016 |
| New York State Department of Taxation and Finance<br>P.O. Box 5300<br>Albany, NY  12205-0100 | Susan M. Smith<br>GlassRatner Advisory & Capital Group, LLC<br>d/b/a B. Riley Advisory<br>315 South Plant Ave.<br>Tampa, FL 33606-2325 |

Notice will not be sent to:

Carr, Riggs Ingram, LLC
Teneo Securities, LLC
PacBridge Capital Partners (HK) Ltd.

**Service to Debtors:**

**Pryxie Liquidation Corp. f/k/a**
**Premier Exhibitions, Inc.**
c/o Michael Moecker & Associates, Inc.[1]
841 Prudential Dr., 12th Floor
Jacksonville, FL  32207

                                                    */s/ Douglas A. Bates*
                                                    **DOUGLAS A. BATES**

---

[1] As the Debtors have all been either dissolved or purchased, the Liquidating Trustee is the proper party to receive notice on behalf of the Debtors.  Accordingly, this objection is being served as noted herein for all jointly administered Debtors.

EXHIBIT A

PRIORITY CLAIM

| Creditor | Debtor | Claim # or Scheduled Debt | Amount | Allowed Amount | Allow Claim / Object | Grounds for Objection |
|---|---|---|---|---|---|---|
| Local One, IATSE | Premier Exhibitions Management | Claim 14 | $7,691.87 (Priority) | 0.00 | Object | Invoices arose pre-petition and the employer of record for whom services provided is not a debtor in these jointly administered cases. |

---

[i] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Pryxie Liquidation Corp. f/k/a Premier Exhibitions, Inc. (4922); Pryxie Liquidation 1P LLC, f/k/a Premier Exhibitions Management, LLC (3101); Pryxie Liquidation 2A LLC f/k/a Arts and Exhibitions International, LLC (3101); Pryxie Liquidation 5I LLC f/k/a Premier Exhibitions International, LLC (5075); Pryxie Liquidation 3N Inc. f/k/a Premier Exhibitions NYC, Inc. (9246); Pryxie Liquidation 4M LLC f/k/a Premier Merchandising, LLC (3867), and Pryxie Liquidation 6D Corp. f/k/a Dinosaurs Unearthed Corp. (7309). As noted in the Notice of Name Change of the Debtors (ECF No. 247), the Debtors' service address is c/o Michael Moecker & Associates, Inc., 841 Prudential Drive, 12th Floor, Jacksonville, FL 32207.

References to the relevant Debtors within this Objection shall be noted by their former names for ease of reference by the Affected Creditor.